```
 1                  UNITED STATES BANKRUPTCY COURT

 2            CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

 3                            --oOo--

 4   In Re:                         )  Case No. 2:13-bk-14135-RK
                                    )
 5   ART AND ARCHITECTURE           )  Chapter 11
     BOOKS OF THE 21ST CENTURY      )
 6                                  )  Los Angeles, CA
     Debtor,                        )  Wednesday, 11:10 A.M.
 7                                  )  January 11, 2017
     -------------------------------X
 8   ART AND ARCHITECTURE BOOKS     )
     et al.,                        )
 9                  Plaintiffs,     )
                                    )
10                 v.               )   Adv.  2:15-ap-01679-RK
                                    )
11   ACE GALLERY NEW YORK, INC.,    )
     et al.,                        )
12                                  )
                   Defendants.      )
13   -------------------------------X
                                       HEARING RE: MOTION OF PLAN
14                                     AGENT: (A) TO CONSOLIDATE
                                       ADVERSARY PROCEEDING NO.
15                                     2:15-AP-01679-RK WITH: (1)
                                       ADVERSARY PROCEEDING
16                                     NO. 2:15-AP-01680-RK; AND
                                       (2) ADVERSARY PROCEEDING
17                                     NO. 2:14-AP-01771-RK; AND
                                       (B) FOR LEAVE TO AMEND
18                                     FIRST AMENDED COMPLAINT

19                                     CONTINUED STATUS
                                       CONFERENCE RE: COMPLAINT
20                                     FOR: (1) MONEY HAD AND
                                       RECEIVED; (2) MONEY LENT;
21                                     (3) OPEN BOOK ACCOUNT; (4)
                                       ACCOUNT STATED; (5) BREACH
22                                     OF CONTRACT; (6)
                                       AVOIDANCE, RECOVERY, AND
23                                     PRESERVATION OF FRAUDULENT
                                       TRANSFERS; AND (7)
24                                     TURNOVER OF PROPERTY OF
                                       THE ESTATE
25
```

```
 1                                    HEARING RE: MOTION OF PLAN
                                      AGENT: (A) TO CONSOLIDATE
 2                                    ADVERSARY PROCEEDING NO.
                                      2:15-AP-01679-RK WITH: (1)
 3                                    ADVERSARY PROCEEDING
                                      NO. 2:15-AP-01680-RK; AND
 4                                    (2) ADVERSARY PROCEEDING
                                      NO. 2:14-AP-01771-RK; AND
 5                                    (B) FOR LEAVE TO AMEND
                                      FIRST AMENDED COMPLAINT
 6
                                      CONT'D STATUS CONFERENCE
 7                                    RE: COMPLAINT FOR: (1)
                                      AVOIDANCE, RECOVERY, AND
 8                                    PRESERVATION OF FRAUDULENT
                                      TRANSFERS; (2) AVOIDANCE,
 9                                    RECOVERY, AND PRESERVATION
                                      OF PREFERENTIAL TRANSFERS;
10                                    (3) TURNOVER OF PROPERTY;
                                      (4) AVOIDANCE AND RECOVERY
11                                    OF TRANSFERS; (5)
                                      AVOIDANCE AND RECOVERY OF
12                                    POST-PETITION TRANSFERS TO
                                      DEFENDANT ACE GALLERY NEW
13                                    YORK CORPORATION; AND (6)
                                      DISALLOWANCE OF CLAIMS
14
                                      HEARING RE: MOTION OF PLAN
15                                    AGENT: (A) TO CONSOLIDATE
                                      ADVERSARY PROCEEDING NO.
16                                    2:15-AP-01679-RK WITH: (1)
                                      ADVERSARY PROCEEDING
17                                    NO. 2:15-AP-01680-RK; AND
                                      (2) ADVERSARY PROCEEDING
18                                    NO. 2:14-AP-01771-RK; AND
                                      (B) FOR LEAVE TO AMEND
19                                    FIRST AMENDED COMPLAINT

20                                    CONT'D STATUS CONFERENCE
                                      RE: COMPLAINT FOR: (1)
21                                    DISALLOWANCE OF SCHEDULED
                                      CLAIM OF DOUGLAS CHRISMAS
22                                    PURSUANT TO 11 U.S.C.
                                      502(B)(1); (2)
