| | |
|---|---|
| 1  Victor A. Sahn (CA Bar No. 97299)<br>   vsahn@sulmeyerlaw.com<br>2  David J. Richardson (CA Bar No. 168592)<br>   drichardson@sulmeyerlaw.com<br>3  Asa S. Hami (CA Bar No. 210728)<br>   ahami@sulmeyerlaw.com<br>4  **Sulmeyer**Kupetz<br>A Professional Corporation<br>5  333 South Hope Street, Thirty-Fifth Floor<br>Los Angeles, California 90071-1406<br>6  Telephone: 213.626.2311<br>Facsimile: 213.629.4520 | **FILED & ENTERED**<br><br>**JAN 27 2017**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bakchell  **DEPUTY CLERK** |

**CHANGES MADE BY COURT**

7

8  Carolyn Dye (CA Bar No. 97527)
   Law Offices of Carolyn A. Dye
   3435 Wilshire Boulevard, Ste 990
9  Los Angeles, CA 90010
   Telephone: 213-368-5000
10 Facsimile: 213-368-5009

11 Attorneys for Sam Leslie, Plan Agent

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ART & ARCHITECTURE BOOKS OF THE 20th CENTURY,<br><br>    Debtors.<br>_____<br>SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 20th CENTURY,<br><br>    Plaintiff,<br><br>    vs.<br><br>ACE GALLERY NEW YORK CORPORATION, a California corporation; ACE GALLERY NEW YORK, INC., a dissolved New York corporation; ACE MUSEUM, a California corporation; DOUGLAS CHRISMAS, an individual; JENNIFER KELLEN, an individual; SHIRLEY HOLST, an individual; 400 S. LA BREA, LLC, a California limited liability company; TRIZEC 5670 WILSHIRE, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 2:13-bk-14135-RK<br><br>Chapter 11<br><br>Adv No. 2:15-ap-01679-RK<br><br>Consolidated with Adv. No. 2:14-ap-01771-RK and Adv. No. 2:15-ap-01680-RK<br><br>**ORDER MODIFYING TEMPORARY RESTRAINING ORDER: (1) PROHIBITING ACE MUSEUM, DOUGLAS CHRISMAS, AND ANY PARTY ACTING ON THEIR BEHALF FROM TAKING ACTION TO MOVE, SELL OR ENCUMBER THE PROPERTY DESCRIBED HEREIN, OR FROM TAKING ANY ACTIONS TO INTERFERE WITH PLAINTIFFS ACTIONS AUTHORIZED HEREIN; AND (2) AUTHORIZING PLAINTIFF TO TAKE ALL NECESSARY ACTIONS TO SECURE THE ARTWORKS DESCRIBED HEREIN, AND TO SECURE THE REAL PROPERTY DESCRIBED HEREIN <u>WITH COURT COMMENTS TO COUNSEL FOR PLAINTIFF ON READING ORDERS</u>** |

DJR\ 2576114.2

|  |  |
|---|---|
| Date: | N/A |
| Time: | N/A |
| Place: | Courtroom 1675 |
|  | 255 E. Temple St. |
|  | Los Angeles, CA 90012 |

Pending before the court is the Notice of Application and Application to Modify Order Respecting Relief Granted in Ex Parte Application of Sam Leslie, Plan Agent, For: (1) Right to Attach Order; (2) Order for Issuance of Writ of Attachment Against Defendant Ace Museum; and (3) Request for Temporary Restraining Order or Preliminary Injunction ("Ex Parte Application"). Electronic Case Filing Number ("ECF") 82, filed on Friday January 27, 2017 at 3:28 p.m.

Having considered the Application and the record before the court, and good cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Plaintiff's Ex Parte Application is granted;

2. The portion of the temporary restraining order, ECF 77, set forth in Paragraph 3 of the temporary restraining order, ECF 77 at 6, providing that "Mary Corse, and any party acting on her behalf, is hereby temporarily restrained from transferring possession of the Black Arch through February 1, 2017" is hereby dissolved; and

3. The temporary restraining order, ECF 77, is not modified in any other way and otherwise remains in effect.

4. **Comments from the court to Counsel for Plaintiff, Victor A. Sahn, David J. Richardson and Asa S. Hami, of the law firm of Sulmeyer Kupetz, and Carolyn Dye, of the Law Offices of Carolyn A. Dye: The court notes that the Ex Parte Application requested the court to modify the proposed temporary restraining order submitted by counsel, and not the actual temporary restraining order entered by the court, and submitted a redlined version of the changes that counsel was now proposing in an order that was never entered, which seems to the court a demonstration of the lack of**

**awareness of the written order which was actually entered by the court. It is somewhat surprising to the court among the four attorneys listed on the caption for the Ex Parte Application that no one of these attorneys in writing the Application or reviewing it noticed this, which leads the court to surmise that no one read the court's actual order in preparing this application. Meanwhile, the court soldiered on and reviewed the Ex Parte Application to divine what counsel was really asking for, i.e., dissolution of the temporary restraining order as to Artist Mary Corse and the Black Arch artwork, and modified the newly proposed order to simply dissolve the temporary restraining order as to Ms. Corse and this piece of artwork. There was no need to have a modified temporary restraining order which entails review of the entire temporary restraining order and re-service of the modified temporary restraining order before the upcoming hearing on the temporary restraining order in 4 days on January 31, 2017 anyway. Counsel should be less oblivious of what is actually written in an order of the court, particularly when asking the court to modify that order.**

IT IS SO ORDERED

###

Date: January 27, 2017

_____
Robert Kwan
United States Bankruptcy Judge