Marc A. Lieberman, Esq. (SBN 157318)
marc.lieberman@flpllp.com
Alan W. Forsley, Esq. (SBN 180958)
alan.forsley@flpllp.com
**FREDMAN LIEBERMAN PEARL LLP**
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone:    (310) 284-7350
Facsimile:    (310) 432-5999

Attorneys for Defendants ACE Gallery New
York Corporation; Ace Museum Corporation

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No:  2:13-bk-14135-RK |
| ART & ARCHITECTURE BOOKS OF THE 20TH CENTURY, | Chapter 11 |
| Debtor, | Adv. Case No. 2:15-ap-01679-RK |
| SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 20TH CENTURY, | **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY, OR IN THE ALTERNATIVE, MOTION TO WITHDRAW AS COUNSEL FOR ACE GALLERY NEW YORK CORPORATION AND ACE MUSEUM CORPORATION** |
| Plaintiff, | |
| vs. | |
| ACE GALLERY NEW YORK, CORPORATION, a California corporation; ACE GALLERY NEW YORK, INC., a New York corporation; ACE MUSEUM, a California corporation; DOUGLAS CHRISMAS, an individual; SHIRLEY HOLST, an individual, | |
| Defendants. | Hearing: |
| | Date:        October 17, 2018 |
| | Time:        11:00 a.m. |
| | Place:        Courtroom 1675 |

Defendants ACE Gallery New York Corporation and ACE Museum Corporation

(the "**Entity Defendants**") hereby file this Reply ("**Reply**") to Plaintiff's Opposition to

Motion for Protective Order to Stay Discovery, or in the Alternative, Motion to Withdraw

as Counsel for ACE Gallery New York Corporation and ACE Museum Corporation (the "**Opposition**") [Doc. No. 437].

# I.

# INTRODUCTION

Entity Defendants are not weaponizing or disrupting the discovery process. They do not contend that there should be no consequences for their inability to provide verified discovery responses. The issue here is what those consequences should be. Might the Court be permitted to draw inferences adverse to Entity Defendants? Certainly. Is it required to enter judgment against Entity Defendants without showing damages? No. Here, the Plan Agent alone is in complete control of <u>all</u> Debtor's books and records. Here, the Plan Agent can subpoena and depose every former officer or employee of Entity Defendants and can subpoena financial records from any institution.

Plan Agent mocks the conflict-of-interest such an arrangement would entail, misreads (or ignores important caveats in ) his own authorities, and illogically asserts that the conflict at issue "has been evident for nearly two years, suggesting that counsel should have withdrawn long ago. In fact, the irreconcilable conflict raised by Plan Agents assertion that trial counsel should verify discovery responses arises only when the individuals (identified in both the Motion and the Opposition) refused to prepare and verify discovery responses. The Court should not require Entity Defendants to designate their *trial counsel* to prepare and verify discovery responses.

# II.

# ARGUMENT

A.    **Plan Agent's Arguments are Unsupported.**

Plan Agent cites *SEC v. Leach*, 156. F. Supp. 2d 491, 498 (E.D. Pa 2001), in which the court, *putting a judicial gloss on other cases* writes "taken together, these cases stand for the proposition that a corporation must answer a complaint and provide discovery, and,

if necessary, it must appoint an agent to do so who could furnish the information without fear of self-incrimination."   In *Leach,* LMC Assets Corp and its principal Jeffrey L. Leach filed an joint answer to a complaint with LMC responding that it "declines to answer on the ground that it might be a witness against itself both directly an indirectly."  156 F. Supp. at 493.  *Leach* did not involve discovery issues, only an answer to a federal court complaint.  Unlike responses to interrogatories and requests for admission, answers to federal court complaints are not required to be verified.  Unlike in *Leach*, the Entity Defendants here *did* file answers to the operative complaint (and to each prior version as well).  That the *Leach* court misstates the law is obvious and arises from a causual lack of precision—corporations certainly do not have an obligation to "answer a complaint," they can instead file various other responsive pleadings, challenge jurisdiction or, at the risk of defaulting, refuse to respond at all.  If they do, it is less clear what the Leach court means when it refers in *dicta* to an obligation to "provide discovery," because *Leach* did not have before it any discovery issues.  To the extent *Leach* is not cited for its *dicta* is simply inapplicable to the instant case.

The Plan Agent cites *eBay, Inc. v. Digital Point Solutions, Inc.*, 2010 U.S. Dist. LEXIS 7997 *14-15; 2010 WL 147967 (N.D. Cal. January 12, 2010) for the proposition that "a corporation is required to 'appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation.'"[Citation omitted.]   In *eBay*, the Court merely (1) denied a motion to stay discovery and (2) granted a motion to strike, with leave to amend, defendant's answer to the operative complaint.  In denying the motion to stay discovery the *eBay* court engaged in a highly case-specific analysis:

> "The decision is made in light of the particular circumstances and competing interests involved in the case'" and considering the "extent to which the defendant's Fifth Amendment rights are implicated.  Additional factors include: (1) the interests of the plaintiff in proceeding and the potential prejudice caused by a delay; (2) the burden that proceeding may place on defendants; (3) the convenience of the court in

1    managing its case load; (4) the interests of third parties; and (5) the interest of the

2    public in the pending civil and criminal proceedings." [Citations and internal

3    quotation marks omitted.]

