Marc A. Lieberman, Esq. (SBN 157318)
marc.lieberman@flpllp.com
Alan W. Forsley, Esq. (SBN 180958)
alan.forsley@flpllp.com
**FREDMAN LIEBERMAN PEARL LLP**
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone:   (310) 284-7350
Facsimile:   (310) 432-5999

Attorneys for Defendants  ACE Museum, Ace Gallery New York Corporation and Douglas Chrismas

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ART & ARCHITECTURE BOOKS OF THE 20TH CENTURY,<br><br>Debtor,<br><br>SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 20TH CENTURY,<br><br>Plaintiff,<br><br>vs.<br><br>ACE GALLERY NEW YORK, CORPORATION, a California corporation; ACE GALLERY NEW YORK, INC., a New York corporation; ACE MUSEUM, a California corporation; DOUGLAS CHRISMAS, an individual; SHIRLEY HOLST, an individual,<br><br>Defendants. | Case No:   2:13-bk-14135-RK<br><br>Chapter 11<br><br>Adv. Case No. 2:15-ap-01679-RK<br><br>**RESPONSE TO MOTION FOR TERMINATING SANCTIONS AND REQUEST FOR CONTINUANCE**<br><br>[Declaration of Marc A. Lieberman filed concurrently]<br><br>Hearing:<br>Date:       January 15, 2019<br>Time:       2:30 p.m.<br>Place:      Courtroom 1675 |

Defendants ACE Gallery New York Corporation ("**Ace NYC**"), a suspended California corporation, Ace Museum ("**Ace Museum**"), a suspended California corporation, and Douglas Chrismas ("**Chrismas**"), an individual hereby file this response

---

1
*Defendant's Opposition to Motion for Terminating Sanctions*

to plaintiff Sam Leslie's ("**Plaintiff**" or "**Plan Agent**") motion for terminating sanctions (the "**Motion**"), and request that: (a) the Motion be denied because Ace Museum and Ace NYC (collectively the "**Entity Defendants**"), have complied with this Court's discovery order, (b) that the Motion hearing be continued to provide the Entity Defendants a reasonable opportunity to become reinstated so that each may defend itself, and (c) that any sanction against either of the Entity Defendants not collaterally estop Chrismas from defending himself in the instant adversary proceeding.

## I.
## INTRODUCTION

By order entered October 18, 2018, the Court granted in part and denied in part Plaintiff's motion to compel (the "**Discovery Order**"). In the Discovery Order, the Court adopted its tentative ruling from the hearing the day before, which provided, in pertinent part (numbered paragraphs and line breaks added for clarity):

1. "Order defendant Chrismas to execute IRS Forms 4506 to release tax returns of defendants Ace Museum and Ace Gallery New York within 10 days . . ..

2. "Order defendants Ace Museum and Ace Gallery New York to produce documents in response to plan agent's document production requests within 30 days . . ..

3. "Order each of defendants Ace Museum and Ace Gallery New York Corporation to take action, including appoint an agent, **if they can** [emphasis supplied] to

a. fully respond to plan agent's written interrogatories and request for admission within 30 days, or

b. provide statements under penalty of perjury that it cannot answer because of the Fifth Amendment privilege asserted by the only knowledgeable person or person **and** [emphasis original] there is no person who can serve as an agent who could gather and obtain books, records, or other officers or employees, or other sources, the information necessary to answer the interrogatories and requests for admission and sign them on behalf of each defendant without raising self-incrimination."

## II.
## THE MOTION SHOULD BE DENIED BECAUSE THE ENTITY DEFENDANTS COMPLIET WITH THE DISCOVERY ORDER.

The Entity Defendants complied with the Discovery Order. Plan Agent does not dispute that Chrismas timely executed an IRS form to permit Plan Agent to obtain copies of the Entity Defendants' tax returns directly from the IRS (the "**IRS Form**").

