Marc A. Lieberman, Esq. (SBN 157318)
marc.lieberman@flpllp.com
Alan W. Forsley, Esq. (SBN 180958)
alan.forsley@flpllp.com
**FREDMAN LIEBERMAN PEARL LLP**
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone:    (310) 284-7350
Facsimile:    (310) 432-5999

Attorneys for Defendants  ACE Museum, Ace Gallery New
York Corporation and Douglas Chrismas

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No:  2:13-bk-14135-RK |
| ART & ARCHITECTURE BOOKS OF THE 20TH CENTURY, | ) ) Chapter 11 |
| Debtor, | ) ) Adv. Case No. 2:15-ap-01679-RK |
| SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 20TH CENTURY, | ) ) **DECLARATION OF MARC A. LIEBERMAN IN SUPPORT OF RESPONSE TO MOTION FOR TERMINATING SANCTIONS AND REQUEST FOR CONTINUANCE** |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ACE GALLERY NEW YORK, CORPORATION, a California corporation; ACE GALLERY NEW YORK, INC., a New York corporation; ACE MUSEUM, a California corporation; DOUGLAS CHRISMAS, an individual; SHIRLEY HOLST, an individual, | ) ) ) Hearing: ) Date:      January 15, 2019 ) Time:      2:30 p.m. ) Place:     Courtroom 1675 |
| Defendants. | ) |

*Declaration of Marc A. Lieberman in Support of Defendant's Opposition to Motion for Terminating Sanctions*

## DECLARATION OF MARC A. LIEBERMAN

I, Marc A. Lieberman, declare as follows:

1.    I am an attorney at law, duly licensed to practice before all of the courts of the State of California and before this Court.  I am a principal of the law firm of Fredman Lieberman Pearl LLP, counsel to ACE Gallery New York Corporation ("**Ace NYC**"), a suspended California corporation, Ace Museum ("**Ace Museum**"), a suspended California corporation, and Douglas Chrismas ("**Chrismas**"), an individual.  I have personal knowledge of the facts set forth herein and, if called to testify could and would competently testify thereto. (Ace Museum and Ace NYC hereinafter collectively "**Entity Defendants**.")

2.    I make this declaration in support of the Chrismas and Entity Defendants' response to plaintiff Sam Leslie's ("**Plaintiff**" or "**Plan Agent**") motion for terminating sanctions (the "**Motion**").

3.    By order entered October 18, 2018, the Court granted in part and denied in part Plaintiff's motion to compel (the "**Discovery Order**") [Doc 452.]  A copy of the Discovery Order is attached hereto as **Exhibit "A."**

4.    In my November 30, 2018 phone call with Plan Agent's counsel,  David Richardson and Victor Sahn, counsel demanded that the Entity Defendants and Chrismas produce copies of documents previously produced to co-defendant 400S. La Brea in connection with a separate state court lawsuit captioned 400S. *La Brea, LLC v Ace Museum and Douglas Chrismas*, LASC Case No. BC626437 (the "**400 S. La Brea Documents**"), asserting that they are required to be produced in the instant adversary action.  The 400 S. La Brea Documents consist of 2,282 pages of emails (their attachments) between Chrismas's former counsel and Plan Agent's counsel during the period in which they negotiated a stipulation pertaining to a certain $4,482,856 loan (the "**Loan**") from debtor Art & Architecture of the 21st Century ("**Debtor**") to Ace Museum,

1  which stipulation was eventually filed under seal and approved by the Court (the

2  "**Settlement**").

3        5.    I believe that the Entity Defendants have substantially complied with the

4  Discovery Order as follows:

5              (a)    Chrismas timely executed an IRS form to permit Plan Agent to obtain

6  copies of the Entity Defendants' tax returns directly from the IRS (the "**IRS Form**").

7              (b)    Defendants electronically produced over 3,616 pages of documents

8  (the "**Documents**") on December 14, 2018, including all of the 400 S. La Brea Documents.

9              (c)    After the entry of the Discovery Order, the Entity Defendants timely

10  responded ("**Responses**") to his written interrogatories and requests for admission

11  executed by an agent ("**Agent**") under penalty of perjury.  Copies of the Responses are

12  attached hereto as Exhibits "B," "C," "D," and "E."

13       6.    Entity Defendants appointed as a former Ace Museum preparator[1] as their

14  Agent to prepare their sworn Responses with the assistance of counsel.  Agent stated in the

15  Responses that he was unable to provided certain substantive responses because the only

16  individual with personal knowledge (Chrismas) declined on advice of counsel to assist him

17  other than to provide access to Entity Defendants' books and records, which the Agent

18  state he does not have the education or experience to understand.  Chrismas and the Entity

19  Defendants believe that Agent's sworn Reponses comply with the Discovery Order.[2]

20       7.    In late November 2018, after transmitting the Responses but before

21  producing the Documents, I discovered that the Entity Defendants had become suspended

22

23  ───────────────

[1] A preparator is someone who prepares artwork for display, storage, transport or shipment. The
24  Agent also happened to have done preparatory work for Debtor, a fact that the Plaintiff, without
authority, claims should disqualify the Agent.
25

26  [2] In late November 2018, after transmitting the Responses but before producing the Documents,
Defendant's counsel discovered that the Entity Defendant's had become tax-defaulted and
27  promptly informed Plan Agent's counsel of same. Chrismas is in the process of causing Ace
Gallery to become reinstated.
28

1    by the California Department of Corporations and promptly informed Plan Agent's

2    counsel of same. I do not know when the Entity Defendants were suspended. (I discovered

3    that the Entity Defendants were suspended when I looked up their names on the California

4    Secretary of State website to confirm whether Ace Museum has the word "corporation" or

5    "Inc." in its name and whether Ace NYC had the word "Inc." in its name.)

6          8.      My clients have informed me that they are in the process of causing one or

7    both of the Entity Defendants to be reinstated.

8          I declare under penalty of perjury under the laws of the United States of American

9    and the State of California that the foregoing is true and correct,

10         Executed this 2nd day of January 2019 at Los Angeles, California.

11

12                                                    _____

13                                                    MARC A. LIEBERMAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

0005

1 | Victor A. Sahn (CA Bar No. 97299)
    vsahn@sulmeyerlaw.com
2 | David J. Richardson (CA Bar No. 168592)
    drichardson@sulmeyerlaw.com
3 | Asa S. Hami (CA Bar No. 210728)
    ahami@sulmeyerlaw.com
4 | **Sulmeyer**Kupetz
    A Professional Corporation
5 | 333 South Grand Avenue, Suite 3400
    Los Angeles, California 90071
6 | Telephone: 213.626.2311
    Facsimile: 213.629.4520
7 |
8 | Carolyn A. Dye (CA Bar No. 97527)
    Law Offices of Carolyn A. Dye
9 | 3435 Wilshire Boulevard, Suite 990
    Los Angeles, CA 90010
   | Telephone: 213-368-5000
10 | Facsimile: 213-368-5009

11 | Attorneys for Sam Leslie, Plan Agent

```
                               FILED & ENTERED

                                  OCT 18 2018

                          CLERK U.S. BANKRUPTCY COURT
                           Central District of California
                          BY bakchell  DEPUTY CLERK
```

12 | **NOT FOR PUBLICATION**

13 | **UNITED STATES BANKRUPTCY COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

15 | In re | Case No. 2:13-bk-14135-RK

16 | ART & ARCHITECTURE BOOKS OF THE 21st CENTURY, | Chapter 11

17 | | Adv No. 2:15-ap-01679-RK

18 | Debtors. | Consolidated with Adv. No. 2:14-ap-01771-RK

19 | SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 21st CENTURY, | **ORDER DENYING MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY, OR IN THE ALTERNATIVE MOTION TO ALLOW COUNSEL TO WITHDRAW AS COUNSEL FOR ACE GALLERY NEW YORK CORPORATION AND ACE MUSEUM CORPORATION**

20 |

21 | Plaintiff,
   | vs.

22 | ACE GALLERY NEW YORK
23 | CORPORATION, a California corporation; ACE GALLERY NEW YORK, INC., a
24 | dissolved New York corporation; ACE MUSEUM, a California corporation;
25 | DOUGLAS CHRISMAS, an individual; 400 S. LA BREA, LLC, a California limited liability
26 | company,

27 | Defendants.

Hearing:
Date:        October 17, 2018
Time:        11:00 a.m.
Courtroom:   1675

28 |

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

0006

EXHIBIT    A

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    400 S. LA BREA, LLC, a California limited
     liability company,
2
                    Cross-Complainant,
3
        vs.
4
     ACE GALLERY NEW YORK
5    CORPORATION, a California corporation;
     ACE GALLERY NEW YORK, INC., a
6    dissolved New York corporation; ACE
     MUSEUM, a California corporation;
7    DOUGLAS CHRISMAS, an individual; SAM
     LESLIE AS TRUSTEE OF THE PLAN
8    TRUST FOR ART & ARCHITECTURE
     BOOKS OF THE 21ST CENTURY,
9
                    Cross-Defendants.
10

11          The Motion for Protective Order to Stay Discovery, or in the Alternative Motion to Allow

12   Counsel to Withdraw as Counsel for Ace Gallery New York Corporation and Ace Museum

13   Corporation (the "Motion") [Dkt. No. 409], filed by Ace Gallery New York Corporation ("Ace

14   NYC") and Ace Museum (collectively, the "Movants"), came on for hearing in this Court on

15   Wednesday, October 17, 2018, at 11:00 a.m. This Court having considered the Motion, the

16   opposition brief filed by Plaintiff Sam S. Leslie (the "Plan Agent"), Plan Agent for the post-

17   confirmation chapter 11 estate of Art & Architecture Books of the 21st Century (the "Debtor"), the

18   reply brief filed by Movants, the limited objection filed by 400 S. La Brea, LLC, and the

19   declarations and exhibits filed in support of each of the foregoing, the parties having submitted on

20   this Court's tentative ruling dated October 16, 2018 (the "Tentative Ruling"), and good cause

21   appearing therefor,

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1      **IT IS HEREBY ORDERED** that the Motion is denied for the reasons stated in the

2    Court's Tentative Ruling, which is adopted as the court's final ruling on the Motion, a copy of

3    which is attached hereto.

4                                 # # #

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Date: October 18, 2018

                                      Robert Kwan

25                                      United States Bankruptcy Judge

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

DJR\ 2649966.1

0008

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

Wednesday, October 17, 2018                                              **Hearing Room      1675**

---

<u>11:00 AM</u>
**2:13-14135    Art and Architecture Books of the 21st Century**                        **Chapter 11**
Adv#: 2:15-01679      THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF T v.

> **#5.00**      Cont'd hearing re: Motion for protective order to stay discovery, or in the alternative
> motion to allow counsel to withdrawal as counsel for Ace Gallery New York corporation
> fr. 10/3/18

> Docket      409

**Tentative Ruling:**

Deny defendants' motion to protective order to stay discovery for insufficient
showing under Keating v. United States, 45 F.3d 322 (9th Cir. 1995) that a
stay of proceedings is justified.  While defendant Chrismas might properly
invoke a Fifth Amendment self-incrimination privilege in these civil
proceedings, the basis for staying these civil proceedings is significantly
diminished because he has not been charged with any crime, that is, there is
no pending indictment against him and it is not even clear whether there is
any pending criminal investigation against him. General Electric Co. v. Liang,
2014 WL 1089264 (C.D. Cal. 2014).  A stay of proceedings will be prejudicial
to plan agent and the other parties in litigating these proceedings because the
matter is being actively litigated, and delay might well make it difficult to
litigate due to lapse of witness memories and unavailability of documentary
evidence over time and will slow down and impede the efforts of the plan
agent to seek recoveries in litigation to pay creditors under the confirmed
reorganization plan.  While defendant Chrismas may be burdened to invoke
the Fifth Amendment privilege in these civil proceedings to avoid testifying or
disclosing information which may be used against him in a criminal
prosecution, it is permissible to conduct civil proceedings at the same time as
a related criminal proceeding in which he may have to invoke the privilege,
and indeed, it may be permissible for a trier of fact to draw adverse
inferences from the invocation of the Fifth Amendment privilege. Id. Any of
Chrismas' Fifth Amendment concerns can be addressed during discovery
through appropriate objections on a question by question basis and through
motions in limine why the trier of fact should not be made aware that he
invoked the privilege or should not draw an adverse inference that he has

---

0009

## United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

---

**Wednesday, October 17, 2018**                                   **Hearing Room**    **1675**

---

11:00 AM

**CONT...**    **Art and Architecture Books of the 21st Century**      **Chapter 11**

invoked the privilege. *Id.* The factor of convenience of the court and judicial efficiency weighs against a stay here because the court has an interest in clearing its docket, particularly here where there is no pending indictment and no way to predict when a criminal investigation will end. The court is unaware of any nonparties whose interests would be affected by the court's decision on granting a stay or not. The factor of interest of the public is neutral because while there is a public interest in ensuring that the criminal process is not undermined by civil proceedings, there is a public interest in speedy resolution of a plaintiff's civil claim. *Id.* On balance, given the lack of a criminal indictment or any information concerning the status or scope of a criminal investigation, the various Keating factors weigh against granting a stay of proceedings here.

