1  Victor A. Sahn (CA Bar No. 97299)
      vsahn@sulmeyerlaw.com
2  David J. Richardson (CA Bar No. 168592)
      drichardson@sulmeyerlaw.com
3  Asa S. Hami (CA Bar No. 210728)
      ahami@sulmeyerlaw.com
4  **Sulmeyer**Kupetz
   A Professional Corporation
5  333 South Grand Avenue, Suite 3400
   Los Angeles, California 90071-1406
6  Telephone: 213.626.2311
   Facsimile: 213.629.4520
7
   Carolyn A. Dye (CA Bar No. 97527)
8  Law Offices of Carolyn A. Dye
   3435 Wilshire Boulevard, Suite 990
9  Los Angeles, CA 90010
   Telephone: 213-368-5000
10 Facsimile: 213-368-5009

11 Attorneys for Sam S. Leslie, Plan Agent

12                **UNITED STATES BANKRUPTCY COURT**

13        **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

14 In re                                      Case No. 2:13-bk-14135-RK
                                              Chapter 11
15 ART & ARCHITECTURE BOOKS OF THE
   21st CENTURY,                              Adv No. 2:15-ap-01679-RK
16
                Debtors.                      Consolidated with Adv. No. 2:14-ap-01771-RK
17 ─────────────────────────────
                                              **PLAINTIFF'S REPLY BRIEF IN**
18 SAM LESLIE, PLAN AGENT FOR ART &           **SUPPORT OF MOTION PURSUANT TO**
   ARCHITECTURE BOOKS OF THE 21st             **F.R.C.P. 37 AND F.R.B.P. 7037 TO ISSUE**
19 CENTURY,                                   **TERMINATING SANCTIONS AGAINST**
                                              **DEFENDANTS ACE MUSEUM AND ACE**
20            Plaintiff,                       **GALLERY NEW YORK CORPORATION**
                                              **FOR BREACHING THE COURT'S**
21       vs.                                  **OCTOBER 18, 2018 ORDER TO**
                                              **RESPOND TO DISCOVERY;**
22 ACE GALLERY NEW YORK CORPORATION,          **SUPPLEMENTAL DECLARATION OF**
   a California corporation; ACE GALLERY NEW  **DAVID J. RICHARDSON**
23 YORK, INC., a dissolved New York corporation;
   ACE MUSEUM, a California corporation;      **Hearing Date:**
24 DOUGLAS CHRISMAS, an individual; 400 S. LA Date:        January 15, 2019
   BREA, LLC, a California limited liability  Time:        2:30 p.m.
25 company, JENNIFER KELLEN, an individual,   Courtroom:   1675
   CATHAY BANK, a California corporation,                  255 E. Temple St.
26 DARYOUSH DAYAN, an individual, KAMRAN                   Los Angeles, CA 90012
   GHARIBIAN, an individual, and MICHAEL D.
27 SMITH, an individual,

28            Defendants.
   ─────────────────────────────

DJR\ 2658062v1

1    400 S. La Brea, LLC, a California limited
liability company,

2

3                    Cross-Complainant,

v.

4    ACE GALLERY NEW YORK
CORPORATION, a California corporation; ACE

5    GALLERY NEW YORK, INC., a dissolved New
York corporation; ACE MUSEUM, a California

6    corporation; DOUGLAS CHRISMAS, an
individual; SAM LESLIE as TRUSTEE OF THE

7    PLAN TRUST FOR ART & ARCHITECTURE
BOOKS OF THE 21st CENTURY,

8

9                    Cross-Defendants.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

DJR\ 2658062v1

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................................1

II.  REPLY TO CHRISMAS OPPOSITION ..........................................................................2

    A.  The Entity Defendants Have Not Complied with this Court's October 18, 2018 Order ......................................................................................................2

    B.  The Fifth Amendment Privilege Does Not Excuse the Entity Defendants' Non-Compliance with the October 18, 2018 Order ..................................4

    C.  The Suspension of the Entity Defendants Is a Red Herring Attempt at Delay ..........9

III.  REPLY TO THE LIMITED OBJECTION OF 400 S. LA BREA.......................................12

IV.  CONCLUSION ..................................................................................................................14

SUPPLEMENTAL DECLARATION OF DAVID J. RICHARDSON ..........................................16

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>CASES</u>

4

5    <u>Baker v. Limber,</u>
        647 F.2d 912 (9th Cir. 1981).................................................................................... 7

6    <u>Braswell v. United States,</u> 487 U.S. 99, 104, 108 S. Ct. 2284, 101 L. Ed. 2d 98 (1988)............. 6, 7

7    <u>Brooks v. Hilton Casinos,</u>
        959 F.2d 757 (9th Cir. 1992)................................................................................... 5

8

9    <u>Color-Vue, Inc. v. Abrams,</u>
        44 Cal. App. 4th 1599 (1996)............................................................................. 10, 11

10   <u>Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,</u>
        819 F.2d 1519 (9th Cir. 1987).............................................................................. 13

11

12   <u>Curtiss-Wright Corp. v. General Electric Co.,</u>
        446 U.S. 1, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980) ......................................... 12, 13

13   <u>Davis v. Fendler,</u>
        650 F.2d 1154 (9th Cir 1981)......................................................................... passim

14

15   <u>In re Twelve Grand Jury Subpoenas,</u>
        908 F.3d 525 (9th Cir. 2019)................................................................................. 6

16   <u>International Controls Corp. v. Vesco,</u>
        535 F2d 742 (2d Cir. 1976).................................................................................. 14

17

18   <u>J2 Global v. Advanced Messaging Techs., Inc.,</u>
        2016 U.S. Dist. LEXIS 174405 (C.D. Cal. December 15, 2016)........................... 14

19   <u>Moofly Prods., LLC v. Favila,</u>
        2013 U.S. Dist. LEXIS 168356 (C.D. Cal. November 25, 2013) ......................... 11

