Victor A. Sahn (CA Bar No. 97299)
vsahn@sulmeyerlaw.com
David J. Richardson (CA Bar No. 168592)
drichardson@sulmeyerlaw.com
Asa S. Hami (CA Bar No. 210728)
ahami@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Carolyn Dye (CA Bar No. 97527)
Law Offices of Carolyn A. Dye
3435 Wilshire Boulevard, Ste 990
Los Angeles, CA 90010
Telephone: 213-368-5000
Facsimile: 213-368-5009

Attorneys for Sam Leslie, Plan Agent

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ART & ARCHITECTURE BOOKS OF THE 21st CENTURY,<br><br>Debtors.<br>_____<br>SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 21st CENTURY,<br><br>Plaintiff,<br>vs.<br><br>ACE GALLERY NEW YORK CORPORATION, a California corporation; et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | Case No. 2:13-bk-14135-RK<br><br>Chapter 11<br><br>Adv No. 2:15-ap-01679-RK<br><br>Consolidated with Adv. No. 2:14-ap-01771-RK and Adv. No. 2:15-ap-01680-RK<br><br>**NOTICE OF MOTION AND MOTION OF PLAN AGENT TO DISMISS COUNTERCLAIMS OF DOUGLAS CHRISMAS**<br><br>[FILED CONCURRENTLY WITH DECLARATION OF VICTOR A. SAHN, REQUEST FOR JUDICIAL NOTICE, AND APPENDIX OF LEXIS CASE LAW]<br><br>Date:   March 13, 2019<br>Time:   1:30 p.m.<br>Place:  U.S. Bankruptcy Court<br>             Courtroom 1675<br>             255 E. Temple St.<br>             Los Angeles, CA 90012 |

DJR\ 2659490v1

**TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE, ALL DEFENDANTS AND THEIR COUNSEL, AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Sam S. Leslie, in his exclusive capacity as Plan Agent (the "Plan Agent") under the confirmed Modified Second Amended Plan of Reorganization of the Official Committee of Unsecured Creditors (the "Plan"),[1] hereby moves pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b) (the "Motion") to dismiss the Counter-Complaint Against Art & Architecture Books of the 21st Century (the "Counterclaims") [Dkt. No. 497] filed on January 31, 2019, by Douglas Chrismas ("Chrismas") against the Plan Agent in his capacity as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century, and against Art & Architecture Books of the 21st Century (the "Debtor").

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, and all documents in the record of the above-captioned adversary proceeding and chapter 11 bankruptcy case.

**PLEASE TAKE FURTHER NOTICES** that a hearing on the Motion is scheduled to take place on March 13, 2019, at 1:30 p.m., in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Courtroom 1675, 255 East Temple St., Los Angeles, CA 90012.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1, any opposition to the Motion must be filed with the Court and served no later than fourteen (14) days before the hearing date (*i.e.*, February 27, 2019).

/ / /
/ / /
/ / /
/ / /

---

[1] The Plan Agent files this motion under the broadest scope of the Plan Agent's authority, including on behalf of the Plan Agent, the Debtor, the Post Confirmation Debtor, and the Estate (as those terms are defined under the Plan). All references to the Plan Agent are deemed to refer to the Plan Agent, the Debtor, the Post-Confirmation Debtor, and the Estate.

DJR\ 2659490v1                    1

1 | DATED: February 20, 2019 | **Sulmeyer**Kupetz
A Professional Corporation

By: */s/ Victor A. Sahn*
Victor A. Sahn
David J. Richardson
Attorneys for Sam Leslie, Plan Agent

DATED: February 20, 2019 | Law Offices of Carolyn A. Dye

By: */s/ Carolyn A. Dye*
Carolyn A. Dye
Attorneys for Sam Leslie, Plan Agent

DJR\ 2659490v1    2

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL BACKGROUND .................................................................................................1

III. LEGAL ARGUMENT ...........................................................................................................3

    A. The Counterclaims Brought in the Name of Douglas Chrismas Fail to State a Claim ........................................................................................................................3

    B. The Counterclaims Brought in the Name of Ace Museum Violate California Law .............................................................................................................................5

        1. Ace Museum Lacks Corporate Authority to Assign Claims ..........................6

        2. The Counterclaims Are Barred by this Court's Writ of Attachment ..............7

    C. The Fourth Counterclaim Fails to State a Claim for Conversion ................................8

IV. CONCLUSION ....................................................................................................................12

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

DJR\ 2659490v1      i

# TABLE OF AUTHORITIES

**Page**

**CASES**

Ashcroft v. Iqbal,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .................................................. 3

Avago Techs. United States Inc. v. NanoPrecision Prods.,
   2017 U.S. Dist. LEXIS 13484, 2017 WL 412524 (N.D. Cal. January 31, 2017) ................ 9

Bennett v. Williams,
   892 F.2d 822 (9th Cir. 1989) ........................................................................................ 10, 11

Bochene v. MFRA Trust 2014-2,
   2018 U.S. Dist. LEXIS 11751, 2018 WL 558769 (E.D. Cal. January 23, 2018) ................. 3

