Victor A. Sahn (CA Bar No. 97299)
  vsahn@sulmeyerlaw.com
David J. Richardson (CA Bar No. 168592)
  drichardson@sulmeyerlaw.com
Asa S. Hami (CA Bar No. 210728)
  ahami@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Carolyn A. Dye (CA Bar No. 97527)
Law Offices of Carolyn A. Dye
3435 Wilshire Boulevard, Suite 990
Los Angeles, CA 90010
Telephone: 213-368-5000
Facsimile: 213-368-5009

Attorneys for Sam Leslie, Plan Agent

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:13-bk-14135-RK |
| ART & ARCHITECTURE BOOKS OF THE 21st CENTURY, | Chapter 11 |
| Debtors. | Adv No. 2:15-ap-01679-RK |
| | Consolidated with Adv. No. 2:14-ap-01771-RK |
| SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 21st CENTURY, | **JOINT STATUS REPORT** |
| Plaintiff, | |
| vs. | **Status Conference Date:** |
| ACE GALLERY NEW YORK CORPORATION, a California corporation; et al. | Date: March 13, 2019<br>Time: 1:30 p.m.<br>Courtroom: 1675<br>255 E. Temple St.<br>Los Angeles, CA 90012 |
| Defendants. | |
| And Related Counterclaims and Crossclaims | |

2659774v1

# JOINT STATUS REPORT

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

## A. PLEADINGS/SERVICE:

| | |
|---|---|
| 1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)? | **Yes** |
| 2. Have all parties filed and served answers to the Claims Documents? | **No** |
| 3. Have all motions addressed to the Claims Documents been resolved? | **No** |
| 4. Have counsel met and conferred in compliance with LBR 7026-1? | **No** |

5.  **Plan Agent**. The Plan Agent has filed a motion to dismiss the counterclaims filed by Douglas Chrismas on January 29, 2019, and has not yet filed an answer. The hearing on the Plan Agent's motion to dismiss is scheduled for March 13, 2019, contemporaneous with the status conference. Counsel for Cathay Bank requested that the Plan Agent delay completion of their LBR 7026-1 conference because of a lengthy jury trial, but the parties anticipate that this will be completed before the status conference. The Plan Agent intends to file motions for summary judgment on several of his claims.

6.  **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith**: Subject to further discovery, including document discovery and depositions, Defendants 400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, and Michael D. Smith (collectively "400 SLB Defendants") are considering the filing of a summary judgment and/or summary adjudication as to certain claims of the Plan Agent asserted against 400 SLB Defendants in the Fifth Amended Complaint.

7.  **Jennifer Kellen**: Ms. Kellen intends to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), applicable in adversary proceedings pursuant to Fed. R. Bankr. P. 7012(b), on the grounds the claims averred against Ms. Kellen in the Plan Agent's Fifth Amended Complaint are barred by applicable statutes of limitations.

8.  **Cathay Bank**. Cathay Bank's preliminary analysis indicates a likelihood that after discovery has been completed, a Motion for Summary Judgment or Motion for Summary

1 Adjudication may be appropriate.  Cathay Bank requests that if the Court is not inclined to grant
2 Cathay Bank's request below that a further Status Conference be scheduled for 3-6 months from
3 now when Cathay Bank will be more ready to provide input regarding discovery and trial setting
4 deadlines, that the Court incorporate enough time into the calendar for this matter to permit such
5 motions to be filed and heard after expert discovery has been completed and before any pretrial
6 conference is scheduled.

**B.    READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

   a. **Plan Agent:**

   The Plan Agent anticipates that he will be ready for trial in this case in December, 2019.

   b. **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

   April 2020

   c. **Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York Corporation (suspended):**

   April 2020

   d. **Jennifer Kellen**

   March 31, 2020

   e. **Cathay Bank**

   Unknown at this time, but more than 4 months.

