1  BRIAN L. DAVIDOFF (SBN 102654)
   BDavidoff@GreenbergGlusker.com
2  KEITH PATRICK BANNER (SBN 259502)
   KBanner@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS
   CLAMAN & MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California  90067-4590
5  Telephone:  310.553.3610
   Fax:  310.553.0687
6
7  Attorneys for Defendants
   400 S. La Brea, LLC, Daryoush Dayan, Kamran
   Gharibian and Michael D. Smith
8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  LOS ANGELES DIVISION

12
   ART & ARCHITECTURE BOOKS OF THE          Case No. 2:13-bk-14135-RK
13 21st CENTURY,
                                            Chapter 11
14
             Debtor.                        Adv. No. 2:15-ap-01679-RK
15
                                            Consolidated with:
16                                          Adv. No. 2:14-ap-01771-RK

17                                          **400 SLB DEFENDANTS':**

18                                          **(I) OPPOSITION TO PLAN AGENT'S
19                                          MOTION: (1) [sic] INTERPRET
                                            CONFIRMATION ORDER AND
20                                          CONFIRMED PLAN; AND (2) TO
                                            VACATE ORDER APPROVING
21                                          STIPULATION WITH ACE MUSEUM,
                                            AND STRIKE STIPULATION FROM
22 SAM LESLIE, Plan Agent for Art &         THE DOCKET, PURSUANT TO F.R.B.P.
   Architecture Books of the 21st Century,  9024, AND F.R.C.P. 60(d)(3); AND
23
             Plaintiff,                     **(II) REQUEST FOR EVIDENTIARY
24                                          HEARING AND BRIEFING SCHEDULE
        v.                                  ON THE CONTESTED MATTER TO
25                                          THE EXTENT DISPUTED ISSUES ARE
   ACE GALLERY NEW YORK                     NOT DEFERRED TO TRIAL**
26 CORPORATION, a California Corporation, *et
   al.*,
27
             Defendants.
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1

2   400 S. LA BREA, LLC, a California limited
    liability company,

3                                Cross-Claimant,
            v.

4   ACE MUSEUM, a California Corporation, *et
    al.,*

5
                                Cross-Defendants.
6

7

8       **TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY**

9   **JUDGE, THE UNITED STATES TRUSTEE, ALL PARTIES-IN-INTEREST HEREIN,**

10  **AND THEIR RESPECTIVE COUNSEL:**

11          Defendant and Cross-Complainant, 400 S. La Brea LLC ("400 SLB") and Defendants

12  Daryoush Dayan ("Dayan"), Kamran Gharibian ("Gharibian") and Michael D. Smith ("Smith"

13  and, collectively with 400 SLB, Dayan, and Gharibian, the "400 SLB Defendants")  hereby

14  oppose and submit their opposition (this "Opposition") to *Plaintiff's Notice of Motion and*

15  *Motion: (1) Interpret Confirmation Order and Confirmed Plan; and (2) to Vacate Order*

16  *Approving Stipulation with Ace Museum, and Strike Stipulation from the Docket, Pursuant to*

17  *F.R.B.P. 9024 , and F.R.C.P. 60(d)(3)* [Docket No. 540] filed on March 21, 2019 by Plaintiff

18  and Plan Agent Sam Leslie (the "Plan Agent").  In support of this Opposition, the 400 SLB

19  represent as follows:

20  **I.      INTRODUCTION**

21          Remarkably, by his latest Motion, the Plan Agent seeks to re-litigate an issue specifically

22  reserved for trial by this Court over a year-and-a-half ago as part of the Plan Agent's previous

23  summary judgment motion.  In the process, the Plan Agent asserts the same allegations as

24  contained in his lengthy *Fifth Consolidated Complaint* except he now includes support from a

25  new purported expert.  Despite such detailed assertions that go directly to issues to be resolved

26  at trial, the Plan Agent attempts to seek resolution of the same under the guise of a minimally

