Victor A. Sahn (CA Bar No. 97299)
 vsahn@sulmeyerlaw.com
David J. Richardson (CA Bar No. 168592)
 drichardson@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Carolyn A. Dye (CA Bar No. 97527)
Law Offices of Carolyn A. Dye
3435 Wilshire Blvd., Suite 990
Los Angeles, CA 90010
Telephone: 213.368.5000
Facsimile: 213.368.5009

Attorneys for Sam S. Leslie, Plan Agent

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ART & ARCHITECTURE BOOKS OF THE 21st CENTURY,<br><br>    Debtors.<br><br>SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 21st CENTURY,<br><br>    Plaintiff,<br>vs.<br><br>ACE GALLERY NEW YORK CORPORATION, a California corporation; et al<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | Case No. 2:13-bk-14135-RK<br><br>Chapter 11<br><br>Adv No. 2:15-ap-01679-RK<br><br>Consolidated with Adv. No. 2:14-ap-01771-RK and Adv. No. 2:15-ap-01680-RK<br><br>**ANSWER TO DOUGLAS CHRISMAS' COUNTER-COMPLAINT AGAINST ART & ARCHITECTURE BOOKS OF THE 21ST CENTURY** |

2666242v2

Pursuant to Federal Rule of Civil Procedure 8(b)(3), made applicable to the instant adversary proceeding through Federal Rule of Bankruptcy Procedure 7008, counter-defendant Art & Architecture Books of the 21st Century (the "Debtor"), by and through Plaintiff and cross-defendant Sam S. Leslie, Plan Agent for the Debtor (the "Plan Agent"), hereby answers the Counter-Complaint Against Art & Architecture Books of the 21st Century ("Counter-Complaint") filed by defendant and counter-complainant Mr. Douglas Chrismas ("Counter-Complainant"), by denying each and every allegation (either for lack of information or because such allegations are untrue), except as expressly admitted below:

### JURISDICTION AND VENUE

1. The Debtor denies the allegations in paragraphs 1 and 2.

### PARTIES

2. Answering paragraphs 3, the Debtor admits those allegations that are properly subject to judicial notice and denies the balance.

### BACKGROUND

3. Answering paragraphs 5, 6, 7, and 8, the allegations state matters that are within the exclusive knowledge of Counter-Complainant. The Debtor is without knowledge that would permit him to admit or deny these allegations, and therefore, the Debtor denies the allegations.

4. Answering paragraph 9, the Debtor admits those allegations that are properly subject to judicial notice and denies the balance.

5. Answering paragraph 10, the Debtor admits those allegations that are properly subject to judicial notice and denies the balance.

6. Answering paragraph 11, the allegations of the paragraph appear to be simply a statement of a defined term that does not require any admission or denial. To whatever extent, if any, a response is required, the Debtor denies such allegations.

7. Answering paragraphs 12, 13 and 14, the allegations stated in these paragraphs state legal conclusions that do not require a response in this pleading. To whatever extent, if any, a response is required, the Debtor denies such allegations.

8. Answering paragraph 15, the Debtor admits that in or about October 2017, it sold

three John McCracken drawings to Mr. and Mrs. Freybe, in Vancouver, Canada, that the sale was consummated, and that a label on the wrapping included the name "Douglas Chrismas." The Debtor admits that Drew Hammond is a former employee. The Debtor denies that it had any information available to it at the time of the sale that would have indicated that the reference to "Douglas Chrismas" meant that the work was his personal property, nor any information that such artworks were anything other than an asset of the Debtor's estate. The Debtor lacks information at this time that would permit it to admit or deny the remaining allegations in this paragraph, and on that basis denies the remaining allegations.

### FIRST COUNTERCLAIM

9.  Answering paragraphs 16, 17, 18, 19, 20, 21, and 22, the allegations stated in these paragraphs state legal conclusions that do not require admission or denial by the Debtor. To whatever extent, if any, a response is required, the Debtor denies such allegations.

### SECOND COUNTERCLAIM

10. Answering paragraphs 23, 24, 25, 26, 27, 28, and 29, this Counterclaim has been dismissed with prejudice pursuant to the Court's Order of March 20, 2019, and does not require an answer. Further, the allegations stated in these paragraphs state legal conclusions that do not require admission or denial by the Debtor. To whatever extent, if any, a response is required, the Debtor denies such allegations.

