Ekwan E. Rhow - State Bar No. 174604
   erhow@birdmarella.com
Elliot C. Harvey Schatmeier - State Bar No. 322132
   ehs@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for DEFENDANT CATHAY BANK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ART AND ARCHITECTURE BOOKS OF THE 21st CENTURY,<br><br>      Debtor. | CASE NO. 2:13-bk-14135-RK<br><br>Chapter 11<br><br>Adv No. 2:15-ap-01679-RK<br><br>Assigned to the Hon. Robert N. Kwan |
| SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 21st CENTURY,<br><br>      Plaintiff,<br><br>   vs.<br><br>ACE GALLERY NEW YORK CORPORATION, a California corporation, et al.,<br><br>      Defendants. | **CATHAY BANK'S RESPONSE TO THE COURT'S TENTATIVE RULING REGARDING THE PLAN AGENT'S MOTION TO AMEND THE SIXTH AMENDED COMPLAINT**<br><br>Crtrm.:   1675 |
| AND RELATED CROSS ACTIONS. | |

3694751.3

CATHAY BANK'S RESPONSE TO THE COURT'S TENTATIVE RULING REGARDING THE PLAN AGENT'S
MOTION TO AMEND THE SIXTH AMENDED COMPLAINT

**I.    ARGUMENT**

The Court's Tentative Ruling regarding the Plan Agent's Motion to Amend the Sixth Amended Complaint (the "Tentative Ruling" and the "Motion") states correctly that the Motion is governed by Federal Rule of Civil Procedure 16(b)(4), which requires the Plan Agent to show good cause in addition to the showing required under Federal Rule of Civil Procedure 15. Tentative Ruling, at 1.  The Tentative Ruling, however, contains two legal errors—it does not use the prevailing good cause standard in the Ninth Circuit and misapplies that standard to the facts of this case—that warrant denial of the Motion in its entirety.

*First*, the Tentative Ruling cites and applies a four-factor test from the Rutter Group Practice Guide that is at odds with the "good cause" standard in the Ninth Circuit.  Specifically, the Tentative Ruling states "In determining 'good cause,' courts consider: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) whether a continuance would cure such prejudice." Tentative Ruling, at 2 (citing Rutter Group Practice Guide, Federal Civil Procedure Before Trial, Ninth Circuit and California Edition, ¶ 15.30.2).[1]  The Tentative Ruling then considers each of these factors and concludes that good cause exists.  However, decision after decision in the Ninth Circuit emphasizes that good cause is not met by weighing a four-factor test; it is *only met* when the moving party demonstrates diligence in pursuing the amendment, *i.e.*, the moving party could not reasonably meet the deadlines set forth in the scheduling order despite its diligent efforts to do so. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  In *Johnson*, for example, the Ninth Circuit wrote that "the focus of the [good cause] inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." *Id.*

In decision after decision, the Ninth Circuit has reiterated that under *Johnson*, the moving

---

[1]    The Rutter Group Practice Guide cites published decisions from the Fifth Circuit and Tenth Circuit Court of Appeals.  Even the Tenth Circuit decision—*Tesone v. Empire Marketing Strategies*—applies the test in *Johnson*, not the four-factor test .  *See* 942 F.3d 979, 988 (10th Cir. 2019) (explaining that good cause "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts").

party must show diligence or a motion to amend should be denied.  *See DRK Photo v. McGraw-Hill Global Education Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) (stating that "[t]he central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent in seeking the amendment." and denying leave to amend for lack of diligence); *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b) ] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.'" (citing *Johnson*)); *Zivkovic v. Southern California Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) ("The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension.  If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.") (Internal quotation marks omitted); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) ("Because Jeney, Gentile, and Coleman have failed to show diligence, "the inquiry should end.") (citing *Johnson*); *see also Neidermeyer v. Caldwell*, 718 Fed. Appx. 485, 488–89 (9th Cir. Dec. 5, 2017) (unpublished) (Settle, dissenting) (criticizing "the district court and the majority [because they both] *rely exclusively on Neidermeyer's lack of diligence in seeking the amendment*" to denying Neidermeyer's motion to amend) (emphasis added); *Millenkamp v. Davisco Foods Intern., Inc*., 448 Fed. Appx. 720, 721 (9th Cir. Aug. 24, 2011) (unpublished) (affirming denial of motion to amend upon finding that "the Millenkamps have not been diligent in seeking an amendment" and noting that "[u]nder Rule 16, it is irrelevant that granting leave to amend may not have prejudiced Davisco").

