1  BRIAN L. DAVIDOFF (SBN 102654)
   BDavidoff@ggfirm.com
2  KEITH PATRICK BANNER (SBN 259502)
   KBanner@ggfirm.com
3  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
4  2049 Century Park East, Suite 2600
   Los Angeles, California 90067-4590
5  Telephone:    (310) 553.3610
   Fax:          (310) 553.0687
6

7  Attorneys for Defendants 400 S. La Brea, LLC,
   Daryoush Dayan, Kamran Gharibian and Michael D.
   Smith
8

9                  **UNITED STATES BANKRUPTCY COURT**

10

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12                     **LOS ANGELES DIVISION**

| | |
|---|---|
| 13  ART & ARCHITECTURE BOOKS OF THE 21st CENTURY, | Case No. 2:13-bk-14135-RK |
| 14 | Chapter 11 |
| 15              Debtor. | Adv. No. 2:15-ap-01679-RK |
| 16 | Consolidated with: |
| 17 | Adv. No. 2:14-ap-01771-RK |
| 18  SAM LESLIE, Plan Agent for Art & Architecture Books of the 21st Century, | **SUPPLEMENTAL BRIEF OF THE 400 SLB DEFENDANTS IN RESPONSE TO THE COURT'S TENTATIVE RULING WITH RESPECT TO THE MOTION OF PLAN AGENT FOR LEAVE TO AMEND SIXTH AMENDED COMPLAINT** |
| 19 | |
| 20              Plaintiff, | |
| 21  v. | |
| 22  ACE GALLERY NEW YORK CORPORATION, a California Corporation, et al., | **DECLARATION OF BRIAN L. DAVIDOFF IN SUPPORT THEREOF** |
| 23              Defendants. | Continued Hearing |
| 24 | Date:    January 26, 2021 |
| 25 | Time:    11:00 a.m. |
| 26 | Place:   Courtroom 1675 |
| 27  And Related Counterclaims and Crossclaims. | 255 E. Temple Street Los Angeles, CA 90012 |
| 28 | |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

# TABLE OF CONTENTS

**Page**

I.  FINDINGS MADE IN THE TENTATIVE RULING THAT THE 400 SLB
DEFENDANTS DO NOT DISPUTE ................................................................. 1

II. THE PLAN AGENT HAS FAILED TO MAKE A PROPER SHOWING OF
DILIGENCE ................................................................................................ 2

    A.  Under the "Good Cause" Standard if the Diligence is not Shown, the
Inquiry Should End ............................................................................ 2

    B.  The Plan Agent Failed to Show Diligence ........................................... 5

    C.  The "Notice" Standard Regarding the Pleadings Does Not Substitute for
the Good Cause Analysis .................................................................... 8

    D.  The Plan Agent's Purported "Importance" of the Amendment is
Exaggerated ..................................................................................... 12

    E.  The Proposed Amendment is Would Not Resolve the Complaint's
Deficiencies ..................................................................................... 12

III. THE COURT SHOULD IMPOSE APPROPRIATE CONDITIONS IF
PORTIONS OF THE AMENDMENT ARE ALLOWED ............................. 13

    A.  Extension of Fact and Expert Discovery Deadlines ............................ 13

    B.  Costs ................................................................................................ 14

IV. CONCLUSION ......................................................................................... 15

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

OPPOSITION OF
400 SLB DEFENDANTS

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Brown v. Terhune*,
    No. CV 05-6279 ...................................................................................................9

*General Signal Corp. v. MCI Telecommunications Corp.*,
    66 F.3d 1500 (9th Cir. 1995) ............................................................................14

*In re Baroni*,
    No. 1:12-BK-10986-MB, 2017 WL 1207413 (Bankr. C.D. Cal. Mar. 31, 2017) .................4, 8

*In re Rosen*,
    No. 2:16-BK-24731-ER, 2018 WL 3197699 (Bankr. C.D. Cal. June 26, 2018)...................4, 8

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992)..............................................................................2,3,4,5,7,8,9

*Sierra Club v. Union Oil Co. of California*,
    813 F.2d 1480 (9th Cir.1987), rev'd on other grounds, 485 U.S. 931 (1988) ..........................8

*Southwestern Bell Telephone Co. v. City of El Paso*,
    346 F.3d 541 (5th Cir. 2003)..............................................................................2, 3

*Squyres v. Heico Companies, L.L.C.*
    782 F.3d 224, 238–39 (5th Cir. 2015)...................................................................3, 4

*Tesone v. Empire Mktg. Strategies*
    942 F.3d 979, 988–89 (10th Cir. 2019)................................................................4

*Thompson v. KC Care, LLC*
    No. 3:18-cv-00363-YY, 2019 WL 3210088, *3 (D. Or. June 17, 2019).................................5

**STATUTES**

11 U.S.C. § 544 ...............................................................................................10

Cal. Civil Code § 3439.......................................................................................12

**OTHER AUTHORITIES**

F.R.E. 201 ........................................................................................................1

Fed. R. Bankr. P. 7008 .......................................................................................9

Fed. R. Civ. P. 8 ...............................................................................................9

Fed. R. Civ. P. 16(b)(4).......................................................................................2

Rule 12(b) .......................................................................................................15

Rule 15 ............................................................................................................5, 8, 9

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

OPPOSITION OF
400 SLB DEFENDANTS

1

# TABLE OF AUTHORITIES
## (continued)

2

**Page**

3    Rule 16(b) ...........................................................................................................2,3,4,5,8

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

OPPOSITION OF
400 SLB DEFENDANTS

1
2
3

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST HEREIN:**

4
5
6
7
8
9
10
11
12

As permitted by the Court at the hearing held on January 13, 2021 at 3:00 p.m., Defendant and Cross-Complainant, 400 S. La Brea LLC ("400 SLB") and Defendants Daryoush Dayan ("Dayan"), Kamran Gharibian ("Gharibian") and Michael D. Smith ("Smith" and, collectively with 400 SLB, Dayan, and Gharibian, the "400 SLB Defendants") hereby submit this supplemental brief (this "Brief") with respect to the Court's tentative ruling issued on January 13, 2021, a copy of which is attached hereto as Exhibit 1 (the "Tentative Ruling")[1], in connection with the *Motion of Plan Agent for Leave to Amend Sixth Amended Complaint* [Docket No. 808] (the "Motion") filed on December 10, 2020 by Plaintiff and Plan Agent Sam Leslie (the "Plan Agent").

13
14

**I.    FINDINGS MADE IN THE TENTATIVE RULING THAT THE 400 SLB DEFENDANTS DO NOT DISPUTE**

15
16
17
18

The 400 SLB Defendants appreciate the detailed Tentative Ruling issued by the Court and further appreciate the opportunity to file this Brief in response thereto.  In an effort to narrow the remaining issues, the 400 SLB Defendants note that they do not dispute the following findings of the Court set forth in the Tentative Ruling:

19
20

• **The "Good Cause" Standard Applies**:  The 400 SLB Defendants agree with the Court that if the Court grants the Motion:

21
22
23
24

> [T]his will of necessity affect the existing deadlines of the amended scheduling order in this matter. … and therefore, Federal Rule of Civil Procedure 16(b)(4) requires plaintiff as the moving party to show "good cause" before being granted leave to amend the pleadings, in addition to the showing required under Federal Rule of Civil Procedure 15. *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294 (9th Cir. 2000).

25

Tentative Ruling, at 24.

26
27
28

---

[1] To the extent necessary, the 400 SLB Defendants request that the Court take judicial notice of the Tentative Ruling pursuant to F.R.E. 201.

SUPPLEMENTAL BRIEF RE: COURT'S TENTATIVE RULING

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

- **Inclusion of Alleged Avoidable Transfers Made Prior to June 2008 Should Not Be Permitted**:  The 400 SLB Defendants agree with the Court's Tentative Ruling, as clarified on the record at the January 13, 2021 hearing in response to questions raised by Cathay Bank, that the Motion should, if it is granted at all, be allowed only as to a constructive fraudulent transfer claim of alleged avoidable transfers made after June 2008 – though, as discussed below, the 400 SLB Defendants believe that the newly alleged avoidable transfers during the period of June 2008 through February 2009 (i.e. when the four-year pre-petition period began) should also be excluded based on the Plan Agent's inexcusable lack of diligence.

## II.   THE PLAN AGENT HAS FAILED TO MAKE A PROPER SHOWING OF DILIGENCE

### A.   Under the "Good Cause" Standard if the Diligence is not Shown, the Inquiry Should End

While the 400 SLB Defendants agree with the Court that the appropriate standard to evaluate the amendment is the "good cause" standard under Federal Rule of Civil Procedure 16(b)(4), the 400 SLB Defendants respectfully disagree with the Court's tentative position articulated in the Tentative Ruling that the Plan Agent has satisfied his burden under Rule 16(b) to show the requisite "good cause" to permit the proposed amendment.

It is well-settled in the Ninth Circuit that the "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  If the moving party "***was not diligent, the inquiry should end***."  *Id.* (emphasis added).  With respect to the "good cause" standard, the Tentative Ruling cites to factors considered by Fifth Circuit in *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541 (5th Cir. 2003) ("*Southwestern Bell*"), which  include "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.".  However, those factors have not been adopted by the Ninth Circuit with respect to Rule 16(b) and factors (2) – (4) appear to be inconsistent with binding Ninth Circuit authority under *Johnson*, with diligence being the threshold consideration.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

00101-00002/3948295.3

As the Ninth Circuit's held in *Johnson* that "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson,* 975 F.2d at 609.  The Ninth Circuit is unambiguous in its finding that the consideration of prejudice is only a secondary consideration under Rule 16(b).  Therefore, it does not follow in the Ninth Circuit that prejudice is a consideration in the finding of diligence, as the *Southwestern Bell* factors suggest.

