FILED & ENTERED

SEP 23 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ART & ARCHITECTURE BOOKS OF THE 21st CENTURY,<br><br>                                 Debtor. | Case No.  2:13-bk-14135-RK<br><br>Chapter 11<br><br>Adv. No.  2:15-ap-01679-RK<br><br>Consolidated with Adv. No. 2:14-ap-01771-RK and Adv. No. 2:15-ap-01680-RK<br><br>**SEPARATE STATEMENT OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION OF DEFENDANT DOUGLAS CHRISMAS'S FIRST AMENDED COUNTER-COMPLAINT ON FIRST, THIRD, AND FOURTH CLAIMS FOR RELIEF REGARDING "ARMAN" ARTWORK, AND FOR SANCTIONS** |
| SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 21st CENTURY,<br><br>                                 Plaintiff,<br><br>   vs.<br><br>ACE GALLERY NEW YORK CORPORATION, et al.,<br><br>                                 Defendants. | Date:      August 4, 2021<br>Time:     11:00 a.m.<br>Place:    Courtroom 1675<br>           Roybal Federal Building<br>           255 East Temple Street<br>           Los Angeles, California  90012<br><br>Hearing conducted via Zoom for Government |

This adversary proceeding came on for hearing before the undersigned United States Bankruptcy Judge on August 4, 2021 on the motion of Plaintiff Sam Leslie, Plan Agent for Art & Architecture Books of the 21st Century for summary adjudication of Defendant Douglas Chrismas's first amended counter-complaint on first, third, and fourth claims for relief regarding "Arman" Artwork and for sanctions, ECF 1015, filed on June 23, 2021. Appearances were made as noted on the record.

By separate order, the court has issued a report and recommendation to the United States District Court for the Central District of California that it grant the motion of Plaintiff Sam Leslie, Plan Agent for Art & Architecture Books of the 21st Century for summary adjudication of Defendant Douglas Chrismas's first amended counter-complaint on first, third, and fourth claims for relief regarding "Arman" Artwork and for sanctions, ECF 1015, filed on June 23, 2021. (However, by separate statement of decision and order, the court has separately ruled on Plaintiff's request for sanctions in the motion, which does not need to be referred to the United States District Court for *de novo* review.)

The reasons for the court's ruling on the motion are set forth in the court's tentative ruling for the motion which was posted on the court's website in advance of the hearing before the court on the motion on August 4, 2021, as orally stated by the court on the record at the hearing and as set forth in the separate report and recommendation to the United States District Court. The text of the court's tentative ruling on the motion is set forth in the Attachment below.

IT IS SO ORDERED.           ###

Date: September 23, 2021

_____
Robert Kwan
United States Bankruptcy Judge

ATTACHMENT

TENTATIVE RULING RE: PLAINTIFF'S MOTION AND MOTION FOR SUMMARY ADJUDICATION OF DEFENDANT DOUGLAS CHRISMAS'S FIRST AMENDED COUNTER-COMPLAINT ON FIRST, THIRD, AND FOURTH CLAIMS FOR RELIEF REGARDING "ARMAN" ARTWORK, AND FOR SANCTIONS

Grant plaintiff's motion for summary adjudication on defendant Douglas Chrismas's first amended counter-complaint on the first, third and fourth claims for relief regarding the Arman artwork for the reasons stated in the moving papers and for lack of timely written opposition in light of defendant Chrismas's statement of nonopposition as to plaintiff's request for summary adjudication.

Deny plaintiff's motion for sanctions pursuant to FRBP 9011 because the motion does not comply with the requirements of the rule, specifically, the motion does not comply with the safe harbor provisions of FRBP 9011(c)(1)(A) requiring that the sanctions motion may not be filed within 21 days of service of the motion because plaintiff did not serve any motion for sanctions on defendant before it was filed and plaintiff's counsel's email warnings to counsel for defendant do not suffice as they do not constitute a formal motion in order to trigger the 21-day safe harbor opportunity period for defendant to withdraw the offending pleading. *Barber v. Miller*, 146 F.3d 707, 710-711 (9th Cir. 1998); *Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772, 788-789; *In re Crystal Cathedral Ministries,* No. 2:12-bk-15665-RK, 2020 WL 1649619 (Bankr. C.D. Cal. Mar. 31, 2020), slip op. at *22-27, affirmed on other grounds, BAP No. CC-20-1103-FLT, 2021 WL 2182975 (9th Cir. BAP May 28, 2021); see also, FRCP 11(c)(2) (similar rule, similar result).  Plaintiff's argument that defendant Chrismas waived his rights under FRBP 9011 by refusing to sign the stipulation proposed by plaintiff's counsel lacks merit as such act does not indicate any voluntary relinquishment of his rights.  The FRBP

9011 motion should also be denied because it is not made as a motion separate from other motions and requests as it was combined with the motion for summary adjudication as required by FRBP 9011(c)(1)(A); see also, FRCP 11(c)(2) (similar rule, similar result).

