Victor A. Sahn (CA Bar No. 97299)
  vsahn@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Sam Leslie, Plan Agent



FILED & ENTERED

SEP 24 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

**CHANGES MADE BY COURT**

| | |
|---|---|
| In re<br><br>ART & ARCHITECTURE BOOKS OF THE 21st CENTURY,<br><br>        Debtor. | Case No. 2:13-bk-14135-RK<br><br>Chapter 11<br><br>Adv No. 2:15-ap-01679-RK |
| SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 21st CENTURY,<br><br>        Plaintiff,<br><br>    v.<br><br>ACE NEW YORK CORPORATION, a California corporation; ACE NEW YORK, INC., a dissolved New York corporation; ACE MUSEUM, a California corporation; DOUGLAS CHRISMAS, an individual; 400 S. LA BREA, LLC, a California limited liability company, JENNIFER KELLEN, an individual, CATHAY BANK, a California corporation, DARYOUSH DAYAN, an individual, KAMRAN GHARIBIAN, an individual, and MICHAEL D. SMITH, an individual,<br><br>        Defendants. | **REPORT AND RECOMMENDATION OF THE UNITED STATES BANKRUPTCY COURT TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA ON PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION OF DEFENDANT DOUGLAS CHRISMAS'S FIRST AMENDED COUNTER-COMPLAINT ON FIRST, THIRD, AND FOURTH CLAIMS FOR RELIEF REGARDING "ARMAN" ARTWORK, AND FOR SANCTIONS**<br><br>Date:           August 4, 2021<br>Time:          11:00 a.m.<br>Courtroom:  U.S. Bankruptcy Court<br>                     Courtroom 1675<br>                     255 E. Temple St.<br>                     Los Angeles, CA 90012 |
| DOUGLAS CHRISMAS, an individual,<br><br>        Counterclaimant,<br><br>    v.<br><br>ART & ARCHITECTURE BOOKS OF THE 21st CENTURY,<br><br>        Counter-Claim Respondent. | |

DVS 2712597v3

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

The undersigned United States Bankruptcy Judge on behalf of the United States Bankruptcy Court for the Central District of California hereby issues the following report and recommendation to the United States District Court for the Central District of California pursuant to Federal Rules of Bankruptcy Procedure 7056 and 9033 on the Motion of Plaintiff Sam S. Leslie, in his exclusive capacity as Plan Agent (the "Plan Agent" or "Plaintiff") for Debtor Art & Architecture Books of the 21st Century ("Debtor"), under the confirmed Second Amended Plan of Reorganization of the Official Committee of Unsecured Creditors (the "Plan") for Summary Adjudication of Defendant Douglas Chrismas's First Amended Counter-Complaint on First, Third, and Fourth Claims for Relief Regarding "Arman" Artwork, and for Sanctions, Electronic Case Filing No. ("ECF") 1015, filed on June 23, 2021, in the above-captioned adversary proceeding.

The United States Bankruptcy Court recommends that the United States District Court for the Central District of California adopt the following Statement of Uncontroverted Facts and Conclusions of Law on the Motion of Plaintiff Summary Adjudication of Defendant Douglas Chrismas's First Amended Counter-Complaint on First, Third, and Fourth Claims for Relief Regarding "Arman" Artwork, and for Sanctions, and issue an order granting summary adjudication in favor of Plaintiff and against Defendant Douglas Chrismas.

This United States Bankruptcy Court determines that it may not enter a final judgment on Defendant Douglas Chrismas's counterclaims in his counter-complaint regarding the Arman Artwork based on the following circumstances. The counter-complaint of Douglas Chrismas was filed in response to the Plaintiff's Fifth Amended Consolidated Complaint on behalf of the Debtor, and in his counter-complaint Chrismas brought claims for declaratory relief claiming title to art works being held by the Debtor, including the Arman Artwork, for related injunctive relief, conversion and replevin to recover his claimed art works. Chrismas alleged that jurisdiction over his counter-complaint arose under Federal Rule of Civil Procedure 13 made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7013. Chrismas later filed a First Amended Counter-Complaint, ECF 640, filed on July 30, 2019, asserting the same claims.

