

**FILED & ENTERED**

**DEC 09 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | District Court Case No. 2:21-cv-06006-JWH |
| ART & ARCHITECTURE BOOKS OF THE 21st CENTURY, | Bankruptcy Case No. 2:13-bk-14135-RK |
| | Chapter 11 |
| Debtor. | Adversary Proceeding No. 2:15-ap-01679-RK |
| | Consolidated with Adversary Proceeding No. 2:14-ap-01771-RK and Adversary Proceeding No. 2:15-ap-01680-RK |

**NOTICE OF SUBMISSION OF MATTER BASED ON AMENDED REPORT AND RECOMMENDATION OF UNITED STATES BANKRUPTCY COURT TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA THAT THE UNITED STATES DISTRICT COURT ADOPT THE PROPOSED STATEMENT OF UNCONTROVERTED FACTS RE: MOTION OF RAYMOND PETTIBON FOR SUMMARY JUDGMENT, GRANT SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9033, AND ENTER A FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B), AND BY ANALOGY, RULE L.R. 72-3.5 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ORDER**

SAM LESLIE, PLAN AGENT FOR ART & ARCHITECTURE BOOKS OF THE 21st CENTURY,

                      Plaintiff,

vs.

ACE GALLERY NEW YORK CORPORATION, et al.,

                      Defendants.

**TO THE HONORABLE JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE, RAYMOND PETTIBON, SAM LESLIE, PLAN AGENT FOR DEBTOR ART & ARCHITECTURE BOOKS OF THE 21st CENTURY, AND DOUGLAS CHRISMAS, THE PARTIES TO THE COMPLAINT-IN-INTERVENTION OF RAYMOND PETTIBON, AND THEIR COUNSEL OF RECORD:**

      Pursuant to Federal Rule of Bankruptcy Procedure 9033, and by analogy, Rule L.R. 72-3.5 of the Local Rules of the United States District Court for the Central District of California, the undersigned United States Bankruptcy Judge on behalf of the United States Bankruptcy Court for the Central District of California hereby makes this order submitting the matter of the motion of Plaintiff-in-Intervention Raymond Pettibon in the above-captioned bankruptcy case and adversary proceeding for summary judgment on his complaint in intervention to the Honorable John W. Holcomb, United States District Judge, on the basis of the Report and Recommendation of the undersigned United States Bankruptcy Judge issued on July 21, 2021 that the United States District Court adopt the proposed statement of uncontroverted facts and conclusions of law, grant the motion of Raymond Pettibon for summary judgment and enter a final judgment on the

Case 2:15-ap-01679-RK    Doc 1391    Filed 12/09/22    Entered 12/09/22 19:25:06    Desc
Main Document    Page 3 of 8

claims of Raymond Pettibon.

On July 21, 2021, the bankruptcy court through its CM/ECF electronic mail system served notice of the report and recommendation on counsel for the parties appearing on these matters, Raymond Pettibon, the Plan Agent and Douglas Chrismas, as indicated on the certificate of notice filed on July 21, 2021 (Bankruptcy Adversary Proceeding Docket No. 1056).[1]  No objection to the report and recommendation was filed within 14 days of service of notice of the report and recommendation as required by Federal Rule of Bankruptcy Procedure 9033(b) on or before August 4, 2021 as shown on the Bankruptcy Adversary Proceeding Docket.

On July 22, 2021, the bankruptcy judge's Report and Recommendation was docketed in the United States District Court, and the matter was assigned as District Court Case No. 2:22-cv-06006-ODW (District Court Docket No. 2).  On August 9, 2021, the matter was transferred to Judge Holcomb pursuant to General Order 21-01 as a related to Case No. 2:19-CV-08027-JWH (District Court Docket No. 5).  On September 1, 2021, Raymond Pettibon filed a notice that no objections have been filed to the bankruptcy judge's report and recommendation (District Court Docket No. 6).  On February 10, 2022, the matter was transferred to Judge Maame Ewusi-Mensah Frimpong in establishing her case docket (District Court Docket No. 8).  Subsequently, on August 31, 2022, the case was reassigned to Judge Holcomb because as related to a prior case, it was not eligible to be transferred to Judge Frimpong (District Court Docket No. 14).