23                                    DISALLOWANCE OF SCHEDULED
                                      CLAIM OF DOUGLAS CHRISMAS
24                                    PURSUANT TO 11 U.S.C.
                                      502(D); (3) DISALLOWANCE
25                                    OF SCHEDULED CLAIM OF
```

```
 1                                    JENNIFER KELLEN PURSUANT
                                      TO 11 U.S.C. 502(B)(1);
 2                                    (4) DISALLOWANCE OF
                                      SCHEDULED CLAIM OF
 3                                    JENNIFER KELLEN PURSUANT
                                      TO 11 U.S.C 502(D); (5)
 4                                    EQUITABLE SUBORDINATION OF
                                      SCHEDULED CLAIMS OF
 5                                    DOUGLAS CHRISMAS AND
                                      JENNIFER KELLEN PURSUANT
 6                                    TO 11 U.S.C. 510(C); (6)
                                      FOR RECHARACTERIZATION OF
 7                                    SCHEDULED UNSECURED
                                      CLAIMS; (7) FOR AVOIDANCE
 8                                    OF PREFERENTIAL TRANSFERS
                                      PURSUANT TO 11 U.S.C. 547
 9                                    AND 550; (8) FOR AVOIDANCE
                                      OF PREFERENTIAL TRANSFERS
10                                    PURSUANT TO 11 U.S.C. 547
                                      AND 550; (9) FOR AVOIDANCE
11                                    OF FRAUDULENT TRANSFERS
                                      PURSUANT TO 11 U.S.C.
12                                    548(A)(1)(A)  AND 550;
                                      (10) FOR AVOIDANCE OF
13                                    FRAUDULENT TRANSFERS
                                      PURSUANT TO 11 U.S.C.
14                                    548(A)(1)(B) AND 550; (11)
                                      FOR AVOIDANCE OF
15                                    FRAUDULENT CONVEYANCES
                                      PURSUANT TO 11 U.S.C. 544
16                                    AND 550, AND CAL. CIV.
                                      CODE 3439.04(A)(1); AND
17                                    (12) FOR AVOIDANCE OF
                                      FRAUDULENT CONVEYANCES
18                                    PURSUANT TO 11 U.S.C. 544
                                      AND 550, AND CAL. CIV.
19                                    CODE 3439.004(A)(2) FR.
                                      6/21/16, 9/13/16, 12/13/16
20
                 TRANSCRIPT OF PROCEEDINGS
21           BEFORE THE HONORABLE ROBERT KWAN
              UNITED STATES BANKRUPTCY JUDGE
22

23

24

25
```



```
 1  APPEARANCES:

 2  For the Plan Agent:        DAVID J. RICHARDSON, ESQ.
                               SulmeyerKupetz
 3                             333 South Hope Street
                               35th Floor
 4                             Los Angeles, California  90071

 5  For Jennifer Kellen:       STEPHEN F. BIEGENZAHN, ESQ.
                               Friedman Law Group, P.C.
 6                             1900 Avenue of the Stars
                               11th Floor
 7                             Los Angeles, California  90067

 8  For Shirley Holst:         SUSAN I. MONTGOMERY, ESQ.
     (Via Telephone)           Law Office of Susan I. Montgomery
 9                             1925 Century Park East
                               Suite #2000
10                             Los Angeles, California  90067

11  For Doug Chrismas          MARC LIEBERMAN, ESQ.
    ACE Museum, other          Fredman Lieberman Pearl LLP
12  ACE entities:              1875 Century Park East
     (Via Telephone)           Suite #2230
13                             Los Angeles, California  90067

14  Court Recorder:            Shafari Tatum
                               U.S. Bankruptcy Court
15                             Central District of California
                               Edward R. Roybal Federal Building
16                                and Courthouse
                               255 East Temple Street, Room #940
17                             Los Angeles, California  90012
                               (855) 460-9641
18
    Court Transcriptionist:    Mary C. Clark, C.E.R.T.*D-214
19                             Ben Hyatt Certified Deposition
                                  Reporters
20                             17835 Ventura Boulevard, Suite 310
                               Encino, California  91316
21

22

23

24  Proceedings produced by electronic sound recording;
    transcript produced by transcription service.
25
```

```
 1        LOS ANGELES, CALIFORNIA, WEDNESDAY, JANUARY 11, 2017

 2                              11:10 A.M.