4  In granting eBay's motion to strike, the *eBay* court relied on *Leach*, *supra*, which makes

5  sense, because like *Leach* and unlike the instant case, the issue before the court was

6  defendant's answer to the operative complaint, <u>not</u> verified discovery responses.

7        Finally, the Plan Agent cites *In re Residential Doors Antitrust Litigation*, 900 F.

8  Supp. 749 (E.D. Pa. 1995), which is the only case he cites that actually involves discovery

9  matters.  Plan Agent leans on *Residential Doors* for the unremarkable proposition that "to

10  stay discovery where corporation had not shown it could not appoint an agent." Opposition

11  at 10, lns 23-24.  Of course, that is precisely the point:  Here, the Entity Defendants *have*

12  *shown* that they cannot appoint an agent.

13        **B.  Plan Agent cites no example of a Court ever ordering Counsel to verify**

14  **discovery responses on behalf of a client**.

15        Plan Agent contends that Entity Defendants trial counsel should be ordered to verify

16  his client's discovery responses.  In support, Plan Agent cites the same cases, none of

17  which actually present discovery issues and none of which compel a lawyer (much less

18  trial counsel) to verify discovery responses.  Without facts, statutes or case law to support

19  his argument, Plan Agent reaches for vague, speculative language in a treatise:

20        "The Supreme Court has ***suggested***, without deciding, that ***if there should be*** a case

21        in which no one can answer interrogatories addressed to the corporation without

22        subjecting himself or herself to a risk of self-incrimination, ***the remedy would be*** a

23        protective order, under what is now Rule 26(c), postponing civil discovery until

24        termination of the criminal action. ***It is far from clear how this would work*** if no

25        criminal action is pending and it is unlikely that a criminal action would actually be

26        brought. In any event, ***the case is unlikely ever to arise*** since Rule 33(a) ***allows*** any

27        agent of the corporation, even its attorney [***M.L.: Rule 33 does not specifically***

28        **mention attorneys**], to answer interrogatories on behalf of a corporation.

1    Opposition at 11, lns 1-10, citing 8A Wright, Miller and Marcus, Federal Practice

2    and Procedure, §2018 at 276. [Emphasis supplied.]

3    Let's have closer look at Rule 33.

4    The interrogatories must be answered: (A) by the party to whom they are directed;

5    or (B) if that party is a . . . private corporation . . ., by any officer or agent, who

6    must furnish information available to the party. Fed. R. Civ. Pro. 33(b)(1). [1]

7    So while Rule 33 does not actually use the word "attorney" (or "lawyer" or "counsel"), it

8    does say "agent." An attorney can be an agent, so too can a travel agent, an insurance

9    agent, and a real estate agent.  In fact, on its face *Rule 33 does not disqualify anyone* from

10    acting a corporate agent!  Does it follow that the court can order the corporation to

11    designate its attorney or any other particular person its agent to verify discovery

12    responses?  No.  Does it really make sense for a court to impose such a duty on trial

13    counsel, the one person whose communications with its clients are privileged, the one

14    person who owes his client a duty of confidentiality, *and the one person who is forbidden*

15    *by California law[2] and the Model ABA Rules[3] from testifying on behalf of his client?*  The

16    _____

17    [1] Plan Agent repeats *Wright & Miller's* reference to "Rule 33(a)," which appears to reference a
since re-numbered rule. The applicable language is in Rule 33(b)(1).

18
19    [2] Rule 5-210 of California Rules of Professional Conduct states:

20    A member shall not act as an advocate before a jury which will hear testimony from the member
unless:

21    (A) The testimony relates to an uncontested matter; or

22    (B) The testimony relates to the nature and value of legal services rendered in the case; or

23    (C) The member has the informed, written consent of the client. If the member represents the
People or a governmental entity, the consent shall be obtained from the head of the office or a
24    designee of the head of the office by which the member is employed and shall be consistent with
principles of recusal.
25
26    [3] ABA Model Rule 3.7 provides:

27    (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary
witness unless:

28    (1) the testimony relates to an uncontested issue;

1    answer is clearly no, and the cases cited by the Plan Agent do not hold otherwise. Let's

2    look at them:

3        In *eBay, supra,* counsel was not required to verify discovery responses. Again,

4    discovery responses were not at issue in eBay, only an *unverified* response to a complaint,

5    as to which the court opines (and does not order) that the corporation can appoint its

6    attorney. This is a far cry from ordering counsel to verify discovery responses on behalf of

7    a client in a case where the attorney is trial counsel.