Plan Agent does not dispute that the Entity Defendants, after entry of the Discovery Order, produced over 3,616 pages of documents (the "**Documents**"), albeit late.

Plan Agent does not dispute that some 2,282 of those pages were specifically requested by Plan Agent (and therefore responsive) because they support Chrismas' and Ace Museum's defense that the parties settled their dispute over a certain $4,482,856 loan (the "**Loan**") from debtor Art & Architecture of the 21st Century ("**Debtor**") to Ace Museum through a court approved stipulation filed under seal (the "**Settlement**").

Plan Agent does not dispute that, after the entry of the Discovery Order, the Entity Defendants timely responded ("**Responses**") to his written interrogatories and requests for admission executed by an agent ("**Agent**") under penalty of perjury, but quibbles with the qualifications of the agent and substance of the responses. Entity Defendants appointed a

former Ace Museum preparator[1] as their agent who stated in his sworn responses that he was unable to provided certain substantive responses because the only individual with personal knowledge (Chrismas) declined on advice of counsel to assist him other than to provide access to Entity Defendants' books and records, which the Agent state he does not have the education or experience to understand. Chrismas and the Entity Defendants believe that Agent's sworn Reponses comply with the Discovery Order.[2]

Accordingly, the Entity Defendants have complied with the Discovery Order so the motion should be denied.

## III.

## THE HEARING ON PLAN AGENT'S MOTION SHOULD BE CONTINUED TO PERMIT ACE MUSEUM TO BECOME REINSTATED.

Plan Agent is correct when he argues that when tax-defaulted California corporations like the Entity Defendants are suspended, they become legally disabled and unable to prosecute or defend actions in court. Rev. & Tax Code § 23301. *Palm Valley Homeowners Ass'n, Inc. v. Design MTC* (2000) 85 CA 4th 304, 313 (A California corporation suspended for nonpayment of the corporate franchise tax, or failure to file its biennial statement required by Corps. C. § 1502, lacks the capacity to defend itself.)[3]

---

[1] A preparator is someone who prepares artwork for display, storage, transport or shipment. The Agent also happened to have done preparatory work for Debtor, a fact that the Plaintiff, without authority, claims should disqualify the Agent.

[2] In late November 2018, after transmitting the Responses but before producing the Documents, Defendant's counsel discovered that the Entity Defendant's had become tax-defaulted and promptly informed Plan Agent's counsel of same. Chrismas is in the process of causing Ace Gallery to become reinstated.

[3] While Entity Defendant's counsel first learned of and informed Plan Agent's counsel about the Entity Defendants' suspensions in late November 2018, it is unclear when the Entity Defendants were in fact suspended. One California court has held that a party waived its lack of capacity based on a corporate party's suspension argument when it waited 51 days to raise it. *Color-Vue, Inc. v. Abrams*, 44 Cal.App.4th 1599, 1605 (1996).

The Entity Defendants' suspensions, however, do not justify terminating sanctions, because this Court must give them an opportunity to become reinstated by paying their back taxes (i.e., to revive the corporations). *Cadle Co. v. World Wide Hospitality Furniture, Inc.*, (2006) 144 Cal.App.4th 504, 512; 514) ("A claim of lack of corporate capacity to prosecute or defend a civil action because of its suspended status 'is a plea in abatement which is not favored in law.' . . . "Suspension of a corporation is intended to encourage them to pay taxes, not to provide a monetary windfall to parties.") Thus, "[w]hen a corporation's suspended status 'comes to light during litigation, the normal practice is for the trial court to permit a short continuance to enable the suspended corporation to effect reinstatement ... to defend itself in court." Id. at 512-513 (citing *Timberline, Inc. v. Jaisinghani*, (1997) 54 Cal.App.4th 1361.

The primary purpose of Rev. & Tax Code § 23301 "is to motivate delinquent corporations to pay back taxes or file missing statements." Id. "The suspension statutes are not intended to be punitive," but unless the Entity Defendants are permitted to oppose the Plan Agent's motion for terminating sanctions on the merits, such sanctions would be improperly punitive. Id.