Deny alternative motion of counsel for defendants Ace Museum and Ace Gallery New York to withdraw. Since the court is not granting plan agent's request to appoint counsel as the agent for these defendants to respond to discovery, there is no risk of engaging in making disclosures that might incriminate their other client, defendant Chrismas, whom they represent in a personal capacity.

Appearances are required on 10/17/18.

---

| Party Information |
|---|

**Debtor(s):**

| Art and Architecture Books of the | Represented By |
|---|---|
| | Thomas M Geher |
| | David W. Meadows |
| | Jerome S Cohen |
| | Carolyn A Dye |

**Defendant(s):**

| Ace Gallery New York Corporation, | Represented By |
|---|---|
| | Alan W Forsley |
| Shirley Holst | Represented By |
| | Susan I Montgomery |

---

# EXHIBIT B

1  Marc A. Lieberman, Esq. (Bar No. 157318)
Alan W. Forsley, Esq. (Bar No. 180958)
2  **FREDMAN LIEBERMAN PEARL LLP**
1875 Century Park East, Suite 2230
3  Los Angeles, California 90067-2523
Telephone:    (310) 284-7350
4  Facsimile:    (310) 432-5999

5

6  Attorneys for Defendants ACE Gallery New York Corporation;
Ace Museum; and Douglas Chrismas

7

8              **UNITED STATES BANKRUPTCY COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11  In re                              ) Case No. 2:13-bk-14135-RK
                                       )
12                                     )
ART & ARCHITECTURE BOOKS OF            )
13  THE 20TH CENTURY,              ) Chapter 11
                                       )
                           Debtor.)
14  ─────────────────────────────────
15  SAM LESLIE, PLAN AGENT FOR ART &    ) Adv. Proc. No. 2:15-ap-01679-RK
ARCHITECTURE BOOKS OF THE 20TH    )
16  CENTURY,                           ) **FIRST AMENDED RESPONSE OF**
                                       ) **DEFENDANT ACE MUSEUM TO SECOND**
17                      Plaintiff,)     ) **SET OF REQUESTS FOR ADMISSIONS**
                                       )
             v.                        )
18                                     )
ACE GALLERY NEW YORK                   )
19  CORPORATION, a California corporation; )
ACE GALLERY NEW YORK, INC., a          )
20  dissolved New York corporation; ACE )
MUSEUM, a California corporation;      )
21  DOUGLAS CHRISMAS, an individual;    )
JENNIER KELLEN, an individual; SHIRLEY )
22  HOLST, an individual,              )
                                       )
23                      Defendants.)    )
24  ─────────────────────────────────
25

26  PROPOUNDING PARTY:      PLAINTIFF SAM LESLIE, PLAN AGENT

27  RESPONDING PARTY:       DEFENDANT ACE MUSEUM

28  SET NO.:                TWO

────────────────── **EXHIBIT**    **B** ──────────────────
1
*Defendant's Amended Responses to Plaintiff's Requests for Admission, Set Two* 0012

Defendant Ace Museum (the "**Museum**") hereby responds to the Second Set of
Request for Admission (the "**Amended Response**") propounded by Plaintiff, Sam Leslie,
Plan Agent ("**RFAs**")

## PREFATORY STATEMENT

This Amended Response has been prepared by Francisco Orellana ("**Agent**"), with
the assistance of Museum's counsel ("**Counsel**").  Agent, a former Museum preparator,
has been authorized by Museum's sole officer Douglas Chrismas ("**Chrismas**") to prepare
and execute this Amended Response to Interrogatories on behalf of Museum.  During his
employment as a Museum preparator, Agent prepared artwork for display, exhibition,
storage, and travel.  In the course and scope of Agents employment with the Museum,
Agent regularly interacted with, took direction from, and spoke with Chrismas, and
observed events at the Museum during the term of his employment.  Agent does not have
personal knowledge of Museum finances, loans, leases, transactions, governance,
management, or legal matters.  Moreover, Agent has no personal knowledge of the books
and records of the Museum, does not know how they were kept, and does not believe that
he has the experience, education or training to interpret, summarize or understand the
Museums books and records. Chrismas has agreed to pay Agent at Agent's regular hourly
rate for the time spent in connection with this Amended Response and has agreed to make
available to Agent the Museum's books and records.  However, Chrismas has informed
Agent that, on the advice of counsel, Chrismas cannot provide substantive answers to
Agent's to assist Agent in responding to the RFAs.  For these reasons, Agent has denied
each RFA for lack of information or belief.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**Response to Request for Admission No. 1.**

Deny.

1 | **Response to Request for Admission No. 2.**

2 | Deny

3

4 | **Response to Request for Admission No. 3**

5 | Deny.

6

7 | **Response to Request for Admission No. 4**

8 | Deny.

9

10 | **Response to Request for Admission No. 5**

11 | Deny.

12 | **Response to Request for Admission No. 6**

13 | Deny.

14

15 | **Response to Request for Admission No. 7**

16 | Deny.

17

18 | **Response to Request for Admission No. 8**

19 | Deny.

20 | **Response to Request for Admission No. 9**

21 | Deny.

22

23 | **Response to Request for Admission No. 10**

24 | Deny.

25

26 | **Response to Request for Admission No. 11**

27 | Deny.

28

3

*Defendant's Amended Responses to Plaintiff's Requests for Admission, Set Two*

0014

1

**Response to Request for Admission No. 12**

2
Deny.

3

4
**Response to Request for Admission No. 13**

5
Deny.

6

7
**Response to Request for Admission No. 14**

8
Deny.

9

10
**Response to Request for Admission No. 15**

11
Deny.

12
**Response to Request for Admission No. 16**

13
Deny.

14

15
**Response to Request for Admission No. 17**

16
Deny.

17

18
**Response to Request for Admission No. 18**

19
Deny.

20

21
**Response to Request for Admission No. 19**

22
Deny.

23
**Response to Request for Admission No. 20**

24
Deny.

25

26
**Response to Request for Admission No. 21**

27
Deny.

28

*Defendant's Amended Responses to Plaintiff's Requests for Admission, Set Two*

**Response to Request for Admission No. 22**

Deny.

**Response to Request for Admission No. 23**

Deny.

**Response to Request for Admission No. 24**

Deny.

**Response to Request for Admission No. 25**

Deny.

**Response to Request for Admission No. 26**

Deny.

**Response to Request for Admission No. 27**

Deny.

**Response to Request for Admission No. 28**

Deny.

**Response to Request for Admission No. 29**

Deny.

**Response to Request for Admission No. 30**

Deny.

*Defendant's Amended Responses to Plaintiff's Requests for Admission, Set Two*

1

**Response to Request for Admission No. 31**

2

Deny.

3

4

**Response to Request for Admission No. 32**

5

Deny.

6

7

**Response to Request for Admission No. 33**

8

Deny.

9

10

**Response to Request for Admission No. 34**

11

Deny.

12

13

**Response to Request for Admission No. 35**

14

Deny.

15

16

**Response to Request for Admission No. 36**

Deny.

17

18

**Response to Request for Admission No. 37**

19

Deny.

20

21

**Response to Request for Admission No. 38**

22

Deny.

23

**Response to Request for Admission No. 39**

24

Deny.

25

26

**Response to Request for Admission No. 40**

27

Deny.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Response to Request for Admission No. 41**

Deny.


**Response to Request for Admission No. 42**

Deny.


**Response to Request for Admission No. 43**

Deny.


**Response to Request for Admission No. 44**

Deny.


DATED: November ___, 2018          FREDMAN LIEBERMAN PEARL LLP

By: _____
     Marc A. Lieberman, Esq.
     Attorneys for Defendants ACE Gallery New
     York Corporation; Ace Museum; and Douglas
     Chrismas

*Defendant's Amended Responses to Plaintiff's Requests for Admission, Set Two*

**VERIFICATION**

UNITED STATES BANKRUPTCY COURT          )

                                        )

                                        )

CENTRAL DISTRICT OF CALIFORNIA          )

    I, Francisco Orellana, declare as follows:

    I am the authorized agent of ACE Museum. I have read the foregoing **FIRST AMENDED RESPONSE OF DEFENDANT ACE MUSEUM TO SECOND SET OF REQUESTS FOR ADMISSIONS, SET NO. TWO** and know the contents thereof. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

    I declare under penalty of perjury and under the laws of the United States and the State of California that the foregoing is true and correct.

    Executed on this _15_ day of November 2018 at _Los Angeles_, California.

FRANCISCO ORELLANA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FREDMAN LIEBERMAN PEARL LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED RESPONSE OF DEFENDANT ACE MUSEUM TO SECOND SET OF REQUEST FOR ADMISSIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**II. SERVED BY UNITED STATES MAIL:**
On (*date*) **November 15, 2018,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Attys. For Plaintiff Sam Leslie, Plan Agent
Victor A. Sahn, Esq.
David J. Richardson, Esq.
Sulmeyer Kupetz, APC
333 S. Hope St., 35th Floor
Los Angeles, CA 90071-1406

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 15, 2018 | ADELAIDA FLORES | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

0020

# EXHIBIT C

0021

1  Marc A. Lieberman, Esq. (Bar No. 157318)
   Alan W. Forsley, Esq. (Bar No. 180958)
2  **FREDMAN LIEBERMAN PEARL LLP**
   1875 Century Park East, Suite 2230
3  Los Angeles, California 90067-2523
   Telephone:   (310) 284-7350
4  Facsimile:   (310) 432-5999
5
   Attorneys for Defendants ACE Gallery New York Corporation;
6  Ace Museum; and Douglas Chrismas
7
8              UNITED STATES BANKRUPTCY COURT
9          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10                  LOS ANGELES DIVISION
11  In re                              )Case No. 2:13-bk-14135-RK
12                                     )
    ART & ARCHITECTURE BOOKS OF        )
13  THE 20TH CENTURY,                  )Chapter 11
                            Debtor.)
14  _____)
                                       )Adv. Proc. No. 2:15-ap-01679-RK
15  SAM LESLIE, PLAN AGENT FOR ART &   )
    ARCHITECTURE BOOKS OF THE 20TH     )
16  CENTURY,                           )**AMENDED RESPONSE OF DEFENDANT**
                                       )**ACE MUSEUM TO SECOND SET OF**
17                       Plaintiff,,,)**INTERROGATOREIES**
                                       )
18      v.                             )
                                       )
19  ACE GALLERY NEW YORK               )
    CORPORATION, a California corporation; )
20  ACE GALLERY NEW YORK, INC., a      )
    dissolved New York corporation; ACE )
21  MUSEUM, a California corporation;  )
    DOUGLAS CHRISMAS, an individual;   )
22  JENNIER KELLEN, an individual; SHIRLEY)
    HOLST, an individual,              )
23                     Defendants.)
                                       )
24  _____)
25
26  PROPOUNDING PARTY:      PLAINTIFF SAM LESLIE, PLAN AGENT
27  RESPONDING PARTY:       DEFENDANT ACE MUSEUM
28  SET NO.:                TWO

EXHIBIT        C                    0022

                                    1
      *Defendant's Amended Responses to Plaintiff's Interrogatory, Set Two*

1    Defendant Ace Museum (the "**Museum**") hereby responds (the "**Amended**

2    **Response**") to the Second Set of Interrogatories propounded by Plaintiff, Sam Leslie, Plan

3    Agent ("**Interrogatories**").

4                           **PREFATORY STATEMENT**

5    This Amended Response has been prepared by Francisco Orellana ("**Agent**"), with

6    the assistance of Museum's counsel ("**Counsel**"). Agent, a former Museum preparator,

7    has been authorized by Museum's sole officer Douglas Chrismas ("**Chrismas**") to prepare

8    and execute this Amended Response to Interrogatories on behalf of Museum. During his

9    employment as a Museum preparator, Agent prepared artwork for display, exhibition,

10   storage, and travel. In the course and scope of Agent's employment with the Museum,

11   Agent regularly interacted with, took direction from, and spoke with Chrismas, and

12   observed events at the Museum during the term of his employment. Agent does not have

13   personal knowledge of Museum finances, loans, leases, transactions, governance,

14   management, or legal matters. Moreover, Agent has no personal knowledge of the books

15   and records of the Museum, does not know how they were kept, and does not believe that

16   he has the experience, education or training to interpret, summarize or understand the

17   Museums books and records. Chrismas has agreed to pay Agent at Agent's regular hourly

18   rate for the time spent in connection with this Amended Response and has agreed to make

19   available to Agent the Museum's books and records. However, Chrismas has informed

20   Agent that, on the advice of counsel, <u>Chrismas would not assist in the preparation of</u>

21   <u>substantive responses to the Interrogatories by responding to my particular questions based</u>

22   <u>on each of the Interrogatories.</u>

23                        **RESPONSES TO INTERROGATORIES**

24

25   **Interrogatory No. 17:** If you deny any of the allegations stated in Paragraph 8 of

26   the Fourth Amended Complaint, state all facts upon which you base such denial.

27   **Response to Interrogatory No. 17:** The allegations in Paragraph 8 of the

28   operative complaint relate to Jennifer Kellen ("**Kellen**"), who Agent understands to be

Chrismas's wife. Beyond that, Agent has no understanding regarding her relationship to Ace Gallery or to the Museum, and does not know who would have such information other than Kellen and Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 18:** If you deny any of the allegations stated in Paragraph 25 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 18**

The allegations in paragraph 25 of the operative complaint relate Chrismas's control over the Museum, Ace NYC and debtor Ace Gallery, and Agent is informed that Chrismas had control over those entities, but that at some point did not control debtor Ace Gallery. Agent does not have sufficient information to either admit or deny the other allegations in paragraph 25 of the Complaint and do not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 19:** If you deny any of the allegations stated in Paragraph 28 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 19:** The allegations in Paragraph 28 of the operative complaint relate to the impact on the debtor Ace Gallery of a $4 million payment from the Ace Gallery to the Museum and whether the debtor's bankruptcy could have been avoided if that payment had not been made. Agent does not have sufficient information or understanding of Debtor's finances to know if or how the $4 million payment affected the Debtor, and Agent does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 20:** If you deny any of the allegations stated in Paragraph 29 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 20:** The allegations in Paragraph 29 of the operative complaint relate to the Museum's corporate status and Chrismas's position at the Museum. Agent does not have an understanding of the Museum's corporate status or of

1 Chrismas's official title.  While Agent understands that Chrismas was in charge of the

2 Museum, he does not know who other than Chrismas has such information and Chrismas

3 refuses to discuss the matter with Agent.

4

5 **Interrogatory No. 21:**  If you deny any of the allegations stated in Paragraph 30 of

6 the Fourth Amended Complaint, state all facts upon which you base such denial.

7 **Response to Interrogatory No. 21**: The allegations in Paragraph 30 of the

8 operative complaint relate to the Museum's status as a non-profit corporation, the leases

9 and buildings related to its operations, and its revenues.  Based on Agent's work at the

10 Museum, he believes the addresses mentioned in paragraph 30 are correct.  However, he

11 has no knowledge or understanding regarding the Museum's corporate status or its

12 revenues and does not know where he would obtain such information except from

13 Chrismas, who refuses to discuss the matter with Agent.

14

15 **Interrogatory No. 22:**  If you deny any of the allegations stated in Paragraph 31 of

16 the Fourth Amended Complaint, state all facts upon which you base such denial.

17 **Response to Interrogatory No. 22:** The allegations in Paragraph 31 of the

18 operative complaint relate to rent due from the Museum to its landlord.  Agent has no

19 knowledge or understanding regarding the Museum's rental obligations and do not know

20 where he would obtain such information except from Chrismas who refuses to discuss the

21 matter with Agent.

22

23 **Interrogatory No. 23:**  If you deny any of the allegations stated in Paragraph 32 of

24 the Fourth Amended Complaint, state all facts upon which you base such denial.

25 **Response to Interrogatory No. 23:** The allegations in Paragraph 32 relate to

26 whether the Museum operated a "viable" business and the monies that it borrowed from

27 the Debtor.  Agent has no knowledge or understanding regarding the financial viability of

28

1  the Museum or what it did with its monies, and he does not know where he would obtain

2  such information except from Chrismas.

3

4  **Interrogatory No. 24:** If you deny any of the allegations stated in Paragraph 33 of

5  the Fourth Amended Complaint, state all facts upon which you base such denial.

6  **Response to Interrogatory No. 24:** The allegations in Paragraph 33 relate to how

7  the Chrismas caused debtor Ace Gallery used the $4 million AERC payment.  Agent has

8  no knowledge or understanding regarding the $4 million AERC payment or how those

9  funds were used, and he does not know where he would obtain such information except

10 from Chrismas, who refuses to discuss the matter with Agent.

11

12 **Interrogatory No. 25:** If you deny any of the allegations stated in Paragraph 34 of

13 the Fourth Amended Complaint, state all facts upon which you base such denial.

14 **Response to Interrogatory No. 25:**  The allegations in Paragraph 34 relate to a

15 $4,482,586 loan from the Debtor to the Museum and other transfers between the Debtor

16 and the Museum.  Agent has no knowledge or understanding regarding loans or transfers

17 between the Debtor and the Museum and I do not know where he would obtain such

18 information except from Chrismas, who refuses to discuss the matter with Agent.

19       .

20 **Interrogatory No. 26:** If you deny any of the allegations stated in Paragraph 35 of

21 the Fourth Amended Complaint, state all facts upon which you base such denial.

22 **Response to Interrogatory No. 26:** Paragraph 35 alleges that Chrismas alone

23 determined on behalf of the Debtor that eh Debtor would make certain transfers to the

24 Museum.  Agent has no knowledge or understanding regarding loans or transfers between

25 the Debtor and the Museum and he does not know where I would obtain such information

26 except from Chrismas, who refuses to discuss the matter with Agent.

27

28

**Interrogatory No. 27:** If you deny any of the allegations stated in Paragraph 36 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 27:** Paragraph 36 contains allegations regarding Debtor's financial condition based on an analysis of its tax returns and further alleges that Debtor received no consideration for certain transfers to the Museum. Agent does not have any knowledge or understanding regarding Debtor's financial condition, and he do not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 28:** If you deny any of the allegations stated in Paragraph 37 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 28:** Paragraph 37 contains allegations about direct and indirect transfers by Debtor to various entities through the Museum or using the Museum as a conduit and about Debtor's solvency. Agent does not have any knowledge or understanding regarding Debtor's financial condition or about transfers made by the Museum and he does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 29:** If you deny any of the allegations stated in Paragraph 38 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 29:** Paragraph 38 contains allegations about transfers of money by the Museum. Agent does not have any knowledge or understanding regarding Debtor's financial condition or about transfers made by the Museum and he does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 30:** If you deny any of the allegations stated in Paragraph 39 of the Fourth Amended Complaint, state all facts upon which you base such denial.

*Defendant's Amended Responses to Plaintiff's Interrogatory, Set Two*

1    **Response to Interrogatory No. 30:** Paragraph 39 contains allegations about

2    several alleged wire transfers by the Debtor and about Debtor's financial condition at the

3    time of those transfers. Agent does not have any knowledge or understanding regarding

4    Debtor's financial condition or about transfers made by the Museum and he does not know

5    where he would obtain such information except from Chrismas.

6

7    **Interrogatory No. 31 :** If you deny any of the allegations stated in Paragraph 40 of

8    the Fourth Amended Complaint, state all facts upon which you base such denial.

9    **Response to Interrogatory No. 31:** Paragraph 40 contains allegations about the

10    Museum's financial condition and what co-defendant 400 S. La Brea knew about the

11    Museum's financial condition. Agent does not have knowledge or information about of

12    what 400 S. La Brea may or may not have known or of the Museum's financial condition,

13    and he does not know where he would obtain such information except from Chrismas, who

14    refuses to discuss the matter with Agent.

15

16    **Interrogatory No. 32 :** If you deny any of the allegations stated in Paragraph 41of

17    the Fourth Amended Complaint, state all facts upon which you base such denial.

18    **Response to Interrogatory No. 32:** Paragraph 41 contains allegations of transfers

19    from the Museum to co-defendant 400 S. La Brea.  Agent does not have knowledge or

20    information about any transfers by the Museum to 400 S. La Brea, and he does not know

21    where he would obtain such information except from Chrismas who refuses to discuss the

22    matter with Agent.

23

24    **Interrogatory No. 33 :** If you deny any of the allegations stated in Paragraph 48 of

25    the Fourth Amended Complaint, state all facts upon which you base such denial.

26    **Response to Interrogatory No. 33:** Paragraph 48 of the operative complaint

27    contains allegations about the transfer of funds from Debtor to 400 S. La Brea and about a

28    scheme by Chrismas to "launder" funds of the Debtor by transferring them through Ace

1   NYC. Agent does not have knowledge or information about any transfers of money by the

2   Debtor or about the scheme alleged in the complaint.  Agent does not know where he

3   would obtain such information except from Chrismas, who refuses to discuss the matter

4   with Agent.

5         .

6   **Interrogatory No. 34 :**  If you deny any of the allegations stated in Paragraph 73 of

7   the Fourth Amended Complaint, state all facts upon which you base such denial.

8   **Response to Interrogatory No. 34:** Paragraph 73 contains allegations of transfers

9   by the Debtor to 400 S. La Brea and Trizec on account of liabilities of the Museum and

10  Chrismas and for which Debtor did not receive reasonably equivalent value.  Agent has no

11  information regarding any such transfers and does not know where he would obtain such

12  information except from Chrismas, who refuses to discuss the matter with Agent.

13        .

14
    **Interrogatory No. 35 :**  If you deny any of the allegations stated in Paragraph 74 of
15
    the Fourth Amended Complaint, state all facts upon which you base such denial.
16
17  **Response to Interrogatory No. 35:**  Paragraph 74 alleges that Chrismas sold

18  Debtor's artworks and carried out sales subject to Debtor's consignment rights, deposited

19  the proceeds into an Ace NYC account, and used the proceeds for the benefit of the

20  Museum.  Agent has no knowledge or information about art sales or the use of proceeds

21  from same, and he does not know where he would obtain such information except from

22  Chrismas, who refuses to discuss the matter with Agent.

23        .

24  **Interrogatory No. 36 :**  If you deny any of the allegations stated in Paragraph 75 of

25  the Fourth Amended Complaint, state all facts upon which you base such denial.

26  **Response to Interrogatory No. 36:**  Paragraph 75 contains allegations about

27  particular art sales by and monies generated by such sales.  Agent has no knowledge or

28  information about art sales or the use of proceeds from same and he does not know where

1  he would obtain such information except from Chrismas. Agent has no knowledge or

2  information about such art sales, and he does not know where he would obtain such

3  information except from Chrismas, who refuses to discuss the matter with Agent.

4

5  **Interrogatory No. 37 :** If you deny any of the allegations stated in Paragraph 76 of

6  the Fourth Amended Complaint, state all facts upon which you base such denial.

7  **Response to Interrogatory No. 37:** Paragraph 76 contains allegations about

8  consignment sales by Chrismas in his capacity as president of the Debtor.  Agent has no

9  knowledge or information about such art sales, and he does not know where he would

10 obtain such information except from Chrismas who refuses to discuss the matter with

11 Agent.

12

13 **Interrogatory No. 38 :** If you deny any of the allegations stated in Paragraph 77 of

14 the Fourth Amended Complaint, state all facts upon which you base such denial.

15 **Response to Interrogatory No. 38:** Paragraph 77 alleges that Ace NYC did not

16 engage in any "legitimate business" transactions that did not constitute a diversion of

17 estate assets.  Agent has no knowledge or information about Ace NYC business

18 transactions, and he does not know where he would obtain such information except from

19 Chrismas, who refuses to discuss the matter with Agent.

20

21 **Interrogatory No. 39 :** If you deny any of the allegations stated in Paragraph 79 of

22 the Fourth Amended Complaint, state all facts upon which you base such denial.

23 **Response to Interrogatory No. 39:** Paragraph 79 alleges that Chrismas and others

24 engaged in in fraud regarding the Museum's repayment of a loan from the Debtor. Agent

25 has no knowledge or information about the alleged loan repayments or alleged fraud by

26 Chrismas, and he does not know where he would obtain such information except from

27 Chrismas, who refuses to discuss the matter with Agent.

28

9
*Defendant's Amended Responses to Plaintiff's Interrogatory, Set Two*        0030

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Response to Interrogatory No. 40 :** If you deny any of the allegations stated in Paragraph 80 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Interrogatory No. 40:** Paragraph 80 contains allegations about Chrismas diverting monies belonging to Debtor from Ace NYC to pay the Museum's rent. Agent has no knowledge or information about the alleged diversion of monies Chrismas or the payments alleged in the complaint, and he does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 41 :** If you deny any of the allegations stated in Paragraph 81of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 41:** Paragraph 81 alleges that certain transfers did not take place in the ordinary course of business, were made without court authority, and were not disclosed in the Debtor's Monthly Operating Reports. Agent has no knowledge or information about the alleged diversion of monies Chrismas or the payments alleged in the complaint, and he does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 42 :** If you deny any of the allegations stated in Paragraph 82 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 42:** Paragraph 82 contains allegations about Chrismas controlling Debtor, the Museum and Ace NYC, which AgentI understand he did. Paragraph 82 contains other allegations about transfers and alleged breaches of duty by Chrismas. Agent has no knowledge or information about the alleged transfers or about breaches of duty by Chrismas, and he does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 43 :** If you deny any of the allegations stated in Paragraph 83 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 43:** Paragraph 83 contains allegations about the Museum and other defendants participating in post-petition transfers. Agent has no knowledge or information about such transfers, and he does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

.

**Interrogatory No. 44 :** If you deny any of the allegations stated in Paragraph 84 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 44:** Paragraph 84 contains allegations about monies paid by the Museum to 400 S. La Brea.  Agent has no knowledge or information about such payments, and he does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent, who refuses to discuss the matter with Agent.

**Interrogatory No. 45:** If you deny any of the allegations stated in Paragraph 85 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 45:** Paragraph 85 also contains allegations about monies paid by the Museum to 400 S. La Brea.  Agent has no knowledge or information about such payments, and he does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent, who refuses to discuss the matter with Agent.

**Interrogatory No. 46:** If you deny any of the allegations stated in Paragraph 86 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 46:** Paragraph 86 contains allegations of various payments and transfers from Ace NYC and the Museum to 400 S. La Brea.  Agent has no

1    knowledge or information about such payments and transfers, and he does not know where

2    he would obtain such information except from Chrismas, who refuses to discuss the matter

3    with Agent, who refuses to discuss the matter with Agent.

4

5        **Interrogatory No. 47:** If you deny any of the allegations stated in Paragraph 87 of

6    the Fourth Amended Complaint, state all facts upon which you base such denial.

7        **Response to Interrogatory No. 47:** Paragraph 87 contains allegations of transfers

8    and payments by the Museum to 400S. La Brea. Agent has no knowledge or information

9    about such payments and transfers, and he does not know where he would obtain such

10    information except from Chrismas, who refuses to discuss the matter with Agent, who

11    refuses to discuss the matter with Agent.

12

13        **Interrogatory No. 48:** If you deny any of the allegations stated in Paragraph 88 of

14    the Fourth Amended Complaint, state all facts upon which you base such denial.

15        **Response to Interrogatory No. 48:** Paragraph 88 contains allegations of diverted

16    funds that the Plan Agent has not yet been able to trace to the Debtor. Agent has no

17    knowledge or information about such funds, and he does not know where he would obtain

18    such information except from Chrismas, who refuses to discuss the matter with Agent,

19    who refuses to discuss the matter with Agent.

20

21        **Interrogatory No. 49:** If you deny any of the allegations stated in Paragraph 89 of

22    the Fourth Amended Complaint, state all facts upon which you base such denial.

23        **Response to Interrogatory No. 49:** Paragraph 89 alleges that 400 S. La Brea knew

24    about the source of certain payments. Agent has no knowledge or information about what

25    400 S. La Brea knew or didn't know, and he does not know where he would obtain such

26    information except from 400 S. La Brea itself or from Chrismas, who refuses to discuss the

27    matter with Agent.

28

1  **Interrogatory No. 50:** If you deny any of the allegations stated in Paragraph 90 of

2  the Fourth Amended Complaint, state all facts upon which you base such denial.

3  **Response to Interrogatory No. 50:** Paragraph 90 alleges that Chrismas had a

4  particular state of mind and that funds in the Ace NYC account belonged to Debtor.  Agent

5  has no knowledge or information about Chrismas's state of mind or whether funds in the

6  Ace NYC account belonged to anyone other than Ace NYC, and he does not know where

7  he would obtain such information except from Chrismas, who refuses to discuss the matter

8  with Agent.

9

10  **Interrogatory No. 51:** If you deny any of the allegations stated in Paragraph 91 of

11  the Fourth Amended Complaint, state all facts upon which you base such denial.

12  **Response to Interrogatory No. 51:** Paragraph 91 contains allegations about

13  Debtor's bankruptcy schedules and statement of financial affairs and its MORs. Agent has

14  no knowledge or information about Debtor's bankruptcy documents or their accuracy or

15  completeness, and he does not know where he would obtain such information except from

16  Chrismas, who refuses to discuss the matter with Agent.

17

18  **Interrogatory No. 52 :** If you deny any of the allegations stated in Paragraph 92 of

19  the Fourth Amended Complaint, state all facts upon which you base such denial.

20  **Response to Interrogatory No. 52:** Paragraph 92 contains allegations regarding a

21  lease between Trizec and Ace Gallery and whether or not Trizec was "on notice" of

22  particular issues.  Agent has no knowledge or information the alleged lease or Trizec's

23  state of mind, and he does not know where he would obtain such information except from

24  Trizec or Chrismas, who refuses to discuss the matter with Agent.

25

26  **Interrogatory No. 53:** If you deny any of the allegations stated in Paragraph 93 of

27  the Fourth Amended Complaint, state all facts upon which you base such denial.

28

*Defendant's Amended Responses to Plaintiff's Interrogatory, Set Two*                0034

**Response to Interrogatory No. 53:** Paragraph 93 contains an allegation about a checks paid by Ace NYC to Trizec. Agent has no knowledge or information about the checks, and he does not know where he would obtain such information except from Trizec or Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 54:** If you deny any of the allegations stated in Paragraph 94 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 54:** Paragraph 94 alleges that Chrismas used allegedly diverted proceeds to pay his personal expenses and legitimate business expenses. Agent has no knowledge or information about the monies used to pay Chrismas's business and/or personal expenses, and he does not know where he would obtain such information except from Trizec or Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 55 :** If you deny any of the allegations stated in Paragraph 95 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 55:** Paragraph 95 alleges that Chrismas caused monies to be improperly paid to certain attorneys. Agent has no knowledge or information about the monies used to pay Chrismas's attorneys, and he does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 56 :** If you deny any of the allegations stated in Paragraph 96 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 56:** Paragraph 96 alleges that Chrismas refused to comply with court orders or information requests by the Committee. Agent has no knowledge or information about whether or not Chrismas has complied with court orders or cooperated with the Committee, and Agent does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 57 :** If you deny any of the allegations stated in Paragraph 97 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 57:** Paragraph 97 alleges that Chrismas caused inaccurate books and records to be provided the Committee. Agent has no knowledge or information about the accuracy of books and records provided to the Committee by Chrismas, and Agent does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 58:** If you deny any of the allegations stated in Paragraph 98 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 58:** Paragraph 98 alleges that Chrismas and Holst have provided false financial information to the Committee. Agent has no knowledge or information about whether or not Chrismas and/or Holst has provided accurate financial information to the Committee, and Agent does not know where he would obtain such information except from Holst or from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 59:** If you deny any of the allegations stated in Paragraph 99 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 59:** Paragraph 99 alleges that the Committee relied on false financial information supplied by Holst and Chrismas to the detriment of the bankruptcy estate's creditors. Agent has no knowledge or information about whether or not the Committee relied on financial information supplied to it by Chrismas and/or Holst, whether such information was inaccurate, or whether anyone was damages by such reliance, and Agent does not know where he would obtain such information.

1    **Interrogatory No. 60:** If you deny any of the allegations stated in Paragraph

2    100(A)-(C) of the Fourth Amended Complaint, state all facts upon which you base such

3    denial.

4    **Response to Interrogatory No. 60:** Paragraph 100 (A)-(C) alleges that Chrismas's

5    "pattern of improper behavior" led to litigation detailed in said paragraph. Agent has no

6    knowledge or information about whether Chrismas ever engaged in improper behavior that

7    led to litigation, and Agent does not know where he would obtain such information except

8    from Chrismas, who refuses to discuss the matter with Agent.

9

10    **Interrogatory No. 61:** If you deny any of the allegations stated in Paragraph 101

11    of the Fourth Amended Complaint, state all facts upon which you base such denial.

12    **Response to Interrogatory No. 61:** Paragraph 101 alleges that Chrismas used

13    Debtor's money to settle or pay judgment in litigation in which Debtor was not a party.

14    Agent has no knowledge or information about whether Chrismas ever used Debtor's

15    money to settle litigation or pay judgments in litigation to which Debtor as not a party, and

16    Agent does not know where he would obtain such information except from Chrismas, who

17    refuses to discuss the matter with Agent.

18

19    **Interrogatory No. 62 :** If you deny any of the allegations stated in Paragraph 102

20    of the Fourth Amended Complaint, state all facts upon which you base such denial.

21    **Response to Interrogatory No. 62:** Paragraph 102 alleges that Chrismas obtained

22    loans and financing for the Debtor and then used the proceeds to be funded to Ace NYC, to

23    himself or to the Museum. Agent has no knowledge or information about whether

24    Chrismas ever did as alleged in paragraph 102, and Agent does not know where he would

25    obtain such information except from Chrismas, who refuses to discuss the matter with

26    Agent.

27

28

1    **Interrogatory No. 63:** If you deny any of the allegations stated in Paragraph 103

2    of the Fourth Amended Complaint, state all facts upon which you base such denial.

3    **Response to Interrogatory No. 63:** Paragraph 103 alleges that Chrismas with the

4    assistance of Holst diverted a $160,000 check using a corporation that had been dissolved.

5    Agent has no knowledge or information about whether Chrismas ever did as alleged in

6    paragraph 103, and Agent does not know where he would obtain such information except

7    from Chrismas, who refuses to discuss the matter with Agent.

8

9    **Interrogatory No. 64:** If you deny any of the allegations stated in Paragraph 104

10    of the Fourth Amended Complaint, state all facts upon which you base such denial.

11    **Response to Interrogatory No. 64:** Paragraph 104 alleges that Chrismas caused

12    funds of the Debtor to be transferred to or for the benefit of the Museum for the payment

13    of the Museum's rent. Agent has no knowledge or information about whether Chrismas

14    ever did as alleged in paragraph 104, and Agent does not know where he would obtain

15    such information except from Chrismas, who refuses to discuss the matter with Agent.

16

17    **Interrogatory No. 65:** If you deny any of the allegations stated in Paragraph 105

18    of the Fourth Amended Complaint, state all facts upon which you base such denial.

19    **Response to Interrogatory No. 65:** Paragraph 105 alleges that Chrismas

20    acknowledged engaging in the conduct alleged in paragraph 104. Agent has no knowledge

21    or information about whether Chrismas ever did as alleged in paragraph 105, and Agent

22    does not know where he would obtain such information except from Chrismas, who

23    refuses to discuss the matter with Agent.

24

25    **Interrogatory No. 66:** If you deny any of the allegations stated in Paragraph 106

26    of the Fourth Amended Complaint, state all facts upon which you base such denial.

27    **Response to Interrogatory No. 66:** Paragraph 106 alleges that Chrismas has

28    engaged in additional, undiscovered improprieties. Agent has no knowledge or

1  information about whether Chrismas has engaged undiscovered improprieties, and Agent

2  does not know where he would obtain such information except from Chrismas, who

3  refuses to discuss the matter with Agent.

4

5  **Interrogatory No. 67:** List all artists, individuals, or entities for whom YOU

6  conducted any consignment sales of art at any time since your incorporation, including the

7  name of the artist, individual or entity, a description of the work, the date of such a sale,

8  the identity of the purchaser, and the sale price.

9  **Response to Interrogatory No. 67:** Agent has no knowledge or understanding of

10  Museum conducting any consignment sales and does not know where he would obtain

11  such information except from Chrismas, who refuses to discuss the matter with Agent.

12

13  **Interrogatory No. 68:** For each sale listed in response to Interrogatory No. 67,

14  explain how YOU handled all sales proceeds obtained from such a sale, including specific

15  details about any transfer of funds or payments to any artists or third parties.

16  **Response to Interrogatory No. 68:** Not applicable.  See response to Interrogatory

17  67.

18

19  **Interrogatory No. 69:** For each sale listed in response to Interrogatory No. 67,

20  identify by date, artist name and contents, the consignment contract or agreement that gave

21  YOU the legal right, if any, to sell such artwork on consignment.

22  **Response to Interrogatory No. 69:** Not applicable.  See response to Interrogatory

23  67.

24  **Interrogatory No. 70:** List all artwork that YOU sold to any purchaser, other than

25  consignment sales listed in response to Interrogatory No. 67, including the name of the

26  artist, individual or entity, a description of the artwork, the date of such a sale, the identity

27  of the purchaser, and the sale price.

28

*Defendant's Amended Responses to Plaintiff's Interrogatory, Set Two*

0039

1  **Response to Interrogatory No. 70:**  Agent has no knowledge or understanding of
2  the Museum conducting any sales of artwork, and he does not know where he would
3  obtain such information except from Chrismas, who refuses to discuss the matter with
4  Agent.
5
6  **Interrogatory No. 71:**  For each sale listed in YOUR response to Interrogatory No.
7  70, explain how YOU handled all sales proceeds obtained from such a sale, including
8  specific details about any transfer of funds or payments to any third parties.
9  **Response to Interrogatory No. 71:**  Agent has no knowledge or understanding of
10  how the Museum handled sale proceeds or even if it ever conducted sales, and he does not
11  know where he would obtain such information except from Chrismas, who refuses to
12  discuss the matter with Agent.
13
14  **Interrogatory No. 72 :**  For each sale listed in YOUR response to Interrogatory No.
15  70, explain what legal right of ownership, if any, gave YOU the right to sell the artwork
16  that was sold in such sale, and how YOU came to possess such right.
17  **Response to Interrogatory No. 72:**  Agent has no knowledge or understanding of
18  the Museum conducting any sales of artwork, and he does not know where he would
19  obtain such information except from Chrismas, who refuses to discuss the matter with
20  Agent.
21
22
23  **Interrogatory No. 73:**  If YOU contend that YOUR Board of Trustees ever held
24  any meetings, list the dates and locations of all such meetings.
25  **Response to Interrogatory No. 73:**  Agent has no knowledge or understanding of
26  when and where the Museum's Board or Trustees its meetings, and he does not know
27  where he would obtain such information except from Chrismas, who refuses to discuss the
28  matter with Agent.

1

2   **Interrogatory No. 74:**  If YOU contend that any individual other than DOUGLAS

3   CHRISMAS ever had authority from City National Bank to carry out a wire transfer from

4   Ace Museum's bank account bearing the account number 123206347, identify such

5   individual(s) by name.

6   **Response to Interrogatory No. 74:**  Agent has no knowledge or understanding of

7   who, other than Chrismas, ever had the authority to carry out wire transfers form the

8   Museum's bank accounts, and he does not know where he would obtain such information

9   except from Chrismas, who refuses to discuss the matter with Agent.

10

11   **Interrogatory No. 75:**

12   If YOU contend that YOU ever signed any contract or agreement with Ace NYC,

13   describe such contract or agreement by its name, date and contents.

14   **Response to Interrogatory No. 75:**  Agent has no knowledge or understanding of

15   any contracts or agreements between the Museum and Ace NYC, and he does not know

16   where he would obtain such information except from Chrismas, who refuses to discuss the

17   matter with Agent.

18

19   **Interrogatory No. 76:**  Identify by contributor, date and amount, all charitable

20   donations that YOU received between January 1, 2010 and April 6, 2016.

21   **Response to Interrogatory No. 76:**  Agent understands that the Museum received

22   charitable donations, but has no knowledge or understanding of any particular donation or

23   the identity of the Museum's donors, and he does not know where he would obtain such

24   information except from Chrismas, who refuses to discuss the matter with Agent.

25

26   **Interrogatory No. 77:**

27   Identify by lender, date and amount, all loans that YOU received between January

28   1, 2010 and April 6, 2016.

1   **Response to Interrogatory No. 77:** Agent has no knowledge or understanding of

2   any particular loans received by the Museum, and he does not know where he would

3   obtain such information except from Chrismas, who refuses to discuss the matter with

4   Agent.

5

6   **Interrogatory No. 78:**

7       For each Request for Admission served simultaneously herewith where you have

8   responded with any response other than an unqualified admission for each such Request

9   for Admission, with respect to such denial:

10      1. State all facts which support your denial.

11      2. Identify all people with whom you consulted in providing the facts support your

12          denial.

13      3. Identify all people of whom you are aware who have facts or knowledge that

14          would support such denial.

15      4. Identify all documents that support your denial.  Include the date of the

16          documents, the author of the document, all recipients of the document, the

17          subject-matter of the document and the contents of the document.

18

19  **Response to Interrogatory No. 78**

20      1.      Agent is unaware of particular facts that support the Museum's denial of

21  each Request for Admission ("**RFA**").  Agent denied each RFA for lack of information or

22  belief.

23      2.      In preparing responses to the RFA's, Agent attempted to consult Chrismas,

24  who informed Agent that, on the advice of counsel, he could not provide substantive

25  information to assist in the preparation of discovery responses.  Agent also consulted with

26  the Museum's attorney Marc Lieberman, who informed Agent that, his responses on behalf

27  of the Museum had to be informed by Agent's personal knowledge, Agent's review of the

28

1    Museum's books and records, and from information Agent obtained from individuals that

2    Agent believed might have first hand knowledge of the relevant facts.

3         3.      Agent believes that Chrismas has knowledge of facts that support the

4    Museum's denial of each RFA.  Agent is unaware of who else may have such knowledge.

5         4.      Agent believes that the Museum's tax returns may support the Museum's

6    denials of at least some of the RFAs, but is unaware of the identity of the authors of such

     documents.
7

8

9    DATED:  November / 5 2018              FREDMAN LIEBERMAN PEARL LLP

10

11                                         By:

12                                         Marc A. Lieberman, Esq.
                                           Attorneys for Defendants ACE Gallery New
13                                         York Corporation; Ace Museum; and Douglas
                                           Chrismas
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

UNITED STATES BANKRUPTCY COURT        )

                                      )

                                      )

CENTRAL DISTRICT OF CALIFORNIA        )

I, Francisco Orellana, declare as follows:

I am the authorized agent of ACE Museum. I have read the foregoing **AMENDED**

**RESPONSE OF DEFENDANT ACE MUSEUM TO SECOND SET OF**

**INTERROGATOREIES , SET NO. TWO** and know the contents thereof. The matters stated in

the foregoing document are true of my own knowledge except as to those matters which are stated

on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury and under the laws of the United States and the State of

California that the foregoing is true and correct.

Executed on this _15_ day of November 2018 at _Los Angeles_, California.

FRANCISCO ORELLANA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FREDMAN LIEBERMAN PEARL LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED RESPONSE OF DEFENDANT ACE MUSEUM TO SECOND SET OF INTERROGATORIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**II. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 15, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Attys. For Plaintiff Sam Leslie, Plan Agent
Victor A. Sahn, Esq.
David J. Richardson, Esq.
Sulmeyer Kupetz, APC
333 S. Hope St., 35th Floor
Los Angeles, CA 90071-1406

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 15, 2018 | ADELAIDA FLORES | _Signature_ |
| _Date_ | _Printed Name_ | |

0045

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*

# EXHIBIT D

0046

1   Marc A. Lieberman, Esq. (Bar No. 157318)
Alan W. Forsley, Esq. (Bar No. 180958)

2   **FREDMAN LIEBERMAN PEARL LLP**
1875 Century Park East, Suite 2230

3   Los Angeles, California 90067-2523
Telephone:   (310) 284-7350

4   Facsimile:   (310) 432-5999

5

6   Attorneys for Defendants ACE Gallery New York Corporation;
Ace Museum; and Douglas Chrismas

7

8            **UNITED STATES BANKRUPTCY COURT**

9       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10              **LOS ANGELES DIVISION**

11   In re                     )Case No. 2:13-bk-14135-RK

12                         )

13   ART & ARCHITECTURE BOOKS OF  )
THE 20TH CENTURY,          )Chapter 11

                  Debtor.)

14                          )

15   SAM LESLIE, PLAN AGENT FOR ART & )Adv. Proc. No. 2:15-ap-01679-RK
ARCHITECTURE BOOKS OF THE 20TH )

16   CENTURY,               )**AMENDED RESPONSE OF DEFENDANT**
                      )**ACE GALLERY NEW YORK**

17                Plaintiff,)**CORPORATION TO SECOND SET OF**
          v.            )**INTERROGATOREIES**

18                       )

19   ACE GALLERY NEW YORK       )
CORPORATION, a California corporation; )

20   ACE GALLERY NEW YORK, INC., a   )
dissolved New York corporation; ACE   )

21   MUSEUM, a California corporation;    )
DOUGLAS CHRISMAS, an individual;   )

22   JENNIER KELLEN, an individual; SHIRLEY)
HOLST, an individual,           )

23                Defendants.)

24

25   PROPOUNDING PARTY:     PLAINTIFF SAM LESLIE, PLAN AGENT

26   RESPONDING PARTY:      DEFENDANT ACE GALLERY NEW YORK
                      CORPORATION

27

28   SET NO.:                TWO

                    EXHIBIT     D

*Defendant Ace Gallery New York Corporation's Amended Responses to Plaintiff's Interrogatories*
*Set Two*

1      Defendant Ace Gallery New York Corporation (the "**Ace NYC**") hereby responds

2 (the "**Amended Response**") to the Second Set of Interrogatories propounded by Plaintiff,

3 Sam Leslie, Plan Agent ("**Interrogatories**").

4

5                    **PREFATORY STATEMENT**

6

7      This Amended Response has been prepared by Francisco Orellana ("**Agent**"), with

8 the assistance of Ace NYC's counsel ("**Counsel**").  Agent, a former Ace Museum

9 preparator, has been authorized by Ace NYC's sole officer Douglas Chrismas

10 ("**Chrismas**") to prepare and execute this Amended Response to Interrogatories on behalf

11 of Ace NYC.  During his employment as a Museum preparator, Agent prepared artwork

12 for display, exhibition, storage, and travel.  In the course and scope of Agent's

13 employment with the Museum, Agent regularly interacted with, took direction from, and

14 spoke with Chrismas, and observed events at the Museum during the term of his

15 employment.  Agent does not have personal knowledge of Ace NYC or Museum finances,

16 loans, leases, transactions, governance, management, or legal matters.  Moreover, Agent

17 has no personal knowledge of the books and records of the Ace NYC, does not know how

18 they were kept, and does not believe that he has the experience, education or training to

19 interpret, summarize or understand the Ace NYC's books and records. Chrismas has

20 agreed to pay Agent at Agent's regular hourly rate for the time spent in connection with

21 this Amended Response and has agreed to make available to Agent Ace NYC's books and

22 records.  However, Chrismas has informed Agent that, on the advice of counsel, <u>Chrismas</u>

23 <u>would not assist in the preparation of substantive responses to the Interrogatories by</u>

24 <u>responding to my particular questions based on each of the Interrogatories.</u>

25

26

27

28

# RESPONSES TO INTERROGATORIES

**Interrogatory No. 12:** If you deny any of the allegations stated in Paragraph 4 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 12:** Agent believes that Ace NYC is no longer operating based on the fact that he has not be asked to do work for Ace NYC over 6 months but that it formerly conducted business at the location alleged. Agent does not have sufficient information to either admit or deny the other allegations in paragraph 4 of the Complaint and does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 13:** If you deny any of the allegations stated in Paragraph 7 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 13** Agent believes that Chrismas controlled Ace NYC because Agent previously performed work for Ace NYC at Chrismas's direction. However, Agent does not have sufficient information to either admit or deny the other allegations in paragraph 4 of the Complaint and does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 14** If you deny any of the allegations stated in Paragraph 25 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 14** The allegations in paragraph 25 of the operative complaint relate Chrismas's control over the Museum, Ace NYC and debtor Ace Gallery, and Agent is informed that Chrismas had control over those entities, but that at some point did not control debtor Ace Gallery. Agent does not have sufficient information to either admit or deny the other allegations in paragraph 25 of the Complaint and does not

1  know where he would obtain such information except from Chrismas, who refuses to

2  discuss the matter with Agent.

3

4      **Interrogatory No. 15**  If you deny any of the allegations stated in Paragraph 45 of

5  the Fourth Amended Complaint, state all facts upon which you base such denial.

6      **Response to Interrogatory No. 15:**  Paragraph 45 alleges that by December 2012

7  Debtor was unable to pay its rent and other debts as they came due on account of the Pre-

8  Petition La Brea Transfers.  Agent does not have sufficient information to either admit or

9  deny the allegations in paragraph 45 of the Complaint and does not know where he would

10  obtain such information except from Chrismas, who refuses to discuss the matter with

11  Agent.

12

13      **Interrogatory No. 16**  If you deny any of the allegations stated in Paragraph 46 of

14  the Fourth Amended Complaint, state all facts upon which you base such denial.

15      **Response to Interrogatory No. 16**  Paragraph 46 contains allegations about the

16  consequences of Debtor's late rental payments.  Agent does not have sufficient

17  information to either admit or deny the allegations in paragraph 46 of the Complaint and

18  does not know where he would obtain such information except from Chrismas, who

19  refuses to discuss the matter with Agent.

20

21      **Interrogatory No. 17**  If you deny any of the allegations stated in Paragraph 47 of

22  the Fourth Amended Complaint, state all facts upon which you base such denial.

23      **Response to Interrogatory No. 17**  Paragraph 47 contains allegations about the

24  reason Chrismas caused Debtor to file a Chapter 11 petition on the Petition Date. Agent

25  does not have sufficient information to either admit or deny the allegations in paragraph 47

26  of the Complaint and does not know where he would obtain such information except from

27  Chrismas, who refuses to discuss the matter with Agent.

28

*Defendant Ace Gallery New York Corporation's Amended Responses to Plaintiff's Interrogatories*
*Set Two*

0050

1

2       **Interrogatory No. 18** If you deny any of the allegations stated in Paragraph 48 of

3  the Fourth Amended Complaint, state all facts upon which you base such denial.

4       **Response to Interrogatory No. 18**  Paragraph 48 of the operative complaint

5  contains allegations about the transfer of funds from Debtor to 400 S. La Brea and about a

6  scheme by Chrismas to "launder" funds of the Debtor by transferring them through Ace

7  NYC. Agent does not have knowledge or information about any transfers of money by the

8  Debtor or about the scheme alleged in the complaint.  Agent does not know where he

9  would obtain such information except from Chrismas, who refuses to discuss the matter

10  with Agent.

11

12       **Interrogatory No. 19** If you deny any of the allegations stated in Paragraph 49 of

13  the Fourth Amended Complaint, state all facts upon which you base such denial.

14       **Response to Interrogatory No. 19**  Paragraph 49 contains allegations about

15  transfers from Debtor to Ace NYC. Agent does not have knowledge or information about

16  any transfers by the Debtor to Ace NYC, and he does not know where he would obtain

17  such information except from Chrismas, who refuses to discuss the matter with Agent.

18

19       **Interrogatory No. 20**  If you deny any of the allegations stated in Paragraph 50 of

20  the Fourth Amended Complaint, state all facts upon which you base such denial.

21       **Response to Interrogatory No. 20** Paragraph 50 contains allegations about the

22  appointment of the Creditors Committee and its membership.  Agent does not have

23  knowledge or information about the Committee and does not know where he would obtain

24  such information.

25

26       **Interrogatory No. 21**  If you deny any of the allegations stated in Paragraph 51 of

27  the Fourth Amended Complaint, state all facts upon which you base such denial.

28

Case 2:15-ap-01679-RK   Doc 483   Filed 01/03/19   Entered 01/03/19 10:50:34   Desc
Main Document    Page 52 of 79

1  **Response to Interrogatory No. 21** Paragraph 51 contains allegations about

2  Chrismas's alleged refusal to comply with the Committee's discovery demands.  Agent

3  does not have knowledge or information about such demands and whether or not Chrismas

4  complied with them, and Agent does not know where he would obtain such information

5  except from Chrismas, who refuses to discuss the matter with Agent.

6

7  **Interrogatory No. 22**  If you deny any of the allegations stated in Paragraph 73 of

8  the Fourth Amended Complaint, state all facts upon which you base such denial.

9  **Response to Interrogatory No. 22**  Paragraph 73 contains allegations of transfers

10  by the Debtor to 400 S. La Brea and Trizec on account of liabilities of the Museum and

11  Chrismas and for which Debtor did not receive reasonably equivalent value.  Agent has no

12  information regarding any such transfers and does not know where he would obtain such

13  information except from Chrismas, who refuses to discuss the matter with Agent.

14

15  **Interrogatory No. 23**  If you deny any of the allegations stated in Paragraph 74 of

16  the Fourth Amended Complaint, state all facts upon which you base such denial.

17  **Response to Interrogatory No. 23**  Paragraph 74 alleges that Chrismas sold

18  Debtor's artworks and carried out sales subject to Debtor's consignment rights, deposited

19  the proceeds into an Ace NYC account, and used the proceeds for the benefit of the

20  Museum.  Agent has no knowledge or information about art sales or the use of proceeds

21  from same, and he does not know where he would obtain such information except from

22  Chrismas, who refuses to discuss the matter with Agent.

23

24  **Interrogatory No. 24**  If you deny any of the allegations stated in Paragraph 75 of

25  the Fourth Amended Complaint, state all facts upon which you base such denial.

26  **Response to Interrogatory No. 24**  Paragraph 75 contains allegations about

27  particular art sales by and monies generated by such sales.  Agent has no knowledge or

28  information about art sales or the use of proceeds from same and he does not know where

1  he would obtain such information except from Chrismas. Agent has no knowledge or

2  information about such art sales, and he does not know where he would obtain such

3  information except from Chrismas, who refuses to discuss the matter with Agent

4

5  **Interrogatory No. 25** If you deny any of the allegations stated in Paragraph 76 of

6  the Fourth Amended Complaint, state all facts upon which you base such denial.

7  **Response to Interrogatory No. 25** Paragraph 76 contains allegations about

8  consignment sales by Chrismas in his capacity as president of the Debtor.  Agent has no

9  knowledge or information about such art sales, and he does not know where he would

10  obtain such information except from Chrismas who refuses to discuss the matter with

11  Agent.

12

13  **Interrogatory No. 26**  If you deny any of the allegations stated in Paragraph 77 of

14  the Fourth Amended Complaint, state all facts upon which you base such denial.

15  **Response to Interrogatory No. 26**  Paragraph 77 alleges that Ace NYC did not

16  engage in any "legitimate business" transactions that did not constitute a diversion of

17  estate assets.  Agent has no knowledge or information about Ace NYC business

18  transactions, and he does not know where he would obtain such information except from

19  Chrismas, who refuses to discuss the matter with Agent.

20

21  **Interrogatory No. 27**  If you deny any of the allegations stated in Paragraph 78 of

22  the Fourth Amended Complaint, state all facts upon which you base such denial.

23

24  **Response to Interrogatory No. 27** Paragraph 78 contains allegations about why

25  Chrismas formed Ace NYC, whether it controlled monies in its accounts, breaches of duty

26  by Chrismas and whether bankruptcy court approval was obtained for various transfers.

27  Agent has no knowledge or information about Ace NYC business transactions or about the

28

7

*Defendant Ace Gallery New York Corporation's Amended Responses to Plaintiff's Interrogatories
Set Two*

0053

1    legalities discussed in paragraph 78, and he does not know where he would obtain such

2    information except from Chrismas, who refuses to discuss the matter with Agent.

3

4        **Interrogatory No. 28** If you deny any of the allegations stated in Paragraph 79 of

5    the Fourth Amended Complaint, state all facts upon which you base such denial.

6        **Response to Interrogatory No. 28** Paragraph 79 alleges that Chrismas and others

7    engaged in in fraud regarding the Museum's repayment of a loan from the Debtor. Agent

8    has no knowledge or information about the alleged loan repayments or alleged fraud by

9    Chrismas, and he does not know where he would obtain such information except from

10    Chrismas, who refuses to discuss the matter with Agent.

11

12        **Interrogatory No. 29** If you deny any of the allegations stated in Paragraph 80 of

13    the Fourth Amended Complaint, state all facts upon which you base such denial.

14        **Response to Interrogatory No. 29** Paragraph 80 contains allegations about

15    Chrismas diverting monies belonging to Debtor from Ace NYC to pay the Museum's rent.

16    Agent has no knowledge or information about the alleged diversion of monies Chrismas or

17    the payments alleged in the complaint, and he does not know where he would obtain such

18    information except from Chrismas, who refuses to discuss the matter with Agent.

19

20        **Interrogatory No. 30** If you deny any of the allegations stated in Paragraph 81 of

21    the Fourth Amended Complaint, state all facts upon which you base such denial.

22        **Response to Interrogatory No. 30** Paragraph 81 alleges that certain transfers did

23    not take place in the ordinary course of business, were made without court authority, and

24    were not disclosed in the Debtor's Monthly Operating Reports. Agent has no knowledge or

25    information about the alleged diversion of monies Chrismas or the payments alleged in the

26    complaint, and he does not know where he would obtain such information except from

27    Chrismas, who refuses to discuss the matter with Agent.

28

*Defendant Ace Gallery New York Corporation's Amended Responses to Plaintiff's Interrogatories
Set Two*

1     **Interrogatory No. 31**  If you deny any of the allegations stated in Paragraph 82 of

2 the Fourth Amended Complaint, state all facts upon which you base such denial.

3     **Response to Interrogatory No. 31**  Paragraph 82 contains allegations about

4 Chrismas controlling Debtor, the Museum and Ace NYC, which Agent understands he did.

5 Paragraph 82 contains other allegations about transfers and alleged breaches of duty by

6 Chrismas.  Agent has no knowledge or information about the alleged transfers or about

7 breaches of duty by Chrismas, and he does not know where he would obtain such

8 information except from Chrismas, who refuses to discuss the matter with Agent.

9

10     **Interrogatory No. 32**  If you deny any of the allegations stated in Paragraph 83 of

11 the Fourth Amended Complaint, state all facts upon which you base such denial.

12     **Response to Interrogatory No. 32**  Paragraph 83 contains allegations about the

13 Museum and other defendants participating in post-petition transfers. Agent has no

14 knowledge or information about such transfers, and he does not know where he would

15 obtain such information except from Chrismas, who refuses to discuss the matter with

16 Agent.

17

18     **Interrogatory No. 33**  If you deny any of the allegations stated in Paragraph 84 of

19 the Fourth Amended Complaint, state all facts upon which you base such denial.

20     **Response to Interrogatory No. 33**  Paragraph 84 contains allegations about monies

21 paid by the Museum to 400 S. La Brea.  Agent has no knowledge or information about

22 such payments, and he does not know where he would obtain such information except

23 from Chrismas, who refuses to discuss the matter with Agent, who refuses to discuss the

24 matter with Agent.

25

26     **Interrogatory No. 34**  If you deny any of the allegations stated in Paragraph 85 of

27 the Fourth Amended Complaint, state all facts upon which you base such denial.

28

1   **Response to Interrogatory No. 34** Paragraph 85 also contains allegations about
2   monies paid by the Museum to 400 S. La Brea. Agent has no knowledge or information
3   about such payments, and he does not know where he would obtain such information
4   except from Chrismas, who refuses to discuss the matter with Agent, who refuses to
5   discuss the matter with Agent.

6

7   **Interrogatory No. 35** If you deny any of the allegations stated in Paragraph 86 of
8   the Fourth Amended Complaint, state all facts upon which you base such denial.

9   **Response to Interrogatory No. 35** Paragraph 86 contains allegations of various
10  payments and transfers from Ace NYC and the Museum to 400 S. La Brea. Agent has no
11  knowledge or information about such payments and transfers, and he does not know where
12  he would obtain such information except from Chrismas, who refuses to discuss the matter
13  with Agent, who refuses to discuss the matter with Agent.

14

15  **Interrogatory No. 36** If you deny any of the allegations stated in Paragraph 87 of
16  the Fourth Amended Complaint, state all facts upon which you base such denial.

17  **Response to Interrogatory No. 36** Paragraph 87 contains allegations about certain
18  payments that Chrismas caused to be made to Ace Museum that were ultimately used to
19  pay rent to the Museum's landlord. Agent has no knowledge or information about such
20  payments, and he does not know where he would obtain such information except from
21  Chrismas, who refuses to discuss the matter with Agent.

22

23  **Interrogatory No. 37** If you deny any of the allegations stated in Paragraph 87 of
24  the Fourth Amended Complaint, state all facts upon which you base such denial.

25  **Response to Interrogatory No. 37** Paragraph 87 contains allegations of transfers
26  and payments by the Museum to 400S. La Brea. Agent has no knowledge or information
27  about such payments and transfers, and he does not know where he would obtain such

28

1   information except from Chrismas, who refuses to discuss the matter with Agent, who

2   refuses to discuss the matter with Agent.

3

4   **Interrogatory No. 38** If you deny any of the allegations stated in Paragraph 89 of

5   the Fourth Amended Complaint, state all facts upon which you base such denial.

6   **Response to Interrogatory No. 38** Paragraph 89 alleges that 400 S. La Brea knew

7   about the source of certain payments. Agent has no knowledge or information about what

8   400 S. La Brea knew or didn't know, and he does not know where he would obtain such

9   information except from 400 S. La Brea itself or from Chrismas, who refuses to discuss the

10  matter with Agent.

11

12  **Interrogatory No. 39**  If you deny any of the allegations stated in Paragraph 90 of

13  the Fourth Amended Complaint, state all facts upon which you base such denial.

14  **Response to Interrogatory No. 39** Paragraph 90 alleges that Chrismas had a

15  particular state of mind and that funds in the Ace NYC account belonged to Debtor.  Agent

16  has no knowledge or information about Chrismas's state of mind or whether funds in the

17  Ace NYC account belonged to anyone other than Ace NYC, and he does not know where

18  he would obtain such information except from Chrismas, who refuses to discuss the matter

19  with Agent.

20

21  **Interrogatory No. 40** If you deny any of the allegations stated in Paragraph 91 of

22  the Fourth Amended Complaint, state all facts upon which you base such denial.

23  **Response to Interrogatory No. 40** Paragraph 91 contains allegations about

24  Debtor's bankruptcy schedules and statement of financial affairs and its MORs. Agent has

25  no knowledge or information about Debtor's bankruptcy documents or their accuracy or

26  completeness, and he does not know where he would obtain such information except from

27  Chrismas, who refuses to discuss the matter with Agent

28

**Interrogatory No. 41** If you deny any of the allegations stated in Paragraph 92 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 41** Paragraph 92 contains allegations regarding a lease between Trizec and Ace Gallery and whether or not Trizec was "on notice" of particular issues. Agent has no knowledge or information the alleged lease or Trizec's state of mind, and he does not know where he would obtain such information except from Trizec or Chrismas, who refuses to discuss the matter with Agent

**Interrogatory No. 42** If you deny any of the allegations stated in Paragraph 93 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 42** Paragraph 93 contains an allegation about a checks paid by Ace NYC to Trizec. Agent has no knowledge or information about the checks, and he does not know where he would obtain such information except from Trizec or Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 43** If you deny any of the allegations stated in Paragraph 94 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 43** Paragraph 94 alleges that Chrismas used allegedly diverted proceeds to pay his personal expenses and legitimate business expenses. Agent has no knowledge or information about the monies used to pay Chrismas's business and/or personal expenses, and he does not know where he would obtain such information except from Trizec or Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 44:** If you deny any of the allegations stated in Paragraph 95 of the Fourth Amended Complaint, state all facts upon which you base such denial.

**Response to Interrogatory No. 44** Paragraph 95 alleges that Chrismas caused monies to be improperly paid to certain attorneys. Agent has no knowledge or information

1   about the monies used to pay Chrismas's attorneys, and he does not know where he would

2   obtain such information except from Chrismas, who refuses to discuss the matter with

3   Agent.

4

5   **Interrogatory No. 45**  If you deny any of the allegations stated in Paragraph 96 of

6   the Fourth Amended Complaint, state all facts upon which you base such denial.

7   **Response to Interrogatory No. 45**  Paragraph 96 alleges that Chrismas refused to

8   comply with court orders or information requests by the Committee. Agent has no

9   knowledge or information about whether or not Chrismas has complied with court orders

10   or cooperated with the Committee, and Agent does not know where he would obtain such

11   information except from Chrismas, who refuses to discuss the matter with Agent.

12

13   **Interrogatory No. 46**  If you deny any of the allegations stated in Paragraph 97 of

14   the Fourth Amended Complaint, state all facts upon which you base such denial.

15   **Response to Interrogatory No. 46**  Paragraph 97 alleges that Chrismas caused

16   inaccurate books and records to be provided the Committee. Agent has no knowledge or

17   information about the accuracy of books and records provided to the Committee by

18   Chrismas, and Agent does not know where he would obtain such information except from

19   Chrismas, who refuses to discuss the matter with Agent.

20

21   **Interrogatory No. 47**  If you deny any of the allegations stated in Paragraph 98 of

22   the Fourth Amended Complaint, state all facts upon which you base such denial.

23   **Response to Interrogatory No. 47**  Paragraph 98 alleges that Chrismas and Holst

24   have provided false financial information to the Committee. Agent has no knowledge or

25   information about whether or not Chrismas and/or Holst has provided accurate financial

26   information to the Committee, and Agent does not know where he would obtain such

27   information except from Holst or from Chrismas, who refuses to discuss the matter with

28   Agent.

1

2    **Interrogatory No. 48**  If you deny any of the allegations stated in Paragraph 99 of

3    the Fourth Amended Complaint, state all facts upon which you base such denial.

4    **Response to Interrogatory No. 48** Paragraph 99 alleges that the Committee relied

5    on false financial information supplied by Holst and Chrismas to the detriment of the

6    bankruptcy estate's creditors.  Agent has no knowledge or information about whether or

7    not the Committee relied on financial information supplied to it by Chrismas and/or Holst,

8    whether such information was inaccurate, or whether anyone was damages by such

9    reliance, and Agent does not know where he would obtain such information.

10

11    **Interrogatory No. 49**  If you deny any of the allegations stated in Paragraph 100

12    (A)-(C) of the Fourth Amended Complaint, state all facts upon which you base such

13    denial.

14    **Response to Interrogatory No. 49** Paragraph 100 (A)-(C) alleges that Chrismas's

15    "pattern of improper behavior" led to litigation detailed in said paragraph.  Agent has no

16    knowledge or information about whether Chrismas ever engaged in improper behavior that

17    led to litigation, and Agent does not know where he would obtain such information except

18    from Chrismas, who refuses to discuss the matter with Agent.

19

20    **Interrogatory No. 50** If you deny any of the allegations stated in Paragraph 101 of

21    the Fourth Amended Complaint, state all facts upon which you base such denial.

22    **Response to Interrogatory No. 50**  Paragraph 101 alleges that Chrismas used

23    Debtor's money to settle or pay judgment in litigation in which Debtor was not a party.

24    Agent has no knowledge or information about whether Chrismas ever used Debtor's

25    money to settle litigation or pay judgments in litigation to which Debtor as not a party, and

26    Agent does not know where he would obtain such information except from Chrismas, who

27    refuses to discuss the matter with Agent.

28

1     **Interrogatory No. 51** If you deny any of the allegations stated in Paragraph 102 of

2 the Fourth Amended Complaint, state all facts upon which you base such denial.

3     **Response to Interrogatory No. 51** Paragraph 102 alleges that Chrismas obtained

4 loans and financing for the Debtor and then used the proceeds to be funded to Ace NYC, to

5 himself or to the Museum. Agent has no knowledge or information about whether

6 Chrismas ever did as alleged in paragraph 102, and Agent does not know where he would

7 obtain such information except from Chrismas, who refuses to discuss the matter with

8 Agent.

9

10     **Interrogatory No. 52** If you deny any of the allegations stated in Paragraph 103 of

11 the Fourth Amended Complaint, state all facts upon which you base such denial.

12     **Response to Interrogatory No. 52** Paragraph 103 alleges that Chrismas with the

13 assistance of Holst diverted a $160,000 check using a corporation that had been dissolved.

14 Agent has no knowledge or information about whether Chrismas ever did as alleged in

15 paragraph 103, and Agent does not know where he would obtain such information except

16 from Chrismas, who refuses to discuss the matter with Agent.

17

18     **Interrogatory No. 53** If you deny any of the allegations stated in Paragraph 104 of

19 the Fourth Amended Complaint, state all facts upon which you base such denial.

20     **Response to Interrogatory No. 53** Paragraph 104 alleges that Chrismas caused

21 funds of the Debtor to be transferred to or for the benefit of the Museum for the payment

22 of the Museum's rent. Agent has no knowledge or information about whether Chrismas

23 ever did as alleged in paragraph 104, and Agent does not know where he would obtain

24 such information except from Chrismas, who refuses to discuss the matter with Agent.

25

26     **Interrogatory No. 54** If you deny any of the allegations stated in Paragraph 105 of

27 the Fourth Amended Complaint, state all facts upon which you base such denial.

28

---

1    **Response to Interrogatory No. 54** Paragraph 105 alleges that Chrismas

2    acknowledged engaging in the conduct alleged in paragraph 104.  Agent has no knowledge

3    or information about whether Chrismas ever did as alleged in paragraph 105, and Agent

4    does not know where he would obtain such information except from Chrismas, who

5    refuses to discuss the matter with Agent.

6

7        **Interrogatory No. 55** If you deny any of the allegations stated in Paragraph 106 of

8    the Fourth Amended Complaint, state all facts upon which you base such denial.

9        **Response to Interrogatory No. 55**  Paragraph 106 alleges that Chrismas has

10   engaged in additional, undiscovered improprieties.  Agent has no knowledge or

11   information about whether Chrismas has engaged undiscovered improprieties, and Agent

12   does not know where he would obtain such information except from Chrismas, who

13   refuses to discuss the matter with Agent.

14

15       **Interrogatory No. 56**  If YOU contend that all or any portion of the DIVERTED

16   DIP LOANS were properly paid to YOU, state all facts that support such a contention.

17       **Response to Interrogatory No. 56**  Agent has no knowledge or information about

18   the allegedly diverted DIP loans, and Agent does not know where he would obtain such

19   information except from Chrismas, who refuses to discuss the matter with Agent.

20

21       **Interrogatory No. 57:** Describe in detail YOUR use or disposition of the funds that

22   constituted the DIVERTED DIP LOANS, including the date, amount, purpose and

23   recipient of each transfer or payment.

24       **Response to Interrogatory No. 57** Agent has no knowledge or information about

25   the allegedly diverted DIP loans, and Agent does not know where he would obtain such

26   information except from Chrismas, who refuses to discuss the matter with Agent.

27

28

1  **Interrogatory No. 58:** List all artists, individuals or entities, for whom YOU

2  conducted any consignment sales of art, including the name of the artist, individual or

3  entity, a description of the artwork, the date of such a sale, and the amount of any sale

4  price.

5  **Response to Interrogatory No. 58:** Agent has no knowledge or information about

6  any consignment sales, and Agent does not know where he would obtain such information

7  except from Chrismas, who refuses to discuss the matter with Agent.

8

9  **Interrogatory No. 59:**  For each consignment sale listed in response to

10  Interrogatory No. 58, explain how YOU handled all sales proceeds obtained from such a

11  sale, including specific details about any transfer of funds or payments to any third parties.

12  **Response to Interrogatory No. 59:**  Agent has no knowledge or information about

13  any consignment sales, and Agent does not know where he would obtain such information

14  except from Chrismas, who refuses to discuss the matter with Agent.

15

16  **Interrogatory No. 60** For each consignment sale listed in response to Interrogatory

17  No. 58, explain the legal or contractual circumstances, agreements or contracts that gave

18  YOU any right to conduct such consignment sale.

19  **Response to Interrogatory No. 60** Agent has no knowledge or information about

20  any consignment sales, and Agent does not know where he would obtain such information

21  except from Chrismas, who refuses to discuss the matter with Agent.

22

23  **Interrogatory No. 61:** List all sales of artworks that YOU sold to any purchaser,

24  other than consignment sales listed in response to Interrogatory No. 59, including the name

25  of the artist, individual or entity, a description of the artwork, the date of such a sale, and

26  the amount of any sale price.

27

28

**Response to Interrogatory No. 61**  Agent has no knowledge or information about any sales of artwork, and Agent does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 62**  For each artwork listed in YOUR response to Interrogatory No. 61, explain how YOU handled all sales proceeds obtained from such a sale, including specific details about any transfer of funds or payments to any third parties.

**Response to Interrogatory No. 62**  Agent has no knowledge or information about any sales of artwork, and Agent does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 63**  For each sale listed in response to Interrogatory No. 61, explain the legal or contractual circumstances, agreements or contracts that gave YOU any right to conduct such sale.

**Response to Interrogatory No. 63**  Agent has no knowledge or information about any sales of artwork, and Agent does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 64**  If YOU contend that YOU were capitalized at any time with funds or assets from CHRISMAS, identify all such capitalizations by date, amount and the nature of the funds or assets.

**Response to Interrogatory No. 64:**  Agent has no knowledge or information about Ace NYC's capitalization, and Agent does not know where he would obtain such information except from Chrismas, who refuses to discuss the matter with Agent.

**Interrogatory No. 65**  For each Request for Admission served simultaneously herewith where you have responded with any response other than an unqualified admission for each such Request for admission, with respect to such denial:

*Defendant Ace Gallery New York Corporation's Amended Responses to Plaintiff's Interrogatories
Set Two*

0064

1. State all facts which support your denial.

2. Identify all people with whom you consulted in providing the facts support your denial.

3. Identify all people of whom you are aware who have facts or knowledge that would support such denial.

4. Identify all documents that support your denial. Include the date of the documents, the author of the document, all recipients of the document, the subject-matter of the document and the contents of the document.

### Response to Interrogatory No. 65:

1.    Agent is unaware of particular facts that support the Ace NYC's denial of each Request for Admission ("**RFA**"). Agent denied each RFA for lack of information or belief.

2.    In preparing responses to the RFA's, Agent attempted to consult Chrismas, who informed Agent that, on the advice of counsel, he could not provide substantive information to assist in the preparation of discovery responses. Agent also consulted with the Ace NYC's attorney Marc Lieberman, who informed Agent that, his responses on behalf of the Ace NYC had to be informed by Agent's personal knowledge, Agent's review of the Ace NYC's books and records, and from information Agent obtained from individuals that Agent believed might have first hand knowledge of the relevant facts.

3.    Agent believes that Chrismas has knowledge of facts that support the Ace NYC's denial of each RFA. Agent is unaware of who else may have such knowledge.

4.    Agent believes that the Museum's tax returns may support the Ace NYC's denials of at least some of the RFAs, but is unaware of the identity of the authors of such documents.

DATED: November 1<, 2018

FREDMAN LIEBERMAN PEARL LLP

By: _____
Marc A. Lieberman, Esq.
Attorneys for Defendants ACE Gallery New
York Corporation; Ace Museum; and Douglas
Chrismas

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

20

*Defendant Ace Gallery New York Corporation's Amended Responses to Plaintiff's Interrogatories
Set Two*

**VERIFICATION**

UNITED STATES BANKRUPTCY COURT          )

                                                  )

                                                  )

CENTRAL DISTRICT OF CALIFORNIA          )

I, Francisco Orellana, declare as follows:

I am the authorized agent of ACE Gallery New York Corporation. I have read the foregoing **AMENDED RESPONSE OF DEFENDANT ACE GALLERY NEW YORK CORPORATION TO SECOND SET OF INTERROGATOREIES, SET NO. TWO** and know the contents thereof. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury and under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on this _15_ day of November 2018 at _Los Angeles_, California.


                                      FRANCISCO ORELLANA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FREDMAN LIEBERMAN PEARL LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED RESPONSE OF DEFENDANT ACE
GALLERY NEW YORK CORPORATION TO SECOND SET OF INTERROGATORIES** will be served or was served **(a)**
on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**II. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 15, 2018**, I served the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Attys. For Plaintiff Sam Leslie, Plan Agent
Victor A. Sahn, Esq.
David J. Richardson, Esq.
Sulmeyer Kupetz, APC
333 S. Hope St., 35th Floor
Los Angeles, CA 90071-1406

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 15, 2018 | ADELAIDA FLORES | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   **F 9013-3.1.PROOF.SERVICE**

0068

# EXHIBIT E

0069

1   Marc A. Lieberman, Esq. (Bar No. 157318)
    Alan W. Forsley, Esq. (Bar No. 180958)
2   **FREDMAN LIEBERMAN PEARL LLP**
    1875 Century Park East, Suite 2230
3   Los Angeles, California 90067-2523
    Telephone:    (310) 284-7350
4   Facsimile:    (310) 432-5999
5
    Attorneys for Defendants ACE Gallery New York Corporation;
6   ACE Gallery New York, Inc.; Ace Museum; and Douglas
7   Chrismas

8               **UNITED STATES BANKRUPTCY COURT**

9           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10                      **LOS ANGELES DIVISION**

11  In re                              )Case No. 2:13-bk-14135-RK
                                       )
12  ART & ARCHITECTURE BOOKS OF        )
    THE 20TH CENTURY,                  )Chapter 11
13                          Debtor.)
                                       )
14  _____  )Adv. Proc. No. 2:15-ap-01679-RK
    SAM LESLIE, PLAN AGENT FOR ART &   )
15  ARCHITECTURE BOOKS OF THE 20TH     )
    CENTURY,                           )**AMENDED RESPONSE OF DEFENDANT**
16                                     )**ACE GALLERY NEW YORK**
                            Plaintiff,,)**CORPORATION TO SECOND SET OF**
17                    v.               )**REQUESTS FOR ADMISSIONS**
                                       )
18  ACE GALLERY NEW YORK               )
    CORPORATION, a California corporation;)
19  ACE GALLERY NEW YORK, INC., a      )
    dissolved New York corporation; ACE)
20  MUSEUM, a California corporation;   )
    DOUGLAS CHRISMAS, an individual;   )
21  JENNIER KELLEN, an individual; SHIRLEY)
    HOLST, an individual,              )
22                                     )
                            Defendants.)
23  _____  )
24
25  PROPOUNDING PARTY:    PLAINTIFF SAM LESLIE, PLAN AGENT
26  RESPONDING PARTY:     DEFENDANT ACE GALLERY NEW YORK
27                        CORPORATION
28  SET NO.:              TWO

_____ EXHIBIT     E _____
                              1
*Defendant's Responses to Plaintiff's Requests for Admission, Set Two*

0070

1    Defendant Ace Gallery New York Corporation (the "**Ace NYC**") hereby responds

2    to the Second Set of Request for Admission (the "**Amended Response**") propounded by

3    Plaintiff, Sam Leslie, Plan Agent ("**RFAs**").

4

5    ### PREFATORY STATEMENT

6

7    This Amended Response has been prepared by Francisco Orellana ("**Agent**"), with

8    the assistance of Ace NYC's counsel ("**Counsel**").  Agent, a former Ace Museum

9    preparator, has been authorized by Ace NYC's sole officer Douglas Chrismas

10   ("**Chrismas**") to prepare and execute this Amended Response on behalf of Ace NYC.

11   During his employment as a Museum preparator, Agent prepared artwork for display,

12   exhibition, storage, and travel.  In the course and scope of Agent's employment with the

13   Museum, Agent regularly interacted with, took direction from, and spoke with Chrismas,

14   and observed events at the Museum during the term of his employment.  Agent does not

15   have personal knowledge of Ace NYC or Museum finances, loans, leases, transactions,

16   governance, management, or legal matters.  Moreover, Agent has no personal knowledge

17   of the books and records of the Ace NYC, does not know how they were kept, and does

18   not believe that he has the experience, education or training to interpret, summarize or

19   understand the Ace NYC's books and records. Chrismas has agreed to pay Agent at

20   Agent's regular hourly rate for the time spent in connection with this Amended Response

21   and has agreed to make available to Agent Ace NYC's books and records.  However,

22   Chrismas has informed Agent that, on the advice of counsel, <u>Chrismas would not assist in</u>

23   <u>the preparation of substantive responses to the Interrogatories by responding to my</u>

24   <u>particular questions based on each of the Interrogatories</u>. For the foregoing reasons, Agent

25   has denied each of the RFAs based on information and belief.

26

27

28

---

1    **RESPONSES TO REQUESTS FOR ADMISSIONS**

2

3        **Response to Request for Admission No. 6:**

4        Deny.

5

6        **Response to Request for Admission No. 7**

7        Deny.

8        **Response to Request for Admission No. 8**

9        Deny.

10        **Response to Request for Admission No. 9**

11        Deny.

12        **Response to Request for Admission No. 10**

13        Deny.

14        **Response to Request for Admission No. 11**

15        Deny.

16        **Response to Request for Admission No. 12**

17        Deny.

18        **Response to Request for Admission No. 13**

19        Deny.

20        **Response to Request for Admission No. 14**

21        Deny.

22        **Response to Request for Admission No. 15**

23        Deny.

24        **Response to Request for Admission No. 16**

25        Deny.

26        **Response to Request for Admission No. 17**

27        Deny.

28        **Response to Request for Admission No. 18**

1  Deny.

2  **Response to Request for Admission No. 19**

3  Deny.

4  **Response to Request for Admission No. 20**

5  Deny.

6  **Response to Request for Admission No. 21**

7  Deny.

8  **Response to Request for Admission No. 22**

9  Deny.

10  **Response to Request for Admission No. 23**

11  Deny.

12  **Response to Request for Admission No. 24**

13  Deny.

14  **Response to Request for Admission No. 25**

15  Deny.

16  **Response to Request for Admission No. 26**

17  Deny.

18  **Response to Request for Admission No. 27**

19  Deny.

20  **Response to Request for Admission No. 28**

21  Deny.

22  **Response to Request for Admission No. 29**

23  Deny.

24  **Response to Request for Admission No. 30**

25  Deny.

26  **Response to Request for Admission No. 31**

27

28  **Response to Request for Admission No. 32**

1    Deny.

2    **Response to Request for Admission No. 33**

3    Deny.

4    **Response to Request for Admission No. 34**

5    Deny.

6    **Response to Request for Admission No. 35**

7    Deny.

8    **Response to Request for Admission No. 36**

9    Deny.

10    **Response to Request for Admission No. 37**

11    Deny.

12    **Response to Request for Admission No. 38**

13    Deny.

14    **Response to Request for Admission No. 39**

15    Deny.

16    **Response to Request for Admission No. 40**

17    Deny.

18    **Response to Request for Admission No. 41**

19    Deny.

20    **Response to Request for Admission No. 42**

21    Deny.

22    **Response to Request for Admission No. 43**

23    Deny.

24    **Response to Request for Admission No. 44**

25    Deny.

26    **Response to Request for Admission No. 45**

27    Deny.

28

1

**Response to Request for Admission No. 46**

Deny.

**Response to Request for Admission No. 47**

Deny.

**Response to Request for Admission No. 48**

Deny.

DATED: November 15, 2018

FREDMAN LIEBERMAN PEARL LLP

By: _____

Marc A. Lieberman, Esq.
Attorneys for Defendants ACE Gallery New York
Corporation; Ace Museum; and Douglas Chrismas

**VERIFICATION**

UNITED STATES BANKRUPTCY COURT          )
                                        )
                                        )
                                        )
CENTRAL DISTRICT OF CALIFORNIA          )

I, Francisco Orellana, declare as follows:

I am the authorized agent of ACE Gallery New York Corporation.  I have read the foregoing **AMENDED RESPONSE OF DEFENDANT ACE GALLERY NEW YORK CORPORATION TO SECOND SET OF REQUESTS FOR ADMISSIONS, SET NO. TWO** and know the contents thereof.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury and under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on this 15 day of November 2018 at _Los Angeles_ , California.

FRANCISCO ORELLANA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FREDMAN LIEBERMAN PEARL LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED RESPONSE OF DEFENDANT ACE GALLERY NEW YORK COROPORATION TO SECOND SET OF REQUEST FOR ADMISSIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**II. SERVED BY UNITED STATES MAIL:**
On (*date*) **November 15, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Attys. For Plaintiff Sam Leslie, Plan Agent
Victor A. Sahn, Esq.
David J. Richardson, Esq.
Sulmeyer Kupetz, APC
333 S. Hope St., 35th Floor
Los Angeles, CA 90071-1406

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 15, 2018 | ADELAIDA FLORES | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FREDMAN LIEBERMAN PEARL LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF MARC A. LIEBERMAN IN SUPPORT OF RESPONSE TO MOTION FOR TERMINATING SANCTIONS AND REQUEST FOR CONTINUANCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 2, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

II. **SERVED BY UNITED STATES MAIL**:
On (*date*) **January 3, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Office of the United States Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 3, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Chambers of the Honorable
Robert N. Kwan
United States Bankruptcy Court
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 3, 2019 | ADELAIDA FLORES | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

# ADDITIONAL SERVICE LIST
## VIA ECF

- Simon Aron    saron@wrslawyers.com
- Jason Balitzer    jbalitzer@sulmeyerlaw.com,
  jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com
- Carolyn A Dye    trustee@cadye.com
- Fahim Farivar    ffarivar@foley.com,
  amcdow@foley.com;scvasquez@foley.com;scvasquez@foley.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-
  lawyers.net,addy.flores@flpllp.com
- J. Bennett Friedman    jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com
- Asa S Hami    ahami@sulmeyerlaw.com,
  agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com
- Matthew P Kelly    mkelly@sulmeyerlaw.com
- Daniel A Lev    dlev@sulmeyerlaw.com,
  asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com
- Ashley M McDow    amcdow@foley.com, scvasquez@foley.com;Ffarivar@foley.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Susan I Montgomery    susan@simontgomerylaw.com,
  assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.
  bestcase.com
- Kurt Ramlo    kr@lnbyb.com, kr@ecf.inforuptcy.com
- David J Richardson    drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com
- Ronald Rus    rrus@brownrudnick.com, tlangford@brownrudnick.com
- Victor A Sahn    vsahn@sulmeyerlaw.com,
  agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@
  ecf.inforuptcy.com
- Michael C Schneidereit    mschneidereit@jonesday.com,
  scollymore@jonesday.com;tckowalski@jonesday.com
- David B Shemano    dshemano@shemanolaw.com
- Jonathan Shenson    jshenson@shensonlawgroup.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Michael W Vivoli    auzcategui@vivolilaw.com, sbrown@vivolilaw.com
- Jessica Vogel    Jvogel@sulmeyerlaw.com,
  jvogel@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com
- Howard J Weg    hweg@robinskaplan.com
- Beth Ann R Young    bry@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**