20

21   <u>Neiman v. Hurff,</u>
        93 A.2d 345 (N.J. Supreme Court)...................................................................... 10

22   <u>Shanghai Automation Instrument Co. v. Kuei,</u>
        194 F. Supp. 2d 995 (N.D. Cal. 2001) ................................................................ 13

23

24   <u>United States v. Derparseghian,</u>
        2016 U.S. Dist. LEXIS 184548 (C.D. Cal. August 16, 2016) .............................. 14

25

26

## <u>RULES</u>

27   Fed. R. Bankr. P. 7026 ............................................................................................. 6

28   Fed. R. Civ. P. 54(b)........................................................................................ 2, 12, 13

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The Plan Agent[1] hereby files this reply brief in reply to the Response to Motion for Terminating Sanctions and Request for Continuance [Dkt. No. 481] filed by Chrismas and (improperly) by the Entity Defendants (the "Chrismas Opposition"), and also to the Limited Objection of the 400 SLB Defendants to Plan Agent's Motion Pursuant to F.R.C.P. 37 and F.R.B.P. 7037 to Issue Terminating Sanctions Against Defendants Ace Museum and Ace Gallery New York Corporation for Breaching the Court's October 18, 2018 Order to Respond to Discovery [Dkt. No. 482] (the "400 SLB Opposition") filed by defendants 400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, and Michael D. Smith (collectively, "400 S. La Brea").

The Chrismas Opposition's efforts to defeat the Motion are based upon the repeated claim that the Plan Agent "does not dispute" that the Entity Defendants have taken certain actions that comply with this Court's October 18, 2018 Order.  The Plan Agent most certainly does dispute every such statement, except for the irrelevant claim that Chrismas provided the Plan Agent with tax forms.  The Motion is not directed at Chrismas, and therefore his own personal compliance with the October 18, 2018 Order is irrelevant.  Since this Court entered its order compelling the Entity Defendants to properly respond to discovery, they have: (i) appointed an "agent" for discovery purposes who admits that he did not, and cannot, read and understand corporate records, and therefore provided cut-and-paste non-answers to outstanding discovery; (ii) continued to provide no responses to the First Set of Interrogatories; (iii) continued to produce no documents that are actually responsive to the Plan Agent's Requests for Production, even while admitting that responsive books, records and accounting files exist but have not been produced; (iv) produced allegedly responsive documents that are all post-confirmation emails, largely made up of Uber/Lyft receipts and spam emails; (v) produced emails pertaining to a single, baseless defense only after the Plan Agent discovered that they had been "informally" produced to 400 S. La Brea;

---

[1]    Capitalized terms not defined herein carry the meaning ascribed to them in the Motion.

1   and (vi) performed all of these acts in violation of California law, while suspended by the FTB.

2   And this is just their actions in the six weeks that preceded the Motion.  The Motion is primarily

3   based on the two years of discovery abuses that preceded these more recent actions, abuses that

4   are not remedied in the slightest by this ongoing affront to the discovery process.  The Chrismas

5   Opposition makes no effort to address the Malone factors, and has failed to demonstrate that

6   terminating sanctions are not appropriate.

7          The Chrismas Opposition also fails to present a valid argument for a continuance of the

8   hearing on the Motion.  The Plan Agent's Motion is not based on the suspension of the Entity

9   Defendants, but on two years of discovery abuses by the Entity Defendants.  The request for a

10  continuance is merely an effort to delay this litigation.  By illegally filing their own response, the

11  Entity Defendants have already shown this Court their arguments in opposition to the Motion.  A

12  continuance will not change their arguments, while reinstatement of their corporate status will be

13  irrelevant to the reasons the Motion was filed, and irrelevant to any ruling that this Court could

14  make on the Motion.

15         The 400 SLB Opposition is also largely irrelevant, as the Motion does not ask this Court

16  for a judgment against any of the defendants other than the Entity Defendants, and does not ask

17  this Court for an enforceable judgment on any claims for which there are potentially joint and

18  several co-defendants, but only asks for a final judgment on the claims asserted solely against Ace

19  Museum for recovery of the Museum Loan balance.  Contrary to the legal argument presented by

20  400 S. La Brea, such an outcome is entirely appropriate under Fed. R. Civ. P. 54(b), and under

21  applicable California and federal case law.

22         Wherefore, for all of the reasons argued in the Motion, and herein, the Plan Agent

23  respectfully requests that this Court grant the Motion.

24                                        **II.**

25                        **REPLY TO CHRISMAS OPPOSITION**

26  **A.      The Entity Defendants Have Not Complied with this Court's October 18, 2018 Order**

27         The Chrismas Opposition claims repeatedly that the "Plan Agent does not dispute" certain

28  claims about the Entity Defendants' supposed compliance with this Court's October 18, 2018

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1  Order.  To be clear, the only statement made in the Chrismas Opposition that the Plan Agent "does

2  not dispute" is that Chrismas eventually provided signed IRS forms to obtain copies of tax returns.

3  That issue was <u>not</u> raised in the Motion as grounds for terminating sanctions because the Motion

4  does not pertain to Chrismas' compliance with the October 18, 2018 Order, but is directed solely at

5  the Entity Defendants' failure to comply with the order.

6  　　　The Plan Agent affirmatively disputes that the Entity Defendants have complied with the

7  order in any legitimate manner.  The Opposition asks for credit that the Entity Defendants

8  "complied" because the Plan Agent eventually received all of the Produced Documents that Ace

9  Museum had "informally" produced to 400 S. La Brea, while ignoring all of the Plan Agent's

10  discovery requests seeking specific, relevant documents.  These Produced Documents are attorney

11  emails pertaining to a single topic, and were only produced to the Plan Agent because the Plan

12  Agent had already obtained them from 400 S. La Brea after learning of 400 S. La Brea's use of a

13  state court judgment debtor exam to conduct an end-run around the federal rules of discovery, not

14  because the Entity Defendants had any intention of making a good faith response to the Plan

15  Agent's requests for production.

16  　　　The Produced Documents are not directly responsive to a single Request for Production,

17  and are only barely relevant to this proceeding to the extent that a declaration filed by David

18  Shemano a year ago created the impression that there is a defense to be asserted by Ace Museum,

19  though it was never pleaded as an affirmative defense.  A further motion will be filed shortly by

20  the Plan Agent that will demonstrate that Mr. Shemano's defense is baseless, or alternatively that

21  the alleged defense was procured by fraud on this Court.  That motion will explain why the

22  Produced Documents will have no relevance to this proceeding, despite the subterfuge that

23  surrounded their production.

24  　　　While the Produced Documents were eventually produced, there are many relevant and

25  responsive documents that the Entity Defendants have refused to produce.  For example, Mr.

26  Orellana claims in the deficient Amended Responses that Chrismas offered to show him books

27  and records of Ace Museum and Ace NYC.  <u>See</u> Richardson Decl. filed with Motion, at <u>Exhibit</u>

28  <u>29</u>, p. 321 ("Chrismas has agreed … to make available to Agent the Museum's books and

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1  records."), and Exhibit 30, p. 350 ("Chrismas has agreed … to make available to Agent Ace

2  NYC's books and records").  Yet these books and records have never been produced.  And a post-

3  confirmation email produced by Chrismas shows that Shirley Holst retrieved Ace Museum

4  accounting records from the Debtor's offices when the Plan Agent gained access.  See

5  Supplemental Declaration of David Richardson, filed herewith, at Exhibit A thereto.  But these

6  accounting records have also not been produced.  The books and records that Mr. Orellana

7  described and the accounting records that Shirley Holst retrieved from the Debtor's offices are just

8  the two categories of responsive documents that have been accidentally revealed by Chrismas.

9  How many more responsive documents are there to be produced in proper discovery?  We will

10  never find out, because the Entity Defendants will never acknowledge that they have an obligation

11  to produce documents regardless of Mr. Chrismas' invocation of the Fifth Amendment privilege.

12      The Chrismas Opposition claims that the Plan Agent's objections to the Amended

13  Responses issued under the signature of Mr. Orellana are "quibbles."  The Entity Defendants'

14  Amended Responses to the Second Discovery Requests were cut-and-paste refusals to provide any

15  actual response, from an "agent" who admitted that he could not understand corporate books and

16  records and may not have read any of the Entity Defendants' documents before signing his cut-

17  and-paste non-answers.  It is not a "quibble" to argue that such responses could not possibly

18  constitute a good faith response to this Court's October 18, 2018 Order.  Moreover, the Chrismas

19  Opposition simply ignores the fact that the Entity Defendants have still not provided any

20  responses of any kind to the Plan Agent's first set of Interrogatories.

21  **B.    The Fifth Amendment Privilege Does Not Excuse the Entity Defendants' Non-**

22      **Compliance with the October 18, 2018 Order**

23      The Chrismas Opposition attempts to justify the non-answers of the Amended Responses

24  by arguing that Mr. Orellana could not obtain information because Mr. Chrismas refused to

25  provided assistance on advice of counsel.  But the Fifth Amendment privilege invoked by Mr.

26  Chrismas is not a blanket excuse that can justify the Entity Defendants' refusal to participate in

27  discovery.  It is not enough to simply throw out the claim of a "Fifth Amendment privilege" as an

28  excuse to refrain from providing substantive discovery responses, especially when the responding

1 party is a corporation.  The Ninth Circuit's review of orders granting motions such as the Plan

2 Agent's Motion is instructive in demonstrating this point.  When a defendant invokes the Fifth

3 Amendment privilege as an excuse for failing to provide substantive discovery responses, and then

4 the court issues discovery sanctions against the defendant, the Ninth Circuit considers any appeal

5 of that order using a two-step analysis.

> (1) did the party resisting discovery properly assert his Fifth
> Amendment privilege, and (2) if not, did the district judge abuse his
> discretion in imposing the sanction involved.

8 <u>Davis v. Fendler</u>, 650 F.2d 1154, 1159 (9th Cir 1981); <u>see</u> <u>also</u> <u>Brooks v. Hilton Casinos</u>, 959 F.2d

9 757 (9th Cir. 1992).

10     As the Ninth Circuit explained in <u>Davis</u>, a general statement about the Fifth Amendment

11 privilege of the sort that Mr. Orellana made in the Amended Responses is insufficient to

12 demonstrate a proper invocation of the Fifth Amendment privilege.  Rather,

> objections should be plain enough and specific enough so that the
> court can understand in what way the interrogatories are alleged to
> be objectionable. Appellant never identified, with any specificity,
> the interrogatories to which the claim of privilege pertained.
> Appellant's blanket claim of privilege is simply not sufficient.

16 <u>Davis v. Fendler</u>, 650 F.2d at 1160.

17     For example, the Plan Agent's first set of Requests for Production asked each of the Entity

18 Defendants for copies of all lease documents pertaining to a storage location on S. Cochran

19 Avenue.  The Entity Defendants did not provide any explanation for how production of such

20 documents would expose Chrismas to criminal liability.

21     The Plan Agent's Interrogatory No. 7 asks Ace NYC for a list of any artists for whom it

22 conducted consignment sales.  Chrismas claims that these are artists who will testify in his favor at

23 trial, but refuses to identify them.  Ace NYC has never responded to this Interrogatory, in any

24 manner.  Even if Chrismas' Fifth Amendment privilege is the reason, and even if the failure to

25 respond has not waived this objection, Ace NYC has never provided any explanation for how a list

26 of Ace NYC's "own" consignment artists would expose Chrismas to criminal liability (particularly

27 given that his counsel insists that he will present such information at trial).

28     And Interrogatory No. 64 asks Ace NYC to provide details of any capitalization that it

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    received from Chrismas.  There is no substantive response, and no explanation for how a response

2    to this interrogatory could expose Chrismas to liability.  Chrismas does not get to make this

3    determination on his own.  He must provide an explanation that permits this Court to determine

4    whether the Entity Defendants can properly assert a Fifth Amendment privilege.  <u>Davis v. Fendler</u>,

5    650 F.2d at 1160 ("The claimant is not the final arbiter of the validity of his assertion. A proper

6    assertion of a Fifth Amendment privilege requires, at a minimum, a good faith effort to provide

7    the trial judge with sufficient information from which he can make an intelligent evaluation of the

8    claim").

9          And then there is the issue of documents.  No responsive documents have ever been

10    produced by the Entity Defendants in response to either the First or Second Set of Requests for

11    Production.  The Produced Documents that were informally produced to 400 S. La Brea, and then

12    obtained by the Plan Agent from 400 S. La Brea, are not directly responsive to any request for

13    documents.  If Ace Museum believes they are relevant documents, then they should have been

14    produced as initial or supplemental disclosures under Rule 7026. But their informal production to

15    400 S. La Brea, and the Plan Agent's discovery of such production, is not compliance with this

16    Court's October 18, 2018 Order.  All other documents produced in response to the Court's October

17    18, 2018 Order are post-confirmation documents such as Uber receipts and junk emails that have

18    no bearing on the Plan Agent's pre-confirmation claims, and are not responsive.  Meanwhile, the

19    Entity Defendants have withheld books and records that their Amended Responses describe, and

20    have withheld accounting records that Shirley Holst removed from the Debtor's premises.

21          The Fifth Amendment is not an excuse, not only because the Entity Defendants have

22    provided no explanation for how production of documents would incriminate Mr. Chrismas, but

23    because the privilege does not protect a corporate entity from producing documents.  <u>In re Twelve</u>

24    <u>Grand Jury Subpoenas</u>, 908 F.3d 525, 528 (9th Cir. 2019) ("a corporate 'custodian may not resist a

25    subpoena for corporate records on Fifth Amendment grounds' … regardless of whether the

26    custodian could 'show that his act of production would entail testimonial self-incrimination.' ")

27    (<u>quoting</u> <u>Braswell v. United States</u>, 487 U.S. 99, 104, 108 S. Ct. 2284, 101 L. Ed. 2d 98 (1988)).

28    The appointment of Mr. Orellana to serve as the Entity Defendants' agent for discovery purposes

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1   erased any claim that Mr. Chrismas might make that production of documents would be deemed

2   production by him, personally.  See Braswell, 487 U.S. at 118, fn. 11.

3          Indeed, the production of non-responsive Uber receipts and spam emails by Chrismas and

4   the Entity Defendants demonstrates that they acknowledge an obligation to produce documents,

5   yet have made no effort to produce truly responsive documents or explain how their production

6   would necessarily incriminate Chrismas.

7          Because the Entity Defendants have not properly asserted Chrismas' Fifth Amendment

8   privilege as grounds to refuse to provide any substantive discovery responses or produce any

9   properly responsive documents, the only remaining issue is whether the terminating sanctions

10  requested by the Plan Agent would represent a proper exercise of this Court's discretion.  Davis v.

11  Fendler, 650 F.2d at 1161.  The Ninth Circuit further explained in Davis that the imposition of

12  default judgment as a discovery sanction requires "willfulness or bad faith."  Id. (affirming

13  sanction of entry of default judgment) (citing Baker v. Limber, 647 F.2d 912, 918 (9th Cir. 1981).

14  The Ninth Circuit's description of the "willfulness" and "bad faith" that supported terminating

15  sanctions in that case is instructive, as it could be read word-for-word to apply in this case:

16          We hold that the district court did not abuse its discretion in entering
            default judgment against appellant. The sanction was imposed
17          because of appellant's persistent unresponsiveness to both informal
            discovery requests and formal court orders. Appellant never
18          appeared to take seriously the district judge's orders. Appellant, who
            explained that the reason for the sanction "was simply that there was
19          a philosophical difference of opinion between the district judge and
            the litigant as to how much information should be revealed when
20          invoking the privilege to assure him that there was a reasonable
            basis therefor", decided that he would be the "final arbiter" of the
21          validity of his claim of privilege. The timing and nature of
            appellant's objections, the dilatory and evasive tactics, and the
22          intentional and willful flouting of the obligations of the discovery
            provisions and of the district judge's authority, all make it evident
23          that appellant was proceeding in bad faith. Our review of the record
            convinces us that the district judge was well within his discretion in
24          assessing the sanction of default judgment. We would be
            undermining the authority of our district judges to prevent further
25          proliferation of discovery abuses if we were to hold otherwise.

26  Davis, 650 F.2d at 1161.  Two years of discovery abuses, and a failure to properly respond to an

27  order compelling discovery responses and document production, are the epitome of willfulness

28  and bad faith.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    The Plan Agent's request for terminating sanctions is less about punishment than about

2  ensuring that the litigation process is fair, and that the rules of procedure are followed.  Discovery

3  rules are meant to provide opposing parties with responsive documents, with explanations of

4  defenses, with lists of witnesses, with future exhibits, and with other such information.  The Plan

5  Agent has received none of that, despite two years of trying.

6    Without the relief requested in the Motion, the day will come (likely on the eve of trial),

7  when Chrismas and the Entity Defendants will suddenly claim a lengthy list of witnesses and

8  exhibits, and present new defenses that do not appear in past answers as affirmative defenses.

9  They will argue that the Plan Agent does not have enough evidence against them, while

10  continuing to refuse to provide any responsive documents or interrogatory responses.  The abuse

11  of the discovery process that the Entity Defendants have shown for two years, and the likely

12  continued abuse that they will show absent terminating sanctions, is the reason that the option of

13  terminating sanctions exists.  As the Ninth Circuit explained in <u>Davis v. Fendler</u>, *supra*, "We will

14  not permit a litigant to play cat and mouse with the court, waive his right to appear at the most

15  important hearing in the litigation and then come forward and claim that the court was in error in

16  proceeding as it did."  <u>Id</u>. at 1162.

17    It bears noting that just four months ago, even the Entity Defendants were taking the

18  position in this Court that terminating sanctions were an appropriate remedy against them for their

19  own discovery abuses—indeed, <u>asking</u> this Court to issue terminating sanctions against them.  <u>See</u>

20  Motion for a Protective Order to Stay Discovery, or in the Alternative, Motion to Allow Counsel

21  to Withdraw as Counsel for Ace Gallery New York Corporation and Ace Museum Corporation

22  [Dkt. No. 409], filed on September 7, 2018, at p. 5 ("Movants request that the Court … Strike

23  Movants' answer, allow their defaults to be taken, and require the Plan Agent to prove his case in a

24  default prove-up hearing …").  Alternatively, the Entity Defendants proposed that they be barred:

25  "(a) from having a representative testify on their behalf; (b) putting on the testimony of any

26  witness not previously identified to Plaintiff except a true rebuttal witness; and (c) introducing into

27  evidence documents not previously produced or that are not properly the subject to judicial notice

28  …"  <u>Id</u>.  But for the limited need for any prove-up hearing on damages, pursuant to applicable law,

1  this is essentially the same relief requested by the Plan Agent in his Motion—terminating

2  sanctions, or alternatively, discovery sanctions.

3        The Entity Defendants have not made the slightest good faith attempt to respond to this

4  Court's October 18, 2018 Order compelling proper discovery responses.  Entry of terminating

5  sanctions is an appropriate remedy.

6  **C.    The Suspension of the Entity Defendants Is a Red Herring Attempt at Delay**

7        Mr. Chrismas has no legitimate grounds to oppose the Motion, and so instead he has asked

8  for a continuance of the hearing on the Motion so that the Entity Defendants can have time to

9  revive their corporate status.  This is simply a request for delay, and a red herring that should have

10 no bearing on the outcome of the Motion.

11        The Plan Agent's Motion is <u>not</u> based on the suspension of the Entity Defendants, but is

12 based on two years of discovery abuses by the Entity Defendants.  As the Plan Agent argued in the

13 Motion:

14              this Motion is based upon the Entity Defendants' flagrant abuse of
              the discovery process for more than two years.  FTB suspension is
15            simply a factor that goes to whether the Entity Defendants may
              appear to oppose this Motion without violating California law.  Even
16            if the Entity Defendants promise to revive their corporate status, it
              will be irrelevant to all of the grounds that are advanced in this
17            Motion for entry of terminating sanctions.

18 Motion at p. 23.

19        Because the Entity Defendants have improperly added their name to the Chrismas

20 Opposition, this Court can see the substantive response to the Motion that the Entity Defendants

21 wish to present.  Revival of their corporate status will not create new grounds to oppose the

22 Motion.  These same parties who have complained repeatedly that this litigation is taking too long

23 are once again seeking delay for no legitimate purpose.

24        Mr. Chrismas and the Entity Defendants have known about their FTB suspension since at

25 least August 2018, as an email filed with the Motion demonstrates that they were looking into

26 reviving the companies at that time.  <u>See</u> Exhibit 38 to Richardson Decl. filed in support of

27 Motion.  Yet they did nothing to revive the companies, and continually violated California law by

28 filing pleadings in this Court without seeking any continuance of past proceedings to permit them

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1   to remedy the suspension.

2       Mr. Lieberman informed the Plan Agent's counsel on November 28, 2018, that he had

3   learned of the suspension, and that he intended to take immediate action, both by informing the

4   Court of the suspension, and, in an earlier email in the same email chain, potentially seeking to

5   withdraw since he could not legally represent the suspended clients:

> Following up on my email below, I learned yesterday that both Ace
> Museum and Ace Gallery New York City have been suspended for
> failure to pay taxes.  I don't know when it happened or whether or when
> they will be reinstated/revived.  However, I <u>cannot represent them so
> long as they are tax defaulted</u>. *City of San Diego v San Diegans for Open
> Government* (2016) 2 CA5th 568, 578 ((It is unethical and illegal for a
> lawyer, knowing that a corporation is suspended for failing to pay taxes,
> and thus prohibited from litigating in court, to file an answer on behalf of
> the corporation while concealing the suspension from the court and
> opposing counsel).  Anyone who purports to exercise the rights and
> powers of a suspended corporation—possibly including a lawyer who
> appears on its behalf—is guilty of a misdemeanor. [Rev & Tax. C.
> §19719].  In addition, a lawyer who knowingly represents a suspended
> corporation an conceals this fact from the court may be subject to
> sanctions.  *Palm Valley Homeowner Ass'n, Inc v Design MTC*, 85 CA4th
> 563.  Based on the foregoing authorities, I intend to inform the court that
> the corporations have been suspended.

15  <u>See</u> <u>Exhibit 34</u> to Richardson Decl. (emphasis in original).

16      Rather than inform this Court of the suspension, Mr. Lieberman waited more than a month

17  to acknowledge the issue in the Chrismas Opposition, and then only to seek a further continuance

18  of the Motion.

19      Chrismas' and the Entity Defendants' request for a continuance is a classic demonstration

20  of the doctrine of *commodum ex injuria sua nemo habere debet*, that a wrongdoer should not be

21  enabled by law to take any advantage from his actions.  The doctrine is "essential to the

22  observance of morality and justice, has been universally recognized in the laws of civilized

23  communities for centuries and is as old as equity. Its sentiment is ageless." <u>Neiman v. Hurff</u>, 93

24  A.2d 345, 347 (N.J. Supreme Court) (citing multiple treatises).

25      In a particularly odd footnote, Chrismas cites to <u>Color-Vue, Inc. v. Abrams</u>, 44 Cal. App.

26  4th 1599 (1996) for the concept that a party that waited 51 days to inform the court that its

27  opponent was suspended, and did not mention the issue in pleadings filed during that time, had

28  waived the right to seek relief based upon that suspension.  Chrismas appears to be directing this

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    towards the Plan Agent, but it is misplaced.

2         The Motion is the first pleading that the Plan Agent has filed since learning of the

3    suspension three weeks earlier, and it provided the first opportunity to inform this Court about the

4    suspension.  Chrismas has known of the Entity Defendants' suspension since at least August 2018.

5    Mr. Lieberman informed the Plan Agent of the suspension on November 28, 2018, and stated at

6    that time that he would be the one to inform this Court about the suspension—yet he did not do so.

7         The Plan Agent is not the party that is seeking to use the fact of the Entity Defendants'

8    suspension to obtain relief from this Court.  The Plan Agent's Motion informs the Court of the

9    suspension, and then argues that it is irrelevant to the relief requested in the Motion.  It is the

10   Chrismas Opposition that seeks to use the suspension as grounds for a continuance—the same

11   suspension that he has ignored for more than five months, until now.  Under his own authority of

12   Color-Vue, Chrismas has waived the right to ask for more time to revive the Entity Defendants by

13   failing to inform this Court of the suspension during a five months period during which the Entity

14   Defendants filed multiple pleadings in violation of California law, without a single mention of

15   their FTB suspension.

16        Nor does the request for a continuance comport with California law.  Where the principal

17   of a suspended corporation seeks a continuance, it must inform the Court of the specific steps that

18   it has taken towards obtaining a certificate of revivor.  Moofly Prods., LLC v. Favila, 2013 U.S.

19   Dist. LEXIS 168356 *13 (C.D. Cal. November 25, 2013) (stay of case was not appropriate where

20   "Counter-Defendants have not indicated what steps, if any, they have taken to revive Counter-

21   Defendant GFI, or if they intend to do so").  Mr. Lieberman's declaration filed with the Chrismas

22   Opposition states only the hearsay claim that he has been told that Chrismas is "in the process of

23   causing one or both of the Entity Defendants to be reinstated."  See Lieberman Decl. at ¶ 8

24   (emphasis added).  Mr. Lieberman skips over the fact that the Entity Defendants have been

25   suspended for at least five months, does not describe the grounds for suspension, does not explain

26   whether both Entity Defendants are actively seeking revivor, and does not provide any evidence of

27   actual steps that have been taken.  In a separate footnote, Mr. Lieberman mistakenly claims that it

28   is "Ace Gallery" that Chrismas is seeking to reinstate.  Id. at fn. 2.  Chrismas allowed the Entity

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

11

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1   Defendants to remain suspended, yet active in litigation, for five months.  The lack of specific,

2   non-hearsay information about his alleged efforts to now revive "one or both" of the Entity

3   Defendants is insufficient to justify a continuance, particularly when the issue is irrelevant to the

4   relief sought in the Motion.

5       The request for a continuance is nothing more than the latest game in a string of discovery

6   abuses, and should be denied.

7                                                   **III.**

8                   **REPLY TO THE LIMITED OBJECTION OF 400 S. LA BREA**

9       The limited objection filed by 400 S. La Brea (the "400 SLB Objection") explains that the

10  Plan Agent's Motion acknowledges that a judgment against 400 S. La Brea is not res judicata to

11  the claims asserted jointly and severally against 400 S. La Brea, and that the amount of damages

12  that should be awarded on claims that are also asserted against co-defendants should be resolved at

13  trial.  Yet the 400 SLB Objection spends several pages arguing these points, as if they are

14  disputed.  They are not.

15      The primary dispute identified by the 400 SLB Objection is its claim that this Court should

16  not grant a final, executable judgment against Ace Museum on the claims to recover the minimum

17  amount of the Museum Loan balance, based upon Chrismas' own sworn statements made to this

18  Court in the Monthly Operating Reports.

19      Entry of a final judgment against Ace Museum on the loan claims, despite continuing

20  litigation of other claims against co-defendants on other claims, is specifically permitted by Fed.

21  R. Civ. P. 54(b).  See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S. Ct. 1460,

22  64 L. Ed. 2d 1 (1980) (Rule 54 "allows a district court dealing with multiple claims or multiple

23  parties to direct the entry of final judgment as to fewer than all of the claims or parties; to do so,

24  the court must make an express determination that there is no just reason for delay.").

25      The Plan Agent has already obtained possession of artwork(s) that were located in Ace

26  Museum's premises under a Writ of Possession entered by this Court.  Entry of a final judgment

27  on the loan claims would permit the Plan Agent to satisfy the judgment with proceeds from the

28  sale of such artwork(s).  To delay such recovery for the estate until this entire litigation is

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    completed and beyond all appeals would cause substantial prejudice to the estate.  Such prejudice

2    is grounds for finding that a final judgment on limited claims is appropriate for abuse of the

3    discovery process.  Curtiss-Wright Corp., 446 U.S. at 6 ("The [district] court observed that the

4    complex nature of the remaining claims could, without certification, mean a delay that 'would span

5    many months, if not years.' ").

6        The mere fact that 400 S. La Brea has counterclaims and crossclaims of its own has no

7    bearing on the propriety of entering judgment against Ace Museum on the loan claims.  Id. at 9;

8    Davis v. Fendler, 650 F.2d at 1164 ("The pendency of counterclaims alone does not prevent a Rule

9    54(b) certification ... A district judge's Rule 54(b) certification is to be upheld absent an abuse of

10   discretion.") (citing Curtiss-Wright, supra).

11       400 S. La Brea's citation to Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819

12   F.2d 1519 (9th Cir. 1987) is off-point.  The partial final judgment entered in Goodyear was an

13   order granting partial summary judgment on certain issues of fact and law, narrowing the issues

14   for trial, and it was upheld by the Ninth Circuit.  The Plan Agent's request for entry of final

15   judgment against Ace Museum only reaches the loan claims that are asserted only against Ace

16   Museum, solely for Ace Museum's contractual liability to repay an outstanding pre-petition loan

17   balance.  There are no co-defendants on these specific claims.

18       There is "no just reason for delay" in entering a final judgment on the Plan Agent's loan

19   claims against Ace Museum, particularly as the minimum loan balance is based upon Chrismas'

20   sworn statements.  F.R.C.P. 54(b).  Mr. Chrismas has repeatedly made statements to this Court

21   under penalty of perjury in each Monthly Operating Report, and the Debtor's schedules, stating the

22   current balance of the Museum Loan.  There is no dispute as to the minimum amount of that

23   balance.  Any additional damages for fraudulent repayments of the loan may form a component of

24   the Plan Agent's damages on his fraud claim against Ace Museum or Chrismas, to be proven at

25   trial.  But the damages on the loan claims against Ace Museum may be finally determined based

26   upon Mr. Chrismas' sworn statements.  This is the proper procedure on claims that are asserted

27   solely against one party, for which there are no co-defendants.  Shanghai Automation Instrument

28   Co. v. Kuei, 194 F. Supp. 2d 995, 1006 (N.D. Cal. 2001) (default judgment should not be final

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1   against defaulting defendants if there are joint and several co-defendants remaining for trial on the

2   same claim); International Controls Corp. v. Vesco, 535 F2d 742, 749 (2d Cir. 1976) (permitting

3   final judgment on claims where final damages may be determined, and reserving final judgment

4   on other claims pending future trial on damages amounts).

5       400 S. La Brea makes no attempt to explain how a final judgment on the Plan Agent's

6   claims to collect the Museum Loan balance—asserted solely against Ace Museum—could have

7   any binding effect on 400 S. La Brea, or any other co-defendant on separate claims asserted

8   against them under federal bankruptcy law.  400 S. La Brea is not a defendant to the loan claims.

9   And because the Plan Agent's Motion does not provide 400 S. La Brea with the opportunity to

10  present evidence contradicting Mr. Chrismas' statements in the Monthly Operating Reports, any

11  final judgment against Ace Museum on these limited claims will not be binding on 400 S. La Brea

12  for any claims or allegations asserted against it by the Plan Agent.  See J2 Global v. Advanced

13  Messaging Techs., Inc., 2016 U.S. Dist. LEXIS 174405 *7-8 (C.D. Cal. December 15, 2016) (final

14  judgment against one defendant was proper upon finding that such a judgment would "not require

15  a finding of liability" against a co-defendant); United States v. Derparseghian, 2016 U.S. Dist.

16  LEXIS 184548 *7 (C.D. Cal. August 16, 2016) (final judgment against one defendant would not

17  "be inconsistent" with potential judgments against co-defendants).

18      Entry of a final, executable judgment against Ace Museum on the breach of contract and

19  common counts to recover the balance of the Museum Loan is appropriate under applicable law.

20                                  **IV.**

21                              **CONCLUSION**

22      Wherefore, the Plan Agent respectfully requests that the Court grant Plaintiffs' Motion and

23  enter terminating sanctions against each of the Entity Defendants on the First through Eleventh,

24  and Twentieth through Twenty-Fourth claims for relief.

25      The Plan Agent further requests entry of a final judgment on the Museum Loan-related

26  claims for relief (Twentieth through Twenty-Fourth claims for relief), with damages established at

27  $3,187,539.80 based upon Chrismas' sworn testimony, plus $47,201.04 in fees and costs, a finding

28  that there is no just reason for delay in entering final judgment on such loan-related claims.

1    The Plan Agent further requests that this Court hold a hearing on the damages for all other

2  claims for relief (the First through Eleventh claims for relief), set to take place contemporaneous

3  with trial.

4    Alternatively, the Court should grant evidentiary sanctions precluding the Entity

5  Defendants from disputing facts relating to the discovery requests that the Plan Agent propounded,

6  or presenting evidence at trial.

7

8  DATED:  January 8, 2019                    **Sulmeyer**Kupetz
                                              A Professional Corporation
9

10

11                                            By:    _/s/ Victor A. Sahn_
                                                   Victor A. Sahn
12                                                 David J. Richardson
                                                   Attorneys for Sam Leslie, Plan Agent
13

14 DATED:  January 8, 2019                    Law Offices of Carolyn A. Dye

15

16

17                                            By:    _/s/ Carolyn A. Dye_
                                                   Carolyn A. Dye
18                                                 Attorneys for Sam Leslie, Plan Agent

19

20

21

22

23

24

25

26

27

28

*SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520*

## SUPPLEMENTAL DECLARATION OF DAVID J. RICHARDSON

I, David J. Richardson, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.      I am Senior Counsel with the law firm SulmeyerKupetz, a Professional Corporation ("SulmeyerKupetz"), special litigation counsel to Sam S. Leslie (the "Plan Agent"), Plan Agent for the chapter 11 estate of Art & Architecture Books of the 21st Century, dba Ace Gallery (the "Debtor") in the above-entitled bankruptcy case (the "Bankruptcy Case").

3.      I am an attorney licensed to practice law in the State of California, in the United States District Court and the Bankruptcy Courts for the Southern, Central, Northern and Eastern Districts of California, and in the United States Court of Appeals for the Ninth Circuit.  I make this Declaration in support of the Plaintiff's Reply Brief in Support of Motion Pursuant to F.R.C.P. 37 and F.R.B.P. 7037 to Issue Terminating Sanctions Against  Defendants Ace Museum and Ace Gallery New York Corporation for Breaching the Court's October 18, 2018 Order to Respond to Discovery, with which this Declaration is filed.  This Declaration is supplemental to a Declaration that I filed in support of the Motion, on December 19, 2018 (the "Original Declaration").

4.      In my Original Declaration I described my receipt of documents defined as the Entity Production on December 14, 2018.  One of those documents contained within the Entity Production is an email exchange between Shirley Holst, Ace Museum's accountant, and an Ace Museum employee named "Anna," dated April 28, 2018, discussing certain Ace Museum accounting records, a true and correct copy of which is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 8th day of January, 2019, at Los Angeles, California.

_____
        */s/ David J. Richardson*
        DAVID J. RICHARDSON

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT A

**From:** **Shirley Holst** shirleycpa@verizon.net
**Subject:** Re: AGNY
**Date:** April 28, 2018 at 6:42 AM
**To:** acemuseum@acemuseum.org



It is a red notebook. I think if I remember correctly Sam would only give us Ace Museum.
Look for a red notebook. I picked up Museum before we moved from La Brea.

Sent from my iPad
Shirley Holst

On Apr 27, 2018, at 11:01 AM, "acemuseum@acemuseum.org" <acemuseum@acemuseum.org> wrote:

Good morning Shirley,

Douglas wants to open a new Ace Galley New York bank account and we
cannot seem to find the folder with all the documents that the bank might
request.

Do you perhaps remember where the folder could be? Any tips or ideas would
be much appreciated.

Thank you,

Anna

ACE MUSEUM
8306 WILSHIRE BLVD.
BEVERLY HILLS, CALIFORNIA, 90211
(323) 965-8200
www.acemuseum.org
acemuseum@acemuseum.org

*KINDLY CONFIRM YOU HAVE RECEIVED THIS MESSAGE*

Chris/NYC/Museum000845

EXHIBIT A  -  17

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION PURSUANT TO F.R.C.P. 37 AND F.R.B.P. 7037 TO ISSUE TERMINATING SANCTIONS AGAINST DEFENDANTS ACE MUSEUM AND ACE GALLERY NEW YORK CORPORATION FOR BREACHING THE COURT'S OCTOBER 18, 2018 ORDER TO RESPOND TO DISCOVERY; SUPPLEMENTAL DECLARATION OF DAVID J. RICHARDSON** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 8, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Simon Aron on behalf of Interested Party Courtesy NEF - saron@wrslawyers.com
- Jason Balitzer on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com; dwalker@ecf.inforuptcy.com; kmccamey@sulmeyerlaw.com
- Keith Patrick Banner on behalf of Defendant 400 S La Brea, LLC a California limited liability company - kbanner@greenbergglusker.com, sharper@greenbergglusker.com; calendar@greenbergglusker.com
- Brian L Davidoff on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company - bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com; jking@greenbergglusker.com
- Carolyn A Dye on behalf of Plaintiff Sam Leslie - trustee@cadye.com
- Fahim Farivar on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company - ffarivar@foley.com, amcdow@foley.com; khernandez@foley.com; scvasquez@foley.com
- Alan W Forsley on behalf of Defendants Ace Museum, a California corporation; Ace Gallery New York Corporation, a California corporation; Ace Gallery New York, Inc., a dissolved New York corporation; Douglas Chrismas - alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net,addy.flores@flpllp.com
- J. Bennett Friedman on behalf of Defendant Jennifer Kellen - jfriedman@flg-law.com, msobkowiak@flg-law.com; jmartinez@flg-law.com
- Asa S Hami on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; ahami@ecf.inforuptcy.com
- Matthew P Kelly on behalf of Interested Party Courtesy NEF - mkelly@sulmeyerlaw.com
- Daniel A Lev on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; dlev@ecf.inforuptcy.com; dwalker@sulmeyerlaw.com
- Ashley M McDow on behalf of Defendant, Cross/Counter-Claimant 400 S La Brea, LLC a California limited liability company - amcdow@foley.com, scvasquez@foley.com; Ffarivar@foley.com
- Krikor J Meshefejian on behalf of Interested Party Courtesy NEF - kjm@lnbrb.com
- Susan I Montgomery on behalf of Interested Party Susan I. Montgomery - susan@simontgomerylaw.com, assistant@simontgomerylaw.com; simontgomerylawecf.com@gmail.com; montgomerysr71631@notify.bestcase.com
- Kurt Ramlo on behalf of Interested Party Courtesy NEF - kr@lnbyb.com, kr@ecf.inforuptcy.com
- David J Richardson on behalf of Plaintiff, Cross-Defendant Sam Leslie - drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com
- Ronald Rus on behalf of Defendant 400 S La Brea, LLC a California limited liability company - rrus@brownrudnick.com, tlangford@brownrudnick.com
- Victor A Sahn on behalf of Plaintiff, Cross-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; asokolowski@sulmeyerlaw.com; vsahn@ecf.inforuptcy.com
- Michael C Schneidereit on behalf of Interested Party AERC Desmond's Tower, LLC - mschneidereit@jonesday.com, scollymore@jonesday.com; tckowalski@jonesday.com
- David B Shemano on behalf of Defendants Ace Museum, a California corporation/Douglas Chrismas - dshemano@shemanolaw.com
- Jonathan Shenson on behalf of Interested Party Jonathan Seligmann Shenson - jshenson@shensonlawgroup.com
- Mark Shinderman on behalf of Mediator Mark Shinderman - mshinderman@milbank.com, dmuhrez@milbank.com
- United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
- Michael W Vivoli on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company/Witness Fortuna Asset Management/Witness Kamran Gharibian - auzcategui@vivolilaw.com, sbrown@vivolilaw.com
- Jessica Vogel on behalf of Interested Party Courtesy NEF - Jvogel@sulmeyerlaw.com, jvogel@ecf.inforuptcy.com; mviramontes@sulmeyerlaw.com
- Howard J Weg on behalf of Defendant Ace Museum, a California corporation - hweg@robinskaplan.com
- Beth Ann R Young on behalf of Interested Party Courtesy NEF - bry@lnbyb.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  January 8, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Robert Kwan – **VIA PERSONAL DELIVERY**
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012 - Bin outside of Suite 1682

**Attorneys for Cathay Bank – VIA EMAIL (courtesy copy)**
Reed S. Waddell, Esq.
Frandzel Robins Bloom & Csato, L.C.
E-mail:  rwaddell@frandzel.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 8, 2019 | Andrea Gonzalez | /s/ Andrea Gonzalez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**