Burnett v. Rowzee,
   2007 U.S. Dist. LEXIS 96098, 2007 WL 4754539 (C.D. Cal. October 18, 2007) .............. 8

Caroll v. Prosser (In re Prosser),
   2012 Bankr. LEXIS 339, 2012 WL 246279 (Bankr. D. V.I. January 20, 2012) .................. 4

Carr v. King (In re Carr),
   321 B.R. 702 (E.D. Va. 2005) ............................................................................................ 10

Casiopea Bovet, LLC v. Chiang,
   12 Cal. App. 5th 656 (Cal. App. 2017) ................................................................................ 7

De Vries v. Brumback,
   53 Cal. 2d 643, 2 Cal. Rptr. 764, 349 P.2d 532 (1960) ....................................................... 8

Farmers Insurance Exchange v. Zerin,
   53 Cal.App.4th 445, 61 Cal. Rptr. 2d 707 (1997) .............................................................. 11

Freedberg v. J.P. Morgan Chase & Co.,
   2016 U.S. Dist. LEXIS 180069, 2016 WL 7495181 (S.D.N.Y. Dec. 22, 2016) .................. 3

Grillo v. JPMorgan Chase & Co.,
   2014 U.S. Dist. LEXIS 73880 (D. Colo. May 30, 2014) ..................................................... 3

Harris v. Wittman (In re Harris),
   590 F.3d 730 (9th Cir. 2009) ........................................................................................ 10, 11

Hernandez v. Response Mortg. Serv.,
   2011 U.S. Dist. LEXIS 149578, 2011 WL 6884794 (W.D. Wash December 29,
   2011) .................................................................................................................................... 5

In re Brown,
   2002 Bankr. LEXIS 1698 (Bankr. S.C. June 3, 2002) ......................................................... 4

In re Cochise College Park, Inc.,
   1980 Bankr. LEXIS 5198 (Bankr. D. Az. May 2, 1980) ..................................................... 8

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

In re Crown Vantage, Inc.,
    421 F.3d 963 (9th Cir. 2005) ................................................................................. 11

In re Ivy Rest. Group, Inc.,
    2011 Bankr. LEXIS 481, 2011 WL 282758 (Bankr. D. Mass. January 24, 2011) ............... 4

In re Mertens,
    131 F. 507 (N.D.N.Y. 1904) .................................................................................. 10

In re Premier Golf Mo., LLC,
    2012 Bankr. LEXIS 3073, 2012 WL 2803732 (Bankr. W.D. Mo. July 6, 2012) ................. 4

Inwood Nat'l Bank v. Holcomb (In re Holcomb),
    2005 Bankr. LEXIS 3246, 2005 WL 6443634 (Bankr. N.D. Tex. Sept. 1, 2005) ................ 3

Knupfer v. HSA Residential Mortg. Servs. of Tex., Inc. (In re Lau Capital Funding),
    321 B.R. 287 (Bankr. C.D. Cal. 2005) ..................................................................... 11

Lee v. City of Los Angeles,
    250 F.3d 668 (9th Cir. 2001) ............................................................................... 3, 7

Leitner v. Sadhana Temple of N.Y., Inc.,
    2014 U.S. Dist. LEXIS 198479, 2014 WL 12588643 (C.D. Cal. October 17, 2014) ........... 8

Meridian Project Sys. Inc. v. Hardin Constr. Co., LLC,
    2006 U.S. Dist. LEXIS 34092 (E.D. Cal. April 21, 2006) .............................................. 9

Robinson v. Louie (In re Louie),
    1997 Bankr. LEXIS 1898 (Bankr. N.D. Cal. September 2, 1997) ..................................... 9

Strong v. Yellow Transp.,
    2009 U.S. Dist. LEXIS 54813, 2009 WL 1655028 (D. Colo. June 12, 2009) ..................... 3

Thomsen v. Culver City Motor Co.,
    4 Cal. App. 2d 639 (Cal. App. 1935) ........................................................................ 9

United Tactical Sys., LLC v. Real Action Paintball, Inc.,
    143 F. Supp. 3d 982, 1015 (N.D. Cal. 2015) ............................................................ 10

**STATUTES**

Rev. & Tax Code § 23301 ................................................................................................ 6

**RULES**

Fed. R. Bankr. P. 7012 .................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1

Fed. R. Evid. 201 ........................................................................................................... 3

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Sam Leslie (the "Plaintiff" or "Plan Agent"), Plan Agent for the Post-Confirmation Bankruptcy Estate of Art and Architecture Books of the 21st Century (the "Debtor"), hereby files this motion (the "Motion") to dismiss the Counter-Complaint Against Art & Architecture Books of the 21st Century (the "Counterclaims") [Dkt. No. 497] filed by defendant and counterclaimant Douglas Chrismas ("Chrismas") against the Debtor in name, and against the Plan Agent by implication. By this Motion, the Plan Agent seeks entry of an order pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6), dismissing all five counterclaims pleaded by Chrismas, on the grounds that the counterclaims fail to state valid claims for relief.

The Counterclaims are not legitimate claims. They are contrary to sworn statements made to this Court by Chrismas, are contrary to California law, and are nothing more than litigation tactics designed to harass the Plan Agent. While the Counterclaims refrain from explicitly naming the Plan Agent as a defendant, he is a defendant to the extent that the Counterclaims allege that he took personal actions that serve as the elements of a claim, such as conversion, because a corporation's officers and directors are jointly liable with a corporation for conversion if they facilitate the conversion with knowledge or negligence (addressed below). The naming of the post-confirmation Debtor as the defendant, while alleging that elements of conversion were committed by the Plan Agent, is subterfuge, and cannot state a valid claim given the quasi-judicial immunity that court-appointed professionals receive for actions taken in the course of their duties.

## II.

## FACTUAL BACKGROUND

Chrismas filed his Counterclaims on January 31, 2019, asserting claims for declaratory relief, conversion, injunctive relief, and replevin. The caption on the Counterclaims lists the Debtor as the defendant to the claims, but the allegations within the Counterclaims allege that the Plan Agent individually satisfied certain elements of the claims, as it is alleged that he asserted "dominion" over artworks claimed by Chrismas, and that the actions of the Post-Confirmation

DJR\ 2659490v1    1

Debtor were taken under the "sole control of Leslie as Plan Trustee, Plan Agent, and the sole director and officer director [sic] of the Post-Confirmation Debtor."  See Counterclaims at ¶¶ 9-10.

The Counterclaims are contrary to Chrismas' admissions in this Court.  On March 5, 2013, the Debtor filed its Submission of Schedules of Assets and Liabilities and Statement of Financial Affairs [Dkt No. 50 in Case No. 2:13-bk-14135-RK] (the "Schedules"), which were signed under penalty of perjury by Chrismas.  See Declaration of Victor A. Sahn (the "Sahn Decl.") at ¶ 4, and Request for Judicial Notice ("RFJN") at Exhibit A - 34 and 40.[2]  Question No. 14 of the Statement of Financial Affairs ( "SOFA") is entitled "Property held for another person," and asks the Debtor to "List all property owned by another person that the debtor holds or controls."  Id. at Exhibit A - 37.  Chrismas attached a Rider 14 to the SOFA, which lists artworks owned by Gary Lang, Mary Corse, Justin Bower, Laurie Lipton, David Amico, Armando Lerma, Carlos Ramirez and Charles Fine.  It does **not** list **any** artwork owned by Chrismas or Ace Museum.  Id. at Exhibit A - 46.

On April 4, 2013, the Debtor filed its "Submission of Amended and Corrected Schedules of Assets and Liabilities and Statement of Financial Affairs" [Dkt. No. 74 in Case No. 2:13-bk-14135-RK] (the "Amended Schedules"), also signed under penalty of perjury by Chrismas.  See Sahn Decl. at ¶ 5, and RFJN at Exhibit B – 81 and 87.  These amended schedules, and their SOFA, attach the same Rider 14, listing artworks in the Debtor's possession and control that are owned by another, but not listing any artworks owned by Chrismas or Ace Museum.  Id. at Exhibit B – 85 and 98.  As addressed below, these sworn statements are judicially noticeable for the purposes of this motion to dismiss.

The Schedules and Amended Schedules were filed at the outset of the case.  Chrismas remained in control of the Debtor until the Plan Agent's term became effective on April 6, 2016. During that three-year period, Chrismas did not further amend the SOFA, did not inform this Court or creditors that any of the artworks in the Debtor's possession were his personal property, and did not take any other actions in the bankruptcy case to assert his ownership rights (if any).  Chrismas' failure to disclose his alleged interests to this Court and to creditors bars his counterclaims.

---

[2] As addressed below, a court may take judicial notice of pleadings on its own docket without converting a motion to dismiss into a motion for summary judgment.

## III.

## LEGAL ARGUMENT

A. **The Counterclaims Brought in the Name of Douglas Chrismas Fail to State a Claim**

In order to survive a motion to dismiss, Chrismas must have alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Chrismas informed this Court, and the Debtor's creditors, in 2013, that the Debtor was not in possession of any artworks that were his personal property, or the property of Ace Museum. He provided such information under penalty of perjury in both the Debtor's Schedules and Amended Schedules. These sworn statements are judicially noticeable for the purposes of this motion to dismiss.[3] Chrismas had three years while the Debtor's operations were under his control, and while the Debtor's inventory was within his personal knowledge, to amend these disclosures and assert any interest in property that he claimed as his own. He remained silent.

---

[3] There is ample case law demonstrating that the Debtor's schedules are judicially noticeable under Federal Rule of Evidence 201 without converting this Motion into a motion for summary judgment. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth standard of review for decision to take judicial notice). The Ninth Circuit explained in Lee that there are "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion." The first is that a court may consider "material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." The second is that, "under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Id. at 688-89 (citations omitted); See also Freedberg v. J.P. Morgan Chase & Co., 2016 U.S. Dist. LEXIS 180069, 2016 WL 7495181, at *1 (S.D.N.Y. Dec. 22, 2016) (when considering a motion to dismiss, court may take judicial notice of public records and of "admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action.") Bochene v. MFRA Trust 2014-2, 2018 U.S. Dist. LEXIS 11751, 2018 WL 558769 (E.D. Cal. January 23, 2018) (taking judicial notice of schedules and petition filed in chapter 7 case to show omissions); Grillo v. JPMorgan Chase & Co., 2014 U.S. Dist. LEXIS 73880 (D. Colo. May 30, 2014) ("it was entirely proper for Judge Mix to take judicial notice of the bankruptcy schedules without converting Chase's motion to dismiss for summary judgment."); Strong v. Yellow Transp., 2009 U.S. Dist. LEXIS 54813, 2009 WL 1655028 (D. Colo. June 12, 2009) ("Rather than convert the motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), I find it appropriate to take judicial notice of the facts contained in" a certified copy of Plaintiff's Chapter 7 Voluntary Petition, Statement of Financial Affairs, Summary of Schedules and Schedules); Inwood Nat'l Bank v. Holcomb (In re Holcomb), 2005 Bankr. LEXIS 3246, 2005 WL 6443634, at *3 (Bankr. N.D. Tex. Sept. 1, 2005) (taking judicial notice of documents in public record and the debtor's bankruptcy schedules to decide motion to dismiss for failure to state a claim).

More recently, Chrismas has come forward to claim that he owns a substantial though unidentified body of artworks within the Debtor's possession, but he has never been able to provide any detail or evidence of his claims. Moreover, it is a position that is barred by his own sworn statements to this Court.

Where, as here, a Debtor's principal signs schedules, under penalty of perjury, that fail to list an alleged property interest of his own, he is judicially estopped from asserting that interest against the debtor or any trustee, and such assets are properly deemed property of the estate:

> Ashmore's conduct belied and was totally inconsistent with his present position. He allowed the Debtor to exclusively use the personal property before and after the commencement of the Chapter 11 case. At all material times, the property was used exclusively by the Debtor at the Debtor's place of business. Furthermore, Ashmore executed the Schedules and Statement of Financial Affairs as the Debtor's President without indicating any claim to ownership of the items of personalty. It was only after conversion to Chapter 7 when the Trustee sought to sell the personal property that he formally claimed an ownership interest in the items on behalf of himself or Boston Lounge Group, Inc. In addition, Ashmore conceded that on many occasions he contributed property that he purchased to the Debtor for use in its operations as capital contributions. Accordingly, the credible and plausible inference is that Ashmore intended that the items he now claims constitute part of his investment in the Debtor. The credible evidence supports the ruling that the property contributed by Ashmore to the Debtor is property of the estate.

In re Ivy Rest. Group, Inc., 2011 Bankr. LEXIS 481, 2011 WL 282758 (Bankr. D. Mass. January 24, 2011); see also In re Premier Golf Mo., LLC, 2012 Bankr. LEXIS 3073 *18, 2012 WL 2803732 (Bankr. W.D. Mo. July 6, 2012) (where principal of debtor failed to list non-debtor assets on debtor's schedules, he could not assert subsequent interest in such property against interests of trustee); Caroll v. Prosser (In re Prosser), 2012 Bankr. LEXIS 339 *12-13, 2012 WL 246279 (Bankr. D. V.I. January 20, 2012) (debtor's failure to list interest in property on his original and amended schedules was evidence that he lacked any interest).

In In re Brown, 2002 Bankr. LEXIS 1698 (Bankr. S.C. June 3, 2002), the court held that a debtor was judicially estopped from asserting an interest in an automobile where her schedules in a first bankruptcy case denied any such ownership. Id. at *10-11 ("Debtor has changed her position dramatically regarding her interest in the Vehicle from asserting no ownership interest in Debtor's First Case to arguing that she is the Vehicle's true owner in Debtor's Second Case. These positions

1  are polar opposites of each other."). In this case, the Committee's plan was confirmed without any

2  disclosure by Chrismas that he would claim any interest in the art inventory located in the Debtor's

3  premises, based upon schedules that failed to disclose any such interest.

4  Similarly, in Hernandez v. Response Mortg. Serv., 2011 U.S. Dist. LEXIS 149578 *9-10,

5  2011 WL 6884794 (W.D. Wash. December 29, 2011), the court dismissed with prejudice a debtor's

6  complaint that pleaded claims that had not been disclosed in his bankruptcy schedules, finding that

7  he was judicially estopped from taking a position contrary to his own schedules.

8  The Schedules and Amended Schedules are not an anomaly or oversight. They are consistent

9  with Chrismas' intentional practice of concealing information from this Court and from creditors

10  throughout the three years of this bankruptcy case when he was in sole control of the Debtor's

11  operations and assets. That his concealment of such information might now harm his own alleged

12  interests does not negate his intentional efforts to prevent this Court and creditors from having

13  accurate disclosures throughout the case. Chrismas is estopped from asserting any interest in

14  property that has been in the Debtor's possession and control since the Petition Date (whether he

15  claims is it owned by him or by Ace Museum), pursuant to his own statements made under penalty

16  of perjury in the Schedules and Amended Schedules.

17  Chrismas has been represented by numerous lawyers both before and after the April 6, 2016

18  Effective Date. Only as litigation against him has intensified has he come forward with claims that

19  are contrary to his own sworn admissions in bankruptcy schedules and statement of financial affairs,

20  and after confirmation of the Committee's Plan of Reorganization based upon the information he

21  provided to this Court. The Counterclaims are not valid claims, but are a disingenuousness attack

22  for litigation purposes.

23  The Counterclaims should be dismissed in their entirety.

24  **B.    The Counterclaims Brought in the Name of Ace Museum Violate California Law**

25  The Counterclaims that are brought in the name of Ace Museum, or in connection with any

26  alleged property rights of Ace Museum, fail to state a claim for relief for two reasons: (i) because

27  Ace Museum lacks the corporate authority to assign claims while suspended by the FTB; and (ii)

28  because the Plan Agent's possession of any property owned by Ace Museum, if any, is held pursuant

DJR\ 2659490v1                                          5

to a valid writ of attachment entered by this Court, which cannot serve as the basis for claims alleging wrongful possession.

### 1. Ace Museum Lacks Corporate Authority to Assign Claims

The Counterclaims state on their face that they are brought by Chrismas, but also assert the claims of Ace Museum, which remains "suspended". See Counterclaims at p. 1. This characterization is consistent with the Answer filed by Chrismas in this adversary proceeding on January 30, 2019 [Dkt. No. 494], which states that it was filed only by Chrismas, as Ace Museum remains suspended. See Dkt. No. 494 at fn. 3.

The Counterclaims explain in Paragraph 3 that Chrismas is asserting claims in the name of Ace Museum pursuant to an "Assignment of Claims" dated January 10, 2019, by which Ace Museum assigned its counterclaims to Chrismas. See Counterclaims, at ¶ 13. The First, Second, Third and Fourth Counterclaims all state that they assert the rights of Ace Museum.

Revenue & Tax Code Section 23301 provides, in relevant part, that "the corporate powers, rights and privileges of a domestic taxpayer may be suspended" if it does not pay its taxes. Rev. & Tax Code § 23301. The sole exceptions are actions to apply for "exempt status" or to amend "the articles of incorporation as necessary either to perfect that application or to set forth a new name" Id.

When a corporation is suspended, it cannot merely assign its claims to another, and have them pursued by the assignee. An assignment of a suspended corporation's claims is not an effective means of squirming out of the corporation's suspended status. It is well-settled that an assignee is bound by the suspension of the assignor, and cannot sue:

> When an assignee acquires a claim from a corporation lacking capacity to sue under Revenue and Taxation Code section 23301, the assignee takes upon itself the same lack of capacity. Section 368 states, "the action by the assignee is without prejudice to any set-off, or other defense existing at the time of, or before, notice of the assignment." An """assignee 'stands in the shoes' of the assignor, taking his rights and remedies, subject to any defenses which the obligor has against the assignor prior to notice of the assignment."""" ([Cal-Western Business Services, Inc. v. Corning Capital Group, 221 Cal.App.4th 304 (2013)] at p. 311, *italics omitted*; see id. at p. 312 [defense based on assignor's lack of capacity to sue for corporate suspension barred assignee from enforcing assignor's judgment]; Cleveland v. Gore Bros., Inc. (1936) 14 Cal.App.2d 681, 682–683 [58 P.2d 931] [assignee of a suspended corporation subject to the same

incapacities with respect to commencement of actions during the period in which corporate powers and rights are suspended].)

Casiopea Bovet, LLC v. Chiang, 12 Cal. App. 5th 656, 663 (Cal. App. 2017).

Chrismas remains subject to the suspension of Ace Museum. According to the Answer filed by Chrismas one day before the filing of his Counterclaims, Ace Museum was still suspended on the date the Assignment of Claims was executed, and remained suspended on the date the Counterclaims were filed. The Second Counterclaim is based entirely upon the assigned rights of Ace Museum, and it must be dismissed. The Third, Fourth and Fifth Counterclaims are all based, at least in part, on the assigned rights of Ace Museum, and must be dismissed to the extent that they address any claims belonging to Ace Museum.

**2.    The Counterclaims Are Barred by this Court's Writ of Attachment**

All of the Counterclaims brought on behalf of Ace Museum, or in connection with alleged property rights of Ace Museum, also fail to state a claim for relief because they are nothing more than an improper collateral attack on this Court's 2017 Writ of Attachment, described in Paragraph 10 of the Counterclaims. See Counterclaims at ¶ 10.

Because the writ of attachment is described in the Counterclaims, this Court may take judicial notice of its contents without converting this Motion into a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d at 688-89. The Writ of Attachment provides the Plan Agent with an attachment of all property of Ace Museum, whether originally located in its S. La Brea Avenue location, or the Cochrane Avenue storage facility. See RFJN at Exhibit C.

The Counterclaims do not allege that the Writ of Attachment is invalid, and Chrismas has not filed any motion to rescind the Writ of Attachment. The Writ of Attachment remains a valid order of this Court.

The Counterclaims do not allege how the Debtor's possession of any artworks owned by Ace Museum—if any—given the existence of the Writ of Attachment, is wrongful possession, is subject to replevin, or requires declaratory relief. Each of the Counterclaims brought in the name of Ace Museum, or pursuant to any alleged property interest of Ace Museum, is contrary to an entered order of this Court, and should be dismissed.

### C. The Fourth Counterclaim Fails to State a Claim for Conversion

The Fourth Counterclaim does not state a claim for conversion, but rather states that Chrismas left behind his alleged and undisclosed property when he turned over the Debtor's assets to the Plan Agent pursuant to the terms of the confirmed Plan, and that he cannot presently prove that he owns such property. There are a myriad of problems with this claim.

First, This is not conversion. Conversion requires: a) a plaintiff's right to immediate possession of a chattel; and b) defendant's interference with that right. Burnett v. Rowzee, 2007 U.S. Dist. LEXIS 96098 *20, 2007 WL 4754539 (C.D. Cal. October 18, 2007) (citing De Vries v. Brumback, 53 Cal. 2d 643, 646-647, 2 Cal. Rptr. 764 (1960)). When property of an individual is commingled with property of the estate, the burden rests with the individual to prove their claim to the property. And when an individual such as Chrismas believes that there is property of his own that has been commingled with a debtor's property under the control of a trustee, or received by the trustee, it is his duty to assert that interest with evidence. In re Cochise College Park, Inc., 1980 Bankr. LEXIS 5198 *18-19 (Bankr. D. Az. May 2, 1980) ("The trustee is not an insurer of the Intervenors' loss resulting from their failure to take appropriate steps to protect and to perfect their rights under Arizona law.").

Even if Chrismas could get over his failure to assert his interest when it was required—in the Schedules and Amended Schedules—he has failed at that task once again. Chrismas has alleged in his Counterclaim that he will need discovery to prove his ownership of the unidentified artworks, and is presently "unable to provide a comprehensive list of" the artworks that the Plan Agent has allegedly converted. See Counterclaim at ¶ 11. Chrismas' inability to identify the allegedly converted property with specificity is fatal to his claim, as an essential element of a conversion claim under California law is specific identification of the property converted. See Leitner v. Sadhana Temple of N.Y., Inc., 2014 U.S. Dist. LEXIS 198479 *22-24, 2014 WL 12588643 (C.D. Cal. October 17, 2014) (dismissing conversion claim for "approximately" $2 million, and citing California cases for principal of specificity requirement). Although this concept arises most frequently with respect to conversion for money, it applies to any property that must be identified in the complaint to state a valid claim. See, e.g., Avago Techs. United States Inc. v. NanoPrecision

1  Prods., 2017 U.S. Dist. LEXIS 13484 *20, 2017 WL 412524 (N.D. Cal. January 31, 2017) (if a
2  complaint alleges theft of confidential or proprietary information, without identification of the
3  physical property, such as a computer, then no claim for conversion can be stated); Meridian Project
4  Sys. Inc. v. Hardin Constr. Co., LLC, 2006 U.S. Dist. LEXIS 34092 *7-8 (E.D. Cal. April 21, 2006)
5  ("a claim for conversion of physical property requires plaintiff to demonstrate that defendants
6  wrongfully obtained possession over a specific piece of property"); Robinson v. Louie (In re Louie),
7  1997 Bankr. LEXIS 1898, *10 (Bankr. N.D. Cal. September 2, 1997) (tort of conversion requires
8  allegation of "an ownership in or right to possession of specifically identified personal property.").

Chrismas will argue that he has been trying to obtain records from the Plan Agent to build his case, and that the Plan Agent's prior production to him of the Debtor's electronic books and records wasn't sufficient. But such an argument will miss the point that Chrismas had all of the Debtor's records under his control throughout the bankruptcy case, until the Plan Agent's appointment, and he took no action during those three years to amend disclosures to this Court or take any other action to assert his alleged interests. His omissions were knowing and intentional.

Second, Chrismas' conversion claim is contrary to his own judicial admissions that he left his alleged property in the Debtor's premises, without disclosing his ownership interest. Chrismas' Counterclaims make a blanket generalization that he left his personal property with the Debtor, and that the Plan Agent thereafter converted that property. But as addressed above, the Schedules and Amended Schedules informed this Court, creditors, and the Plan Agent, under penalty of perjury, that all artworks in the Debtor's possession were owned by the Debtor, but for certain artworks owned by specifically identified artists. There can be no conversion of artworks that according to all valid evidence are property of the Debtor's estate.

Third, while the Counterclaims name the Debtor as the sole defendant, the conversion claim is effectively a claim against the Plan Agent personally. Under California law, an officer or director of a corporation is jointly liable with the corporation for conversion if he facilitated the conversion with knowledge or by negligence. Thomsen v. Culver City Motor Co., 4 Cal. App. 2d 639, 644-45 (Cal. App. 1935) ("it is true, of course, that directors and officers of a corporation are liable equally with the corporation for its torts in which they participate …"). The "dominion" element of

Chrismas' conversion counterclaim is based entirely on allegations that the Plan Agent personally asserted "dominion" over artworks claimed by Chrismas, and that the actions of the Post-Confirmation Debtor were taken under the "sole control of Leslie as Plan Trustee, Plan Agent, and the sole director and officer director [sic] of the Post-Confirmation Debtor. See Counterclaims at ¶¶ 9-10.

As alleged in the Counterclaims at Paragraphs 3 and 9, the Plan Agent took possession of the Debtor's facilities, including all artwork stored at those facilities, pursuant to the terms of the confirmed plan of reorganization (defined therein as the "Plan").  A fiduciary of the estate cannot be held liable for conversion where he takes possession of assets pursuant to a court order. United Tactical Sys., LLC v. Real Action Paintball, Inc., 143 F. Supp. 3d 982, 1015 (N.D. Cal. 2015) (dismissing conversion claim for failure to show improper assertion of dominion, where defendant took possession of property under court order); see also Carr v. King (In re Carr), 321 B.R. 702, 710 (E.D. Va. 2005) (trustee could not be sued for conversion for actions taken "pursuant to a plan approved by court order").

The concept that a trustee who takes possession of a debtor's property pursuant to his duties may not be subject to a claim for conversion is a long-standing principle:

> This court cannot assent to the doctrine that its trustee in bankruptcy is liable to an action in the state court as for trespass, trover, or conversion, when he follows the order of the court in disposing of property in its possession. This is not a case where the receiver or trustee has taken and held and disposed of property which was outside of the possession and control and apparent ownership of the bankrupt at the time of the filing of the petition in bankruptcy, in which case this court should not and would not interfere.

In re Mertens, 131 F. 507, 515 (N.D.N.Y. 1904).

The concept is derived from the principle that court-appointed professionals derive quasi-judicial immunity from their status, for actions taken in the performance of their duties. "Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order." Harris v. Wittman (In re Harris), 590 F.3d 730, 742 (9th Cir. 2009); quoting Bennett v. Williams, 892 F.2d 822, 823 (9th Cir. 1989). Additionally, "court appointed officers

who represent the estate are the functional equivalent of a trustee." In re Harris, 590 F.3d at 742; In re Crown Vantage, Inc., 421 F.3d 963, 973 (9th Cir. 2005).

For derived quasi-judicial immunity to apply, a trustee or equivalent court-appointed professional should "obtain court approval and give notice to the debtor of a proposed action" … provide "candid" disclosure of his actions, and the actions "must be within the trustee's official duties." Bennett, 892 F.2d at 823 (citations omitted). The Plan is the document that provided the Plan Agent with court approval to take control of all assets located at the Debtor's physical properties, and sell such assets for the benefit of the estate. Such actions are his official duties. And, the Plan Agent has provided this Court with repeated and candid status reports of his actions.

The Counterclaims allege—and admit—that the Plan Agent took control of the Debtor's property, along with any property belonging to Chrismas that were left at the Debtor's premises, pursuant to the confirmed Plan, and that the Plan Agent took possession and control of any of Ace Museum's property pursuant to a writ of attachment entered by this Court. See Counterclaims at ¶¶ 3, 9 and 10. Thus, it is admitted that any actions of the Plan Agent that could be deemed to serve as an exercise of dominion over assets belonging to Chrismas (if any) were taken pursuant to orders of this Court, in furtherance of his official duties.

Further, California law requires that any assertion of dominion over such property be "wrongful" to qualify as conversion. Farmers Insurance Exchange v. Zerin, 53 Cal.App.4th 445, 451, 61 Cal. Rptr. 2d 707 (Cal. App. 1997) ("Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages."). A transfer that "is voluntary is not wrongful because a voluntary transfer is consensual and thus, is not wrongful." Knupfer v. HSA Residential Mortg. Servs. of Tex., Inc. (In re Lau Capital Funding), 321 B.R. 287, 304 (Bankr. C.D. Cal. 2005). The Counterclaims do not allege a taking of property, but rather that Chrismas never took any action to protect his own alleged property. He voluntarily failed to disclose his alleged interest to this Court, he voluntarily failed to protect property that he claims as his own, and the Plan Agent

obtained possession and control of such alleged property because it had been abandoned by Chrismas without notice. This is not conversion.

The conversion claim is a claim against the Plan Agent by subterfuge, and fails to state a valid claim for conversion, whether for failure to state a proper claim under California law, or because such a claim is barred by reason of quasi-judicial immunity.

## IV.
## **CONCLUSION**

WHEREFORE, the Plan Agent respectfully requests that this Court enter an order: (i) granting the Motion; (ii) dismissing the entire Counterclaims on the grounds of estoppel; (iii) dismissing all Counterclaims that assert alleged property interests of Ace Museum; (iv) dismissing the Fourth Counterclaim in its entirety, without leave to amend; and (v) granting such other relief as the Court deems equitable.

DATED: February 20, 2019

**Sulmeyer**Kupetz
A Professional Corporation

By: */s/ Victor A. Sahn*
Victor A. Sahn
David J. Richardson
Attorneys for Sam Leslie, Plan Agent

DATED: February 20, 2019

Law Offices of Carolyn A. Dye

By: */s/ Carolyn A. Dye*
Carolyn A. Dye
Attorneys for Sam Leslie, Plan Agent

DJR\ 2659490v1

12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF PLAN AGENT TO DISMISS COUNTERCLAIMS OF DOUGLAS CHRISMAS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 20, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Simon Aron on behalf of Interested Party Courtesy NEF - saron@wrslawyers.com
- Jason Balitzer on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com; dwalker@ecf.inforuptcy.com; kmccamey@sulmeyerlaw.com
- Keith Patrick Banner on behalf of Defendant 400 S La Brea, LLC a California limited liability company - kbanner@greenbergglusker.com, sharper@greenbergglusker.com; calendar@greenbergglusker.com
- Brian L Davidoff on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company - bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com; jking@greenbergglusker.com
- Carolyn A Dye on behalf of Plaintiff Sam Leslie - trustee@cadye.com
- Fahim Farivar on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company -ffarivar@foley.com, amcdow@foley.com;scvasquez@foley.com
- Alan W Forsley on behalf of Defendants Ace Museum, a California corporation; Ace Gallery New York Corporation, a California corporation; Ace Gallery New York, Inc., a dissolved New York corporation; Douglas Chrismas - alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net,addy.flores@flpllp.com
- J. Bennett Friedman on behalf of Defendant Jennifer Kellen - jfriedman@flg-law.com, msobkowiak@flg-law.com; jmartinez@flg-law.com
- Asa S Hami on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; ahami@ecf.inforuptcy.com
- Matthew P Kelly on behalf of Interested Party Courtesy NEF - mkelly@sulmeyerlaw.com
- Daniel A Lev on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; dlev@ecf.inforuptcy.com; dwalker@sulmeyerlaw.com
- Ashley M McDow on behalf of Defendant, Cross/Counter-Claimant 400 S La Brea, LLC a California limited liability company - amcdow@foley.com, scvasquez@foley.com; Ffarivar@foley.com
- Krikor J Meshefejian on behalf of Interested Party Courtesy NEF - kjm@lnbrb.com
- Susan I Montgomery on behalf of Interested Party Susan I. Montgomery - susan@simontgomerylaw.com, assistant@simontgomerylaw.com; simontgomerylawecf.com@gmail.com; montgomerysr71631@notify.bestcase.com
- Kurt Ramlo on behalf of Interested Party Courtesy NEF - kr@lnbyb.com, kr@ecf.inforuptcy.com
- David J Richardson on behalf of Plaintiff, Cross-Defendant Sam Leslie - drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com
- Ronald Rus on behalf of Defendant 400 S La Brea, LLC a California limited liability company - rrus@brownrudnick.com, tlangford@brownrudnick.com
- Victor A Sahn on behalf of Plaintiff, Cross-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; asokolowski@sulmeyerlaw.com; vsahn@ecf.inforuptcy.com
- Michael C Schneidereit on behalf of Interested Party AERC Desmond's Tower, LLC - mschneidereit@jonesday.com, scollymore@jonesday.com; tckowalski@jonesday.com
- David B Shemano on behalf of Defendants Ace Museum, a California corporation/Douglas Chrismas - dshemano@shemanolaw.com
- Jonathan Shenson on behalf of Interested Party Jonathan Seligmann Shenson - jshenson@shensonlawgroup.com
- Mark Shinderman on behalf of Mediator Mark Shinderman - mshinderman@milbank.com, dmuhrez@milbank.com
- United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
- Michael W Vivoli on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company/Witness Fortuna Asset Management/Witness Kamran Gharibian - auzcategui@vivolilaw.com, sbrown@vivolilaw.com
- Jessica Vogel on behalf of Interested Party Courtesy NEF - Jvogel@sulmeyerlaw.com, jvogel@ecf.inforuptcy.com; mviramontes@sulmeyerlaw.com
- Howard J Weg on behalf of Defendant Ace Museum, a California corporation - hweg@robinskaplan.com
- Beth Ann R Young on behalf of Interested Party Courtesy NEF - bry@lnbyb.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 20, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Robert Kwan – **VIA PERSONAL DELIVERY**
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012 - Bin outside of Suite 1682

**Attorneys for Cathay Bank**
Reed S. Waddell, Esq.
Frandzel Robins Bloom & Csato, L.C.
E-mail:  rwaddell@frandzel.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 20, 2019 | Andrea Gonzalez | */s/ Andrea Gonzalez* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**