2. In your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

   a. **Plan Agent:**

   The scope of this case has expanded as discovery has revealed additional evidence supporting the joinder of new defendants and claims.  But for Chrismas' counterclaims, the Plan Agent believes that the pleadings are final and that

2

discovery may proceed on a timeline for trial in late 2019.

b. **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

Certain parties have only recently been added and are not at yet at issue in this proceeding and further discovery to be conducted, including document discovery and multiple depositions. Also, as stated above, subject to such further discovery, 400 SLB Defendants are also considering the filing of a summary judgment and/or summary adjudication as to certain claims of the Plan Agent asserted against 400 SLB Defendants in the Fifth Amended Complaint.

c. **Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York Corporation (suspended):**

Certain parties have only recently been added and are not at yet at issue in this proceeding; further discovery to be conducted, including document discovery and multiple depositions. Douglas Chrismas is also considering the filing of a summary judgment and/or summary adjudication as to certain claims of the Plan Agent.

d. **Jennifer Kellen**

Additional time is needed to prepare for trial. Jennifer Kellen was named as a new defendant in the Fifth Amended Complaint, and timely filed her answer on January 31, 2019. This adversary proceeding has been pending since December 2015. The operative complaint contains 335 paragraphs of allegations. A large number of documents have been produced through discovery during the pendency of the case prior to Ms. Kellen's appearance, but have not yet been produced to counsel for Ms. Kellen.

e. **Cathay Bank**

This adversary proceeding had already been pending for several years before Cathay Bank ("Bank") was first joined as a defendant in December 2018, in conjunction with the Fifth Amended Complaint. Cathay Bank filed its answer to the Fifth Amended Complaint on February 28, 2019. The Fifth Amended

3

1  Complaint has more than 100 pages in text, has more than 350 pages of documents
2  attached as Exhibits, and involves claims and transactions dating back more than a
3  decade, to which Cathay Bank was not a party, and to which it is now forced to
4  conduct discovery, analyze and respond. There was significant discovery
5  undertaken by the other parties to this action prior to Cathay Bank being added as a
6  new defendant to which Cathay Bank has not been privy. Cathay Bank was not a
7  creditor of, nor a party in interest in, the Debtor's Chapter 11 bankruptcy case, and
8  until it was served with the Fifth Amended Complaint, had little or no reason to be
9  familiar with (or even aware of) many of the issues, facts and circumstances
10 asserted by Plaintiff in the Fifth Amended Complaint.  In light of the foregoing,
11 Cathay Bank requests that the Court set a further status conference for
12 approximately 3-6 months from now at which time Cathay Bank will have a better
13 handle on its ability to finish discovery and be ready for trial.

3. When do you expect to complete your discovery efforts?

   **a.** **Plan Agent:**

   Fact Discovery: September 30, 2019

   Expert Discovery: October 31, 2019.

   **b.** **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

   Fact Discovery: December 31, 2019

   Expert Discovery: January 31, 2019

   **c.** **Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York Corporation (suspended):**

   Fact Discovery: December 31, 2019

   Expert Discovery: January 31, 2019

   **d.** **Jennifer Kellen**

   January 31, 2020

   **e.** **Cathay Bank**

           Uncertain at this time.  See Response to Paragraph B. 2(e) above.

4. What additional discovery do you require to prepare for trial?

    a. **Plan Agent:**

    The Plan Agent anticipates taking at least a dozen depositions, and requires further written discovery and related motions to ensure complete production of documents and complete responses to discovery that has not been properly answered.

    b. **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

    Depositions (multiple); document discovery; and expert discovery.

    c. **Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York Corporation (suspended):**

    Depositions (multiple); document discovery; and expert discovery.

    d. **Jennifer Kellen**

    Ms. Kellen will begin her discovery efforts after having an opportunity to review the initial disclosures and documents previously produced in this adversary proceeding.  Ms. Kellen intends to propound written discovery, and take depositions of a presently unknown number of witnesses.

    e. **Cathay Bank**

    Yet to be determined, but will likely includes depositions, interrogatories and/or requests for production of documents.  Expert testimony is also likely to be required.

**C. TRIAL TIME:**

1. What is your estimate of the time required to present your side of the case at trial (including rebuttal stage if applicable)?

    a. **Plan Agent:**

    Unless anticipated motions for summary judgment narrow the issues for trial, the Plan Agent anticipates requiring ten court days to present his side of the case, as well as rebuttals.

5

    b. **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

        2 weeks (on all issues, though severance is requested (see below))

    c. **Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York Corporation (suspended):**

        10 days

    d. **Jennifer Kellen**

        Total trial length of 2 weeks is estimated based on present understanding of facts.

    e. **Cathay Bank**

        Unknown at this time.

2. How many witnesses to you intend to call at trial (including opposing parties)?

    a. **Plan Agent:**

        The Plan Agent anticipates calling 20-25 witnesses, but may amend this number once discovery is completed.

    b. **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

        Unknown at this time.

    c. **Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York Corporation (suspended):**

        Unknown at this time

    d. **Jennifer Kellen**

        Presently unknown.

    e. **Cathay Bank**

        Unknown at this time.

3. How many exhibits to you anticipate using at trial?

    a. **Plan Agent:**

        The Plan Agent is unable to provide an accurate estimate at this time, as he cannot predict at this time whether certain summaries will be accepted into evidence, or

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1  the underlying documents will be required.  For example, summaries of bank
2  statements could be a half-dozen exhibits, while the bank statements themselves
3  would exceed five hundred exhibits.  Similarly, there are a few hundred invoices in
4  draft, final and alternative formatting, which may be limited in number by expert
5  testimony describing their contents.

   b. **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

   Unknown at this time.

   c. **Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York Corporation (suspended):**

   Unknown at this time

   d. **Jennifer Kellen**

   Presently unknown.

   e. **Cathay Bank**

   Unknown at this time.

**D.    PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

   a. **Plan Agent:**

   Pretrial conference **IS** requested for the following reasons:

   This case is complex, in terms of its multiple claims, multiple defendants, different claims to a jury right, and other factors that should be addressed at a pretrial conference.

   Pretrial conference should be set after: September 30, 2019

   b. **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

   Pretrial conference **IS** requested for the following reasons:Pretrial conference

7

1      should be set after: <u>30 days after close of expert discovery.</u>

2    c.    **Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York**

3      **Corporation (suspended):**

4      Pretrial conference **IS** requested for the following reasons:

5      Pretrial conference should be set after: <u>30 days after close of expert discovery.</u>

6    d.    **Jennifer Kellen**

7      Pretrial conference <u>is</u> requested for the following reasons:

8      Pretrial conference should be set after: March 13, 2020

9    e.    **Cathay Bank**

10      Pretrial conference **IS NOT** requested at this time for the following reasons: It would be premature. Cathay Bank requests instead that a further status conference be scheduled approximately 3-6 months from now, at which time Cathay Bank should have a better handle on its discovery requirements and trial estimates. If a Pretrial conference is to be scheduled, it should not be scheduled until at least 30 days after expert witness discovery deadlines have passed.

**E. SETTLEMENT:**

1. What is the status of settlement efforts?

   a.    **Plan Agent:**

     The parties have discussed settlement as required in their initial disclosures meet-and-confer discussions.

   b.    **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

     Prior mediation unsuccessful. No settlement discussions pending between the parties.

   c.    **Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York Corporation (suspended):**

     No settlement discussions pending between the parties.

   d.    **Jennifer Kellen**

8

Counsel for Ms. Kellen and the Plan Agent discussed opportunities for settlement during their Fed. R. Civ. P. 26(f) conference. There are presently no known settlement opportunities.

    e.    **Cathay Bank**

No settlement discussions involving Cathay Bank have occurred to date. Cathay Bank is unaware whether settlement discussions among the other parties have taken place.

2. Has this dispute been formally mediated?

**Plan Agent:** Yes, partially. The Plan Agent and 400 S. La Brea, LLC participated in an unsuccessful mediation in February 2018.

**400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith**: Yes (unsuccessful).

**Cathay Bank**: Unknown. Cathay Bank has not participated in a mediation since Cathay Bank was added as a defendant in the Fifth Amended Complaint.

3. Do you want this matter sent to mediation at this time?

    a.    **Plan Agent:**

Possibly, but not as a global matter. Mediation may be useful with particular defendants. But the entire case is too complex for a single mediation, and not all parties have appeared to have a reasonable approach to the prospect of mediation. The Plan Agent would prefer to address the potential for mediation with each defendant separately.

    b.    **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

No; 400 SLB Defendants will consider further mediation after completion of discovery.

    c.    **Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York Corporation (suspended):**

No; Chrismas will consider further mediation after completion of discovery.

9

    **d.**    **Jennifer Kellen**

          No.

    **e.**    **Cathay Bank**

          Not at this time, unless it is requested by all other parties, preferably after all discovery has been completed.

**F.**    **FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

    **a.**    **Plan Agent:**

          I **do** consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

    **b.**    **400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

          **I DO NOT** consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

    **c.**    **Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York Corporation (suspended):**

          I DO NOT consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

    **d.**    **Jennifer Kellen**

          I <u>**do not**</u> consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

    **e.**    **Cathay Bank**

          **I DO NOT** consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

**G.**    **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:**

    **a.**    **Plan Agent:**

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

The Plan Agent believes that it is too early to consider severance of issues for trial, particularly as some claims may be resolved on summary judgment.

**b.  400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith:**

400 SLB Defendants request that all avoidance actions be severed from other claims and be tried separately. In addition, 400 SLB Defendants request that the underlying avoidance claims be tried before, and separately from, all section 550(b) good faith defenses, as may be applicable.

**c.  Douglas Chrismas, Ace Museum (suspended), Ace Gallery New York Corporation (suspended):**

Ace Museum and Ace Gallery New York Corporation do not expect to be reinstated.

**d.  Jennifer Kellen**

Ms. Kellen requests that the Court issue an order pursuant to Fed. R. Civ. P. 20(b) to sever for separate trial the two claims for relief brought against her. The Fifth Amended Complaint contains 20 claims for relief against 10 defendants. The vast majority of the allegations in the Fifth Amended Complaint have nothing to do with Ms. Kellen, and fairness requires that Ms. Kellen not be forced to incur extreme expense by participating in litigation having no relevance to the claims alleged against her that are limited in scope. The Court should sever the two claims for relief to avoid this prejudice. Finally, as a practical matter, it is difficult to comprehend how a pretrial stipulation can be prepared under the present conditions as almost no facts nor issues of law will have relevance to all defendants.

**e.  Cathay Bank**

Cathay Bank requests that no pretrial or trial date be set at the present time. Cathay Bank requests instead that a further Status Conference be scheduled for approximately 3-6 months from now at which time Cathay Bank should have a better indication of how long it needs to complete discovery and prepare for trial.

Cathay Bank also requests that all avoidance actions be severed from other claims set forth in the Fifth Amended Complaint, and be tried separately. Cathay Bank further requests that all underlying avoidance claims be tried before, and separately from, all section 550(b) good faith defenses, as maybe applicable.

Respectfully submitted:

DATED: March 4, 2019

**SulmeyerKupetz, a Professional Corporation**

By: _/s/ David J. Richardson_
   Victor A. Sahn
   David J. Richardson
   Attorneys for Sam S. Leslie, Plan Agent

DATED: March 4, 2019

**Fredman Lieberman Pearl LLP**

By: _[signature]_
   Marc A. Lieberman
   Alan W. Forsley
   Attorneys for Douglas Chrismas

DATED: March 4, 2019

**Greenberg Glusker Fields Claman & Machtinger LLP**

By: _____
   Brian Davidoff
   Keith P. Banner
   Attorneys for 400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith

DATED: March 4, 2019

**Friedman Law Group, P.C.**

By: _____
   J. Bennett Friedman
   Michael Sobkowiak
   Attorneys for Jennifer Kellen

DATED: Marcy 4, 2019

**Frandzel Robins Bloom & Csato, L.C.**

By: _____
   Reed S. Waddell
   Attorneys for Cathay Bank

13

Respectfully submitted:

DATED: March 4, 2019   **SulmeyerKupetz, a Professional Corporation**

By: _____
    Victor A. Sahn
    David J. Richardson
    Attorneys for Sam S. Leslie, Plan Agent

DATED: March 4, 2019   **Fredman Lieberman Pearl LLP**

By: _____
    Marc A. Lieberman
    Alan W. Forsley
    Attorneys for Douglas Chrismas

DATED: March 4, 2019   **Greenberg Glusker Fields Claman & Machtinger LLP**

By: _____/s/_____
    Brian Davidoff
    Keith P. Banner
    Attorneys for 400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith

DATED: March 4, 2019   **Friedman Law Group, P.C.**

By: _____
    J. Bennett Friedman
    Michael Sobkowiak
    Attorneys for Jennifer Kellen

DATED: Marcy 4, 2019   **Frandzel Robins Bloom & Csato, L.C.**

By: _____
    Reed S. Waddell
    Attorneys for Cathay Bank

13

Respectfully submitted:

DATED: March 4, 2019

**SulmeyerKupetz, a Professional Corporation**

By: _____
    Victor A. Sahn
    David J. Richardson
    Attorneys for Sam S. Leslie, Plan Agent

DATED: March 4, 2019

**Fredman Lieberman Pearl LLP**

By: _____
    Marc A. Lieberman
    Alan W. Forsley
    Attorneys for Douglas Chrismas

DATED: March 4, 2019

**Greenberg Glusker Fields Claman & Machtinger LLP**

By: _____
    Brian Davidoff
    Keith P. Banner
    Attorneys for 400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith

DATED: March 4, 2019

**Friedman Law Group, P.C.**

By: _/s/ Michael Sobkowiak_____
    J. Bennett Friedman
    Michael Sobkowiak
    Attorneys for Jennifer Kellen

DATED: Marcy 4, 2019

**Frandzel Robins Bloom & Csato, L.C.**

By: _____
    Reed S. Waddell
    Attorneys for Cathay Bank

Respectfully submitted:

DATED: March 4, 2019

**SulmeyerKupetz, a Professional Corporation**

By: _____
Victor A. Sahn
David J. Richardson
Attorneys for Sam S. Leslie, Plan Agent

DATED: March 4, 2019

**Fredman Lieberman Pearl LLP**

By: _____
Marc A. Lieberman
Alan W. Forsley
Attorneys for Douglas Chrismas

DATED: March 4, 2019

**Greenberg Glusker Fields Claman & Machtinger LLP**

By: _____
Brian Davidoff
Keith P. Banner
Attorneys for 400 S. La Brea, LLC, Daryoush Dayan, Kamran Gharibian, Michael D. Smith

DATED: March 4, 2019

**Friedman Law Group, P.C.**

By: _____
J. Bennett Friedman
Michael Sobkowiak
Attorneys for Jennifer Kellen

DATED: March 4, 2019

**Frandzel Robins Bloom & Csato, L.C.**

By: /s/ Reed S. Waddell
Reed S. Waddell
Attorneys for Cathay Bank

13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*): **JOINT STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 7, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Simon Aron on behalf of Interested Party Courtesy NEF - saron@wrslawyers.com
- Jason Balitzer on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com; dwalker@ecf.inforuptcy.com; kmccamey@sulmeyerlaw.com
- Keith Patrick Banner on behalf of Defendant 400 S La Brea, LLC a California limited liability company - kbanner@greenbergglusker.com, sharper@greenbergglusker.com; calendar@greenbergglusker.com
- Brian L Davidoff on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company - bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com; jking@greenbergglusker.com
- Carolyn A Dye on behalf of Plaintiff Sam Leslie - trustee@cadye.com
- Fahim Farivar on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company -ffarivar@foley.com, amcdow@foley.com;scvasquez@foley.com
- Alan W Forsley on behalf of Defendants Ace Museum, a California corporation; Ace Gallery New York Corporation, a California corporation; Ace Gallery New York, Inc., a dissolved New York corporation; Douglas Chrismas - alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net,addy.flores@flpllp.com
- J. Bennett Friedman on behalf of Defendant Jennifer Kellen - jfriedman@flg-law.com, msobkowiak@flg-law.com; jmartinez@flg-law.com
- Asa S Hami on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; ahami@ecf.inforuptcy.com
- Matthew P Kelly on behalf of Interested Party Courtesy NEF - mkelly@sulmeyerlaw.com
- Daniel A Lev on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; dlev@ecf.inforuptcy.com; dwalker@sulmeyerlaw.com
- Ashley M McDow on behalf of Defendant, Cross/Counter-Claimant 400 S La Brea, LLC a California limited liability company - amcdow@foley.com, scvasquez@foley.com; Ffarivar@foley.com
- Krikor J Meshefejian on behalf of Interested Party Courtesy NEF - kjm@lnbrb.com
- Susan I Montgomery on behalf of Interested Party Susan I. Montgomery - susan@simontgomerylaw.com, assistant@simontgomerylaw.com; simontgomerylawecf.com@gmail.com; montgomerysr71631@notify.bestcase.com
- Kurt Ramlo on behalf of Interested Party Courtesy NEF - kr@lnbyb.com, kr@ecf.inforuptcy.com
- David J Richardson on behalf of Plaintiff, Cross-Defendant Sam Leslie - drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com
- Ronald Rus on behalf of Defendant 400 S La Brea, LLC a California limited liability company - rrus@brownrudnick.com, tlangford@brownrudnick.com
- Victor A Sahn on behalf of Plaintiff, Cross-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; asokolowski@sulmeyerlaw.com; vsahn@ecf.inforuptcy.com
- Michael C Schneidereit on behalf of Interested Party AERC Desmond's Tower, LLC - mschneidereit@jonesday.com, scollymore@jonesday.com; tckowalski@jonesday.com
- David B Shemano on behalf of Defendants Ace Museum, a California corporation/Douglas Chrismas - dshemano@shemanolaw.com
- Jonathan Shenson on behalf of Interested Party Jonathan Seligmann Shenson - jshenson@shensonlawgroup.com
- Mark Shinderman on behalf of Mediator Mark Shinderman - mshinderman@milbank.com, dmuhrez@milbank.com
- Michael D Sobkowiak on behalf of Defendant Jennifer Kellen - msobkowiak@flg-law.com, jmartinez@flg-law.com;jfriedman@flg-law.com
- United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
- Michael W Vivoli on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company/Witness Fortuna Asset Management/Witness Kamran Gharibian - auzcategui@vivolilaw.com, sbrown@vivolilaw.com
- Jessica Vogel on behalf of Interested Party Courtesy NEF - Jvogel@sulmeyerlaw.com, jvogel@ecf.inforuptcy.com; mviramontes@sulmeyerlaw.com
- Reed S Waddell on behalf of Defendant Cathay Bank, a California corporation - rwaddell@frandzel.com, sking@frandzel.com
- Howard J Weg on behalf of Defendant Ace Museum, a California corporation - hweg@robinskaplan.com
- Beth Ann R Young on behalf of Interested Party Courtesy NEF - bry@lnbyb.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 7, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Robert Kwan – **VIA PERSONAL DELIVERY**
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012 - Bin outside of Suite 1682

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 7, 2019 | Andrea Gonzalez | */s/ Andrea Gonzalez* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                  **F 9013-3.1.PROOF.SERVICE**