27  noticed motion to "interpret" the confirmed plan or alternatively painting the allegations with the

28  brush of "fraud on the court" in an apparent effort to sidestep the significant delay in bringing

Hearing Date
Date:    April 16, 2019
Time:    2:30 p.m.
Place:   Courtroom 1675
         255 E. Temple Street
         Los Angeles, CA 90012

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   the Motion.  Such an attempt to have genuine issues that could only be determined at trial

2   resolved via motion is improper and undermines the due process rights of all defendants to this

3   action, including the 400 SLB Defendants.  At a minimum, an evidentiary hearing, with full

4   discovery, a briefing schedule, and expert disclosures, is required for a determination to be made

5   on the issues raised in the Motion.

6   **II.    DISCUSSION**

7           **A.  The Court Has Ruled that the Effect of the Settlement Stipulation is a**

8                **Genuine Issue to be Decided at Trial**

9           Over a year-and-a-half ago, the Plan Agent filed his *Plaintiff's Notice of Motion and*

10  *Motion for Partial Summary Judgment Against Ace Museum* [Docket No. 185] (the "Prior

11  Summary Judgment Motion").  In the extensive Prior Summary Judgment Motion, the Plan

12  Agent sought summary judgment against Ace Museum on the "Museum Loan Claims" – that is,

13  the Plan Agent's claims against Ace Museum for (i) money had and received; (ii) money lent;

14  (iii) account stated; and (iv) breach of contract relating to pre-petition loans the Debtor made to

15  Ace Museum for the purpose of, among other things, Ace Museum's rental payments due to 400

16  SLB.  As the Court is well-aware, the Museum Loan Claims – as to which the Plan Agent

17  recently obtained an interlocutory judgment – asserted that Ace Museum failed to repay the

18  outstanding aggregate principal of such loans to the tune of $4,482,856.00.

19          Ace Museum's *Opposition to Motion for Partial Summary Judgment Against Ace*

20  *Museum* [Docket No. 206] ("Museum's Prior Opposition") filed on October 17, 2017 raised the

21  issue that the terms of the *Stipulation Authorizing (1) Leave to Amend Complaint; and (2)*

22  *Appointment of Responsible Officer for Ace Museum* (the "Settlement Stipulation") required

23  dismissal of the adversary proceeding initiated against Ace Museum and therefore claims against

24  Ace Museum have been released and extinguished.  As Museum's Prior Opposition argued, in

25  part:

26                 The [Settlement] Stipulation was negotiated to incentivize Chrismas

27                 to expedite efforts to sell or refinance the Ace Museum property and

28                 the property located at 9430 Wilshire Blvd., Beverly Hills, CA (the

*GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    "Beverly Hills.Property").  The [Settlement] Stipulation, which was

2    filed under seal and approved by this Court, required the Committee

3    to dismiss [the adversary against Ace Museum, which was

4    subsequently consolidated with the within adversary] with prejudice

5    if defendant Douglas Chrismas ("Chrismas") could find a buyer for

6    the Beverly Hills Property for $40,000,000.  The [Settlement]

7    Stipulation specifically states that "if the Beverly Hills property is

8    sold, ... the Committee will dismiss this adversary proceeding with

9    prejudice .... ". Chrismas obtained an offer from the Metropolitan

10   Transportation Authority (the "MTA"), which agreed to and did

11   purchase the Beverly Hills Property for $40,000,000; thus, the

12   Museum and Chrismas have performed all of their obligations under

13   the Stipulation.

14        Museum's Prior Opposition 2:23-3:7 (citations and cross-references

15   omitted).

16        The Settlement Stipulation, which is the center of the Plan Agent's Motion, was entered

17   into over four years ago on February 11, 2015 among counsel for the Committee (and now

18   counsel for the Plan Agent), SulmeyerKupetz ("Sulmeyer"), Douglas Chrismas ("Chrismas")

19   and counsel for Ace Museum and Chrismas, David Shemano ("Mr. Shemano").

20        On February 13, 2015, Sulmeyer filed a motion to under section 107(b) of the

21   Bankruptcy Code[1] to file the Settlement Stipulation under seal, which the Court granted on

22   February 18, 2015.  *See* Docket Nos. 22 & 29 in Adversary No. 2:14-ap-01771-RK, which was

23   subsequently consolidated with the within adversary proceeding.  The Settlement Stipulation

24   was attached, in full, in connection with the litigation surrounding the Prior Summary Judgment

25   Motion as <u>Exhibit 1</u> to the Declaration of Mr. Shemano (the "Shemano Declaration") filed in

26   support of Museum's Prior Opposition on October 17, 2017 [Docket No. 207].

27   _____

28   [1] Title 11 of the United States Code.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   At this time,[2] the 400 SLB Defendants will not beleaguer the Court regarding how the

2   terms of the Settlement Stipulation entered into over 4 years ago required the dismissal, with

3   prejudice, of the claims asserted against Ace Museum.  Rather, the 400 SLB Defendants request

4   that, to the extent necessary to refresh the Court's recollection, the Court take judicial notice of

5   the assertions made in Museum's Prior Opposition, which are incorporated herein by reference.

6   The Court has been briefed on this issue – albeit, a year-and-a-half ago – in connection

7   with the Prior Summary Judgment Motion.  The Court received oral argument on that precise

8   issue at two separate hearings held on November 7, 2017 (the "11/7/17 Hearing") and March 7,

9   2018 (the "3/7/18 Hearing"); and the Court has made its ruling, as reflected in the Court's Order

10  entered on March 26, 2018 (*See* Docket No. 337) denying the Plan Agent's request for summary

11  judgment.  What is particularly important for the purposes of the Plan Agent's new Motion is the

12  Court's specific ruling as to the effect of the Settlement Stipulation, which the Court succinctly

13  stated in the following excerpt from the Court's tentative ruling, which the Court adopted as its

14  final ruling, in connection with the 3/7/18 Hearing:[3]

15  [I]t appears that there are genuine issues of material fact regarding

16  the effect of the stipulation for settlement, whether it was obtained

17  by fraud, and whether the reference to the promissory note was the

18  original one, **and that the court believes that the issues are best**

19  **resolved at trial or defendant's own affirmative motion for**

20  **summary judgment where the factual record can be better**

21  **developed.**

22  The Court's reasoning holds as true today as it did over a year-and-a-half ago – and

23  perhaps even more so today.  The issue of the effect of the Settlement Stipulation is not only a

24  genuine issue of material fact, but it directly relates to the claims against the 400 SLB

---

[2] As addressed below, to the extent that the Court is inclined to entertain the merits of the Motion, rather than defer the matter for trial, the 400 SLB Defendants request an evidentiary hearing on the merits, including full discovery, a briefing schedule and expert disclosures.

[3] The 400 SLB Defendants request that, pursuant to Rule 201 of the Federal Rules of Evidence, the Court take judicial notice of its tentative rulings issued in connection with the 11/7/17 Hearing and the 3/7/18 Hearing.

Defendants and Cathay Bank. As acknowledged by the Plan Agent in the first page of his

Motion, the Settlement Stipulation, indeed, "*created a disputed issue of material fact*, preventing

summary judgment, and has led other parties to this litigation to assert they have a defense based

on that settlement" Motion 1:8-10 (emphasis added). Despite this clear acknowledgement of the

Court' prior ruling on the matter, the Plan Agent spends the next 34 pages of the Motion – which

is not a summary judgment motion – effectively trying to litigate this defense now, in direct

contravention to the Court's prior ruling to defer the matter for trial.

As the Plan Agent slightly more specifically states in the Motion, 400 SLB "has argued

that the Stipulation requires dismissal of claims asserted against it, making this issue necessary

for resolution." Indeed, if the Settlement Stipulation required dismissal of all claims, with

prejudice, against Ace Museum; and any claims asserted against the 400 SLB Defendants (and

Cathay Bank) are wholly contingent on the Plan Agent's claims against Ace Museum, it follows

that this issue, among many others, must be decided by the Court.

Rather than have this issue decided by way of a minimally noticed motion to "interpret"

the confirmed plan, the 400 SLB Defendants' are entitled to due process at trial after full

discovery on this and all issues of material fact, which would likely include the testimony of Mr.

Shemano. The Plan Agent should not be permitted to circumvent this process by way of the

instant Motion, which does not even request summary adjudication on the issue.[4]

## B.  The Plan Agent's Requested Relief Requested Is Improper

What the 400 SLB Defendants' find most curious about the Plan Agent's renewed effort

to attack the Settlement Stipulation is its timing and purpose. As stated above, the Settlement

Stipulation was entered into over 4 years ago and was extensively litigated before this Court

over year-and-a-half ago. Despite the Court affirmatively deferring the disputed issue for trial,

the Plan Agent only now has decided to bring it back to the forefront, with, among other things,

a lengthy 157-page motion (inclusive of its attached unauthenticated exhibits), a request for

judicial notice, 4 declarations, which include a (i) a declaration of Victor Sahn, weighing in,

---

[4] As such request would require the Plan Agent to adhere to numerous procedural requirements, including the minimum 45-day notice required under Local Bankruptcy Rule 7056-1(b).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

OPPOSITION OF
400 SLB DEFENDANTS

1   with exhibits (many of which are extraneous[5]), at over *one thousand* pages; and (ii) a declaration

2   from the Plan Agent's purported expert, Jennifer Ziegler.  Having profusely spilled such a

3   quantity of ink – along with ostensibly the tens of thousands of dollars in additional legal

4   expenses charged to an admittedly deeply insolvent bankruptcy estate – the questions remains:

5   for what purpose?

6          It was the Plan Agent's effort to obtain judgment on the Museum Loan claims that gave

7   rise to the genuine issue regarding the effect of the Settlement Stipulation.  The Plan Agent has

8   obtained that judgment, albeit interlocutory without a decision on the merits.  Despite obtaining

9   his judgment against Ace Museum, the Plan Agent now attempts to resuscitate his prior position

10  on the Settlement Stipulation for an entirely new purpose – to preemptively attack defenses that

11  may be presented at trial.

12         As discussed above, the Plan Agent has made it no secret that such is the purpose of his

13  Motion.  As the Plan Agent also asserts, the Settlement Stipulation "impacts nearly all

14  prepetition claims first filed against Mr. Chrismas, which remain pending against multiple

15  defendants."  Motion 1:27-28.  With the unambiguous purpose of the Motion being to neuter the

16  defenses of the remaining defendants, including 400 SLB and Cathay Bank, via motion without

17  the due process benefits of full discovery and trial on the disputed issue, the Motion is improper

18  at this juncture.  The matter should be reserve for trial, as the Court has previously ruled.

19         **C.   In the Alternative, the 400 SLB Defendants Request an Evidentiary**

20              **Hearing on the Motion, Including a Briefing Schedule and Application of**

21              **All Bankruptcy Rules Regarding Expert Testimony**

22         Though the 400 SLB Defendants request that the issue regarding the effect of the

---

[5] One such Exhibit, <u>Exhibit W</u>, which is wholly irrelevant to the Settlement Stipulation and the relief requested, is clearly a privileged communication, which apparently was inadvertently produced to the Plan Agent.  The Plan Agent's inclusion of this irrelevant correspondence, despite the same being unambiguously included on a privilege log served concurrently on the Plan Agent is questionable, at best. Now that the inadvertent production of privileged documents has been brought to the attention of the 400 SLB Defendants (not by communication from the Plan Agent, but by the attachment of the irrelevant privileged communication to Mr. Sahn's declaration), efforts have been initiated to claw back all inadvertently privileged documents produced to the Plan Agent.  Such inadvertent disclosure shall not be construed as a waiver of any privilege held by any of the 400 SLB Defendants and all rights are reserved by the 400 SLB Defendants to exclude all documents previously marked as privileged in the privilege log served on the Plan Agent.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  Settlement Stipulation be, as the Court previously ruled, deferred to trial, to the extent that the

2  Court intends to rule on the Motion, the 400 SLB Defendants, pursuant to Local Bankruptcy

3  Rule 9013-1(i)[6], hereby request an evidentiary hearing and further request that the Court issue a

4  briefing schedule so that the 400 SLB Defendants may properly undertake the laborious task of

5  presenting evidence and argument in response to the evidentiary-heavy assertions made by the

6  Plan Agent in the Motion.  As stated in the Advisory Committee Notes to Rule 9014(d) of the

7  Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which provides that

8  testimony in a contested matter shall be taken in the same manner as in an adversary proceeding:

9          Subdivision (d) is added to clarify that **if the motion cannot be**

10         **decided without resolving a disputed material issue of fact, an**

11         **evidentiary hearing must be held at which testimony of**

12         **witnesses is taken in the same manner as testimony is taken in**

13         **an adversary proceeding or at a trial in a district court civil case.**

14     Advisory Comm. Notes (2002) to Fed. R. Bankr. P. 9014 (emphasis added).

15         400 SLB is entitled to full discovery and the opportunity to present its own evidence

16  regarding the evidentiary issues raised by the Plan Agent in the Motion.  With the introduction

17  of an entirely new expert – likely due to the fact that the Court previously questioned the

18  qualifications of the Plan Agent's prior "expert" from LEA Accountancy, the Plan Agent's own

19  accountancy firm[7] – at a minimum, the 400 SLB Defendants are entitled to expert disclosures

20  and reports mandated under Rule 26(a)(2) of the Federal Rules of Civil Procedure (the "Federal

21  Rules")[8].  Given that the Plan Agent purports to submit such expert testimony to determine an

22

23  [6] Local Bankruptcy Rule 9013-1(i)(1) provides, in pertinent part: "[t]he court may, at its discretion, in addition to or
24  in lieu of declaratory evidence, require or allow oral examination of any declarant or any other witness in accordance
    with FRBP 9017."

25  [7] Which, as Chrismas accurately points out in his motion for Rule 2004 examination [BK Docket No. 2423], LEA
    Accountancy, the Plan Agent's accounting firm, has incurred over $2.3 million in fees, yet their employment appear
26  to violate the independence provisions of the Plan Trust.

27  [8] The 400 SLB Defendants recognize that Bankruptcy Rule 9014(c) does not specifically require application of Rule
    26(a)(2),as its application is left to the discretion of the Court.  *See* Bankruptcy Rule 9014(c) (the Court "may at any
28  stage in a particular matter direct that one or more of the other rules in Part VII shall apply" to a contested matter).
    The 400 SLB submits that application of Bankruptcy Rule 26(a)(2) and all other provisions relating to expert

issue reserved by the Court for trial, all appropriate procedures under the Bankruptcy Rules and

Federal Rules must be followed.  In addition, the 400 SLB Defendants should be permitted to

present their own expert as part of this process.

**III.    CONCLUSION**

Based upon the foregoing, the 400 SLB Defendants respectfully requests that the Court,

consistent with its prior ruling, defer any determination as to the effect of the Settlement

Stipulation for trial.  In the alternative, to the extent the Court intends to rule on the Motion, the

400 SLB Defendants request that the Court  issue a briefing schedule and hold an evidentiary

hearing on the matter, with full discovery and application of applicable expert rules so as to

afford the 400 SLB Defendants, and all other defendants to this action, sufficient due process.

DATED:  April 2, 2019                              GREENBERG GLUSKER FIELDS
                                                   CLAMAN & MACHTINGER LLP


By:    */s/ Brian L. Davidoff*
       BRIAN L. DAVIDOFF
       KEITH PATRICK BANNER
       Attorneys for Defendants
       400 S. La Brea, LLC, Daryoush Dayan,
       Kamran Gharibian and Michael D. Smith

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

---

testimony is appropriate in this matter due to the Plan Agent's introduction of expert testimony in support of the
Motion.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*):

**400 SLB DEFENDANTS':**
**(I) OPPOSITION TO PLAN AGENT'S MOTION: (1) [sic] INTERPRET CONFIRMATION ORDER AND**
**CONFIRMED PLAN; AND (2) TO VACATE ORDER APPROVING STIPULATION WITH ACE MUSEUM, AND**
**STRIKE STIPULATION FROM THE DOCKET, PURSUANT TO F.R.B.P. 9024, AND F.R.C.P. 60(d)(3); AND**
**(II) REQUEST FOR EVIDENTIARY HEARING AND BRIEFING SCHEDULE ON THE CONTESTED MATTER TO**
**THE EXTENT DISPUTED ISSUES ARE NOT DEFERRED TO TRIAL**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and
**(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling
General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the
document. On (*date*) April 2, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding
and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the
email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state
method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 2, 2019 I
served the following persons and/or entities by personal delivery, overnight mail service, or (for those who
consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge
here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later
than 24 hours after the document is filed.

Via Messenger
The Honorable Robert N. Kwan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1682
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2019 | Sherry Harper | /s/ Sherry Harper |
|---|---|---|
| Date | Printed Name | Signature |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Simon Aron     saron@wrslawyers.com
- Jason Balitzer     jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com; dwalker@ecf.inforuptcy.com; kmccamey@sulmeyerlaw.com
- Keith Patrick Banner     kbanner@greenbergglusker.com, sharper@greenbergglusker.com; calendar@greenbergglusker.com
- Brian L Davidoff     bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com; jking@greenbergglusker.com
- Carolyn A Dye     trustee@cadye.com
- Fahim Farivar     ffarivar@foley.com, amcdow@foley.com;scvasquez@foley.com; scvasquez@foley.com
- Alan W Forsley     alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- J. Bennett Friedman     jfriedman@flg-law.com, msobkowiak@flg-law.com; jmartinez@flg-law.com
- Asa S Hami     ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com
- Matthew P Kelly     mkelly@sulmeyerlaw.com
- Daniel A Lev     dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; dlev@ecf.inforuptcy.com; dwalker@sulmeyerlaw.com
- Ashley M McDow     amcdow@foley.com, lbonvissuto@foley.com; Ffarivar@foley.com; swilson@foley.com
- Krikor J Meshefejian     kjm@lnbrb.com
- Susan I Montgomery     susan@simontgomerylaw.com, assistant@simontgomerylaw.com; simontgomerylawecf.com@gmail.com; montgomerysr71631@notify.bestcase.com
- Kurt Ramlo     kr@lnbyb.com, kr@ecf.inforuptcy.com
- David J Richardson     drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com
- Ronald Rus     rrus@brownrudnick.com, tlangford@brownrudnick.com
- Victor A Sahn     vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com
- Michael C Schneidereit     mschneidereit@jonesday.com, scollymore@jonesday.com; tckowalski@jonesday.com
- David B Shemano     dshemano@shemanolaw.com
- Jonathan Shenson     jshenson@shensonlawgroup.com
- Mark Shinderman     mshinderman@milbank.com, dmuhrez@milbank.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Michael W Vivoli     srhiley@vivolilaw.com, sbrown@vivolilaw.com
- Jessica Vogel     Jvogel@sulmeyerlaw.com, jvogel@ecf.inforuptcy.com; mviramontes@sulmeyerlaw.com
- Howard J Weg     hweg@robinskaplan.com
- Beth Ann R Young     bry@lnbyb.com