### THIRD COUNTERCLAIM

11. Answering paragraphs 30, 31, 32, 33, 34, and 35, the allegations stated in these paragraphs state legal conclusions that do not require admission or denial by the Debtor. Further, to the extent these allegations pertain to Ace Museum, such allegations have been dismissed with prejudice pursuant to the Court's Order of March 20, 2019, and do not require an answer. To the extent that Counter-Complainant alleges in paragraph 33 that he has made certain demands upon the Debtor, the Debtor admits that it has received correspondence from counsel to Counter-Complainant taking such positions. Except as admitted herein, and to whatever extent, if any, a further admission or denial is required in response to these allegations, the Debtor denies such allegations.

12. Answering paragraph 36, these allegations have been dismissed with prejudice pursuant to the Court's Order of March 20, 2019, and do not require an answer. Further, the allegations stated in these paragraphs state legal conclusions that do not require admission or denial by the Debtor. To whatever extent, if any, a response is required, the Debtor denies such allegations.

13. Answering paragraph 37, the allegations stated in these paragraphs state legal conclusions that do not require admission or denial by the Debtor. To whatever extent, if any, a response is required, the Debtor denies such allegations.

## FOURTH COUNTERCLAIM

14. Answering paragraphs 38, 39, 40, and 41, the allegations stated in these paragraphs state legal conclusions that do not require admission or denial by the Debtor. Further, to the extent these allegations pertain to Ace Museum, such allegations have been dismissed with prejudice pursuant to the Court's Order of March 20, 2019, and do not require an answer. To the extent that Counter-Complainant alleges in paragraph 40 that he has made certain demands upon the Debtor, the Debtor admits that he has received correspondence from counsel to Counter-Complainant taking such positions. Except as admitted herein, and to whatever extent, if any, a further admission or denial is required in response to these allegations, the Debtor denies such allegations.

## FIFTH COUNTERCLAIM

15. Answering paragraphs 42, 43, and 44, the allegations stated in these paragraphs state legal conclusions that do not require admission or denial by the Debtor. Further, to the extent these allegations pertain to Ace Museum, such allegations have been dismissed with prejudice pursuant to the Court's Order of March 20, 2019, and do not require an answer. To whatever extent, if any, a further admission or denial is required in response to these allegations, the Debtor denies such allegations.

## PRAYER FOR RELIEF

16. Answering paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 9, the Debtor denies these paragraphs.

2666242v2

4

## SCHEDULES 1 AND 2

17. Answering paragraphs 1 through 20 of Schedule 1 and paragraphs 1 through 2 of Schedule 2, the Debtor denies these paragraphs.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

18. Counter-Complainant fails to allege sufficient facts to state any cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

19. Counter-Complainant waited an unreasonably long time to assert the claims, and the Debtor's ability to defend this lawsuit has been severely prejudiced.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

20. Counter-Complainant has failed to take reasonable steps to reduce or minimize the damages experienced.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

21. Counter-Complainant has waived any and all claims, rights, and demands made by Counter-Complainant.

### FIFTH AFFIRMATIVE DEFENSE
### (Release)

22. Counter-Complainant expressly, impliedly, or equitably released the Debtor from any liability arising under the alleged acts or omissions of the Debtor which form the basis of the claims.

### SIXTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

23. Counter-Complainant would be unjustly enriched if allowed to recover on the claims since it seeks payment from proceeds to which it is not entitled.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

24. Counter-Complainant does not have standing to allege the claims.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

25. Counter-Complainant is precluded from any recovery against the Debtor because Counter-Complainant comes into this action with unclean hands and any alleged damages incurred by him are a result of its wrongful acts and omissions to act.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

26. Counter-Complainant consented, fully and voluntarily, to the alleged acts or omissions of the Debtor which form the basis for the claims.

## TENTH AFFIRMATIVE DEFENSE

### (Ratification)

27. Counter-Complainant, through its acts or deeds, ratified the alleged acts or omissions of the Debtor which form the basis for the claims.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

28. The claims are barred by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (Necessity)

29. The alleged acts or omissions of the Debtor which form the basis of the claims were necessary to defend the property rights of the post-confirmation bankruptcy estate and its creditors.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification)

30. The alleged acts or omissions of the Debtor which form the basis of the claims were legally justified due to the Debtor's and Plan Agent's fiduciary duty to preserve and protect

1 | assets of the post-confirmation bankruptcy estate.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

31. The alleged acts or omissions of the Debtor which form the basis of the claims were made in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Attorney Fees Not Recoverable)

32. There is no contractual or statutory basis to award attorney fees to Counter-Complainant on the claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Third Party Contribution)

33. Other parties are responsible for all or part of the Counter-Complainant's damages under the claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

34. The Debtor holds claims against the Counter-Complainant which would offset any money judgment issued against the Debtor and in favor of the Counter-Complainant on account of the claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Payment on Claims Asserted Against Cross-Claimant by Plan Agent)

35. Counter-Complainant is not entitled to any recovery on its claims until it pays to the Debtor, through the Plan Agent, all damages caused by Counter-Complainant pursuant to the Plan Agent's claims asserted against Counter-Complainant in the underlying complaint, which the Debtor estimates will be in excess of $10 Million.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Causes)

36. The Debtor alleges that the injuries and damages of which Counter-Complainant complains were proximately caused by, or contributed to, by the acts of other defendants, cross-

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

2666242v2 — 7

1  defendants, persons and/or other entities, and that said acts were an intervening and superseding

2  cause of the injuries and damages, if any, of which Counter-Complainant complains, thus barring

3  Counter-Complainant from any recovery against the Debtor.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Lack of Equity)**

6  37.  As between Counter-Complainant and the Debtor, the equities do not preponderate

7  in favor of Counter-Complainant as to allow recovery.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Res Judicata)**

10  38.  The Debtor is informed and believes and, based thereon, alleges that some or all of

11  the claims asserted by Counter-Complainant are barred by the doctrine of res judicata, given the

12  positions that Counter-Complainant has taken in prior proceedings claiming that he did not own

13  the properties he now asserts are his own, and the judgments and orders that have been entered as

14  a result of such positions of Counter-Complainant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Collateral Estoppel)**

17  39.  The Debtor is informed and believes and, based thereon, alleges that some or all of

18  the claims asserted by Counter-Complainant are barred by the doctrine of collateral estoppel,

19  given the positions that Counter-Complainant has taken in prior proceedings claiming that he did

20  not own the properties he now asserts are his own, and the judgments and orders that have been

21  entered as a result of such positions of Counter-Complainant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Judicial Estoppel)**

24  40.  The Debtor is informed and believes and, based thereon, alleges that some or all of

25  the claims asserted by Counter-Complainant are barred by the judicial of collateral estoppel, given

26  the positions that Counter-Complainant has taken in prior proceedings claiming that he did not

27  own the properties he now asserts are his own, and the judgments and orders that have been

28  entered as a result of such positions of Counter-Complainant.

2666242v2                                  8

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Quasi-Judicial Immunity)**

41. The Debtor contends that the claims alleged by Counter-Complainant, to the extent that any such claims are asserted directly or indirectly against the Plan Agent, are barred by the doctrine of quasi-judicial immunity.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Bad Faith)**

42. The Debtor contends that the claims alleged by Counter-Complainant have been asserted in bad faith by Counter-Complainant, contrary to asserted privileges and in violation of his obligations in this litigation.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Improper Invocation of the Fifth Amendment Privilege)**

43. The Debtor contends that Counter-Complainant's blanket invocation of the Fifth Amendment privilege in this proceeding bar him from asserting claims for affirmative relief against the Debtor or Plan Agent in this proceeding, or compel waiver of his Fifth Amendment privilege.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

44. The Debtor has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available, and therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, based upon the foregoing, the Debtor prays that Cross-Complainant take nothing by way of the Counter Complaint and prays for such other and further relief as is just and appropriate in the circumstances.

DATED: April 3, 2019

**Sulmeyer**Kupetz
A Professional Corporation

By:  */s/ Victor A. Sahn*
Victor A. Sahn
David J. Richardson
Attorneys for Sam S. Leslie, Plan Agent for Post-Confirmation Debtor Art & Architecture Books of the 21st Century

DATED: April 3, 2019

Law Offices of Carolyn A. Dye

By:  */s/ Carolyn A. Dye*
Carolyn A. Dye
Attorneys for Sam S. Leslie, Plan Agent for Post-Confirmation Debtor Art & Architecture Books of the 21st Century

2666242v2

10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO DOUGLAS CHRISMAS' COUNTER-COMPLAINT AGAINST ART & ARCHITECTURE BOOKS OF THE 21ST CENTURY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 3, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Simon Aron on behalf of Interested Party Courtesy NEF - saron@wrslawyers.com
- Jason Balitzer on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com; dwalker@ecf.inforuptcy.com; kmccamey@sulmeyerlaw.com
- Keith Patrick Banner on behalf of Defendant 400 S La Brea, LLC a California limited liability company - kbanner@greenbergglusker.com, sharper@greenbergglusker.com; calendar@greenbergglusker.com
- Brian L Davidoff on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company - bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com; jking@greenbergglusker.com
- Carolyn A Dye on behalf of Plaintiff Sam Leslie - trustee@cadye.com
- Fahim Farivar on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company -lawyercpa@gmail.com, amcdow@foley.com; scvasquez@foley.com; scvasquez@foley.com
- Alan W Forsley on behalf of Defendants Ace Museum, a California corporation; Ace Gallery New York Corporation, a California corporation; Ace Gallery New York, Inc., a dissolved New York corporation; Douglas Chrismas - alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net,addy.flores@flpllp.com
- J. Bennett Friedman on behalf of Defendant Jennifer Kellen - jfriedman@flg-law.com, msobkowiak@flg-law.com; jmartinez@flg-law.com
- Asa S Hami on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; ahami@ecf.inforuptcy.com
- Matthew P Kelly on behalf of Interested Party Courtesy NEF - mkelly@sulmeyerlaw.com
- Daniel A Lev on behalf of Plaintiff, Cross/Counter-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; dlev@ecf.inforuptcy.com; dwalker@sulmeyerlaw.com
- Ashley M McDow on behalf of Defendant, Cross/Counter-Claimant 400 S La Brea, LLC a California limited liability company - amcdow@foley.com, sgaeta@foley.com; Ffarivar@foley.com;swilson@foley.com
- Krikor J Meshefejian on behalf of Interested Party Courtesy NEF - kjm@lnbrb.com
- Susan I Montgomery on behalf of Interested Party Susan I. Montgomery - susan@simontgomerylaw.com, assistant@simontgomerylaw.com; simontgomerylawecf.com@gmail.com; montgomerysr71631@notify.bestcase.com
- Alan I Nahmias on behalf of Interested Party Courtesy NEF  - anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Kurt Ramlo on behalf of Interested Party Courtesy NEF - kr@lnbyb.com, kr@ecf.inforuptcy.com
- David J Richardson on behalf of Plaintiff, Cross-Defendant Sam Leslie - drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com
- Ronald Rus on behalf of Defendant 400 S La Brea, LLC a California limited liability company - rrus@brownrudnick.com, tlangford@brownrudnick.com
- Victor A Sahn on behalf of Plaintiff, Cross-Defendant Sam Leslie as Trustee of the Plan Trust for Art & Architecture Books of the 21st Century - vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; asokolowski@sulmeyerlaw.com; vsahn@ecf.inforuptcy.com
- Michael C Schneidereit on behalf of Interested Party AERC Desmond's Tower, LLC - mschneidereit@jonesday.com, scollymore@jonesday.com; tckowalski@jonesday.com
- David B Shemano on behalf of Defendants Ace Museum, a California corporation/Douglas Chrismas - dshemano@shemanolaw.com
- Jonathan Shenson on behalf of Interested Party Jonathan Seligmann Shenson - jshenson@shensonlawgroup.com
- Mark Shinderman on behalf of Mediator Mark Shinderman - mshinderman@milbank.com, dmuhrez@milbank.com; dlbatie@milbank.com
- Michael D Sobkowiak on behalf of Defendant Jennifer Kellen - msobkowiak@flg-law.com, jmartinez@flg-law.com; jfriedman@flg-law.com
- United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
- Michael W Vivoli on behalf of Defendant, Cross-Claimant 400 S La Brea, LLC a California limited liability company/Witness Fortuna Asset Management/Witness Kamran Gharibian - srhiley@vivolilaw.com, sbrown@vivolilaw.com
- Jessica Vogel on behalf of Interested Party Courtesy NEF - Jvogel@sulmeyerlaw.com, jvogel@ecf.inforuptcy.com; mviramontes@sulmeyerlaw.com
- Reed S Waddell on behalf of Defendant Cathay Bank, a California corporation - rwaddell@frandzel.com, sking@frandzel.com
- Howard J Weg on behalf of Defendant Ace Museum, a California corporation - hweg@robinskaplan.com
- Beth Ann R Young on behalf of Interested Party Courtesy NEF - bry@lnbyb.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                         **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 3, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Robert Kwan – **VIA PERSONAL DELIVERY**
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012 - Bin outside of Suite 1682

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 3, 2019 | Andrea Gonzalez | */s/ Andrea Gonzalez* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**