Under *Johnson*, the Court may also consider the "existence or degree of prejudice to the party opposing the modification" but it may do so only if the resulting prejudice "*might supply additional reasons to deny a motion . . .*" 975 F.2d at 609 (emphasis in original).  In other words, under *Johnson,* the absence of resulting prejudice to the non-moving party still does not support good cause. *Johnson*, 975 F.2d at 609; *Urrutia v. Chipotle Mexican Grill, Inc.*, Case No. CV 16-02065-BRO (MRWx), 2017 WL 2901717, at *10 (C.D. Cal. June 16, 2017) ("Plaintiff repeatedly asserts that the prejudice to Defendant 'carries the greatest weight' in the Court's consideration of

Plaintiff's Motion. Plaintiff is incorrect . . . Even assuming Defendant had made no showing of prejudice (it has), Plaintiff must first meet his own burden of showing good cause before the Court proceeds to evaluate the *Foman* factors.") (Citations omitted).

The Tentative Ruling erred by applying the four-factor Rutter Group Practice Guide test for good cause instead of the test articulated by *Johnson*, which focuses exclusively on the moving party's diligence. Independently, the Tentative Ruling erred by suggesting that "good cause" was met because any resulting prejudice could be resolved by a continuance and additional discovery. Tentative Ruling at 2 ("A continuance of the pretrial schedule would largely address such prejudice."). Under *Johnson*, the Court may not consider prejudice to support a finding of good cause.

*Second*, the Tentative Ruling does not analyze the Plan Agent's explanation for failing to bring the Motion in accordance with Ninth Circuit precedent. The Tentative Ruling appears to accept the Plan Agent's explanation that it did not move for leave to amend sooner because "his expert witness did not learn of the potential claim until she completed her forensic accounting report in October 2020, and plaintiff could not plausibly allege an amended claim as to these additional transfers before that time." Tentative at 2. That is not how the courts in this Circuit measure diligence.

When a party belatedly seeks leave to amend the complaint to add new claims, diligence is measured by the amount of time that has passed since the moving party *was on notice of facts or legal theories that would allow it to pursue those claims*. *See, e.g., Branch Banking and Trust Company v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017) (denying defendant's motion to assert defenses and counterclaims based on documents "which Defendants knew about long before the deadline to amend had passed"); *DRK Photo v. McGraw-Hill Global Education Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) (denying plaintiff's belated motion to amend complaint to add new plaintiffs in order to avoid standing issue because Defendant "raised standing as an affirmative defense in its answer less than one month after the litigation was initiated and nearly two years before DRK finally sought leave to amend."); *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) (affirming denial of Plaintiffs' motion

1  to amend complaint to add federal Sherman Act claims, filed nine months after the deadline to
2  amended pleadings, filed nine months "because they had known since [two years earlier] (after
3  this court held that *Gallo* that federal antitrust claims were not barred by the filed-rate doctrine)
4  that federal antitrust claims may be viable."); *Johnson*, 975 F.2d at 609 (denying motion to amend
5  to add necessary party where plaintiff was put on notice by defendant's answer and interrogatory
6  responses, filed nine and three months before the joinder deadline, respectively); *Party Animal,*
7  *Inc. v. Evanger's Dog and Cat Food Co., Inc.*, Case No. CV 17-3422 PSG (FFMx), 2019 WL
8  8355728, at *3 (C.D. Cal. Dec. 9, 2019) (denying motion to amend where Plaintiff had "been
9  aware of the facts and theories" against defendants since September 2018 but failed to investigate
10 those facts and timely move to amend).  That is because "carelessness is not compatible with a
11 finding of diligence and offers no reason for a grant of relief."  *Johnson*, 975 F.2d at 609; *see also*
12 *Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir.1986) ("[L]ate
13 amendments to assert new theories are not reviewed favorably when the facts and the theory have
14 been known to the party seeking amendment since the inception of the cause of action.").
15     In this case, there is no disputing that the Plan Agent was on notice of potential claims
16 against Defendants arising from transfers in the four to seven year period no later than October 3,
17 2018.  On that date, the Plan Agent filed the proposed Fifth Amended Complaint, which makes
18 allegations about transfers in the four to seven year period and concedes that the allegations are
19 based on documents produced by 400 S. La Brea LLC.  *See* Dkt. No. 439-1, ¶ 37 ("Documents
20 produced by or on behalf of 400 S. La Brea show that the first  $2,940,668.72 in rent, property
21 taxes, late fees, and related charges, that was paid under the terms of the Museum Lease, from its
22 execution through to July 2009 . . ."); *see also* Tentative Ruling at 3-4.  Moreover, by October
23 2018, the Plan Agent had been in possession of the Debtor's books and records for more than two
24 years, plenty of time to assert allegations relating to the Debtor's solvency during the four to seven
25 year period.  The Plan Agent provides no explanation for why it waited more than two years after
26 it came into possession of these facts to pursue new claims.
27     To be clear, it would it be proper to entertain the Plan Agent's excuse that the Plan Agent
28 could not possibly determine whether it had potentially viable claims against the Defendants for

Case 2:15-ap-01679-RK    Doc 842    Filed 01/19/21    Entered 01/19/21 18:22:57    Desc
Main Document    Page 6 of 9

1  transfers in the four to seven year period until its expert prepared her report.  Assuming expert

2  analysis was necessary to assess transfers during the four to seven year period—it does not appear

3  to be necessary in light of the allegations in the Fifth Amended Complaint about these transfers—

4  diligence is measured by when the moving party's expert *could have* analyzed information

5  suggesting viable claims, not when it actually analyzed the information.  The Ninth Circuit's

6  opinion in *Coleman* is instructive on this point.  *See Coleman v. Quaker Oats Co.*, Civ. 96-0828,

7  1999 WL 34828321 (D. Ariz. Mar. 10, 1999), *affirmed Coleman v. Quaker Oats Co.*, 232 F.3d

8  1271, 1295 (9th Cir. 2000).  In *Coleman*, three plaintiffs brought Title VII and ADEA claims

9  against their former employer, alleging their termination was the result of disparate treatment on

10 the basis of his age.  *Coleman,* 1999 WL 34828321, at *5-6.  Following the close of fact

11 discovery, in response to Defendant's opposition to their summary judgement motion, the

12 Coleman for the first time moved to amend his complaint to assert a disparate impact theory of

13 liability, citing new analysis from their statistical expert as the basis for the late amendment.[2]  The

14 Court denied the motion under Rule 16, finding that Coleman's failure to amend "surprising"

15 because he had "secured his statistical expert over a year ago" and was "in possession of the

16 statistics in question for months."  *Id.*, at *7.  The Ninth Circuit affirmed, reiterating the District

17 Court's disbelief for the Plaintiff's failure to amend when their expert could have analyzed the

18 data years earlier.  *See Coleman*, 232 F.3d at 1294-95 ("Despite having hired a statistical expert

19 years before the summary judgment motions and having received the first statistical report noting

20 the disparities between the retention of older and younger employees over a year before filing for

21 summary judgment, the employees had never moved to amend their complaints.").

22         This case is on all fours with *Coleman*.  Like the *Coleman* Plaintiffs, the Plan Agent

23 retained forensic experts in this case several years ago.  And like the *Coleman* Plaintiffs, the Plan

24 Agent was in possession of discovery reflecting transfers during the four to seven year period

---

[2]  Like the Plan Agent in this case, the *Coleman* Plaintiffs contended unsuccessfully to the District Court that "the disparate impact claim flows naturally from the factual basis of the disparate treatment claim, and that the production relating to the statistical expert should have alerted the Defendant to the fact that such a claim would be raised." Coleman, 1999 WL 34828321, at *6.

CATHAY BANK'S RESPONSE TO THE COURT'S TENTATIVE RULING REGARDING THE PLAN AGENT'S
MOTION TO AMEND THE SIXTH AMENDED COMPLAINT

since October 2018.  Moreover, like the *Coleman* Plaintiffs, the Plan Agent did not seek to amend its complaint until it was faced with a motion to strike after the close of fact discovery.  The Plan Agent's delay in asking its previously retained expert quantify or analyze documents it has had for two years is not commensurate with the diligence required under Rule 16.  *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

## II. CONCLUSION

For the foregoing reasons, Cathay Bank respectfully requests that the Court consider these additional legal sources cited herein and revise the Tentative Ruling to avoid the legal errors described above and deny the Motion.

DATED: January 19, 2021           Respectfully submitted,

Ekwan E. Rhow
Elliot C. Harvey Schatmeier
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:    /s/Elliot C. Harvey Schatmeier
           Elliot C. Harvey Schatmeier
     Attorneys for DEFENDANT CATHAY BANK

3694751.3

7

CATHAY BANK'S RESPONSE TO THE COURT'S TENTATIVE RULING REGARDING THE PLAN AGENT'S
MOTION TO AMEND THE SIXTH AMENDED COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1875 Century Park East, 23rd Floor, Los Angeles, California 90064

A true and correct copy of the foregoing document entitled (*specify*): <u>CATHAY BANK'S RESPONSE TO THE COURT'S</u>
<u>TENTATIVE RULING REGARDING THE PLAN AGENT'S MOTION TO AMEND THE SIXTH AMENDED COMPLAINT</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>January 19, 2021</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 19, 2021 | Debra L. Throckmorton | /s/Debra L. Throckmorton |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                               **F 9013-3.1.PROOF.SERVICE**

**United States Bankruptcy Court, Central District**
**Case No: 2:13-bk-14135-RK / Adv. Case No. 2:15-ap-01679-RK**

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

• Jason Balitzer jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com; dwalker@ecf.inforuptcy.com; kmccamey@sulmeyerlaw.com
• Keith Patrick Banner kbanner@greenbergglusker.com, sharper@greenbergglusker.com; calendar@greenbergglusker.com
• Brian L Davidoff bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
• Carolyn A Dye trustee@cadye.com
• Fahim Farivar fahim@farivarlaw.com, catherine@farivarlaw.com;lisa@farivarlaw.com
• Alan W Forsley alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
• J. Bennett Friedman jfriedman@flg-law.com, msobkowiak@flg-law.com;cllosa@flg-law.com
• Michael I. Gottfried mgottfried@elkinskalt.com
• Asa S Hami ahami@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com
• Elliot C Harvey Schatmeier ehs@birdmarella.com, dthrockmorton@birdmarella.com
• Matthew P Kelly mkelly@sulmeyerlaw.com
• Daniel A Lev dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com
• Ashley M McDow amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com;VGoldsmith@foley.com
• Krikor J Meshefejian kjm@lnbrb.com
• Susan I Montgomery susan@simontgomerylaw.com, assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.bestcase.com
• Alan I Nahmias anahmias@mbnlawyers.com, jdale@mbnlawyers.com
• Kurt Ramlo kr@lnbyb.com, kr@ecf.inforuptcy.com
• Ekwan E Rhow eer@birdmarella.com, blee@birdmarella.com
• David J Richardson drichardson@bakerlaw.com, aagonzalez@bakerlaw.com
• Ronald Rus rrus@brownrudnick.com, tlangford@brownrudnick.com
• Victor A Sahn vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com
• Michael C Schneidereit mschneidereit@jonesday.com, scollymore@jonesday.com;tckowalski@jonesday.com
• David B Shemano dshemano@shemanolaw.com
• Jonathan Seligmann Shenson jshenson@shensonlawgroup.com
• Mark Shinderman mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
• Michael D Sobkowiak msobkowiak@flg-law.com, jfriedman@flg-law.com;cllosa@flg-law.com
• United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
• Michael W Vivoli ahobbs@vivolilaw.com, sbrown@vivolilaw.com
• Jessica Vogel Jvogel@sulmeyerlaw.com, jvogel@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com
• Howard J Weg hweg@robinskaplan.com

• Beth Ann R Young bry@lnbyb.com