The application of the Ninth Circuit's standard is further exemplified in *Johnson's* "good cause" analysis.  In finding that movant "failed to demonstrate good cause for his belated motion to amend" the Ninth Circuit did not consider prejudice.  *Id.* at 609-610.  Rather, the Ninth Circuit analyzed the actions of the Johnson, the movant, regarding his lack of diligence:

> The burden was upon Johnson to prosecute his case properly.  He cannot blame Mammoth Recreations for his failure to do so. The simple fact is that his attorneys filed pleadings and conducted discovery but failed to pay attention to the responses they received. That is precisely the kind of case management that Rule 16 is designed to eliminate. It is one of the reasons that the district courts have been forced to assume the burdens of case management themselves.

*Id.* at 610.

Even in the nonbinding case of *Southwestern Bell,* in finding that amendment should not be permitted, the Fifth Circuit's primary focus was on the actions of the party seeking the amendment:

> The district court previously extended the deadline and allowed EPCWID to twice amend its pleadings to add counterclaims. EPCWID was aware of the contract that forms the basis of its proposed amendment months in advance of the deadline and does not offer a satisfactory explanation for its delay in seeking leave to amend.

*Southwestern Bell*, 346 F.3d at 546–47.

The same is true for the other nonbinding cases cited in the Tentative Ruling regarding the standard for "good cause' under Rule 16(b).  In *Squyres v. Heico Companies, L.L.C.*, the movant asserted that he only discovered of the basis for his new claim after a late deposition, but the court rejected that argument as the movant knew enough in the preceding year that he potentially held the claim – and even if he did not, the delay in scheduling the subject deposition was "self-

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

1   imposed". 782 F.3d 224, 238–39 (5th Cir. 2015). Also, in *Tesone v. Empire Mktg. Strategies*, the

2   Tenth Circuit recognized that prejudice is a secondary consideration, quoting *Johnson* for the

3   proposition that "the existence or degree of prejudice to the party opposing the modification

4   might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving

5   party's reasons for seeking modification". 942 F.3d 979, 988–89 (10th Cir. 2019). The Tenth

6   Circuit then went on to find that the movant did not show diligence because she "was aware of

7   the facts on which the amendment was based for some time prior to the filing of the motion to

8   amend." *Id.* at 991. The inquiry ended there and there was no analysis of prejudice. *See id.*

9       Bankruptcy courts in the Central District of California, in applying the standard set forth

10  in *Johnson* similarly look only to the actions of the movant in assessing diligence:

11      Judge Robles in the 2018 case of *In re Rosen*, after noting that the "good cause" standard

12  applied to the Trustee's motion to amend his complaint, denied the motion due to the fact that the

13  "newly discovered facts" asserted by the Trustee related to information in the trustee's possession

14  for over a year prior. *In re Rosen*, No. 2:16-BK-24731-ER, 2018 WL 3197699, at *3 (Bankr.

15  C.D. Cal. June 26, 2018). "Had the Trustee acted diligently, he could have easily discovered

16  these facts prior to the deadline for amending the pleadings." *Id.* at *3.

17      Similarly, Judge Barash in the 2017 case of *In re Baroni* in applying the "good cause"

18  standard and denying the motion to amend, found that:

19      [Plaintiff's] proposed [second amended complaint] is based on facts known by, or
        available to, her long before she filed her Motion for Leave to Amend and
20      certainly at the time she filed her [first amended complaint]. To the extent that any
        facts alleged in her [second amended complaint] were not known to her when she
21      filed her [first amended complaint], Baroni chose to ignore opportunities to
        discover relevant information through the discovery procedures that became
22      available to her upon the filing of her original Complaint in 2013.

23  *In re Baroni*, No. 1:12-BK-10986-MB, 2017 WL 1207413, at *4 (Bankr. C.D. Cal. Mar.

24  31, 2017).

25      Likewise, as noted by the 400 SLB Defendants in their *Opposition of the 400 SLB*

26  *Defendants to the Motion of Plan Agent for Leave to Amend Sixth Amended Complaint*

27  [Docket. No. 832] ("Opposition"), the United States District Court for the Central District

28  of California has adopted the same standard. In *James v. J2 Cloud Servs. Inc.,* Judge

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

Christina Snyder stated:

> Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This requirement "primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). …. **If the moving party shows good cause under Rule 16(b), the court [then] applies Rule 15(a)'s liberal standards** in determining whether to grant leave to amend. *Id.* at 608.

No. 216-CV-05769-CAS, 2019 WL 184330, *3 (C.D. Cal. Jan. 14, 2019) (emphasis added).

The District Court correctly concluded that an analysis of the liberal standard under Rule 15 is addressed only if the moving party first shows good cause under Rule 16(b), which in turn "primarily considers the diligence of the party seeking the amendment." *Id.*

So too in *Thompson v. KC Care, LLC*, the United States District Court for the District of Oregon after applying the above standard went on to state:

> Regardless of whether Thompson obtained new facts sufficient to plead claims for individual liability during the December depositions, **new information alone is not good cause for modifying a scheduling order**. A party must also show diligence in seeking amendment of the scheduling order. *Eastwood on behalf of M.E. v. Yamhill County*, No. 3:18-cv-00293-YY, 2019 WL 1246244, at *4 (D. Or., Feb. 12, 2019), *adopted by* Order (Mar. 18, 2019); *Aldan v. World Corp.*, 267 F.R.D. 346, 356–57 (D. N. Mar. I. 2010).

No. 3:18-cv-00363-YY, 2019 WL 3210088, *3 (D. Or. June 17, 2019) (emphasis added).

**B.**     **The Plan Agent Failed to Show Diligence**

In addressing the Plan Agent's diligence, the Court notes that:

> [P]laintiff's explanation for not moving for leave to amend earlier is that his expert witness did not learn of the potential claim until she completed her forensic accounting report in October 2020, and plaintiff could not plausibly allege an amended claim as to these additional transfers before that time.

Tentative Ruling, at 25.

In light of the record before this Court, this "explanation" falls well short of meeting the diligence standard required under *Johnson*.  The Ninth Circuit highlighted in *Johnson* that "***carelessness is not compatible with a finding of diligence*** and offers no reason for a grant of relief." *Johnson*,  975 F.2d at 609 (emphasis added).

In seeking to amend his complaint, the Plan Agent's explanation was that "the information

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

regarding …[such transfers] was not discovered by the Plan Agent until Jennifer Ziegler and Berkeley Research Group discovered this information in the process of preparing their report." Motion 2:28-3.  As the 400 SLB Defendants noted in their Opposition, the Plan Agent is not now asserting that newly discovered evidence was uncovered, but rather is asserting that his expert "discovered" information that has been in the Plan Agent's possession since at least April 2016 when he took possession of the books and records of the Debtor[2].

In the Plan Agent's Reply, he attempted to address the fact that millions of dollars in estate money has been spent on forensic accounting in this case – including no less than $1.087 million to his own accountancy firm,  LEA Accountancy, LLP ("LEA") during the first fourteen months of the Plan Agent's tenure (April 2016 through only June 30, 2017) – by making the following general assertion (which only raises more questions as to the Plan Agent's diligence):

> The Plan Agent has spent millions of dollars litigating this case and did not call upon Ms. Ziegler to do this work until the deadline set by the Court for the Parties to designate expert witnesses and then exchange any reports prepared by them. That is when the information on the four to seven year transfers was discovered.

Reply 6:20-7:4.

In other words, since April 2016, the Plan Agent spent millions of dollars on forensic accounting analysis and made the decision – whether strategically or carelessly – to *not* have his team of forensic accountants look at transfers made during the four to seven year pre-petition period.  Instead, the Plan Agent had LEA perform a detailed post-petition analysis, including those findings contained in the nearly 450-page declaration from Timothy Kincaid filed on September 21, 2017 [Docket No. 186]. As to Ms. Ziegler, she has been part of the Plan Agent's team since early 2019, and her declaration filed March 21, 2019 illustrates that she was retained to conduct post-petition analysis.  So, the question is: why would the Plan Agent admittedly spend millions of dollars of the bankruptcy estate's money on only *post-petition* financial analysis, and apparently completely ignore pre-petition analysis?  The answer to this question is anything but diligence, when as early as January 2017 in his *Third Amended Consolidated*

---

[2] The Plan Agent has made much of the fact that the *Defendants* should have been aware of this information but wishes at the same time to absolve himself of responsibility to self- examine the same allegation.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

6

1  *Complaint* [Docket No. 69] the Plan Agent asserted pre-petition avoidance claims against 400

2  SLB – and as early as June 2016 in his *First Amended Complaint* [Docket No. 27], he asserted

3  pre-petition avoidance claims against Ace Museum.

4      Conspicuous by its absence is *any* evidence in the Motion or the Plan Agent's Reply as to

5  why the Plan Agent allegedly waited until the expert reports to analyze documents that he had in

6  his possession.  It does not satisfy the *Johnson* diligence standard for the Plan Agent to address

7  only how he came to learn of the alleged four to seven year pre-petition transfers in connection

8  with the filing of the expert reports.  Rather it was incumbent on the Plan Agent to provide

9  evidence of his diligence as to why he did not undertake this analysis sometime since April 2016

10 when he came into possession of the documentation that allegedly supports his new claims.  The

11 absence of this evidence alone is enough to end the diligence inquiry. .

12     Further, to support the timeliness of this extremely tardy "discovery", the Plan Agent

13 implies that such a "discovery" could not have been made before as it required the specialized

14 skills of a forensic accountant.  Such an implication is however unsupportable.  The same

15 document review process that the Plan Agent undertook to discover the alleged pre-petition

16 transfers occurring in the four-year pre-petition period – which were alleged as to 400 SLB back

17 in January 2017 – would apply equally to the four to seven years pre-petition period.  Surely, the

18 review of the Debtor's bank records or documents produced herein would reveal the occurrence

19 of such transfers.  As addressed in the Tentative Ruling and discussed briefly below, pursuant to a

20 subpoena dated *October 15, 2015*, 400 SLB provided documents showing all rent payments

21 received since as early as December 2007.  The fact that the Plan Agent included a list of such

22 rent payments in an Exhibit 5 to his *Fifth Amended Consolidated Complaint* [Docket No. 465]

23 but did not actually seek to recover those transfers is an unequivocal illustration of the Plan

24 Agent's carelessness with regard to alleged transfers occurring between the four and seven year

25 pre-petition period.

26     At the hearing on the Plan Agent's Motion, his counsel attempted to modify his arguments

27 regarding the "discovery" of these transfers by asserting that it was only the "insolvency" aspect

28 of the four to seven-year pre-petition period that was discovered by Ms. Ziegler – an assertion the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

7

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

1    Plan Agent failed to make in his prior two opportunities to do so in his Motion and his Reply[3].

2    Regardless of the questionable timing of this assertion, it does not add any support to a finding of

3    diligence.  As the Court notes in its Tentative Ruling, in Paragraph 58 of the *Sixth Amended*

4    *Consolidated Complaint* [Docket No. 699] (the "Sixth Amended Complaint"), the Plan Agent

5    alleges insolvency based simply on the tax returns of the Debtor.  The Plan Agent could have

6    easily added references to earlier tax returns, copies of which have been undoubtedly been in his

7    possession since at least April 2016.  Indeed, the Plan Agent has produced tax returns to 400 SLB

8    that go back to at least 1999.  Davidoff Decl., ¶ 3.

9        The conclusion of Judge Barash in *Baroni* and Judge Robles in in *Rosen* seem entirely apt

10    to the facts at hand: "[Plaintiff's] proposed [second amended complaint] is based on facts known

11    by, or available to, her long before she filed her Motion for Leave to Amend and certainly at the

12    time she filed her [first amended complaint]." *In re Baroni*, 2017 WL 1207413, at *4.  "[H]ad the

13    Trustee acted diligently, he could have easily discovered these facts prior to the deadline for

14    amending the pleadings"  *In re Rosen*, 2018 WL 3197699, at *3.

15    **C.    The "Notice" Standard Regarding the Pleadings Does Not Substitute for the**

16    **Good Cause Analysis**

17        In response to Cathay Bank's arguments in opposition to the Motion, the Tentative

18    Ruling, at length, addresses whether the Sixth Amended Complaint makes allegations that put

19    parties on notice of claims relating to a four to seven year pre-petition period.  *See* Tentative

20    Ruling, at 25-27.   This analysis, however, is only applicable to the "prejudice" component of a

21    Rule 15 analysis, and is not part of "diligence" analysis, which must first be satisfied under Rule

22    16(b), as set forth in *Johnson.  See e.g. See Sierra Club v. Union Oil Co. of California,* 813 F.2d

23    1480, 1493 (9th Cir.1987)*, rev'd on other grounds,* 485 U.S. 931 (1988)[4] (Analyzing whether

24    ─────────────────

25    [3] *Response of Plan Agent to Oppositions of 400 S. La Brea, Daryoush Dayan, Michael Smith, Kamran Gharibian, Cathay Bank and Douglas Chrismas to Plan Agent's Motion for Leave to Amend Sixth Amended Complaint* [Docket No. 836] ("Reply").

26
27    [4] Notably, in *Sierra Club* though allowing certain amendments, the Ninth Circuit affirmed the denial of other amendments on the following basis: "Because Sierra Club knew or should have known when it filed the original complaint of five of the new violations alleged in the amended complaint, it was properly denied amendment with

28    respect to those violations."  813 F.2d at 1493.

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

1    defendants were "on notice" of facts contained in a proposed amendment as part of the prejudice

2    analysis of Rule 15); *Brown v. Terhune*, No. CV 05-6279 RSWL JCX, 2011 WL 3812596, at *5

3    (C.D. Cal. Aug. 30, 2011) (same).

4         The 400 SLB Defendants believe it would be unfair and unduly prejudicial for the Court

5    to even to consider whether the Defendants were put on notice of the four to seven year pre-

6    petition claims as an element of prejudice to defendants as a secondary consideration under

7    *Johnson*, when the Plan Agent himself admits even *he was not aware of* these claims until

8    sometime before October 2020. *See* Motion 3:1-3 ("[transfers] between four and seven years

9    prior to the filing of this bankruptcy case [were] not discovered by the Plan Agent until Jennifer

10   Ziegler and Berkeley Research Group discovered this information in the process of preparing

11   their report."). How can it be that Defendants are charged with notice of something the Plan

12   Agent had not intended to allege?

13        In tentatively determining that the Sixth Amended Complaint put the 400 SLB Defendants

14   on notice of claims concededly unknown to the Plan Agent, the Tentative  Ruling highlights a

15   handful of the Plan Agent's opaque and incidental allegations in the Sixth Amended Complaint.

16   These hazy statements are far from sufficient for a "short and plain statement of the claim" as

17   required by Fed. R. Civ. Pro. 8, Fed. R. Bankr. Pro. 7008, particularly when compared with the

18   overwhelming and voluminous allegations limiting the pre-petition recovery to four years.

19        First, the Tentative Ruling turns paragraph 37 and Exhibit 5 to the Plan Agent's Sixth

20   Amended Complaint – a table identified as "Rent Payments for 400 S. La Brea" beginning in

21   December 28, 2007. Despite the contents of Exhibit 5, nowhere in the 345 paragraphed

22   allegations of the Sixth Amended Complaint which together with exhibits ran over 400 pages,

23   does the Plan Agent affirmatively assert to recover alleged rent payments as far back as

24   December 2007.

25        The Plan Agent had added Exhibit 5 to his complaint on October 3, 2018 as part of his

26   equally lengthy *Fifth Amended Consolidated Complaint* [Docket No. 439] filed on October 3,

27   2018. In adding this exhibit, the Plan Agent made no effort to affirmative seek recovery of the

28   transfers going back to December 2007. Indeed, as the Plan Agent admits, he apparently had not

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

"discovered" he had such claims yet. As such, the only reasonable interpretation of rent payments shown on Exhibit 5 that occurred in the four to seven year pre-petition period was as factual background, not the basis for affirmative relief.

Next the Tentative Ruling turns to paragraph 29 where the earliest allegation is to a December 2008 payment. Finally, the Tentative ruling focuses on the insolvency allegations in paragraphs 58 and 59. However for the reasons noted below, these background allegations do nothing to change the fact that the Defendants were only put on notice of claims within the four year prepetition period.

As the 400 SLB Defendants previously pointed out in their Opposition, in his Sixth Amended Complaint, the Plan Agent's state law avoidance theories asserted under section 544 of the Bankruptcy Code seek to avoid and recover "Prepetition Rent Transfers" paid to 400 SLB. Paragraph 70 of the complaint specifically defines "Prepetition Rent Transfers" as rent payments received "[i]n the ***four years prior to the Petition Date***." Sixth Amended Complaint ¶ 70 (emphasis added). The Plan Agent's section 544 claims for relief (the Second, Third and Fourth) seek to avoid these Prepetition Rent Transfers. Additional references to a four-year pre-petition period are found throughout the complaint, including:

- Paragraph 5: The Debtor had been paying Ace Museum's rent for **four years before the Petition Date** to ensure that the purchase option was preserved for Chrismas, but all such payments were made when the Debtor was already insolvent.

- Paragraph 6: As detailed below, 400 S. La Brea, its principals, and its lender, Cathay Bank, had notice and actual knowledge that **Ace Museum[5] lacked the means to pay its own rent** and had no reasonable prospects for remedying its lack of funds.

- Paragraphs 35-42: under the heading- **Ace Museum's Incorporation** and Assignment of the Museum Lease.

---

[5] Ace Museum only came into existence on June 8, 2009. Thus all of these allegations need to be read in that context.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

10

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

- Paragraphs 45-57: under the heading- 400 S. La Brea and Cathay Bank Were on Early Notice **that Ace Museum** Was Not Paying Its Own Rent

- Paragraph 58: **When Ace Museum executed the Assignment in 2009**, and the Debtor began providing the funds for payment of **Ace Museum's rent**, the Debtor was already insolvent.[6]

- Paragraph 72:  "By the Petition Date, and **within four years of the Petition Date**, the Debtor had paid 400 S. La Brea as much as $5,750,266.21 in satisfaction of a third party's lease obligations at a time when the Debtor was insolvent or unable to pay its own bills as they came due, for which the Debtor received no reasonably equivalent value.

- Paragraphs 213-215: Seeking recovery of **Prepetition Rent Transfers.**

- Paragraph 216: That the Debtor was insolvent when the **Prepetition Rent Transfers** were made.

- Paragraphs 217-219: Seeking recovery of **Prepetition Rent Transfers.**

- Paragraphs 221-223: Seeking recovery of **Prepetition La Brea Transfer**[7]

- Paragraphs 226-228: Seeking recovery of **Prepetition La Brea Transfers**

- Paragraphs 230- 232: Seeking recovery of **Prepetition Rent Transfers**

- Paragraphs 234-237 mixes **Prepetition Rent Transfers** and **Prepetition La Brea Transfers.**

- Paragraphs 246: Seeking recovery of **Prepetition Rent Transfers** together with post-petition "Avoidable Transfers."

- Paragraph 249: Plaintiff further alleges that, to whatever extent any of the 400 S. La Brea Insiders received any distributions from 400 S. La Brea **between 2009**

---

[6] Even though the Court looks to the June 2008 to May 2009 tax return as the earliest date alleged, these allegations must be read in the context of Ace Museum not paying its own rent.

[7] As noted in the Opposition "Pre-Petition La Brea Transfers" was a misnomer remaining from the Fourth Amended Complaint and used there to differentiate from those made during the same four-year prepetition period to Trizec 5670 Wilshire, LLC ("Trizec"), defined as the "Prepetition Trizec Transfers". Another, but significant, happenstance of carelessness in the Plan Agent's drafting.

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

1  **and 2016**, they were subsequent transferees of the Avoidable Transfers, and did

2  not receive such funds in good faith.

3  **D.**    **The Plan Agent's Purported "Importance" of the Amendment is Exaggerated**

4  The Plan Agent makes misleading assertions in his Motion and Reply regarding the

5  amount of the claims he failed to include in his complaint, which undoubtedly led to the Court's

6  incorrect conclusion in its Tentative Ruling that "the amended claim would increase the value of

7  its claim by around $12 million."  Tentative Ruling, at 25.  The amount at issue is, in fact, no

8  more than $5.584 million.  *See* Motion 4:1-7.  Rather than properly focus only on the total

9  transfers the Plan Agent carelessly failed to include in his complaint, the Plan Agent in multiple

10  pleadings has included a one-sided table as to what he asserts is the ***total liability*** of the 400 SLB

11  Defendants for both alleged pre- and post-petition transfers (i.e. the $12 million).  The repeated

12  use of these aggregate conclusions exaggerated the importance of the proposed amendment and

13  improperly asserts only the Plan Agent's view of liability.  The 400 SLB Defendants vehemently

14  disagree with the Plan Agent's assertion of a $12 million total liability, but the 400 SLB

15  Defendants will not distract the Court with their various defenses and their own financial analysis

16  to properly be raised only at trial.  Regardless of the amount of purported pre-petition liability the

17  Plan Agent only recently "discovered", amounted to no more than $5.584 million.

18  **E.**    **The Proposed Amendment is Would Not Resolve the Complaint's Deficiencies**

19  The Plan Agent's Motion requests that a single word be changed: " If there is an issue

20  regarding how far back the Plan Agent may reach to recover transfers under California Civil Code

21  Section 3439, that can be cured by changing **one word** in the entire Sixth Amended Complaint in

22  this case. That is found in paragraph 213 and would entail changing the word **four** to the word

23  **seven.** Motion at page 14.

24  However as noted above, changing one word in paragraph 213 will not address the

25  contradictory allegations strewn throughout the complaint alleging a four year pre-petition period.

26  Allowing the amendment with a one word change as requested, would only lead to renewed

27  motion practice to a defective and contradictory complaint.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

III.    **THE COURT SHOULD IMPOSE APPROPRIATE CONDITIONS IF PORTIONS OF THE AMENDMENT ARE ALLOWED**

As discussed above, the 400 SLB Defendants respectfully submit that the Plan Agent failed to show the diligence required to allow any portion of the proposed amendment, and the inquiry thus stops there under *Johnson*. Notwithstanding, and without waiver of these arguments, if the Court is inclined to issue a final order consistent with the Tentative Ruling, the 400 SLB Defendants hereby request that appropriate conditions be imposed on such on any such amendment, including adjustment of the scheduling order, and monetary compensation for the tardy change in the complaint.

A.    **Extension of Fact and Expert Discovery Deadlines**

With regard to timing, the Court has recognized in the Tentative Ruling that an adjustment will need to be made to the scheduling order. The 400 SLB Defendants request an extension of the fact discovery deadline and the expert rebuttal deadline.

As to fact discovery, the 400 SLB Defendants request that the fact discovery deadline be extended for 90 days so that the 400 SLB Defendant can ensure that they either have, or are able to obtain by subpoena or document production, all relevant documents related to the four to seven year pre-petition period. Tens of thousands of pages of documents have been produced in this case. It is no easy task once the documents for relevant time period are segregated to review and analyze those documents. Only once that is done will the 400 SLB Defendants be in a position to understand whether they need other documents.

Once the 400 SLB Defendants have quantified and reviewed all of the relevant documents, only then will the 400 SLB Defendants be in a position to understand whether they need to take further depositions, including depositions of parties who have already been deposed, as to the four to seven year period.

Once both of the above steps are completed, then the 400 SLB Defendants will need to work with their forensic expert to analyze all of the data obtained. The 400 SLB Defendants request that the deadline for expert rebuttal reports be 30 days after completion of the extended fact discovery deadline, and that expert discovery itself be continued to a date that is 60 days after

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

00101-00002/3948295.3

submission of the rebuttal expert reports.[8]

It seems axiomatic to the 400 SLB Defendants that the addition of a claim regarding an entirely new period requires a re-do of much of the same discovery and trial preparation that the 400 SLB Defendants have undertaken over the course of the last four years.

**B.    Costs**

As summarized by Wright & Miller:

> The most common condition imposed on an amending party is costs. An amendment frequently will force other parties to undertake additional preparation in order to meet the new issues or theories that are asserted. Indeed, the court even may find it necessary to grant a continuance to provide additional time for the opposing party to prepare for trial.  If this preparation results in further expense, the court may order that the amending party bear part or all of it. The award also may include costs that were incurred by the opposing party in connection with preparing to meet the portions of the original pleading that have.

Wright & Miller, Fed. Prac. & Proc. Civ. § 1486 (3d ed.), § 1486, citing *Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002); *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500 (9th Cir. 1995); *Adkins v. International Union of Elec., Radio & Mach. Workers*, AFL-CIO-CLC, 769 F.2d 330 (6th Cir. 1985).

Here, the Plan Agent's failure to allege claims due to his extremely tardy recent "discovery" of such claims – despite possessing information relevant to those claims since at least April 2016 – has already caused the 400 SLB Defendants to incur the costs of opposing his Motion.  The dilatory actions of the Plan Agent, in failing to notify any defendant of the newly "discovered" claims also forced the 400 SLB Defendants to prepare a motion to strike portions of Ms. Ziegler's report.  The total fees the 400 SLB Defendants have already incurred due to the Plan Agent's failure to allege claims included in his expert analysis, through December 2020 totals $39,949.  This amount includes, among other this (1) time spent evaluating and filing the motion to strike portions of Ziegler's report and related pleadings; (2) opposing the later-filed Plan Agent's Motion to amend his complaint; (3) addressing the various requests for shortened notice associated with the same; and (4) attending the applicable hearings.  The 400 SLB Defendants will further incur an additional approximately $15,000 for time incurred with respect

---

[8] As previously discussed at the Court's status conference, at least five experts have submitted, or will be submitting reports.  As such, the parties will need sufficient time to conduct expert depositions.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

1    to the Plan Agent's Motion through the end of January.  Davidoff Decl., ¶ 4.

2         In addition to the approximately $54,949 the 400 SLB Defendants have, or will incur with

3    respect to the Motion, if the Court is inclined to grant the Motion in accordance with its Tentative

4    Ruling (i.e. permit the addition of pre-petition transfers from June 2008), the 400 SLB Defendants

5    will incur additional costs directly attributable to the Plan Agent's unduly late addition of these

6    claims, estimated as follows:

7        &bull;   Costs relating to responding to the amended complaint: Approximately $5,000 to

8             prepare and file and answer or approximately $25,000 to file and defend a Rule

9             12(b) motion to the patently deficient complaint;

10       &bull;   Costs relating to the analysis of documents and additional discovery requests

11            regarding the additional claims: approximately $15,000;

12       &bull;   Each supplemental deposition: approximately $8,000; and

13       &bull;   Fees relating to additional expert analysis of new claims: approximately $15,000.

14   Davidoff Decl., ¶ 5.

15        Overall, the additional costs already incurred by the 400 SLB Defendants and those that

16   will be incurred if the Court were to allow the amendment is estimated between $89,949 and

17   $125,949.[9]  These additional costs are directly attributable to the Plan Agent's failure to timely

18   assert recovery of rent payments since June 2008, and therefore an award of costs is warranted.[10]

19   **IV.    <u>CONCLUSION</u>**

20        Based upon the foregoing, the 400 SLB Defendants respectfully submit that the Plan

21   Agent has failed to show the diligence required under the "good cause" standard, and, as such, the

22   inquiry necessarily stops there, and the Plan Agent's Motion should be denied in its entirety.  If

23   the Court is nevertheless inclined to follow its tentative ruling and allow the Plan Agent to amend

24   its complaint to include rent payments as far back as June 2008, the 400 SLB Defendants

25

26   [9] The latter estimate assumes two supplemental depositions are taken and a Rule 12(b) motion is filed.

27   [10] Though the 400 SLB Defendants believe that they should not be responsible for any of these additional costs, the
     400 SLB Defendants understand that the Court may allocate the appropriate costs under its discretion to impose

28   conditions on amendments.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

15

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

1    respectfully request that the Court extend the present scheduling order and order the Plan Agent

2    to pay the costs directly attributable to the Plan Agent's failure to timely assert such claims, as

3    asserted herein, or such other amount the Court deems fair and reasonable under the

4    circumstances.

5

6

7    DATED:  January 19, 2021                    GREENBERG GLUSKER FIELDS CLAMAN
                                                  & MACHTINGER LLP
8

9                                                 By:____/s/ Brian L. Davidoff_____
                                                     BRIAN L. DAVIDOFF
10                                                   KEITH PATRICK BANNER
                                                     Attorneys for Defendants
11                                                   400 S. La Brea, LLC, Daryoush Dayan,
                                                     Kamran Gharibian and Michael D. Smith
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL BRIEF RE:
COURT'S TENTATIVE RULING

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

00101-00002/3948295.3

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590

## DECLARATION OF BRIAN L. DAVIDOFF

I the undersigned, Brian L. Davidoff, do hereby declare:

1.     I am a partner of Greenberg Glusker Fields Claman & Machtinger, counsel for Defendants Daryoush Dayan ("Dayan"), Kamran Gharibian ("Gharibian") and Michael D. Smith ("Smith" and, collectively with 400 SLB, Dayan, and Gharibian, the "400 SLB Defendants") in this adversary proceeding.  The facts herein contained are within my own personal knowledge and belief and I could and would competently testify thereto if called upon to do so.

2.     I make this declaration in support of the accompanying *Supplemental Brief of the 400 SLB Defendants in Response to the Court's Tentative Ruling with Respect to the Motion of Plan Agent for Leave to Amend Sixth Amended Complaint* (the "Brief").  Capitalized terms not otherwise defined herein shall have their meaning ascribed in the Brief.

3.     During the course of this adversary proceeding, the Plan Agent has produced pre-petition tax returns of the debtor for the years 1999 through 2013 (i.e. the year the Debtor commenced its bankruptcy case).  It is my understanding the Plan Agent obtained copies of such tax returns when he took control of the Debtor's affairs in April 2016.

4.     The total attorneys' fees the 400 SLB Defendants have incurred due to the Plan Agent's failure to allege claims included in his expert analysis totals $39,949 through December 2020. This amount includes, among other this (1) time spent evaluating and filing the motion to strike portions of Ziegler's report and related pleadings; (2) opposing the later-filed Plan Agent's Motion to amend his complaint; (3) addressing the various requests for shortened notice associated with the same; and (4) attending the applicable hearings.  I estimate that the 400 SLB Defendants will incur an additional approximately $15,000 for time incurred with respect to the Plan Agent's Motion through the end of January 2021.

5.     In addition to the approximately $54,949 the 400 SLB Defendants have, or will incur with respect to the Motion, if the Court is inclined to grant the Motion in accordance with its Tentative Ruling (i.e. permit the addition of pre-petition transfers from June 2008), the 400 SLB Defendants will incur additional costs directly attributable to the Plan Agent's unduly late addition of these claims, estimated as follows:

DECLARATION OF
BRIAN L. DAVIDOFF

- Costs relating to responding to the amended complaint: Approximately $5,000 to prepare and file and answer or approximately $15,000 to $25,000 to file a Rule 12(b) motion to the patently deficient complaint;
- Costs relating to the analysis of documents and additional discovery requests regarding the additional claims: approximately $15,000;
- Each supplemental deposition: approximately $8,000; and
- Fees relating to additional expert analysis of new claims: approximately $15,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Los Angeles, California this 19th day of January, 2021.

_____
BRIAN L. DAVIDOFF

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Wednesday, January 13, 2021**                                    **Hearing Room    1675**

---

<u>1:30 PM</u>
**2:13-14135    Art and Architecture Books of the 21st Century**                  **Chapter 11**
Adv#: 2:15-01679        THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF T v.

**#8.00**    Cont'd status conference re: Complaint for: (1) Avoidance, recovery, and preservation
of fraudulent transfers; (2) Avoidance, recovery, and preservation of preferential
transfers; (3) Turnover of property; (4) Avoidance and recovery of transfers;
(5) Avoidance and recovery of post-petition transfers to defendant ACE Gallery
New York Corporation; and (6) Disallowance of claims
fr. 9/16/20, 10/29/20, 10/28/20

Docket        1
**\*\*\* VACATED \*\*\*    REASON: Cont'd from 1:30 p.m. to 3:00 p.m. on
1/13/21 per notice filed on 12/29/20-mb.**

**Tentative Ruling:**

By prior notice of the court, the status conference is rescheduled for the 3:00
p.m. calendar.  Appearances are required at 3:00 p.m., not 1:30 p.m.

| Party Information |
|---|

**<u>Debtor(s):</u>**

Art and Architecture Books of the          Represented By
                                         Thomas M Geher
                                         Ron  Bender
                                         Beth Ann R Young
                                         Krikor J Meshefejian
                                         Kurt  Ramlo
                                         David W. Meadows

**<u>Defendant(s):</u>**

Ace Gallery New York Corporation,         Pro Se

**<u>Plaintiff(s):</u>**

THE OFFICIAL COMMITTEE OF              Represented By
                                         Victor A Sahn

**<u>U.S. Trustee(s):</u>**

United States Trustee (LA)                Pro Se

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

**Wednesday, January 13, 2021**                                    **Hearing Room    1675**

<u>1:30 PM</u>
**CONT...**        **Art and Architecture Books of the 21st Century**                      **Chapter 11**

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Wednesday, January 13, 2021**                                    **Hearing Room    1675**

---

<u>1:30 PM</u>
**2:13-14135    Art and Architecture Books of the 21st Century**                    **Chapter 11**
Adv#: 2:15-01679        THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF T v.

#9.00        Cont'd  pretrial conference re: Application of Sam S. Leslie, plan agent, for issuance of
order approving the issuance of writ of execution and appointment of plaintiff as
substitute custodian for U.S. Marshal in furtherance of execution of writ and notice of
levy; and for order approving sale of artworks free and clear of any claim of lien or
interest
fr.  8/19/20, 9/2/20, 10/22/20

Docket        713
**\*\*\* VACATED \*\*\*    REASON: Cont'd from 1:30 p.m. to 3:00 p.m. on
1/13/21 per notice filed on 12/29/20-mb.**

**Tentative Ruling:**

By prior notice of the court, the pretrial conference is rescheduled for the 3:00
p.m. calendar.  Appearances are required at 3:00 p.m., not 1:30 p.m.

| Party Information |
|:---:|

**<u>Debtor(s):</u>**

Art and Architecture Books of the                Represented By
                                                 Thomas M Geher
                                                 David W. Meadows
                                                 Jerome S Cohen
                                                 Carolyn A Dye
                                                 Alan I Nahmias

**<u>Defendant(s):</u>**

Ace Gallery New York Corporation,               Represented By
                                                 Alan W Forsley

Douglas  Chrismas                                Represented By
                                                 Alan W Forsley

Ace Gallery New York, Inc., a                    Represented By
                                                 Alan W Forsley

ACE MUSEUM, a California                          Represented By

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Wednesday, January 13, 2021**                                          **Hearing Room    1675**

---

<u>1:30 PM</u>
**CONT...        Art and Architecture Books of the 21st Century**                          **Chapter 11**

Alan W Forsley

400 S La Brea, LLC a California            Represented By
                                          Michael W Vivoli
                                          Ronald  Rus
                                          Fahim  Farivar
                                          Brian L Davidoff
                                          Keith Patrick Banner

Jennifer  Kellen                          Represented By
                                          J. Bennett Friedman

Michael D. Smith                          Represented By
                                          Brian L Davidoff

Kamran Gharibian                          Represented By
                                          Brian L Davidoff

Daryoush Dayan                            Represented By
                                          Brian L Davidoff

Cathay Bank, a California                 Represented By
                                          Ekwan E Rhow
                                          Elliot C Harvey Schatmeier

Jennifer Kellen                           Represented By
                                          Michael D Sobkowiak

**Plaintiff(s):**

THE OFFICIAL COMMITTEE OF                 Represented By
                                          Victor A Sahn
                                          Daniel A Lev
                                          David J Richardson
                                          Asa S Hami
                                          Jessica  Vogel

Official Committee Of Unsecured           Represented By
                                          David J Richardson
                                          Victor A Sahn

Sam  Leslie                               Represented By

---

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

**Wednesday, January 13, 2021**                                            **Hearing Room      1675**

<u>1:30 PM</u>
**CONT...**        **Art and Architecture Books of the 21st Century**                          **Chapter 11**

                                                    Victor A Sahn
                                                    Carolyn A Dye
                                                    David J Richardson
                                                    Jason  Balitzer
                                                    Steven  Thomas
                                                    Stephen  Sorensen

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Wednesday, January 13, 2021**                                    **Hearing Room    1675**

---

3:00 PM
**2:13-14135    Art and Architecture Books of the 21st Century**                    **Chapter 11**
Adv#: 2:15-01679        THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF T v.

**#10.00**    Cont'd  pretrial conference re: Application of Sam S. Leslie, plan agent, for issuance of
order approving the issuance of writ of execution and appointment of plaintiff as
substitute custodian for U.S. Marshal in furtherance of execution of writ and notice of
levy; and for order approving sale of artworks free and clear of any claim of lien or
interest
fr.  8/19/20, 9/2/20, 10/22/20

Docket        713

**Tentative Ruling:**

Updated tentative ruling as of 1/11/21.  No tentative ruling on the merits.
Appearances are required on 1/23/21, but counsel and self-represented
parties must appear by telephone.

TO PARTIES WHO INTEND TO APPEAR AT THE HEARING ON THIS
MATTER:

PLEASE TAKE NOTICE that the court hearing before Judge Robert Kwan of
the United States Bankruptcy Court for the Central District of California will be
conducted telephonically.  However, instead of having to physically appear in
court, you must appear by telephone because the court is not conducting in
person hearings on that date in light of the public health conditions from the
COVID-19 pandemic.  The courtroom will be locked; parties must appear by
telephone and will not be permitted to appear in the courtroom.

In order to appear for the court hearing by telephone, you will need to arrange
to make the telephone call through CourtCall, the contract telephone
appearance service, which arranges telephone appearances before this court.
CourtCall's telephone number is: (866) 582-6878.  Through March 31, 2021,
CourtCall is offering discounted rates to attorneys and FREE access for
parties who do not have an attorney (pro se or self-represented parties).  You
need make an advance reservation with CourtCall to appear by telephone
before the hearing, preferably a week before the hearing, and no later than
the day before the hearing.  After you made your telephone appearance

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

**Wednesday, January 13, 2021**                                    **Hearing Room    1675**

3:00 PM

**CONT...        Art and Architecture Books of the 21st Century                    Chapter 11**

reservation with CourtCall, on the day of the court hearing, you will need to
call  CourtCall at its telephone number at least 5 minutes before the
scheduled hearing, and identify the United States Bankruptcy Court in Los
Angeles as the court and Judge Robert Kwan as the judge, and the CourtCall
operator will put you into the telephonic court hearing.  Given the large
demand for telephone court appearances, there may be some delay in
connecting to the hearing.  If you are having problems connecting to the
hearing, please call and advise Judge Kwan's courtroom deputy at (213)
894-3385.

| Party Information |
|---|

**Debtor(s):**

| Art and Architecture Books of the | Represented By |
| | Thomas M Geher |
| | David W. Meadows |
| | Jerome S Cohen |
| | Carolyn A Dye |
| | Alan I Nahmias |

**Defendant(s):**

| Ace Gallery New York Corporation, | Represented By |
| | Alan W Forsley |
| Douglas  Chrismas | Represented By |
| | Alan W Forsley |
| Ace Gallery New York, Inc., a | Represented By |
| | Alan W Forsley |
| ACE MUSEUM, a California | Represented By |
| | Alan W Forsley |
| 400 S La Brea, LLC a California | Represented By |
| | Michael W Vivoli |
| | Ronald  Rus |
| | Fahim  Farivar |
| | Brian L Davidoff |

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

| | |
|---|---|
| **Wednesday, January 13, 2021** | **Hearing Room    1675** |

<u>3:00 PM</u>
**CONT...**       **Art and Architecture Books of the 21st Century**                    **Chapter 11**
                                          Keith Patrick Banner

| | |
|---|---|
| Jennifer  Kellen | Represented By |
| | J. Bennett Friedman |
| Michael D. Smith | Represented By |
| | Brian L Davidoff |
| Kamran Gharibian | Represented By |
| | Brian L Davidoff |
| Daryoush Dayan | Represented By |
| | Brian L Davidoff |
| Cathay Bank, a California | Represented By |
| | Ekwan E Rhow |
| | Elliot C Harvey Schatmeier |
| Jennifer Kellen | Represented By |
| | Michael D Sobkowiak |

**<u>Plaintiff(s):</u>**

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF | Represented By |
| | Victor A Sahn |
| | Daniel A Lev |
| | David J Richardson |
| | Asa S Hami |
| | Jessica  Vogel |
| Official Committee Of Unsecured | Represented By |
| | David J Richardson |
| | Victor A Sahn |
| Sam  Leslie | Represented By |
| | Victor A Sahn |
| | Carolyn A Dye |
| | David J Richardson |
| | Jason  Balitzer |
| | Steven  Thomas |
| | Stephen  Sorensen |

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Wednesday, January 13, 2021**                                    **Hearing Room    1675**

---

3:00 PM
**2:13-14135    Art and Architecture Books of the 21st Century**                    **Chapter 11**
Adv#: 2:15-01679        THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF T v.

**#11.00**    Cont'd status conference re: Complaint for: (1) Avoidance, recovery, and preservation
of fraudulent transfers; (2) Avoidance, recovery, and preservation of preferential
transfers; (3) Turnover of property; (4) Avoidance and recovery of transfers;
(5) Avoidance and recovery of post-petition transfers to defendant ACE Gallery
New York Corporation; and (6) Disallowance of claims
fr. 9/16/20, 10/29/20, 10/28/20

Docket        1

**Tentative Ruling:**

Updated tentative ruling as of 1/11/21.  No tentative ruling on the merits.
Appearances are required on 1/13/21, but counsel and self-represented
parties must appear by telephone.

TO PARTIES WHO INTEND TO APPEAR AT THE HEARING ON THIS
MATTER:

PLEASE TAKE NOTICE that the court hearing before Judge Robert Kwan of
the United States Bankruptcy Court for the Central District of California will be
conducted telephonically.  However, instead of having to physically appear in
court, you must appear by telephone because the court is not conducting in
person hearings on that date in light of the public health conditions from the
COVID-19 pandemic.  The courtroom will be locked; parties must appear by
telephone and will not be permitted to appear in the courtroom.

In order to appear for the court hearing by telephone, you will need to arrange
to make the telephone call through CourtCall, the contract telephone
appearance service, which arranges telephone appearances before this court.
CourtCall's telephone number is: (866) 582-6878.  Through March 31, 2021,
CourtCall is offering discounted rates to attorneys and FREE access for
parties who do not have an attorney (pro se or self-represented parties).  You
need make an advance reservation with CourtCall to appear by telephone
before the hearing, preferably a week before the hearing, and no later than
the day before the hearing.  After you made your telephone appearance

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Wednesday, January 13, 2021**                                    **Hearing Room    1675**

3:00 PM
**CONT...        Art and Architecture Books of the 21st Century**                          **Chapter 11**

reservation with CourtCall, on the day of the court hearing, you will need to
call  CourtCall at its telephone number at least 5 minutes before the
scheduled hearing, and identify the United States Bankruptcy Court in Los
Angeles as the court and Judge Robert Kwan as the judge, and the CourtCall
operator will put you into the telephonic court hearing.  Given the large
demand for telephone court appearances, there may be some delay in
connecting to the hearing.  If you are having problems connecting to the
hearing, please call and advise Judge Kwan's courtroom deputy at (213)
894-3385.

| Party Information |
|---|

**Debtor(s):**

Art and Architecture Books of the                    Represented By
                                                      Thomas M Geher
                                                      Ron  Bender
                                                      Beth Ann R Young
                                                      Krikor J Meshefejian
                                                      Kurt  Ramlo
                                                      David W. Meadows

**Defendant(s):**

Ace Gallery New York Corporation,                    Pro Se

**Plaintiff(s):**

THE OFFICIAL COMMITTEE OF                    Represented By
                                                      Victor A Sahn

**U.S. Trustee(s):**

United States Trustee (LA)                    Pro Se

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Wednesday, January 13, 2021**                                                     **Hearing Room      1675**

---

<u>3:00 PM</u>
**2:13-14135    Art and Architecture Books of the 21st Century**                      **Chapter 11**
Adv#: 2:15-01679         THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF T v.

**#12.00**      Cont'd hearing re: Motion of plan agent for leave to amend sixth amended complaint
               fr. 12/17/20, 1/7/21

                                          Docket       808


**Tentative Ruling:**

        Revised tentative ruling as of 1/13/21.

        In this case, if plaintiff's motion to amend the sixth amended complaint to
        bring additional claims regarding transfers made by the debtor during the four
        to seven year period before the petition date is granted, this will of necessity
        affect the existing deadlines of the amended scheduling order in this matter.
        Defendants will have to prepare a defense as to an expanded claim based on
        these additional transfers, and therefore, Federal Rule of Civil Procedure
        16(b)(4) requires plaintiff as the moving party to show "good cause" before
        being granted leave to amend the pleadings, in addition to the showing
        required under Federal Rule of Civil Procedure 15.  *Coleman v. Quaker Oats
        Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

        To establish "good cause," plaintiff as the party seeking modification of a
        scheduling order must generally show that, even with the exercise of due
        diligence, he cannot meet the deadlines of the existing scheduling order.
        *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  In
        determining "good cause," courts consider: (1) the explanation for the failure
        to timely move for leave to amend; (2) the importance of the amendment; (3)
        potential prejudice in allowing the amendment; and (4) whether a continuance
        would cure such prejudice.  Phillips and Stevenson, Rutter Group Practice
        Guide, Federal Civil Procedure Before Trial, Ninth Circuit and California
        Edition, ¶ 15.30.2, citing *Southwestern Bell Tel. Co. v. City of El Paso*, 346
        F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings); *Squyres v.
        Heico Cos., L.L.C.,* 782 F.3d 224, 237(5th Cir. 2015) (parties' "self-imposed"
        agreement to delay discovery did not establish "good cause" for continuance);
        *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988-989 (10th Cir.

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Wednesday, January 13, 2021**                                              **Hearing Room    1675**

---

<u>3:00 PM</u>
**CONT...        Art and Architecture Books of the 21st Century                          Chapter 11**

2019) (no good cause to modify order where plaintiff did not show diligent efforts to comply with expert disclosure deadline and gave no explanation for belated motion).  Considering these criteria, plaintiff's explanation for not moving for leave to amend earlier is that his expert witness did not learn of the potential claim until she completed her forensic accounting report in October 2020, and plaintiff could not plausibly allege an amended claim as to these additional transfers before that time.  The importance of the amendment is demonstrated here because the amended claim would increase the value of its claim by around $12 million.  The potential prejudice in allowing the amendment is that defendants have been preparing their defense of the action based on the claim asserting transfers within the time period of 0 to 4 years prepetition and would have to take discovery and otherwise prepare a defense for transfers during an additional three year period, from four to seven years prepetition.  A continuance of the pretrial schedule would largely address such prejudice.

Even if "good cause" exists for modifying the scheduling order under Rule 16(b), the court still has discretion to refuse the amendment if it finds reasons for denying leave to amend under FRCP 15(a) (i.e., unreasonable delay, bad faith, futile amendment).  Rutter Group Practice Guide, Federal Civil Procedure Before Trial, Ninth Circuit and California Edition, ¶15.32.1, citing, *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 551 (5th Cir. 2010); *see also Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531 (8th Cir. 2010) (court may deny motion based on undue prejudice to other party); *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001).

Defendants assert that the proposed amendment of the Sixth Amended Complaint raises new claims not previously raised in prior complaints and results from unreasonable delay, bad faith and/or futile amendment, which constitutes great prejudice to Defendants  to prepare defenses to any new claims at this late stage of the litigation.  Defendant Cathay Bank contends that the existing and prior complaints do not give fair notice of plaintiff's new claims to meet the particularity requirements for pleading under FRCP 8(a)(2), citing this court's decision in *Avery v. Leya Technologies (In re Prototype Engineering*) 2019 WL 9243004 (Bankr. C.D. Cal. 2019).

Contrary to Cathay Bank's contention, it appears that plaintiff did in the

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Wednesday, January 13, 2021                                    Hearing Room    1675

3:00 PM
CONT...        Art and Architecture Books of the 21st Century                Chapter 11

operative Sixth Amended Complaint make factual allegations to support at
least some actionable portion of the expanded claim as proposed in the
motion to amend.  Specifically, the Plan Agent's allegations in paragraphs
37-38, 58-59, and Exhibit 5 to the Sixth Amended Complaint allege in some
particularity the dates, amounts, source, and transferee of transfers made by
or on behalf of the Debtor during the four to seven year period prepetition.

The court notes that its decision in Prototype cited the case of *Beskrone v.
OpenGate Capital Group (In re Pennysaver USA Publishing, LLC)*, 587 B.R.
445 (Bankr. D. Del. 2018), wherein the court held that the plaintiff trustee
sufficiently pleaded a constructive fraudulent transfer claim under the
California Uniform Fraudulent Transfer Act, California Civil Code, § 3439.05,
and other applicable law, by alleging that the transfer was for less than
reasonably equivalent value at a time when debtors were insolvent.  As noted
by Cathay Bank, the court discussed in Prototype that "The courts have
generally determined that constructive fraudulent transfer claims are
adequately pleaded under Federal Rule of Civil Procedure 8(a)(2) when
certain elements, such as the "dates, amounts, source, and transferee of
each alleged transfer[,]" are alleged. *In re Pennysaver USA Publishing, LLC*,
587 B.R. at 456."

                    ***

Paragraph 37:  The Museum Lease provided for base rent starting at
$100,000 each month.  Documents produced by or on behalf of 400 S. La
Brea show that the first $2,940,668.72 in rent, property taxes, late fees, and
related charges, that was paid under the terms of the Museum Lease, from its
execution through to July 2009, were paid by or on behalf of the Debtor into
400 S. La Brea's checking account at Cathay Bank (the "Cathay Account"),
even though the Museum Premises remained an empty shell of a building,
and even though the Debtor received no value in return for paying Chrismas'
rental obligations on the Museum Lease. See Exhibit 5.

Paragraph 38:  In December 2008, in addition to paying rent, the Debtor paid
$112,523.99 into the Cathay Account in satisfaction of property taxes due on
the Museum Premises and Sycamore Lot. One month later, in January 2009,
the Debtor paid another $69,270.50 into the Cathay Account to bring property

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Wednesday, January 13, 2021**                                    **Hearing Room    1675**

---

3:00 PM

**CONT...        Art and Architecture Books of the 21st Century                                    Chapter 11**

taxes current. Six months later, the Debtor wired another $132,667.96 into the Cathay Account for property taxes on the Museum Premises and Sycamore Lot.

Paragraph 58 and 59:  When Ace Museum executed the Assignment in 2009, and the Debtor began providing the funds for payment of Ace Museum's rent, the Debtor was already insolvent. The Debtor's tax returns for its fiscal years of 2008, 2009 and 2010 show ongoing operational losses:

2008 (June 2008 to May 2009) - Net loss of $-1,489,559

2009 (June 2009 to May 2010) - Net loss of $-4,833,371

2010 (June 2010 to May 2011) - Net loss of $-1,702,246

Throughout this period, the Debtor had no excess funds of its own to use for payment of Ace Museum's rent. Instead, the Debtor borrowed money on top of an already crushing debt load. The Debtor's tax return for 2008 showed total long-term and short-term loan debt of more than $7.7 million. By the time it filed its 2009 return, the Debtor's long-term and short-term loan debt was more than $11.6 million, while its 2010 return shows long-term and short-term loan debt of more than $12 million.

\*\*\*

Further, the court notes that Exhibit 5 to the Sixth Amended Complaint, which was provided by 400 S. La Brea to the Plan Agent in discovery, includes the date, amount, and transferee information for rent payments to 400 S. La Brea from December 28, 2007 and thereafter; i.e. at least seven payments in the four to seven year period prepetition.

Accorindgly, the proposed amendment would clarify that the plan agent is asserting an actionable claim based on specific allegations already in the existing complaint that the plan agent, and thus, there should be no unfair surprise to allow such amendment for alleged fraudulent transfer while allegedly insolvent back to June 2008.  Grant motion in part, deny in part, and allow amendment of constructive fraud claim in third claim for relief in the existing complaint.

# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Wednesday, January 13, 2021**                              **Hearing Room    1675**

<u>3:00 PM</u>
**CONT...        Art and Architecture Books of the 21st Century                     Chapter 11**

Appearances are required on 1/13/21, but counsel and self-represented parties must appear by telephone.

TO PARTIES WHO INTEND TO APPEAR AT THE HEARING ON THIS MATTER:

PLEASE TAKE NOTICE that the court hearing before Judge Robert Kwan of the United States Bankruptcy Court for the Central District of California will be conducted telephonically.  However, instead of having to physically appear in court, you must appear by telephone because the court is not conducting in person hearings on that date in light of the public health conditions from the COVID-19 pandemic.  The courtroom will be locked; parties must appear by telephone and will not be permitted to appear in the courtroom.

In order to appear for the court hearing by telephone, you will need to arrange to make the telephone call through CourtCall, the contract telephone appearance service, which arranges telephone appearances before this court. CourtCall's telephone number is: (866) 582-6878.  Through March 31, 2021, CourtCall is offering discounted rates to attorneys and FREE access for parties who do not have an attorney (pro se or self-represented parties).  You need make an advance reservation with CourtCall to appear by telephone before the hearing, preferably a week before the hearing, and no later than the day before the hearing.  After you made your telephone appearance reservation with CourtCall, on the day of the court hearing, you will need to call  CourtCall at its telephone number at least 5 minutes before the scheduled hearing, and identify the United States Bankruptcy Court in Los Angeles as the court and Judge Robert Kwan as the judge, and the CourtCall operator will put you into the telephonic court hearing.  Given the large demand for telephone court appearances, there may be some delay in connecting to the hearing.  If you are having problems connecting to the hearing, please call and advise Judge Kwan's courtroom deputy at (213) 894-3385.

| Party Information |
| --- |

## United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Wednesday, January 13, 2021**                                    **Hearing Room      1675**

<u>3:00 PM</u>
**CONT...        Art and Architecture Books of the 21st Century**                              **Chapter 11**

**<u>Debtor(s):</u>**

Art and Architecture Books of the              Represented By
                                              Thomas M Geher
                                              David W. Meadows
                                              Jerome S Cohen
                                              Carolyn A Dye
                                              Alan I Nahmias

**<u>Defendant(s):</u>**

Ace Gallery New York Corporation,             Represented By
                                              Alan W Forsley

Douglas  Chrismas                             Represented By
                                              Jonathan Seligmann Shenson

Ace Gallery New York, Inc., a                 Represented By
                                              Alan W Forsley

ACE MUSEUM, a California                       Represented By
                                              Alan W Forsley

400 S La Brea, LLC a California               Represented By
                                              Michael W Vivoli
                                              Ronald  Rus
                                              Fahim  Farivar
                                              Brian L Davidoff
                                              Keith Patrick Banner

Jennifer  Kellen                              Represented By
                                              J. Bennett Friedman

Michael D. Smith                              Represented By
                                              Brian L Davidoff

Kamran Gharibian                              Represented By
                                              Brian L Davidoff

Daryoush Dayan                                Represented By
                                              Brian L Davidoff

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Wednesday, January 13, 2021**                                    **Hearing Room**    **1675**

---

<u>3:00 PM</u>
**CONT...**      **Art and Architecture Books of the 21st Century**                    **Chapter 11**

    Cathay Bank, a California                    Represented By
                                    Ekwan E Rhow
                                    Elliot C Harvey Schatmeier

    Jennifer Kellen                              Represented By
                                      Michael D Sobkowiak

**<u>Plaintiff(s):</u>**

    THE OFFICIAL COMMITTEE OF                Represented By
                                    Victor A Sahn
                                    Daniel A Lev
                                    David J Richardson
                                    Asa S Hami
                                    Jessica  Vogel

    Official Committee Of Unsecured           Represented By
                                    David J Richardson
                                    Victor A Sahn

    Sam  Leslie                                  Represented By
                                    Victor A Sahn
                                    Carolyn A Dye
                                    David J Richardson
                                    Jason  Balitzer
                                    Steven  Thomas
                                    Stephen  Sorensen

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

---

**Wednesday, January 13, 2021**                                        **Hearing Room    1675**

---

<u>3:00 PM</u>
**2:13-14135    Art and Architecture Books of the 21st Century**                        **Chapter 11**
Adv#: 2:15-01679          THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF T v.

**#13.00**    Cont'd hearing re: Motion to: (A) Extend Expert Discovery Deadlines; and (B) Schedule
Hearing on Request to Strike Portions of Plan Agent's Expert Report
fr. 12/17/20, 1/7/21

Docket        805

**Tentative Ruling:**

Updated tentative ruling as of 1/11/21.  No tentative ruling on the merits.

Appearances are required on 1/13/20, but counsel and self-represented
parties must appear by telephone.

TO PARTIES WHO INTEND TO APPEAR AT THE HEARING ON THIS
MATTER:

PLEASE TAKE NOTICE that the court hearing before Judge Robert Kwan of
the United States Bankruptcy Court for the Central District of California will be
conducted telephonically.  However, instead of having to physically appear in
court, you must appear by telephone because the court is not conducting in
person hearings on that date in light of the public health conditions from the
COVID-19 pandemic.  The courtroom will be locked; parties must appear by
telephone and will not be permitted to appear in the courtroom.

In order to appear for the court hearing by telephone, you will need to arrange
to make the telephone call through CourtCall, the contract telephone
appearance service, which arranges telephone appearances before this court.
CourtCall's telephone number is: (866) 582-6878.  Through March 31, 2021,
CourtCall is offering discounted rates to attorneys and FREE access for
parties who do not have an attorney (pro se or self-represented parties).  You
need make an advance reservation with CourtCall to appear by telephone
before the hearing, preferably a week before the hearing, and no later than
the day before the hearing.  After you made your telephone appearance
reservation with CourtCall, on the day of the court hearing, you will need to
call  CourtCall at its telephone number at least 5 minutes before the

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Wednesday, January 13, 2021**                                    **Hearing Room    1675**

3:00 PM

**CONT...**      **Art and Architecture Books of the 21st Century**                   **Chapter 11**

scheduled hearing, and identify the United States Bankruptcy Court in Los
Angeles as the court and Judge Robert Kwan as the judge, and the CourtCall
operator will put you into the telephonic court hearing.  Given the large
demand for telephone court appearances, there may be some delay in
connecting to the hearing.  If you are having problems connecting to the
hearing, please call and advise Judge Kwan's courtroom deputy at (213)
894-3385.

| Party Information |
|---|

**Debtor(s):**

| Art and Architecture Books of the | Represented By |
|---|---|
| | Thomas M Geher |
| | David W. Meadows |
| | Jerome S Cohen |
| | Carolyn A Dye |
| | Alan I Nahmias |

**Defendant(s):**

| Ace Gallery New York Corporation, | Represented By |
|---|---|
| | Alan W Forsley |
| Douglas  Chrismas | Represented By |
| | Jonathan Seligmann Shenson |
| Ace Gallery New York, Inc., a | Represented By |
| | Alan W Forsley |
| ACE MUSEUM, a California | Represented By |
| | Alan W Forsley |
| 400 S La Brea, LLC a California | Represented By |
| | Michael W Vivoli |
| | Ronald  Rus |
| | Fahim  Farivar |
| | Brian L Davidoff |
| | Keith Patrick Banner |
| Jennifer  Kellen | Represented By |

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Wednesday, January 13, 2021**                                      **Hearing Room      1675**

3:00 PM
**CONT...**          **Art and Architecture Books of the 21st Century**                          **Chapter 11**

|  |  |
|---|---|
|  | J. Bennett Friedman |
| Michael D. Smith | Represented By |
|  | Brian L Davidoff |
| Kamran Gharibian | Represented By |
|  | Brian L Davidoff |
| Daryoush Dayan | Represented By |
|  | Brian L Davidoff |
| Cathay Bank, a California | Represented By |
|  | Ekwan E Rhow |
|  | Elliot C Harvey Schatmeier |
| Jennifer Kellen | Represented By |
|  | Michael D Sobkowiak |

**Plaintiff(s):**

|  |  |
|---|---|
| THE OFFICIAL COMMITTEE OF | Represented By |
|  | Victor A Sahn |
|  | Daniel A Lev |
|  | David J Richardson |
|  | Asa S Hami |
|  | Jessica  Vogel |
| Official Committee Of Unsecured | Represented By |
|  | David J Richardson |
|  | Victor A Sahn |
| Sam  Leslie | Represented By |
|  | Victor A Sahn |
|  | Carolyn A Dye |
|  | David J Richardson |
|  | Jason  Balitzer |
|  | Steven  Thomas |
|  | Stephen  Sorensen |

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Wednesday, January 13, 2021**                                    **Hearing Room    1675**

---

<u>3:00 PM</u>
**2:13-14135    Art and Architecture Books of the 21st Century**                    **Chapter 11**
Adv#: 2:15-01679        THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF T v.

   **#14.00**    Cont'd hearing re:  Motion to compel discovery
                 fr.   12/9/20, 12/17/20, 1/7/21

                           Docket        763

**Tentative Ruling:**

    Updated tentative ruling as of 1/11/21.  Appearances are required on 1/13/21 to discuss the form of order for the rulings from the hearing on 12/9/20, but counsel and self-represented parties must appear by telephone.

    TO PARTIES WHO INTEND TO APPEAR AT THE HEARING ON THIS MATTER:

    PLEASE TAKE NOTICE that the court hearing before Judge Robert Kwan of the United States Bankruptcy Court for the Central District of California will be conducted telephonically.  However, instead of having to physically appear in court, you must appear by telephone because the court is not conducting in person hearings on that date in light of the public health conditions from the COVID-19 pandemic.  The courtroom will be locked; parties must appear by telephone and will not be permitted to appear in the courtroom.

    In order to appear for the court hearing by telephone, you will need to arrange to make the telephone call through CourtCall, the contract telephone appearance service, which arranges telephone appearances before this court. CourtCall's telephone number is: (866) 582-6878.  Through March 31, 2021, CourtCall is offering discounted rates to attorneys and FREE access for parties who do not have an attorney (pro se or self-represented parties).  You need make an advance reservation with CourtCall to appear by telephone before the hearing, preferably a week before the hearing, and no later than the day before the hearing.  After you made your telephone appearance reservation with CourtCall, on the day of the court hearing, you will need to call  CourtCall at its telephone number at least 5 minutes before the scheduled hearing, and identify the United States Bankruptcy Court in Los Angeles as the court and Judge Robert Kwan as the judge, and the CourtCall

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Wednesday, January 13, 2021**                                    **Hearing Room      1675**

---

<u>3:00 PM</u>

**CONT...      Art and Architecture Books of the 21st Century**                    **Chapter 11**

operator will put you into the telephonic court hearing.  Given the large demand for telephone court appearances, there may be some delay in connecting to the hearing.  If you are having problems connecting to the hearing, please call and advise Judge Kwan's courtroom deputy at (213) 894-3385.

| Party Information |
|---|

**<u>Debtor(s):</u>**

| | |
|---|---|
| Art and Architecture Books of the | Represented By |
| | Thomas M Geher |
| | David W. Meadows |
| | Jerome S Cohen |
| | Carolyn A Dye |
| | Alan I Nahmias |

**<u>Defendant(s):</u>**

| | |
|---|---|
| Ace Gallery New York Corporation, | Represented By |
| | Alan W Forsley |
| Douglas  Chrismas | Represented By |
| | Alan W Forsley |
| Ace Gallery New York, Inc., a | Represented By |
| | Alan W Forsley |
| ACE MUSEUM, a California | Represented By |
| | Alan W Forsley |
| 400 S La Brea, LLC a California | Represented By |
| | Michael W Vivoli |
| | Ronald  Rus |
| | Fahim  Farivar |
| | Brian L Davidoff |
| | Keith Patrick Banner |
| Jennifer  Kellen | Represented By |
| | J. Bennett Friedman |

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Robert Kwan, Presiding**
**Courtroom 1675 Calendar**

---

**Wednesday, January 13, 2021**                                    **Hearing Room    1675**

---

<u>3:00 PM</u>
**CONT...**      **Art and Architecture Books of the 21st Century**                        **Chapter 11**

| Michael D. Smith | Represented By |
| | Brian L Davidoff |

| Kamran Gharibian | Represented By |
| | Brian L Davidoff |

| Daryoush Dayan | Represented By |
| | Brian L Davidoff |

| Cathay Bank, a California | Represented By |
| | Ekwan E Rhow |
| | Elliot C Harvey Schatmeier |

| Jennifer Kellen | Represented By |
| | Michael D Sobkowiak |

**<u>Plaintiff(s):</u>**

| THE OFFICIAL COMMITTEE OF | Represented By |
| | Victor A Sahn |
| | Daniel A Lev |
| | David J Richardson |
| | Asa S Hami |
| | Jessica  Vogel |

| Official Committee Of Unsecured | Represented By |
| | David J Richardson |
| | Victor A Sahn |

| Sam  Leslie | Represented By |
| | Victor A Sahn |
| | Carolyn A Dye |
| | David J Richardson |
| | Jason  Balitzer |
| | Steven  Thomas |
| | Stephen  Sorensen |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2049 Century Park East, Ste. 2600 Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): Supplemental Brief of the 400 SLB Defendants  in
Response to the Court's Tentative Ruling with Respect to the Motion of Plan Agent for Leave to Amend Sixth Amended
Complaint Declaration of Brian L. Davidoff in Support Thereof

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
___1/19/2021___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

[x]  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___1/19/2021___, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

[ ]  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___1/19/2021___, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Via FedEx
The Honorable Robert N. Kwan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1682                                [ ]  Service information continued on attached page
Los Angeles, CA 90012
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/19/2021 | Julie King | */s/ Julie King* |
|-----------|------------|------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Simon Aron    saron@wrslawyers.com, eweiman@wrslawyers.com
- Jason Balitzer    jbalitzer@sulmeyerlaw.com,
jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- Keith Patrick Banner    kbanner@greenbergglusker.com,
sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com,
calendar@greenbergglusker.com;jking@greenbergglusker.com
- Carolyn A Dye    trustee@cadye.com
- Fahim Farivar    fahim@farivarlaw.com, catherine@farivarlaw.com;lisa@farivarlaw.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-
lawyers.net,addy.flores@flpllp.com,laura.rucker@flpllp.com
- J. Bennett Friedman    jfriedman@flg-law.com, msobkowiak@flg-law.com;cllosa@flg-law.com
- Michael I. Gottfried    mgottfried@elkinskalt.com
- Asa S Hami    ahami@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf
.inforuptcy.com
- Elliot C Harvey Schatmeier    ehs@birdmarella.com, dthrockmorton@birdmarella.com
- Matthew P Kelly    mkelly@sulmeyerlaw.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Krikor J Meshefejian    kjm@lnbyb.com
- Susan I Montgomery    susan@simontgomerylaw.com,
assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@n
otify.bestcase.com
- Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Kurt Ramlo    kr@lnbyb.com, kr@ecf.inforuptcy.com
- Ekwan E Rhow    eer@birdmarella.com, blee@birdmarella.com
- David J Richardson    drichardson@bakerlaw.com, aagonzalez@bakerlaw.com
- Ronald Rus    rrus@brownrudnick.com, tlangford@brownrudnick.com
- Victor A Sahn    vsahn@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@su
lmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
- Michael C Schneidereit    mschneidereit@jonesday.com,
scollymore@jonesday.com;tckowalski@jonesday.com
- David B Shemano    dshemano@shemanolaw.com
- Jonathan Seligmann Shenson    jshenson@shensonlawgroup.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Michael D Sobkowiak    msobkowiak@flg-law.com, jfriedman@flg-law.com;cllosa@flg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Michael W Vivoli    ahobbs@vivolilaw.com, sbrown@vivolilaw.com
- Jessica Vogel    Jvogel@sulmeyerlaw.com,
jvogel@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com
- Howard J Weg    hweg@robinskaplan.com
- Beth Ann R Young    bry@lnbyb.com