Deny plaintiff's motion for sanctions based on 28 U.S.C. § 1927 because: (1) such relief was only first raised in the reply and new arguments or matters raised in the reply will not be considered pursuant to LBR 9013-1(g) and (2) the bankruptcy court lacks authority to grant sanctions as not being a "court of the United States" for purposes of that statute as held by the Ninth Circuit Bankruptcy Appellate Panel in *In re DeVille*, 280 B.R. 483, 494 (9th Cir. BAP 2002), affirmed in part, reversed in part and remanded on other grounds, 361 F.3d 539 (9th Cir. 2004).

Grant plaintiff's motion for sanctions under the court's inherent authority against defendant Chrismas as the court finds by clear and convincing evidence that he acted in bad faith in alleging in his counter-complaints that he owned the Arman artwork as the uncontroverted facts show that he no longer owned the artwork because he sold the artwork to the debtor during the pendency of this bankruptcy case as shown by the sale and other documents in evidence, Exhibits 1 through 5 to the motion, the schedule listing the Armen artwork claimed as owned by Chrismas attached to the counter-complaints, the purchase order for the artwork, the check on debtor's bank account signed by Chrismas to pay himself for the artwork and debtor's monthly operating report listing the sale transaction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); In re DeVille, 361 F.3d at 547-551; *In re Crystal Cathedral Ministries*, No. 2:12-bk-15665-RK, 2020 WL 1649619, slip op. at *27-32, affirmed on relevant grounds, BAP No. CC-20-1103-FLT, 2021 WL 2182975, slip op. at *6-10. Chrismas knew that he sold the artwork to the debtor, and he acted in bad faith in alleging that he still owned the artwork in his counter-complaints that he filed in this court, forcing plaintiff to needlessly make the

motion for summary adjudication.  Chrismas's allegations in his counter-complaints of continuing ownership of the Arman artwork after his sale of the artwork to the debtor were factual misstatements which were frivolous, reckless and/or both, which only served to harass plaintiff and create needless litigation.

Chrismas had the opportunity to mitigate his bad faith conduct by filing with the court a withdrawal of the counter-complaints as to the the bad faith allegations of ownership of the Arman artwork when plaintiff's counsel brought these matters to the attention of Chrismas's counsel in the emails before the motion for summary adjudication was filed, but Chrismas failed to do so, which indicates continued bad faith.  The court does not impose sanctions on Chrismas's counsel because the evidence does not show by clear and convincing evidence that counsel knew of the sale documents showing Chrismas's sale of the artwork to the debtor when counsel prepared and filed the counter-complaints for Chrismas.

Award against defendant Chrismas in favor of plaintiff a reasonable compensatory sanction of $10,400 in attorneys' fees as appropriate, representing 20 hours of attorney services at an associate attorney rate of $400 an hour and 4 hours of attorney services at a supervisory or partner rate of $600 a hour for preparing and filing the motion for summary adjudication and sanctions based on the court's inherent authority as the motion was a relatively simple and straightforward motion based on the documents showing that defendant Chrismas knew that he sold the artwork to the debtor by signing and depositing the check for payment for his sale of the artwork to the debtor and that there is no factual basis for his allegations relating to the artwork in his counter-complaints and for communications with opposing counsel requesting withdrawal of these frivolous and/or reckless allegations.   *In re Crystal Cathedral Ministries*, No. 2:12-bk-15665-RK, 2020 WL 1649619, slip op. at *56-62, affirmed on relevant grounds, BAP No. CC-20-1103-FLT, 2021 WL 2182975, slip op. at *11.  No award is made with

respect to attorney services rendered in arguing FRBP 9011 sanctions because such argument should not have been made based on plaintiff's failure to comply with the strict procedural requirements of the rule which are actually quite formulaic as held by the Ninth Circuit in the authorities cited above and as argued by defendant. No award of expenses is made because the request for reimbursement of expenses is not substantiated.

Deny plaintiff's motion for sanctions as to his request for alternative sanctions, including terminating sanctions on defendant Chrismas's remaining claims in his counter-complaint as generally speaking, sanctions should be progressive in effect, and the court should not resort to such extreme measures in the first instance.

Appearances are required on 8/4/21 to discuss rescheduling the final hearing on the motion, but counsel and self-represented parties must appear through Zoom for Government in accordance with the court's remote appearance instructions.