Chrismas's claims in his counter-complaints are permissive, not compulsory, counterclaims because his claims of title to certain art assets held by the plan agent from the bankruptcy estate in Debtor's bankruptcy case do not arise of the same transaction or occurrence as the plan agent's Fifth Amended Consolidated Complaint against Chrismas asserting claims for avoidance of transfers of assets, fraud, conversion and breach of fiduciary duty relating to property transferred out of the Debtor. See Federal Rule of Civil Procedure 13(a) and (b).

The United States Bankruptcy Court has subject matter jurisdiction over Chrismas's claims of his counter-complaints under its jurisdiction of 28 U.S.C. § 1334(b) over matters related to a bankruptcy case under the Bankruptcy Code, 11 U.S.C., because such claims are competing claims to what is asserted to have been property of the bankruptcy estate as the plan agent on behalf of the Debtor claims title to the art assets. The bankruptcy court may enter final judgment on noncore claims within its related to jurisdiction if such claims relate to the claims allowance process or when the parties consent to the bankruptcy court jurisdiction. *Wellness International Network, Ltd. v. Sharif,* 575 U.S. 665, 674-686 (2015). Plaintiff has expressly consented to bankruptcy court jurisdiction in this adversary proceeding by his statements of consent in status reports filed in this adversary proceeding. Defendant Chrismas in his counter-complaints expressly stated that he did not consent to the jurisdiction of the bankruptcy court to enter a final judgment.

This United States Bankruptcy Court does not find that Defendant Chrismas impliedly consented to bankruptcy court jurisdiction to enter a final judgment by filing permissive counterclaims. Absent consent of all of the parties to Chrismas's counterclaims regarding the Arman Artwork, this court lacks jurisdiction to enter a final judgment on these claims.

This United States Bankruptcy Court, however, does have jurisdiction to hear Chrismas's counterclaims regarding the Arman Artwork, which are noncore claims under its "related to" jurisdiction pursuant to 28 U.S.C. §1334(b) and issue proposed findings of fact and conclusions of law for *de novo* review by the district court. 28 U.S.C. §157 (c)(1); *Executive Benefits Insurance Agency v. Arkison*, 573 U.S. 25, 39-40 (2014). Accordingly, the court determines that it may issue proposed findings of fact and conclusions of law on Plaintiff's motion for summary adjudication

pursuant to Federal Rules of Bankruptcy Procedure 7056 and 9033 in submitting its ruling on the motion as a report and recommendation to the United States District Court for the Central District of California for *de novo* review.

Having considered the papers and oral and written arguments of the parties on Plaintiff's pursuant to Federal Rules of Bankruptcy Procedure 7056 and Local Bankruptcy Rule 7056-1, including the Proposed Statement of Uncontroverted Facts and Conclusions of Law submitted by Plaintiff, which the court has independently reviewed and modified, the court adopts the following Statement of Uncontroverted Facts and Conclusions of Law, subject to *de novo* review of the United States District Court.

## STATEMENT OF UNCONTROVERTED FACTS

| NO. | FACT OR ISSUE OF LAW | SUPPORTING EVIDENCE |
|---|---|---|
| **GENERAL FACTS** | | |
| 1 | From February 19, 2013 (the "Petition Date") through the Effective Date of the Plan, Chrismas managed the business of Debtor Art & Architecture Books of the 21st Century as a Debtor-in-Possession ("DIP") | Plaintiff's Sixth Amended Complaint ("6AC"), ECF 699 at ¶¶ 1, 25, 26, 27.<br><br>Defendant Chrismas's Answer to the Sixth Amended Complaint ("Ans."), ECF 703 at ¶¶ 1, 18, 19, 20 |
| 2 | At various times prior to the Effective Date of the Plan, Chrismas was in control of Defendants Ace NY Corporation ("Ace NY"), Ace NY, Inc. ("Old Ace NY"), and Ace Museum, a non-profit California Corporation. | 6AC at ¶ 21.<br>Ans. at ¶ 15. |
| **FACTS RE: SALE BY CHRISMAS OF THE ARMAN TO DEBTOR** | | |
| 3 | Chrismas sold the Arman artwork, titled "Artist Materials Series, 1970" (the "Arman") to the Debtor through Ace Gallery Los Angeles, a Debtor-controlled entity, for good and valuable consideration of $37,000, paid by check number 1974 from the Debtor's DIP Account, which check endorsed by Chrismas and then deposited by Chrismas into the Ace Museum Account. | Exhibits 2, 3, 4, and 5 to the Motion., ECF 1015-1 at 4-17;<br><br>Declaration of Sam Leslie in support of Plaintiff's Motion for Summary Adjudication of Defendant Douglas Chrismas's First Amended Counter-Complaint, and for Sanctions ("Leslie Decl.") at ¶¶ 8-11, page 3 lines 15-28, page 4 lines 1-27, ECF 1016 at 5-6.<br><br>Declaration of Victor A. Sahn |

| | | |
|---|---|---|
| | | in support of Plaintiff's Motion for Partial Summary Adjudication of Defendant Douglas Chrismas's First Amended Counter-Complaint, and for Sanctions ("Sahn Decl.") at ¶¶ 3-6. ECF 1017 at 3-4. |
| 4 | Since the sale of the Arman by Chrismas to Debtor on June 16, 2014, Debtor has obtained and to this day maintains sole, complete, full-and-clear ownership and right to possession of the Arman. | Leslie Decl. at ¶¶ 8-11. Sahn Decl. at ¶¶ 3-6. *See also,* Statement of Non-Opposition to Summary Adjudication re: Arman, etc., ECF 1051 at 2. |
| 5 | Having sold the Arman to Debtor, Chrismas nevertheless baselessly claimed that he owned the Arman and alleged in his First Amended Counter-Complaint that the Debtor wrongfully converted the Arman. | 07/30/19 First Amended Counter-Complaint Against Art & Architecture Books of the 21st Century, Case 2:15-ap-01679-RK, ECF 640 at 4, 6-9. Sahn Decl. at ¶ 2, page 2, Lines 15-23. *See also,* Statement of Non-Opposition to Summary Adjudication re: Arman, etc., ECF 1051 at 2. |

## CONCLUSIONS OF LAW

| NO. | ISSUE OF LAW | SUPPORT |
|---|---|---|
| **CONCLUSIONS OF LAW RE: CONVERSION; DECLARATORY JUDGMENT; AND REPLEVIN** | | |
| 1 | To prevail on a claim for conversion, a plaintiff must show: (1) ownership or right to possess the subject property; (2) the defendant's conversion by a wrongful act or disposition of the property; and (3) damages. | *PQ Labs, Inc. v. Qi*, No. 12-0450 CW, 2014 U.S. Dist. LEXIS 11769, at *46 (N.D. Cal. Jan. 29, 2014), citing, *Spates v. Dameron Hospital Ass'n*, 114 Cal. App. 4th 208, 221 (2003). |
| 2 | It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of | *Wu v. Or. Trail Corp.*, No. CV 19-4162 PSG (JPRx), 2020 |

DVS 2712597v3                                                                 5

| | | |
|---|---|---|
| | control or ownership over the property, or that the alleged converter has applied the property to his own use. | U.S. Dist. LEXIS 108406, at *7-8 (C.D. Cal. Apr. 14, 2020), citing inter alia, *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 451-52 (1997). |
| 3 | Conversion requires either actual possession or ownership with the right of possession. | *Brighton Trs. v. Transamerica Life Ins. Co.*, No. 19-cv-04210-CAS(GJSx), 2020 U.S. Dist. LEXIS 77215, at *9 (C.D. Cal. Jan. 23, 2020). citing, *Gen. Motors Acceptance Corp. v. Dallas*, 198 Cal. 365, 370 (1926); *Yakima Co. v. Lincoln Gen. Ins. Co.*, 583 F. App'x 744, 747 (9th Cir. 2014). |
| 4 | Where a claimant cannot prove ownership or right to possess the subject property, his conversion claim fails. | *Wu v. Or. Trail Corp.*, No. CV 19-4162 PSG (JPRx), 2020 U.S. Dist. LEXIS 108406, at *8 (C.D. Cal. Apr. 14, 2020); *Cusano v. Klein*, 280 F. Supp. 2d 1035, 1043 (C.D. Cal. 2003). |
| 5 | A plaintiff must show that he did not consent to the defendant's exercise of dominion over the property, because there can be no conversion where an owner either expressly or impliedly assents to or ratifies the taking, use, or disposition of his property. | *Diamond State Ins. Co. v. Deardorff*, No. 1:10-CV-004 AWI JLT, 2011 U.S. Dist. LEXIS 41347, at *76-77 (E.D. Cal. Apr. 14, 2011); *Farrington v. A. Teichert & Son, Inc.*, 59 Cal. App. 2d 468, 474 (1943). |
| 6 | Because Chrismas sold the Arman to Debtor, Chrismas cannot maintain a wrongful conversion claim against Debtor for Debtor's possession of the Arman, any future sale by Debtor of the Arman, any future taking and use of all proceeds derived from any future sale by Debtor of the Arman. | *Knupfer v. HSA Residential Mortg. Servs. of Tex., Inc. (In re Lau Capital Funding)*, 321 B.R. 287, 304 (Bankr. C.D. Cal. 2005). |
| 7 | An action for declaratory relief should be dismissed where it appears no justiciable controversy exists. | *Pittenger v. Home Sav. & Loan Asso.*, 166 Cal. App. 2d 32, 36 (1958) (citing *Fritz v. Superior Court*, 18 Cal.App.2d 232, 236 (1936)). |
| 8 | Because Chrismas's claims for conversion cannot withstand the Plan Agent's motion for summary | *Petersen v. Hartford Ins. Co.*, No. C 02-02824 CRB, 2003 |

| | | |
|---|---|---|
| | judgment with respect to the Arman ownership issue, Chrismas's declaratory relief claim must be dismissed. | U.S. Dist. LEXIS 6037, at *11 (N.D. Cal. Apr. 9, 2003); *Weststeyn Dairy 2 v. Eades Commodities Co.*, 280 F. Supp. 2d 1044, 1090 (E.D. Cal. 2003); *Stewart v. Morris*, No. 10-cv-04106-NJV, 2013 U.S. Dist. LEXIS 132951, at *33 (N.D. Cal. Sep. 17, 2013). |
| 9 | Where a claimant "has not and cannot establish that she is a secured party with a superior right to possession of the property," claimant's replevin claim will be dismissed with prejudice. | *Ponvanit v. Superior Court of Cal.*, No. CV 17-4054-FMO (JEM), 2018 U.S. Dist. LEXIS 32880, at *27 (C.D. Cal. Jan. 31, 2018), citing, California Code of Civil Procedure § 512.010. |
| 10 | Where, as here, the replevin claim defendant acquired "good title" to the personal property at issue, defendant will be entitled to summary judgment on a claimant's replevin claim. | *Von Saher v. Norton Simon Museum of Art at Pasadena*, No. CV 07-2866-JFW (SSx), 2016 U.S. Dist. LEXIS 187490, at *24-25 (C.D. Cal. Aug. 9, 2016). |

IT IS THEREFORE RECOMMENDED by the United States Bankruptcy Court that for the foregoing reasons, the United States District Court accept this Report and Recommendation, adopt the above-recited statement of uncontroverted facts and conclusions of law, and issue an order granting the motion for summary adjudication, denying and dismissing with prejudice Defendant Douglas Chrismas's First, Third and Fourth Counterclaims in his First Amended Counter-Complaint, ECF 640, filed on July 30, 2019, regarding the Arman Artwork.

IT IS THEREFORE FURTHER RECOMMENDED by the United States Bankruptcy Court that in granting Plaintiff's motion for summary adjudication, pursuant to Federal Rule of Civil Procedure 54(b), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7054, the United States District Court direct the entry of a final judgment denying and dismissing with prejudice Defendant Douglas Chrismas's First, Third and Fourth Counterclaims in his First Amended Counter-Complaint regarding the Arman Artwork, and in doing so, expressly determine that there is no just reason for delay in order to allow the Plaintiff to

sell or otherwise dispose of the Arman Artwork to realize value for Debtor's creditors in furtherance of the confirmed Plan of Reorganization in this bankruptcy case.

###

Date: September 24, 2021

_____
Robert Kwan
United States Bankruptcy Judge

DVS 2712597v3

8