Based on the foregoing, as discussed herein, in the absence of any objections, the undersigned United States Bankruptcy Judge respectfully submits his report and recommendation as originally submitted to the United States District Court (the Honorable John W. Holcomb, United States District Judge, presiding), pursuant to

---

[1] Clicking a silver colored tab next to the docket number for the entry of the bankruptcy court's report and recommendation on the CM/ECF case docket for the bankruptcy adversary proceeding will reveal a notice of electronic filing indicating electronic service by email on counsel for the parties involved in Raymond Pettibon's motion for summary judgment.

Federal Rule of Bankruptcy Procedure 9033(d) and respectfully submits that the United States District Court conduct a *de novo* review of the record and adopt the findings of fact and conclusions of law as set forth in the undersigned United States Bankruptcy Judge's report and recommendation that the motion of Raymond Pettibon for summary judgment on his complaint-in-intervention be granted and issue an order for final judgment pursuant to Federal Rule of Civil Procedure 54(b) and Federal Rule of Bankruptcy Procedure 7054 declaring that Raymond Pettibon owns the artworks that he created and were in the custody of the Debtor on consignment.

The matter of Raymond Pettibon's complaint-in-intervention in the pending bankruptcy adversary proceeding that he owned certain artworks that he created as the artist rather the Plan Agent, who is supervising the reorganized bankruptcy debtor, an art gallery business, or Douglas Chrismas, the former principal of the art gallery business is a noncore proceeding based on claims under nonbankruptcy state law which the bankruptcy court may hear, but may not enter final judgment.  28 U.S.C. § 157(c); *In re Mann,* 907 F.2d 923, 925-926 (9th Cir. 1990); *see also,* March, Ahart and Shapiro, *Rutter Group California Practice Guide: Bankruptcy,* ¶¶ 1.454 – 1.483 (online edition, December 2021 update).  In such instance, the bankruptcy judge must prepare proposed findings of fact and conclusions of law for the district court, which must review the bankruptcy court's proposals *de novo. Id.; see also,* Federal Rule of Bankruptcy Procedure 9033.  Federal Rule of Bankruptcy Procedure 9033(d) provides in part that the district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence or recommit the matter to the bankruptcy judge with instructions.

Given the lapse of time since the bankruptcy court issued its report and recommendation and this notice of submittal of the report and recommendation, the bankruptcy court provides the following explanation for not issuing a notice of submittal of the report and recommendation earlier after the deadline for objections had passed, the undersigned did not have the understanding that the bankruptcy court had to take

further action after issuing the report and recommendation pursuant to Federal Rule of Bankruptcy Procedure 9033 by either responding to any objections or notifying the District Court that no objections had been filed because the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the local rules of the District Court and the bankruptcy court do not explicitly provide for the bankruptcy court to issue a response to objections to its report and recommendation or notifying the District Court of the absence of any objections pursuant to Federal Rule of Bankruptcy Procedure 9033.

Before the undersigned issued the report and recommendation and ordered it transmitted to the District Court after being entered on the docket of the bankruptcy court on July 21, 2021, the undersigned researched whether the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States District Court for the Central District of California and the Local Bankruptcy Rules explicitly addressed the procedures for the responsibilities of a bankruptcy judge and a district judge after the bankruptcy judge issues a report and recommendation under Federal Rule of Bankruptcy Procedure 9033 and did not find any such procedures.

Chapter IV of the Local Rules of the United States District Court for the Central District of California sets forth the local rules governing bankruptcy appeals, cases and proceedings before the District Court, but none of the rules in Chapter IV pertaining to bankruptcy cases specifically addresses a report and recommendation of a bankruptcy judge submitted to the District Court pursuant to Federal Rule of Bankruptcy Procedure 9033.[2] That is, the local District Court rules do not explicitly address the procedures for the responsibilities of a bankruptcy judge and a district judge after the bankruptcy judge issues a report and recommendation under Federal Rule of Bankruptcy Procedure

---

[2] The District Court local rules on bankruptcy cases and matters address only two types of proceedings: (1) appeals of bankruptcy court orders; and (2) motions to withdraw the reference pursuant to 28 U.S.C. § 1334(c). C.D. Cal. L. Bankr. R. 1-9. Reports and recommendations of bankruptcy judges pursuant to Federal Rule of Bankruptcy Procedure 9033 are not covered in these rules. Probably, the local rules of the District Court and the bankruptcy court should be amended to address submission of reports and recommendations to the District Court pursuant to Federal Rule of Bankruptcy Procedure 9033.

9033.

The applicable Federal Rule of Bankruptcy Procedure, Rule 9033, and the Local Bankruptcy Rules also do not explicitly address the procedures for the responsibilities of a bankruptcy judge and a district judge after the bankruptcy judge issues a report and recommendation under Rule 9033.  Federal Rule of Bankruptcy Procedure 9033(b) provides:

> **(b) Objections**; Time for Filing:  Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law [of the bankruptcy judge] a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection.  A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise direct.

Federal Rule of Bankruptcy Procedure 9033(d) provides:

> **(d)  Standard of Review**:  The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific objections has been made in accordance with the rule.  The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

None of these or other subsections of Federal Rule of Bankruptcy Procedure explicitly address the procedures for the responsibilities of a bankruptcy judge and a district judge after the bankruptcy judge issues a report and recommendation under Rule 9033. Likewise, the Local Bankruptcy Rules do not explicitly address the procedures for the responsibilities of a bankruptcy judge and a district judge after the bankruptcy judge issues a report and recommendation under Federal Rule of Bankruptcy Procedure 9033 as there is no provision in the Local Bankruptcy Rules relating to Federal Rule of Bankruptcy Procedure 9033 governing the submission of proposed findings of fact and conclusions of a bankruptcy judge for review by a district judge, which is analogous to Federal Rule of Civil Procedure 72 governing the submission of a recommended

disposition of a dispositive matter, including proposed findings of fact, of a magistrate judge for review by a district judge.

However, the local District Court rules prescribe specific procedures for the responsibilities of a magistrate judge and a district judge after the magistrate judge issues a report and recommendation on a dispositive matter in L.R. 72-3 of the Local Rules of the United States District Court for the Central District of California, which implements Federal Rule of Civil Procedure 72.  L.R. 72-3.5 provides:

> **L.R. 72-3.5 Determination of Objections by District Judge**. If no objections are filed within the time allowed, the Magistrate Judge shall submit the matter to the District Judge on the basis of the original report. If objections are timely filed, the Magistrate Judge may issue a revised or supplemental report or submit the matter to the District Judge on the basis of the original report.

Under this procedure, the magistrate judge who issues a report and recommendation submits the matter to the district judge once the time for objections has passed if no objections are filed, or if objections are filed, the magistrate judge is to either issue a revised or supplemental report and recommendation or submit the matter to the district judge on the original report.  Thus, it appears that since August 4, 2021 when the deadline passed for parties to object to the bankruptcy court's report and recommendation, the District Court was waiting for the bankruptcy judge's notice that no objections have been timely filed to its report and recommendation, the bankruptcy court was waiting for the District Court's ruling on the report and recommendation after the objections and responses thereto were filed, and the parties were waiting for a ruling on the report and recommendation from either the District Court and/or the bankruptcy court.

Accordingly, as a close analogy, the undersigned United States Bankruptcy Judge follows L.R. 72-3.5, which provides on a dispositive matter heard by a magistrate judge who has issued a report and recommendation: "If no objections are filed within the time allowed, the Magistrate Judge shall submit the matter to the District Judge on the basis of the original report."   Therefore, pursuant to Federal Rule of Bankruptcy

Procedure 9033, and by analogy, Rule L.R. 72-3.5, the undersigned United States Bankruptcy Judge respectfully submits that the United States District Court (the Honorable John W. Holcomb, United States District Judge, presiding) grant the relief requested by Raymond Pettibon based on the amended report and recommendation of the undersigned United States Bankruptcy Judge being filed and submitted concurrently herewith.  Although no objections were filed to the report and recommendation as originally submitted, the undersigned has amended the report and recommendation to provide pinpoint citations, or pincites, to the specific pleadings and other documents filed in the adversary proceeding in the bankruptcy case for ease of reference in reviewing the supporting documents for the report and recommendation.

IT IS SO ORDERED.

###

Date: December 9, 2022

_____
Robert Kwan
United States Bankruptcy Judge