 3                              --oOo--

 4        THE COURT:  All right.  Art and Architecture

 5   Books of the 21st Century, the various adversaries.

 6   That'll be #2.00 through #7.00.  All right.  Appearances.

 7        MR. RICHARDSON:  Good morning, Your Honor.  David

 8   Richardson on behalf of the plan agent.

 9        MS. MONTGOMERY:  Susan Montgomery on behalf of

10   Shirley Holst.

11        MR. BIEGENZAHN:  Good morning, Your Honor.  Steve

12   Biegenzahn, Friedman Law Group, for Jennifer Kellen.

13        THE COURT:  All right.

14        MR. LIEBERMAN:  Good morning, Your Honor.  Marc

15   Lieberman appearing on behalf of Doug Chrismas and the ACE

16   Museum and other ACE entities that are not the debtor.

17        THE COURT:  All right.  Mr. Richardson.

18        MR. RICHARDSON:  Good morning, Your Honor.

19   Certainly with respect to the Court's tentative on

20   consolidation of the adversaries where no opposition was

21   filed, we submit on that tentative.

22        THE COURT:  Do you want to address Ms. Kellen's

23   concerns?

24        MR. RICHARDSON:  Very briefly, Your Honor.  I

25   think our reply addressed all of the issues raised in her
```

```
                                                                  Page 6
 1  opposition.  Our view is that the prejudice to parties is
 2  going to be far worse for discovery if the Chrismas/Kellen
 3  adversary proceeding is separate from all of the others.
 4  So many of the same factual background issues are going to
 5  be discussed in discovery of all of the same parties.
 6            We'd be looking at multiple depositions for
 7  parties rather than a single deposition and I think the
 8  burden on Ms. Kellen and her counsel would be far worse if
 9  they have to show up to multiple matters, particularly
10  cases where they're not actually a party, just to ensure
11  that the same discovery on the same issues is something
12  that they're aware of.
13            THE COURT:  All right.  Counsel for Ms. Kellen,
14  Mr. Biegenzahn.
15            MR. BIEGENZAHN:  Your Honor, in reflecting on the
16  motion, it occurred to me that there is in our practice a
17  profound distinction between representing real people and
18  an estate.
19            Real people have to pay their lawyers as they go.
20  They have to pay their lawyers for spending time on matters
21  which are substantive and purely procedural.
22            In this circumstance, what is happening is the
23  moving party is trying to suck Ms. Kellen in.  I don't
24  believe that this is a specific intention.  I don't think
25  there's an ulterior motive.  It is simply the case that
```

```
                                                                    Page   7
 1   Ms. Kellen will be sucked into litigation which will
 2   involve multiple parties with whom she has no relationship
 3   whatever.
 4            It will expand her universe.  At the very least,
 5   Your Honor, she'd have to pay to answer a complaint that is
 6   now substantially longer than hers, substantially more
 7   complicated, significantly more convoluted, and changes
 8   none of the substantive allegations against her.
 9            Now, even at lightning speed, that's an hour.
10   That's almost $500.  Not significant perhaps to the estate
11   because all they're doing is keeping a tally until they get
12   done.  But for an individual, especially an individual who
13   no longer has her livelihood because Mr. Leslie has chosen
14   to sever the relationship, that's a big deal.
15            The argument regarding complicated discovery, I
16   can assure you, Your Honor, I'm not going to go to a
17   deposition of someone who is alleged to have received a
18   fraudulent transfer that doesn't affect my client's
19   substantive rights, that doesn't affect the outcome of the
20   litigation, that doesn't mean anything to the case against
21   her.
22            I would remind the Court that the adversary
23   proceeding was commenced December 18, 2015.  In that time,
24   the plaintiff has not come up with a single piece of
25   paper -- and they admit it in the reply -- a single piece
```

```
         Page                                                              8
 1   of paper that implicates Ms. Kellen in any of the
 2   decisions, any of the transactions for which they claim
 3   there are rights of recovery.
 4           Simply stated, the matter against Ms. Kellen,
 5   again I believe it conceded in the reply, is an objection
 6   to claim.  Now, under Rule 26 of the Federal Rules of Civil
 7   Procedure applicable here by Rule 7026 of the Bankruptcy
 8   Rules, they should have, if they have not -- I believe they
 9   have -- but they should have delivered to me or Ms. Kellen
10   everything they have that supports their against her.
11           I say I believe they have because I believe there
12   is nothing.  That is what I have received.  In 13 months,
13   they have produced nothing that suggests --
14           THE COURT:  Well, can I ask you this.  If you
15   don't think there's any liability, then why doesn't your
16   client just bring a motion for summary judgment or judgment
17   on the pleadings if there's nothing?
18           MR. BIEGENZAHN:  A perfectly intuitive question.
19           THE COURT:  Well, it seems to me that --
20           MR. BIEGENZAHN:  May I respond?
21           THE COURT:  Well, the reason why I was thinking
22   that, if this is going to require extended argument, you
23   know, I have a -- I was thinking maybe putting you at the
24   end of the -- I didn't realize this was going to take so
25   long.
```

Page                                                                        9

1          MR. BIEGENZAHN:  Well, Your Honor, in my opinion,
2  it shouldn't take long.  They have nothing.  The reason she
3  hasn't made a substantive motion is quite simple.  They
4  cost money -- real money, not tally money like Mr. Leslie's
5  counsel will deal in, but real dollars, a real check out of
6  the pocket of a woman who no longer has employment because
7  of the decisions made by the plaintiff.  Your Honor, the
8  motion --
9          THE COURT:  Well, let me just tell you what I
10 think I'm going to do.  Let me ask, does anyone else have
11 a -- something to say on the motion?  I know there's no
12 other written response to the motions.
13         All right.  It seems to me the answer is -- I'm
14 just going to tell you that the Court is inclined to grant
15 the motion because it also involves Mr. Chrismas and he's
16 part of this.  Unfortunately, the pleadings are in the way
17 that they are because of Mr. Chrismas and Ms. Kellen are
18 just intertwined.  You know, they're both in this action.
19         So it would seem to me -- what I'm thinking of
20 doing is, one, I'm thinking of referring Mr. Chrismas to
21 the U.S. Attorney for prosecution based on the trustee's
22 report.  But having said that, I don't think I could
23 preside over the adversary when it's concluded, so I'm
24 intending to recuse myself from hearing this adversary once
25 it's consolidated.

1           So some other Judge is going to hear this, but it
2    seems to me, Mr. Biegenzahn, your remedy is to ask whoever
3    the new Judge is going to be once I grant the motion to
4    sever Ms. Kellen from the action.
5           It's too unwieldy because, you know, the
6    trustee's trying to hone and refine claims and it seems to
7    me that they should be on a consolidated basis for
8    efficient litigation.  But if you think your client should
9    stand alone, then bring a motion a sever, but it'll be
10   heard by somebody else most likely.
11          MR. BIEGENZAHN:  Your Honor, with all due
12   respect, I understand the rationale, but we're talking
13   about motion practice and it shouldn't be necessary.  The
14   plaintiff had an obligation to deliver all that he has in
15   terms of documentary evidence to us.  He has done that, I
16   believe.
17          THE COURT:  Well, then you can bring the
18   appropriate motion if you --
19          MR. BIEGENZAHN:  But, Your Honor --
20          THE COURT:  You're saying you don't have to bring
21   a motion.  They should drop the case.  Well, then bring a
22   motion if -- you know, you either resolve the matter or
23   litigate and you can't get them to voluntarily dismiss the
24   claims against your client, then if your client is entitled
25   to some sort of relief to get her out of the case, then you

```
     Page                                                             11
 1  should bring that motion.
 2           You're saying you don't have to, but it looks
 3  like you're going to have to.
 4           MR. BIEGENZAHN:  Your Honor, I don't have to if
 5  this as a court of equity does equity.
 6           THE COURT:  Well, I --
 7           MR. BIEGENZAHN:  You have the discretion and the
 8  power --
 9           THE COURT:  I know -- it is an adversary system
10  and I'm not going to second guess the lawyers in presenting
11  their cases, so --
12           MR. BIEGENZAHN:  But if the Court doesn't second
13  guess --
14           THE COURT:  All right.  Okay.  What I'm going to
15  do is if you want to argue further, I'm going to take a
16  timeout and hear the other matters because I think it's
17  going to take longer.  You want to be heard fully, so I'm
18  going to put you --
19           MR. BIEGENZAHN:  No, Your Honor.  I sense that
20  all I would do is waste more of her money.
21           THE COURT:  Well --
22           MR. BIEGENZAHN:  We'll --
23           THE COURT:  -- I'll put it at the end of the
24  calendar and you can decide that for yourself.  If you want
25  to argue further, you know, argue further.  I'm just
```

1  telling you what my thoughts are.
2          MR. BIEGENZAHN:  Well, Your Honor, your thoughts
3  sound to me like conclusions.  I don't think that sticking
4  around --
5          THE COURT:  Well, all right.  If you don't --
6          MR. BIEGENZAHN:  -- for an hour is --
7          THE COURT:  -- like -- right.  If you don't like
8  the conclusions, you know, I've looked at the papers.  I've
9  considered your arguments, and I have to come to a
10 conclusion.  If you don't like the conclusion, then you
11 have appropriate remedies.
12         MR. BIEGENZAHN:  The only thing I would ask is
13 that the Court state some of its findings as to
14 inconvenience and prejudice.
15         THE COURT:  Well, I think, you know, the
16 allegations are intertwined.  They involve your client as
17 well as the other parties.  Your client was involved with
18 these entities.  It would be, I think, efficient in terms
19 of discovery in litigating these claims because they're
20 intertwined.  There are alleged that people have acted in
21 concert, and it involves this business which your client as
22 well as the other defendants are involved in and it would
23 seem to me a more efficient use of litigation resources to
24 have an integrated cause of action.
25         And if your client has the appropriate remedy to

```
     Page                                                               13

 1  sever the claims against her because she either has no
 2  liability or is a minimal player, which is disputed, then,
 3  you know, you can flush that out.
 4           Mr. Richardson, is there anything else that the
 5  Court should consider?
 6           MR. RICHARDSON:  Only, Your Honor, that I'll
 7  offer here and now to speak with Mr. Biegenzahn about means
 8  that we may have to try to reduce expenses.  I've already
 9  agreed with counsel to Ms. Holst that --
10           THE COURT:  Well, maybe you can think about
11  severing her.
12           MR. RICHARDSON:  -- the possibility --
13  Ms. Montgomery and I have agreed that Ms. Holst can just
14  file a short stipulation that no new answer is required
15  because --
16           THE COURT:  Right.  You can talk about things to
17  streamline discovery where if the discovery doesn't pertain
18  to claims, you could talk about litigation scheduling in
19  terms of discovery, and if discovery's not going to be, you
20  can represent and accommodate counsel's concerns about the
21  costs of litigation by tailoring your discovery not to
22  cover claims that don't involve that particular party and
23  then advise them when it does come up.
24           MR. RICHARDSON:  We're happy to do that --
25           THE COURT:  But, you know, that's not always an
```

Page 14

```
 1  easy task in practice, you know, but that could happen.
 2          MR. RICHARDSON:  It's far easier --
 3          THE COURT:  But it's going to save everybody
 4  litigation expense in my view, you know, having
 5  consolidated proceedings where you have overlapping facts
 6  and potential liability.
 7          MR. RICHARDSON:  We think that's far easier to do
 8  in a consolidated proceeding than trying to deal with the
 9  overlap in separate proceedings.
10          THE COURT:  Right.  But it's most likely if
11  there's a motion to sever, it's going to be heard by
12  somebody else.  All right.
13          MR. RICHARDSON:  Thank you.
14          THE COURT:  So I probably will do this in the
15  next two weeks, make the referral.
16          MR. BIEGENZAHN:  Thank you, Your Honor.
17          THE COURT:  All right.  Thank you.  The motion's
18  granted and I'll set a further status conference probably
19  90 days because there's going to have to be somebody else
20  involved in this, in my view.
21          MR. RICHARDSON:  May I suggest then, Your Honor,
22  that the status conferences that follow this simply be --
23          THE COURT:  It's just a holding date.  It's most
24  likely going to -- you know, I think because if I'm making
25  a referral of one of the defendants, you know, for criminal
```

Page                                                                          15

1   prosecution, I don't think I should be involved in hearing
2   this.
3           MR. RICHARDSON:  Understand.
4           THE COURT:  All right.  I'll set a further status
5   conference April 26, 2017, at 11:00, and most likely the
6   date will be changed before to somebody else's calendar.
7           MR. RICHARDSON:  I'm sorry, Your Honor.  Did you
8   say April 26th?
9           THE COURT:  April 26 at 11:00.
10          MR. RICHARDSON:  Thank you, Your Honor.
11          THE COURT:  Thank you.
12          MS. MONTGOMERY:  Your Honor, could I inquire is
13  your referral for prosecution just as to Mr. Chrismas?
14          THE COURT:  Yes.  Just Mr. Chrismas.
15          MS. MONTGOMERY:  All right.
16                          --oOo--
17          I certify that the foregoing is a correct
18  transcript from the electronic sound recording of the
19  proceedings in the above-entitled matter.
20
21    *Mary C. Clark*                        Date:  01/15/2017
22  MARY C. CLARK, C.E.R.T.*D-214
23
24
25

P 888.272.0022   F 818.343.7119    BENHYATT    www.benhyatt.com
Certified Deposition Reporters