8        In *SEC v Chicago Convention Center, LLC* 2013 U.S. Dist. LEXIS 7997 (N.D. Ill

9    2013) counsel was not required to verify discovery responses. (Plan Agent admits that

10   court merely "ordered corporate defendants to 'appoint an agent—such as corporate

11   counsel' to respond to discovery." Opposition at 11, lns 17-19.)   Even though the

12   Chicago Convention Center court did not actually require a corporate litigant to appoint its

13   corporate counsel as its agent to respond to discovery, doing so would have been far less

14   problematic than requiring it to appoint its trial counsel. Any one who verifies discovery

15   responses on behalf of a party is a witness, subject to examination under oath by opposing

16   counsel in deposition and in front of the trier-of-fact. If the witness and the trial counsel

17   were the same person, trial counsel would have to cross-examine himself on behalf of his

18   client. This is the issue that California Rule of Professional Conduct 5-210 seeks to

19   prevent. See note 2, *infra.*

20

21

22   ///

23   ///

24   _____

25        (2) the testimony relates to the nature and value of legal services rendered in the case; or

26        (3) disqualification of the lawyer would work substantial hardship on the client.

27   (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to
     be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

28

*Defendants' Reply to Plaintiff's Opposition to Motion for Protective Order*

### III.

### CONCLUSION

Based on the foregoing and on the facts and argument contained in the Motion, Entity Defendants respectfully request that the Court:

1.    Stay the discovery for a reasonable period of time or until completion of the Chrismas' criminal matter **or, alternatively**;

2.    Relieve them of their obligation to respond to the Discovery but preventing them (a) from having a representative testify on their behalf; (b) putting on the testimony of any witness not previously identified to Plaintiff except a true rebuttal witness; and (c) introducing into evidence documents not previously produced or that are not properly the subject to judicial notice, **or, alternatively**;

3.    Strike Movants' answer of the Complaint, allow their defaults to be taken, and require the Plan Agent to prove his case in a default prove-up hearing, **or alternatively**;

4.    Permit FLP to withdraw as counsel to Movants so that it can continue to represent Chrismas individually.

DATED: October 9, 2018            FREDMAN LIEBERMAN PEARL LLP

By: _Marc A. Lieberman_
       Marc A. Lieberman, Esq.
       Alan W. Forsley, Esq.
       Attorneys for Defendants, ACE Gallery New York
       Corporation and ACE Museum Corporation

*Defendants' Reply to Plaintiff's Opposition to Motion for Protective Order*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
FREDMAN LIEBERMAN PEARL LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY, OR IN THE ALTERNATIVE, MOTION TO WITHDRAW AS COUNSEL FOR ACE GALLERY NEW YORK CORPORATION AND ACE MUSEUM CORPORATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 9, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**II.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 9, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Chambers of the Honorable
Robert N. Kwan
United States Bankruptcy Court
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 9, 2018 | ADELAIDA FLORES | |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## ADDITIONAL SERVICE LIST
## VIA ECF

- Simon Aron    saron@wrslawyers.com
- Jason Balitzer    jbalitzer@sulmeyerlaw.com,
  jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com
- Carolyn A Dye    trustee@cadye.com
- Fahim Farivar    ffarivar@foley.com, amcdow@foley.com;khernandez@foley.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-
  lawyers.net,addy.flores@flpllp.com
- J. Bennett Friedman    jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com
- Asa S Hami    ahami@sulmeyerlaw.com,
  agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com
- Matthew P Kelly    mkelly@sulmeyerlaw.com
- Daniel A Lev    dlev@sulmeyerlaw.com,
  asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com
- Ashley M McDow    amcdow@foley.com, Khernandez@foley.com;Ffarivar@foley.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Susan I Montgomery    susan@simontgomerylaw.com,
  assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.
  bestcase.com
- Kurt Ramlo    kr@lnbyb.com, kr@ecf.inforuptcy.com
- David J Richardson    drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com
- Ronald Rus    rrus@brownrudnick.com, tlangford@brownrudnick.com
- Victor A Sahn    vsahn@sulmeyerlaw.com,
  agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@
  ecf.inforuptcy.com
- Michael C Schneidereit    mschneidereit@jonesday.com,
  scollymore@jonesday.com;tckowalski@jonesday.com
- David B Shemano    dshemano@shemanolaw.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Michael W Vivoli    auzcategui@vivolilaw.com, sbrown@vivolilaw.com
- Jessica Vogel    Jvogel@sulmeyerlaw.com,
  jvogel@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com
- Howard J Weg    hweg@robinskaplan.com
- Beth Ann R Young    bry@lnbyb.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.