Terminating sanctions against the Entity Defendants would give an improper windfall to the Plan Agent on account of a technicality. In *Cadle Co., supra*, the Court of Appeal reversed a judgment against a suspended corporate defendant because the trial court erred when it prevented the suspended corporate defendant from presenting a defense. Similarly, in *Color-Vue, Inc. v. Abrams*, (1996) 44 Cal.App.4th 1599, 1606, the Court of Appeal reversed the judgment because the "court should have granted Color-Vue a continuance to enable it to pay its back taxes," and then should have permitted it to defend itself in the action.

Like the *Cadle Co.* and *Color-View* courts, this Court should continue the hearing on the instant motion for 6 weeks to allow time for the Entity Defendants to revive their corporate statuses so they can then file substantive opposition to the instant motion.

## IV.
## ANY COURT ORDERED SANCTIONS SHOULD NOT ESTOP CHRISMAS FROM DEFENDING HIMSELF ON THE MERITS.

If the Court issue terminating sanctions against the Entity Defendants, Chrismas should not thereby be collaterally estopped from defending himself. For example, he should still be permitted to argue that the Settlement prevents the Trustee from attempting to collect on the Loan and he should still be able to challenge the Plan Agent's damage calculations and to argue that the Entity Defendants provided value to the Debtor that offsets some or all of the Plan Agent's claims. So, while the Court may draw negative inferences from Chrismas's assertion of his 5th Amendment rights, he should nevertheless be permitted to defend himself with competent evidence and by challenging Plan Agent's arguments and evidence.

## V.
## CONCLUSION

Based on the foregoing, the Court should deny the Motion or continue the hearing for approximately 6 weeks. In the alternative, the Court should declare that its ruling on the Motion shall not in any way collaterally estop Chrismas from defending himself at trial.

DATED: January 2, 2019          FREDMAN LIEBERMAN PEARL LLP

By: _____
Marc A. Lieberman, Esq.
Alan W. Forsley, Esq.
Attorneys for Defendant, ACE Museum, a
California corporation

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FREDMAN LIEBERMAN PEARL LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **RESPONSE TO MOTION FOR TERMINATING SANCTIONS AND REQUEST FOR CONTINUANCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 2, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**II. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 2, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Chambers of the Honorable
Robert N. Kwan
United States Bankruptcy Court
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 2, 2019 | ADELAIDA FLORES | _(signature)_ |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE LIST
## VIA ECF

- Simon Aron    saron@wrslawyers.com
- Jason Balitzer    jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Carolyn A Dye    trustee@cadye.com
- Fahim Farivar    ffarivar@foley.com, amcdow@foley.com;scvasquez@foley.com;scvasquez@foley.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- J. Bennett Friedman    jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com
- Asa S Hami    ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com
- Matthew P Kelly    mkelly@sulmeyerlaw.com
- Daniel A Lev    dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com
- Ashley M McDow    amcdow@foley.com, scvasquez@foley.com;Ffarivar@foley.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Susan I Montgomery    susan@simontgomerylaw.com, assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.bestcase.com
- Kurt Ramlo    kr@lnbyb.com, kr@ecf.inforuptcy.com
- David J Richardson    drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com
- Ronald Rus    rrus@brownrudnick.com, tlangford@brownrudnick.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com
- Michael C Schneidereit    mschneidereit@jonesday.com, scollymore@jonesday.com;tckowalski@jonesday.com
- David B Shemano    dshemano@shemanolaw.com
- Jonathan Shenson    jshenson@shensonlawgroup.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Michael W Vivoli    auzcategui@vivolilaw.com, sbrown@vivolilaw.com
- Jessica Vogel    Jvogel@sulmeyerlaw.com, jvogel@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com
- Howard J Weg    hweg@robinskaplan.com
- Beth Ann R Young    bry@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE